### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA

**OTHRE E. BURNETT, ET AL.**                                    **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO. 2:08-CV-150-WV-W**

**ALBANY INTERNATIONAL, ET AL.**                                    **DEFENDANTS**

---

### ANSWER OF RILEY STOKER CORPORATION
### TO COMPLAINT
### (JURY TRIAL REQUESTED)

---

**COME NOW**, Riley Stoker Corporation, named and served as D. B. Riley, Incorporate and Riley Inc., f/k/a Babcock Borsig Power, Inc. a/k/a Riley Stoker Corporation.  Defendants herein (hereinafter referred to as Riley Stoker Corporation and/or this Defendant) and hereby files their Answer to the Complaint filed herein and would show unto the Court as follows, to-wit:

### FIRST DEFENSE

This Defendant, specially appearing, submits that this Court lacks jurisdiction over this Defendant and the subject matter herein and thus moves to dismiss this civil action.  Moreover, this Defendant also asserts insufficiency of process and insufficiency of service of process as to this Defendant.

### SECOND DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted and must be dismissed.

**THIRD DEFENSE**

And now, answering the allegations of the Complaint paragraph by paragraph, this Defendant states as follows:

**COMPLAINT**

This Defendant denies the allegations contained in this paragraph of the Complaint.

**JURISDICTION**

This Defendant denies the allegations contained in this paragraph of the Complaint.

**STATUE OF LIMITATIONS**

This Defendant denies the allegations contained in this paragraph of the Complaint

**BACKGROUND FACTS – THE PLAINTIFFS**

1.      This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same.  Any other allegations of paragraph 1 are also denied.

2.      This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same.  Any other allegations of paragraph 2 are also denied.

3.      This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies same.  Any other allegations of paragraph 3 are also denied.

4.      This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies same.  Any other allegations of paragraph 4 are also denied.

5.     This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same. Any other allegations of paragraph 5 are also denied.

6.     This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies same. Any other allegations of paragraph 6 are also denied.

7.     This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies same. Any other allegations of paragraph 7 are also denied.

8.     This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies same. Any other allegations of paragraph 8 are also denied.

9.     This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same. Any other allegations of paragraph 9 are also denied.

## BACKGROUND FACTS – THE DEFENDANTS

10.     This Defendant realleges, restates and incorporates herein by reference its previous answers, denials and recitations noted hereinabove to the foregoing allegations of this Complaint.

11.     This Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     This Defendant denies the allegations contained in paragraph 12 of the Complaint.

13-35.   The allegations contained in paragraphs 13-35 of the Complaint do not pertain to this Defendant, and therefore, no answer is required. If, however, these paragraphs are directed

to this Defendant and an answer is required, this Defendant denies the allegations contained in paragraphs 13-35 of the Complaint.

36.    This Defendant denies the allegations contained in paragraph 36 of the Complaint.

37-63.    The allegations contained in paragraphs 37-63 of the Complaint do not pertain to this Defendant, and therefore, no answer is required.  If, however, these paragraphs are directed to this Defendant and an answer is required, this Defendant denies the allegations contained in paragraphs 37-63 of the Complaint.

64.    This Defendant denies the allegations contained in paragraph 64 of the Complaint.

65-79.    The allegations contained in paragraphs 65-79 of the Complaint do not pertain to this Defendant, and therefore, no answer is required.  If, however, these paragraphs are directed to this Defendant and an answer is required, this Defendant denies the allegations contained in paragraphs 65-79 of the Complaint.

80.    This Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.    This Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.    The allegations contained in paragraph 82 of the Complaint do not pertain to this Defendant, and therefore, no answer is required.  If, however, this paragraph is directed to this Defendant and an answer is required, this Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.    This Defendant denies the allegations contained in paragraph 83 of the Complaint.

84.    The allegations contained in paragraph 84 of the Complaint do not pertain to this Defendant, and therefore, no answer is required.  If, however, this paragraph is directed to this Defendant and an answer is required, this Defendant denies the allegations contained in paragraph 90 of the Complaint.

85.     This Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     This Defendant denies the allegations contained in paragraph 86 of the Complaint.

87-91.  The allegations contained in paragraphs 87-91 of the Complaint do not pertain to this Defendant, and therefore, no answer is required.  If, however, these paragraphs are directed to this Defendant and an answer is required, this Defendant denies the allegations contained in paragraphs 87-91 of the Complaint.

92.     This Defendant denies the allegations contained in paragraph 92 of the Complaint.

Moreover, this Defendant denies that Plaintiffs are entitled to recover any amount whatsoever of or from this Defendant.

### DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

93.     This Defendant realleges, restates and incorporates herein by reference its previous answers, denials and recitations noted hereinabove to the foregoing allegations of this Complaint.

94.     This Defendant denies the allegations contained in paragraph 94 of the Complaint.

95.     This Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     This Defendant denies the allegations contained in paragraph 96 of the Complaint.

97.     This Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.     This Defendant denies the allegations contained in paragraph 98 of the Complaint.

Moreover, this Defendant denies that Plaintiffs are entitled to recover any amount whatsoever of or from this Defendant.

### COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

99.     This Defendant realleges, restates and incorporates herein by reference its previous answers, denials and recitations noted hereinabove to the foregoing allegations of this Complaint.

100.     This Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.     This Defendant denies the allegations contained in paragraph 101 of the Complaint.

102.     This Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.     This Defendant denies the allegations contained in paragraph 103 of the Complaint.

Moreover, this Defendant denies that Plaintiffs are entitled to recover any amount whatsoever of or from this Defendant.

## COUNT TWO

### Negligence and Intentional Tort

104.     This Defendant realleges, restates and incorporates herein by reference its previous answers, denials and recitations noted hereinabove to the foregoing allegations of this Complaint.

105.     This Defendant denies the allegations contained in paragraph 105 of the Complaint.

106.     This Defendant denies the allegations contained in paragraph 106 of the Complaint.

107.     This Defendant denies the allegations contained in paragraph 107 of the Complaint.

108.    This Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.    This Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    This Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.    This Defendant denies the allegations contained in paragraph 111 of the Complaint.

112.    This Defendant denies the allegations contained in paragraph 112 of the Complaint.

113.    This Defendant denies the allegations contained in paragraph 113 of the Complaint.

114.    This Defendant denies the allegations contained in paragraph 114 of the Complaint.

115.    This Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.    This Defendant denies the allegations contained in paragraph 116 of the Complaint.

Moreover, this Defendant denies that Plaintiffs are entitled to recover any amount whatsoever of or from this Defendant.


## COUNT THREE

### Negligence in the Course of Employment

117. This Defendant realleges, restates and incorporates herein by reference its previous answers, denials and recitations noted hereinabove to the foregoing allegations of this Complaint.

118. This Defendant denies the allegations contained in paragraph 118 of the Complaint.

119. This Defendant denies the allegations contained in paragraph 119 of the Complaint.

120. This Defendant denies the allegations contained in paragraph 120 of the Complaint.

121. This Defendant denies the allegations contained in paragraph 121 of the Complaint.

122. This Defendant denies the allegations contained in paragraph 122 of the Complaint.

123. This Defendant denies the allegations contained in paragraph 123 of the Complaint.

Moreover, this Defendant denies that Plaintiff's is entitled to recover any amount whatsoever of or from this Defendant.

## COUNT FOUR

### Fraudulent concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy

124.    This Defendant realleges, restates and incorporates herein by reference its previous answers, denials and recitations noted hereinabove to the foregoing allegations of this Complaint.

125.    This Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.    This Defendant denies the allegations contained in paragraph 126 of the Complaint.

127.    This Defendant denies the allegations contained in paragraph 127 of the Complaint.

139sic. This Defendant denies the allegations contained in paragraph 139sic of the Complaint.

128.    This Defendant denies the allegations contained in paragraph 128 of the Complaint.

129.    This Defendant denies the allegations contained in paragraph 129 of the Complaint.

130.    This Defendant denies the allegations contained in paragraph 130 of the Complaint.

131.    This Defendant denies the allegations contained in paragraph 131 of the Complaint.

132.    This Defendant denies the allegations contained in paragraph 132 of the Complaint.

133.    This Defendant denies the allegations contained in paragraph 133 of the Complaint.

134.    This Defendant denies the allegations contained in paragraph 134 of the Complaint.

135.    This Defendant denies the allegations contained in paragraph 135 of the Complaint.

136.    This Defendant denies the allegations contained in paragraph 136 of the Complaint.

137.    This Defendant denies the allegations contained in paragraph 137 of the Complaint.

138.    This Defendant denies the allegations contained in paragraph 138 of the Complaint.

139.    This Defendant denies the allegations contained in paragraph 139 of the Complaint.

Moreover, this Defendant denies that Plaintiffs are entitled to recover any amount whatsoever of or from this Defendant.

## <u>COUNT FIVE</u>

### Product Liability, combined and concurring negligence,
### intentional tort and conspiracy

140.    This Defendant realleges, restates and incorporates herein by reference its previous answers, denials and recitations noted hereinabove to the foregoing allegations of this Complaint.

141.    This Defendant denies the allegations contained in paragraph 141 of the Complaint.

142.    This Defendant denies the allegations contained in paragraph 142 of the Complaint.

143.    This Defendant denies the allegations contained in paragraph 143 of the Complaint.

Moreover, this Defendant denies that Plaintiffs are entitled to recover any amount whatsoever of or from this Defendant.

### JURY DEMAND AND AS DAMNUM

This Defendant denies the allegations contained in this paragraph of the Complaint. Further answering, this Defendant denies the allegations of this unnumbered paragraph of the Complaint, and denies that Plaintiffs are entitled to recover any amount whatsoever of or from this Defendant.

### FOURTH DEFENSE

Plaintiff's (the term "Plaintiff's" herein shall refer both the Plaintiff's, Plaintiff's and/or Plaintiff's, where appropriate) alleged claims against this Defendant are barred, in whole or in part, by all applicable statutes of limitations, statutes or rules of repose, and alternatively, by the doctrine of laches.

### FIFTH DEFENSE

If Plaintiff's encountered any product legally connected to this Defendant, which is denied, and if that encounter, if any, caused damages, the sole proximate cause or proximate contributing cause of the alleged injuries and damages was the Plaintiff's misuse or abuse of such products, or use of such products in a manner other than intended. Such misuse or abnormal or improper use proximately caused or contributed, in whole or in part, to the injury or damages sustained by him, if any. The abuse or misuse of the product by Plaintiff's and/or others substantially changed the condition of the product prior to any alleged exposure by Plaintiff's, and thus this Defendant is shielded from any liability. Plaintiff's failed to observe and to use ordinary care and caution for their own safety, knowing that the products which they

were using could cause damage if misused, and the sole proximate cause of their injury or damage, if any, was their own negligence.  Alternatively, their own negligence proximately contributed to any injury or damage, and more particularly the use of tobacco products over any extended period of time is the sole, direct and proximate cause, or a contributing cause, of the injury or damage, if any.

### SIXTH DEFENSE

Alternatively, this Defendant would show that if Plaintiff's suffered injury or damage as alleged, which is denied, the same resulted solely from acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of such injury or damage, and supersede any alleged wrongful act or omission on the part of this Defendant.

### SEVENTH DEFENSE

This Defendant would further show that if Plaintiff's suffered injury or damage as alleged, which is denied, any claim therefor against this Defendant is speculative and does not warrant recovery.  If Plaintiff's were in the vicinity of this Defendant's products, which is denied, they were not sufficiently exposed thereto so as to render this Defendant liable.

### EIGHTH DEFENSE

Any products for which this Defendant is legally responsible met the standards of the industry as of the time of manufacture, sale and/or supply.  Said products were safe for normal operations and were not defective or unreasonably dangerous.  The condition of this Defendant's products was at all times exactly as known and contemplated by any user, and, moreover, Plaintiff's were reasonably and adequately warned of any potential danger.

## NINTH DEFENSE

Alternatively, this Defendant would show that Plaintiff's freely and voluntarily placed himself in a position of known danger and assumed the risks ordinarily incident to such acts. The risks incident to Plaintiff's acts were open and obvious and were actually known to them. The injury or damage sustained by them, if any, was proximately caused by the free and voluntary assumption by them of such risks.

## TENTH DEFENSE

This Defendant denies that any of its products or any alleged action or any alleged inaction on the part of this Defendant has damaged or injured Plaintiff's in any manner whatsoever.

## ELEVENTH DEFENSE

It was the duty of Plaintiff's respective employers and not this Defendant to furnish them with a reasonably safe place within which to work, including all necessary and adequate warnings and safety appliances to safeguard them, and if Plaintiff's received any injury or suffered any damage from working with products for which this Defendant is legally responsible, which is denied, then the failure of their respective employers and their duty toward them was the sole proximate cause of any such injury or damage, if any, or, in the alternative was such an intervening cause as to relieve this Defendant from any liability to them.  Plaintiff's employers were knowledgeable, sophisticated and experienced in the use of asbestos-containing products and/or toxic substances.  The employers' duty to warn Plaintiff's about any dangers associated with such products, intervened and discharged any duty this Defendant may have had to warn Plaintiff's about dangers allegedly associated with products of this Defendant.  Therefore, these sophisticated users had knowledge and experience with the products, including the products with allegedly dangerous characteristics, that was at least equal to if not greater than, this Defendant's

products. Thus, this Defendant had no duty to Plaintiff's and no act or failure to act on the part of this Defendant caused or contributed to any alleged injury to Plaintiff's.

## TWELFTH DEFENSE

All alleged breaches of warranty are barred because (1) Plaintiff's were not a third-party beneficiary of any express or implied warranty of this Defendant; (2) Plaintiff's were not in privity with this Defendant and had no contact with it; and (3) Plaintiff's did not give this Defendant any notice at any time of any alleged breach of warranty.

## THIRTEENTH DEFENSE

The Complaint fails to allege any relationship between this Defendant and Plaintiff's which would give rise to any duty to disclose any information to them.

## FOURTEENTH DEFENSE

The Complaint fails to allege with sufficient certainty the dates and nature of the alleged exposure to this Defendant's products.

## FIFTEENTH DEFENSE

The Complaint fails to allege with sufficient particularity the date upon which Plaintiff's allegedly discovered or should have discovered that their injuries were caused by exposure to this Defendant's products.

## SIXTEENTH DEFENSE

The claims of Plaintiff's are barred by Ala. Code Section 6-2-39 (1975).

## SEVENTEENTH DEFENSE

There can be no recovery against this Defendant under any provision of Alabama Code Section 6-2-30 (1975), either alone or in conjunction with any other provision of Alabama law, because Section 6-2-30 is unconstitutional as it violates:

      a.     Amendment Eight of the Constitution of the United States.

b.     Amendment Fourteenth of the Constitution of the United States.

c.     The Fifth Amendment of the Constitution of the United States.

d.     The Tenth Amendment of the Constitution of the United States.

e.     Article One, Section Fifteen of the Constitution of Alabama 1901.

f.     Article One, Section Seven of the Constitution of Alabama 1901.

g.     Article One, Section Thirteen of the Constitution of Alabama 1901.

## EIGHTEENTH DEFENSE

There can be no recovery against this Defendant because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability doctrine or under any theory of implied or express warranty, separately and jointly, would operate as an ex post facto imposition of legal liability and duty and thus would violate the Defendant's constitutional rights under:

a.     Amendment Eight of the Constitution of the United States.

b.     Amendment Fourteen of the Constitution of the United States.

c.     The Fifth Amendment of the Constitution of the United States.

d.     The Tenth Amendment of the Constitution of the United States.

e.     Article One, Section Fifteen of the Constitution of Alabama 1901.

f.     Article One, Section Seven of the Constitution of Alabama 1901.

g.     Such an imposition of liability and/or duty operates as an ex post facto law in express violation of the United States Constitution.

h.     The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/or liability without notice would be an act which is in express contravention of the Fifth and Fourteenth Amendments of the United States Constitution.

     i.      To the extent that recovery is had and money actually paid by this Defendant, this Defendant would be deprived of its property without due process of law in express violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

     j.      The other provisions of the Constitution of the United States.

     k.      The other provisions of the Constitution of the State of Alabama and/or the Constitution of any other state.

## NINETEENTH DEFENSE

There can be no recovery of punitive damages against this Defendant because such recovery would violate, jointly and individually:

     a.      Amendment Eight of the Constitution of the United States.

     b.      Amendment Fourteen of the Constitution of the United States.

     c.      The Fifth Amendment of the Constitution of the United States.

     d.      The Tenth Amendment of the Constitution of the United States.

     e.      Article One, Section Fifteen of the Constitution of Alabama 1901.

     f.      Article One, Section Seven of the Constitution of Alabama 1901.

     g.      The Federal and State common law.

     h.      The Constitution of any other state.

## TWENTIETH DEFENSE

There can be no recovery against this Defendant based on the Alabama Extended Manufacturer's Liability Doctrine because any culpable conduct of this Defendant, the existence of which is strenuously denied, occurred prior to the recognition of the Alabama Extended Manufacturer's Liability Doctrine.  Any attempt to impose liability upon this Defendant for conduct which occurred prior to the recognition of this doctrine or under any other law of this or any other state would violate, separately and jointly:

a.       The Fourteenth Amendment of the Constitution of the United States.

b.       Article One, Section Seven of the Constitution of Alabama 1901.

c.       The Fifth Amendment of the Constitution of the United States.

d.       The Tenth Amendment of the Constitution of the United States.

### TWENTY-FIRST DEFENSE

There should be no recovery against this Defendant for medical expenses incurred in the care, diagnosis or treatment of any injury of Plaintiff's, because Plaintiff's employer is obligated under the Workmen's Compensation Law of the State of Alabama or some other state, to pay for their medical expenses, which were incurred by them as a result of this occurrence or because Plaintiff's were entitled to receive benefits from a private or public health insurance program, a health benefit plant, a union sponsored or union provided health benefit plan or other source of health benefits which is responsible for the payment of all medical expenses.

### TWENTY-SECOND DEFENSE

There should be no recovery against this Defendant because the conduct of Plaintiff's constituted abuse and misuse of the product so as to substantially change the condition of the product prior to their injuries.  Alternatively, the products for which this Defendant is legally responsible were changed, altered, or modified after they left this Defendant's control and such change, alteration or modification was the legal cause of Plaintiff's injury or damage, if any.

### TWENTY-THIRD DEFENSE

There should be no recovery against this Defendant under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama or the Uniform Commercial Code of any other state because, to the extent that the Defendant's contractual obligations occurred prior to the enactment of said statutes, the imposition of such liability would violate:

a.    The Fourteenth Amendment of the Constitution of the United States.

b.    Article One, Section Seven of the Constitution of Alabama 1901.

c.    The Fifth Amendment of the Constitution of the United States.

d.    The Tenth Amendment of the Constitution of the United States.

e.    The Constitution of any other state.

### TWENTY-FOURTH DEFENSE

There should be no recovery against this Defendant because, to the extent that this Defendant acted or failed to act, this Defendant's conduct was in keeping with the State of the Art as it existed at all pertinent times.

### TWENTY-FIFTH DEFENSE

There should be no recovery against this Defendant because any injury to Plaintiffs which may have occurred, the existence of which is denied, was attributable to an unavoidable accident, as that term is known in the law, or, in the alternative, was caused by the acts or omissions of third persons, firms or corporations, or by the instrumentalities which are in no way connected with this Defendant and for which this Defendant should not be held legally responsible.

### TWENTY-SIXTH DEFENSE

There should be no recovery against this Defendant because of any failure to warn or inadequacy of warning because, at all times pertinent to Plaintiff's claims, were, or was possessed or should have been possessed of good, sufficient and adequate knowledge which negated any need for said warning and/or they were required to follow specific written safety procedures as established by his employers which negated the need or requirement for any such warning.

## TWENTY-SEVENTH DEFENSE

There should be no recovery against this Defendant because Plaintiff's failed to mitigate damages as required by law.

## TWENTY-EIGHTH DEFENSE

Alternatively, there should be no recovery against this Defendant and all claims are barred, because the products which are claimed to have caused injury and/or death were supplied in compliance or in accordance with the specifications established by the United States Government and/or an agency, department or division thereof and that the United States Government's knowledge of any and all health hazards was equal to if not greater than that of this Defendant which may be construed to be a contractor to the United States Government. Accordingly, such product was not defective or unreasonably dangerous in that it complied, in all relevant times, with all applicable government safety standards.

## TWENTY-NINTH DEFENSE

There should be no recovery against this Defendant under any theory of enterprise liability, concert of action and/or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama or any other applicable state.

## THIRTIETH DEFENSE

All claims for damages for fear of cancer are barred because there is no theory of recovery under Alabama law or any other applicable state.

## THIRTY-FIRST DEFENSE

This Defendant specifically denies the existence of any express or implied warranty on its part, and alternatively, denies any default on or breach of any warranty, but to the contrary would show that its products were at all times reasonably fit and suitable for the purpose for which they

were manufactured and sold, and that Plaintiff's injuries, if any, did not result from any defect in said products.

### THIRTY-SECOND DEFENSE

This Defendant is entitled to a credit in the amount of any settlement(s) Plaintiff's have entered or may enter as to any other Defendant or party.

### THIRTY-THIRD DEFENSE

This Defendant denies each and every material allegation of the Complaint by which Plaintiff's seeks to impose liability upon this Defendant and denies that it was guilty of any actionable conduct in the premises.

### THIRTY-FOURTH DEFENSE

Plaintiff's are estopped, barred or has otherwise waived their rights to pursue this action.

### THIRTY-FIFTH DEFENSE

This Defendant denies that venue is proper in this action and specifically requests that the venue in this action be changed.

### THIRTY-SIXTH DEFENSE

This Court lacks jurisdiction of the subject matter of Plaintiff's claim.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are preempted by the regulations of the Occupational Health and Safety Administration and other applicable federal laws.

### THIRTY-EIGHTH DEFENSE

The Complaint should be dismissed due to misjoinder of parties and/or claims.

### THIRTY-NINTH DEFENSE

Plaintiffs were negligent in the use and operation of any of the products in issue, and any recovery should be reduced in proportion to the degree of Plaintiff's own negligence.

## FORTIETH DEFENSE

The Complaint fails to name indispensable parties and thus must be dismissed. Alternatively, this civil action should be stayed pending other appropriate relief by the Court.

## FORTY-FIRST DEFENSE

The Plaintiffs lack standing to bring this lawsuit under the Alabama wrongful death statute.

## FORTY-SECOND DEFENSE

This Defendant denies all allegations not expressly admitted herein.

## FORTY-THIRD DEFENSE

This Defendant adopts and incorporates any and all other defenses asserted by any other defendant in this litigation to the extent that said defenses are not inconsistent with this Defendant's assertion that it is not liable to Plaintiffs for any amount whatsoever.

## FORTY-FOURTH DEFENSE

This Defendant gives notice of its intent to rely on such other and affirmative and separate defense(s) as may appear applicable through discovery in this cause and hereby reserves the right to amend its pleadings to reflect any such defenses.

**WHEREFORE**, Riley Stoker Corporation demand that the Complaint be dismissed against it with all costs assessed against and to the Plaintiff's(s).

**RESPECTFULLY SUBMITTED**, this the 18th day of March, 2008.

RILEY STOKER CORPORATION


BY: /s/ Donald Alan Windham, Jr._____
    DONALD ALAN WINDHAM, JR.


## CERTIFICATE OF SERVICE

I, Donald Alan Windham, Jr., hereby certify that I have this day served upon all parties of record via the Court's Electronic Case Filing System a true and correct copy of the above and foregoing *Answer of Riley Stoker Corporation to Complaint* to:

    G. Patterson Keahey, Jr., Esquire
    Law Offices of G. Patterson Keahey, P.C.
    One Independence Plaza, Suite 612
    Birmingham, Alabama  35209

This the 18th day of March, 2008.


    /s/ Donald Alan Windham, Jr._____
    DONALD ALAN WINDHAM, JR.


OF COUNSEL:

DONALD ALAN WINDHAM, JR., ALB #WIN039
BALCH & BINGHAM, LLP
401 East Capitol Street, Suite 200
Jackson, Mississippi  392201
Telephone (601) 965-8178
Telecopier (888) 754-9494
ATTORNEY FOR DEFENDANT
RILEY STOKER CORPORATION