IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

OTHRE E. BURNETT, et al.,

Plaintiffs,

vs.

CIVIL ACTION NO.
2:08-cv-150-WRW

ASBESTOS DEFENDANTS:
ALBANY INTERNATIONAL, et al.,

Defendants.

______________________________/

**ANSWER OF DEFENDANT**
**UNION CARBIDE CORPORATION TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Union Carbide Corporation, (hereinafter referred to as "Defendant"), and responds to Plaintiffs' Complaint as follows, and further demands trial by jury:

**FIRST DEFENSE**

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

**SECOND DEFENSE**

This Court lacks in personam jurisdiction over this Defendant. In particular, there is no showing of any nexus between Plaintiffs'/Plaintiffs' decedents' alleged injuries and this Defendant's activities in the State of Alabama.

**THIRD DEFENSE**

This action is barred by the statute of limitations of Alabama or the applicable statute of limitations of any state where Plaintiffs/Plaintiffs' decedents lived or worked.

**FOURTH DEFENSE**

This action is barred by the applicable statute of repose of Alabama or the applicable statute of repose and Rule of Repose of any state where Plaintiffs/Plaintiffs' decedents lived or worked.

**FIFTH DEFENSE**

This Defendant alleges that it is entitled to the benefit of any workers' compensation laws, including the Alabama Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation law of any other state where Plaintiffs/Plaintiffs' decedents may have worked, with respect to immunity or offset for payments received by Plaintiffs.

**SIXTH DEFENSE**

This action is barred in whole or in part by the doctrine of contributory or comparative negligence.

**SEVENTH DEFENSE**

Contact with or use by Plaintiffs/Plaintiffs' decedents of any asbestos-containing products supplied, sold or manufactured by this Defendant was not a substantial contributing cause of Plaintiffs'/Plaintiffs' decedents' alleged injuries.

**EIGHTH DEFENSE**

This action is barred in whole or in part by the doctrine of shifting responsibility.

**NINTH DEFENSE**

This action cannot be maintained on substantive or jurisdictional statutes or legal theories which did not exist prior to the dates on which Plaintiffs/Plaintiffs' decedents used this Defendant's products, in that such statutes are inapplicable to this action, and in that the application of such legal theories to this action would be unconstitutionally retroactive.

**TENTH DEFENSE**

At all times relevant hereto, this Defendant was in full compliance with the standards and/or specifications issued by the United States Government with respect to asbestos-containing products. These standards and/or specifications required the use of asbestos. Therefore, this action is barred in whole or in part because this Defendant, in supplying any products allegedly contacted by Plaintiffs/Plaintiffs' decedents, relied upon the specifications of the United States Government or other governmental entities regarding the composition of said products.

**ELEVENTH DEFENSE**

This action is barred in whole or in part because this Defendant reasonably relied upon the care and skill of Plaintiffs'/Plaintiffs' decedents' employers or labor unions, and/or other learned intermediaries.

**TWELFTH DEFENSE**

This action is barred in whole or in part because this Defendant reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, this Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos, and therefore, had no duty to warn.

**THIRTEENTH DEFENSE**

Plaintiffs' Complaint fails to state a cause of action against this Defendant as succeeding to the debts and liabilities of any other manufacturer of asbestos-containing insulation products. Similarly, Plaintiffs' Complaint fails to state a cause of action for punitive damages arising from the activities of any predecessor corporation.

**FOURTEENTH DEFENSE**

This Defendant is not a joint tortfeasor with any other Defendant herein, and, accordingly, this Defendant may not be jointly and severally liable with other Defendants.

**FIFTEENTH DEFENSE**

To the extent that various Defendants have concluded, or may conclude, settlements with Plaintiffs, this Defendant is entitled to a setoff for any amount paid or to be paid.

**SIXTEENTH DEFENSE**

This action fails to name as a Defendant a potentially indispensable party to the litigation, to-wit: That collection of companies known as the "Manville Group."

**SEVENTEENTH DEFENSE**

This Defendant asserts that Plaintiffs' claims are or may be barred or otherwise limited or affected by the application of provisions of the law or statutes of states other than the State of Alabama where Plaintiffs'/Plaintiffs' decedents' alleged exposure may have occurred.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against this Defendant should be denied by reason of the sophisticated commercial user/learned intermediary doctrines since Plaintiffs'/Plaintiffs' decedents' employers were so experienced and sophisticated with regard to asbestos-containing products that no duty to warn existed. The knowledge of Plaintiffs'/Plaintiffs' decedents' employers regarding the potential hazards of asbestos was equal to or superior to that of this Defendant, and, therefore, this Defendant had no duty to warn Plaintiffs/Plaintiffs' decedents as employees of sophisticated commercial purchasers/users which furnished asbestos-containing products to their employees for their use, were aware of

the possible health hazards associated with the use of such products and were under a duty to warn their employees thereof.

**NINETEENTH DEFENSE**

There is a lack or insufficiency of service of process upon this Defendant and the case should be dismissed as to it.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred by reason of release or by accord and satisfaction.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred by the common law defense of forum non conveniens. The court should exercise its inherent authority to dismiss this case for the convenience of the parties and in the interests of justice, for refiling in the proper forum, where adequate legal remedy exists.

**TWENTY-SECOND DEFENSE**

This Defendant further pleads that there should be no recovery against it, because at the time and place of the alleged injuries, Plaintiffs/Plaintiffs' decedents assumed the alleged risk of working with and/or around asbestos or asbestos-containing materials and, therefore, Plaintiffs may not recover from this Defendant.

**TWENTY-THIRD DEFENSE**

This Defendant pleads that Plaintiffs' claims are barred by laches.

**TWENTY-FOURTH DEFENSE**

This Defendant denies that Plaintiffs have a cause of action against it based upon the Alabama Extended Manufacturers' Liability Doctrine.

**TWENTY-FIFTH DEFENSE**

There should be no recovery against this Defendant because the conduct of Plaintiffs/Plaintiffs' decedents constituted abuse and misuse of the product so as to substantially change the condition of the product prior to their injury.

**TWENTY-SIXTH DEFENSE**

There should be no recovery against this Defendant under any theory of strict liability because such a claim is not recognized under the law of the State of Alabama.

**TWENTY-SEVENTH DEFENSE**

There should be no recovery of punitive damages against this Defendant because such a recovery would violate, jointly and individually: Amendment Eight of the Constitution of the United States, Amendment Fourteen of the Constitution of the United States, the Fifth Amendment of the Constitution of the United States, the Tenth Amendment of the Constitution of the United States, Article One, Section Fifteen of the Constitution of Alabama of 1901, Article One, Section Seven of the Constitution of Alabama of 1901, and the Federal common law.

**TWENTY-EIGHTH DEFENSE**

There should be no recovery against this Defendant because, to the extent that this Defendant acted or failed to act, this Defendant's conduct was in keeping with the State of the Art as it existed at all pertinent times.

**TWENTY-NINTH DEFENSE**

This Defendant is entitled to a set-off of all amounts paid to Plaintiffs by other defendants pursuant to pro tanto settlements. And this Defendant pleads as a credit any and all sums of money paid to Plaintiffs by any other party or entity arising out of the claims made the basis of this suit.

**THIRTIETH DEFENSE**

An award of punitive damages should be denied because such an award would be an excessive fine which is strictly prohibited by both the Alabama and United States Constitutions.

**THIRTY-FIRST DEFENSE**

This Defendant incorporates by reference any affirmative defenses raised by any other Defendant in this cause.

**THIRTY-SECOND DEFENSE**

This Defendant incorporates and reserves all other affirmative defenses available under Alabama law pending further investigation and discovery.

**THIRTY-THIRD DEFENSE**

This Defendant reserves the right to amend its Answer, if appropriate, after full investigation and discovery.

**THIRTY-FOURTH DEFENSE**

Venue of this civil action is not properly laid and, therefore, this Court should dismiss this civil action as to this Defendant.

**THIRTY-FIFTH DEFENSE**

Any allegation not specifically responded to in Plaintiffs' Complaint is herewith specifically denied.

**THIRTY-SIXTH DEFENSE**

There is a lack of jurisdiction over the subject matter and the case should be dismissed for lack of it.

## THIRTY-SEVENTH DEFENSE

This Defendant answers Plaintiffs' Complaint filed against it paragraph by paragraph as follows:

## JURISDICTION

The allegations of Plaintiffs' Complaint contained herein constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations, as they pertain to this Defendant, are denied, particularly the allegations that Plaintiffs are entitled to damages from this Defendant in any amount or for any reason whatsoever.

## STATUTE OF LIMITATIONS

The allegations of Plaintiffs' Complaint contained herein constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations, as they pertain to this Defendant, are denied.

## BACKGROUND FACTS – THE PLAINTIFFS

1-9.

Defendant lacks sufficient information regarding Plaintiffs'/Plaintiffs' decedents' employment history to respond to the allegations in Paragraphs One (1) through Nine (9), inclusive, of Plaintiffs' Complaint, and, therefore, can neither admit nor deny these allegations. To the extent that the remaining allegations of Paragraphs One (1) through Nine (9), inclusive, of Plaintiffs' Complaint are intended to pertain to this Defendant, these allegations are denied as they pertain to this Defendant, particularly any allegation that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

**BACKGROUND FACTS – THE DEFENDANTS**

10.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

11-12.

The allegations of Paragraphs Eleven (11) through Twelve (12), inclusive, of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

13-74.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraphs Thirteen (13) through Seventy-Four (74), inclusive, of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

75.

Responding to the allegations of Paragraph Seventy-Five (75) of Plaintiffs' Complaint, this Defendant admits only that it is a New York corporation with its principal place of business in Texas. All other allegations set forth or implied in Paragraph Seventy-Five (75) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

76-79.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraphs Seventy-Six (76) through

Seventy-Nine (79), inclusive, of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

80-81.

The allegations of Paragraphs Eighty (80) through Eighty-One (81), inclusive, of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

82.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph Eighty-Two (82) of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

83.

The allegations of Paragraph Eighty-Three (83) of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

84.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph Eighty-Four (84) of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

85-86.

The allegations of Paragraphs Eighty-Five (85) through Eighty-Six (86), inclusive, of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent

extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

87.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph Eighty-Seven (87) of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

88.

The allegations of Paragraph Eighty-Eight (88) of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

89.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph Eighty-Nine (89) of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

90.

The allegations of Paragraph Ninety (90) of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

91.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph Ninety-One (91) of Plaintiffs' Complaint, and, therefore, can neither admit nor deny said allegations.

92.

The allegations of Paragraph Ninety-Two (92) of Plaintiffs' Complaint, including all subparts thereof, constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

**DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY**

93.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

94.

The allegations of Paragraph Ninety-Four (94) of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

95.

The allegations of Paragraph Ninety-Five (95) of Plaintiffs' Complaint contain statements of fact to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

96.

This Defendant denies the allegations contained in Paragraph Ninety-Six (96) of Plaintiffs' Complaint as they pertain to this Defendant.

97-98.

The allegations of Paragraphs Ninety-Seven (97) through Ninety-Eight (98), inclusive, of Plaintiffs' Complaint, including all subparagraphs thereof, constitute

conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

**COUNT ONE**

**Alabama Extended Manufacturer's Liability Doctrine**

99.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

100-103.

The allegations of Paragraphs One Hundred (100) through One Hundred Three (103), inclusive, of Plaintiffs' Complaint, including all subparagraphs thereof, constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

**COUNT TWO**

**Negligence and Intentional Tort**

104.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

105-116.

The allegations of Paragraphs One Hundred Five (105) through One Hundred Sixteen (116), inclusive, of Plaintiffs' Complaint, including all subparts thereof, constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

**COUNT THREE**

**Negligence in the Course of Employment**

117.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

118-123.

The allegations of Paragraphs One Hundred Eighteen (118) through One Hundred Twenty-Three (123), inclusive, of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

## COUNT FOUR

**Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy**

124.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

125.

This Defendant denies the allegations contained in Paragraph One Hundred Twenty-Five (125) of Plaintiffs' Complaint as they pertain to this Defendant.

126.

This Defendant denies the allegations contained in Paragraph One Hundred Twenty-Six (126) of Plaintiffs' Complaint as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

127-139.

Paragraphs One Hundred Twenty-Seven (127) through One Hundred Thirty-Nine (139), inclusive, of Plaintiffs' Complaint, including all subparagraphs thereof, contain no allegations against this Defendant and concern matters about which this Defendant has insufficient knowledge to answer. To the extent that the allegations of Paragraphs One Hundred Twenty-Seven (127) through One Hundred Thirty-Nine (139), inclusive, and their subdivisions are intended to pertain to this Defendant, these allegations are denied as they pertain to this Defendant, particularly any allegation that Plaintiffs/Plaintiffs' decedents

suffered injuries as a result of any conduct of this Defendant or that Plaintiffs are entitled to damages from this Defendant in any amount or for any reason whatsoever.

**COUNT FIVE**

**Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy**

140.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of the preceding paragraphs of Plaintiffs' Complaint as if the same had been restated herein.

141-142.

The allegations of Paragraphs One Hundred Forty-One (141) through One Hundred Forty-Two (142) inclusive, of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs/Plaintiffs' decedents suffered injuries as a result of any conduct of this Defendant.

143.

The allegations of Paragraph One Hundred Forty-Three (143) of Plaintiffs' Complaint constitute conclusions of law to which no response is required but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

**JURY DEMAND AND AD DAMNUM**

This Defendant denies the allegations contained in the Jury Demand and Ad Damnum Paragraph of Plaintiffs' Complaint as they pertain to this Defendant, particularly

the allegations that Plaintiffs are entitled to damages from this Defendant in any amount or for any reason whatsoever.

WHEREFORE, Defendant respectfully moves for this Court to dismiss this action against this Defendant and tax costs against Plaintiffs.

Respectfully submitted this 24th day of March, 2008.

**HAWKINS & PARNELL, LLP**

/s/ Evelyn M. Fletcher
Evelyn M. Fletcher (FLE 019)
AL Bar No. ASB-1485-C19E
Elizabeth B. Padgett (PAD 015)
Alabama Bar No. ASB-8936-C60P

Counsel for Union Carbide Corporation
.

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
404/614-7400

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this date served the foregoing Answer with the CM/ECF system. I also certify that a copy of the foregoing has been furnished to Plaintiffs' counsel, G. Patterson Keahey, Jr., Esq., at the following address by U. S. Mail, with proper postage affixed:

G. Patterson Keahey, Jr., Esq.
G. PATTERSON KEAHEY, P.C.
Suite 612
One Independence Plaza
Birmingham, AL 35209.

This 24th day of March, 2008.

**HAWKINS & PARNELL, LLP**

/s/ Evelyn M. Fletcher
Evelyn M. Fletcher (FLE 019)
AL Bar No. ASB-1485-C19E
Elizabeth B. Padgett (PAD 015)
Alabama Bar No. ASB-8936-C60P

Counsel for Union Carbide Corporation

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
404/614-7400