## IN THE UNITED STATES DISTRICT COURT
## MIDDLE  DISTRICT OF ALABAMA

OTHRE E. BURNETT, et al.,        )
                                 )
        Plaintiffs,          )
                                 )  Case Number: 2:08-CV-150
                                 )
v.                                )
                                 )
ASBESTOS DEFENDANTS:     )
                                 )
ALBANY INTERNATIONAL, et al.,   )
                                 )
        Defendants.      )

### SQUARE D COMPANY'S ANSWER TO THE COMPLAINT

NOW COMES SQUARE D COMPANY ("SQUARE D") for itself and, to the extent necessary, on behalf of a purported party Defendant[1] incorrectly designated as "Schneider Electric Industries, S.A.S., North American Division" (a fictitious name that does not exist as an entity under the laws of any state or foreign jurisdiction), and hereby files this Answer to the Complaint.

### DEFINITION OF TERMS

1.    The term "insufficient knowledge" when used in response to a correspondingly numbered paragraph of the Complaint means that this Defendant is without sufficient personal knowledge upon which to admit or deny the allegations of that paragraph and therefore effectively denies the same and demands strict proof thereof.

---

[1] The summons for Square D was served on its registered agent in Springfiled, Illinois. Plaintiffs have also attempted to sue a purported defendant identified as "Schneider Electric Industries, S.A.S., North American Division", ("Schneider Electric").  A copy of the summons and complaint for Schneider Electric was mailed to and received by Square D at its principal place of business in Palatine, Illinois.  Schneider Electric is not a legal entity capable of being sued, in as much as Schneider Electric, among other things, is a brand name used by Square D Company.  Nonetheless, Square D responds to this suit pursuant to Rules 8 and 9 of the *Federal Rules of Civil Procedure*; nonetheless, to the extent that it may ultimately be determined that this position misapprehends the circumstances or is otherwise in error based on law or on fact, all Rule 12 defenses are hereby specifically reserved.

2.     The term "denied" when used in response to a correspondingly numbered paragraph in the Complaint means that the allegations of that paragraph are denied to the extent that they pertain to this Defendant.

3.     The term "admitted" when used in response to a correspondingly numbered paragraph in the Complaint means that the allegations of that paragraph are admitted to the extent that they pertain to this Defendant.

## RESPONSE TO JURISDICTION

This paragraph consists of conclusions of law to which this Defendant is not required to respond.  However, to the extent that there are factual allegations contained in this paragraph that are intended to establish jurisdiction, this Defendant has "insufficient knowledge."  This Defendant does not waive but specifically reserves the right to contest  jurisdiction.

## RESPONSE TO STATUTE OF LIMITATIONS

This paragraph consists of conclusions of law to which this Defendant is not required to respond.  However, to the extent that the allegations contained in this paragraph are intended to state a cause of action against this Defendant, same are denied.

## RESPONSES TO BACKGROUND FACTS - THE PLAINTIFFS

1. - 9.     SQUARE D is without sufficient personal knowledge or information to admit or deny the allegations contained in these paragraphs of the Complaint which refer to the alleged exposure, work history, and medical ailments of the Plaintiffs and/or Plaintiffs' decedents. However, to the extent that the allegations of these paragraphs of the Complaint set forth any factual averments directed toward stating a cause of action against SQUARE D, same are denied. SQUARE D shows further that the allegations show that venue is improper with respect to some

of the Plaintiffs.

## RESPONSES TO BACKGROUND FACTS - THE DEFENDANTS

10.     SQUARE D adopts and incorporates by reference as if fully set forth herein, each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

11.     This paragraph sets forth averments of definitions by the Plaintiffs to which no response is required.  However, to the extent that Paragraph 11 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

12.     Denied.

13. - 66.  SQUARE D is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraphs 13 through 66 of the Complaint which refer to other Defendants.  SQUARE D shows further that the allegations of these paragraphs do not appear to be directed toward stating a cause of action against this Defendant.

67.     SQUARE D shows that there is no specific reference to it in paragraph 67. However, with respect to the allegations purportedly directed toward a non-existent entity described as "Schneider Electric Industries, S.A.S., North American Division,"  SQUARE D adopts its introductory paragraph to this answer, including footnote number 1.  Square D further denies that any of the listed products that are purportedly attributed to it, if any, have been "identified" at the plaintiff's work sites.

68.     SQUARE D is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraph 68 of the Complaint which refer to another Defendant. SQUARE D shows further that the allegations of this paragraph do not appear to be directed toward stating a cause of action against this Defendant.

69.     SQUARE D admits that it is an entity formed and existing under and by virtue of the laws of and has its principal place of business in a state other than the State of Alabama. SQUARE D denies the remaining allegations of Paragraph 69 of the Complaint.

70. - 79. SQUARE D is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraphs 70 through 79 of the Complaint which refer to other Defendants. SQUARE D shows further that the allegations of these paragraphs do not appear to be directed toward stating a cause of action against this Defendant.

80. This paragraph sets forth averments of definitions by the Plaintiffs to which no response is required. However, to the extent that paragraph 80 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

81. - 82. SQUARE D is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraphs 81 through 82 of the Complaint which refer to another Defendant. SQUARE D shows further that the allegations of this paragraph do not appear to be directed toward stating a cause of action against this Defendant.

83. This paragraph sets forth averments of definitions by the Plaintiffs to which no response is required. However, to the extent that paragraph 83 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

84. SQUARE D is without sufficient personal knowledge or information to admit or deny the allegations set forth in Paragraph 84 of the Complaint which refer to another Defendant. SQUARE D shows further that the allegations of this paragraph do not appear to be directed toward stating a cause of action against this Defendant.

85. This paragraph sets forth averments of definitions by the Plaintiffs to which no response is required. However, to the extent that paragraph 85 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

86. - 91. SQUARE D is without sufficient personal knowledge or information to admit

4

or deny the allegations set forth in Paragraphs 86 through 91 of the Complaint which refer to another Defendant. SQUARE D shows further that the allegations of this paragraph do not appear to be directed toward stating a cause of action against this Defendant.

92. The allegations of paragraph 92 of the Plaintiffs' Complaint appear to state legal conclusions to which no response is required. However, to the extent that the allegations of paragraph 92 of the Complaint are directed toward establishing a cause of action against this Defendant, same are denied. This Defendant shows further that it is responding to the Complaint solely in the capacity set forth in the introductory paragraph above and that this is an improper attempt by the Plaintiffs to put a greater burden on this Defendant for responding to the allegations than is required by law.

## RESPONSE TO DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

93. SQUARE D adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

94. Denied.

95. This paragraph sets forth averments by the Plaintiffs to which no response is required. However, to the extent that Paragraph 95 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

96. Denied.

97.A -R. Denied.

98. Denied.

## RESPONSE TO COUNT ONE
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

99. SQUARE D adopts and incorporates by reference as if fully set forth herein each

of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

100.    This paragraph sets forth legal averments and conclusions to which no response is required. However, to the extent that Paragraph 100 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

101.A.-B.  Denied.

102.    Denied.

103.    Denied.

**RESPONSE TO COUNT TWO**
**NEGLIGENCE AND INTENTIONAL TORT**

104.    SQUARE D adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

105.    This paragraph sets forth legal averments and conclusions to which no response is required. However, to the extent that Paragraph 105 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

## RESPONSE TO COUNT THREE
## NEGLIGENCE IN THE COURSE OF EMPLOYMENT

117.    SQUARE D adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

118.    This paragraph sets forth legal averments and conclusions to which no response is required.  However, to the extent that Paragraph 118 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

## RESPONSE TO COUNT FOUR
## FRAUDULENT CONCEALMENT/ MISREPRESENTATION/ ALTERATION OF
## MEDICAL STUDIES/ CONSPIRACY/ AIDING AND ABETTING CONSPIRACY

124.    SQUARE D adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

125.    Denied.

126.    Denied.

127.A. - JJ.  Denied.

139[sic]. Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.(a) - (d)  Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.


**RESPONSE TO COUNT FIVE**
**PRODUCT LIABILITY, COMBINED AND CONCURRING**
**NEGLIGENCE, INTENTIONAL TORT AND CONSPIRACY**

140.    SQUARE D adopts and incorporates by reference as if fully set forth herein each of its responses to the averments and allegations of the preceding paragraphs of the Complaint.

141.    This paragraph sets forth legal averments and conclusions to which no response is required.  However, to the extent that Paragraph 141 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.

142.    Denied.

143.    This paragraph consists of conclusions of law to which this Defendant is not required to respond.  However, to the extent that Paragraph 143 can be construed to contain allegations directed toward establishing a cause of action against this Defendant, same are denied.


**RESPONSE TO JURY DEMAND AND AD DAMNUM**

SQUARE D denies that the Plaintiffs are entitled to recover as alleged in the unnumbered paragraph following Paragraph 143 of the Complaint.

## GENERAL DENIAL

SQUARE D denies each averment or allegation in the Complaint that is not specifically admitted or otherwise controverted and demands strict proof thereof. SQUARE D further denies any averments contained in any parts of the Complaint not specifically numbered.

## AFFIRMATIVE DEFENSES

In the following affirmative defenses, the use of the term "Plaintiff" shall be considered to include both the singular and the plural, the masculine as well as the feminine, and, where appropriate, the Plaintiff's decedent. Also, references to the "Complaint" shall, where applicable, include any amendments thereto.

1.    The Complaint and each cause of action contained therein, separately and severally, fail to state a claim against SQUARE D upon which relief can be granted for, inter alia, the following reasons:

    (a)    The Complaint fails to allege any relationship between SQUARE D and the Plaintiff that would give rise to a duty to disclose information; and

    (b)    The Complaint fails to allege with sufficient certainty the date or any other details of, or factual basis for, the Plaintiff's alleged exposure to an asbestos-containing component which may have been originally supplied by SQUARE D in connection with a SQUARE D product.

2.    The Plaintiff is guilty of contributory negligence which proximately caused or contributed to the alleged injuries and damages as he failed to do the following:

    (a)    exercise ordinary care for his own safety when he knew or should have known of the hazards incident to the Plaintiff's work;

9

(b)     utilize protective clothing and safety equipment when he knew or should have known that the materials with which he/she was working might be harmful;

(c)     properly use components of SQUARE D'S products or subjected them to use that was not reasonably foreseeable;

(d)     advise, request or demand that his employer(s) provide proper safety equipment, clothing and protective devices for his use; and/or

(e)     heed advice and warnings given about proper and safe work practices and failed to use equipment provided to him by his employer and/or others.

3.     The Plaintiff assumed the risk of injury and is not entitled to recover from SQUARE D.

4.     Service of Process against SQUARE D was insufficient.

5.     Venue is improper in this Court as to SQUARE D.

6.     This Court lacks personal jurisdiction, general or special, over SQUARE D and jurisdiction over the subject matter of this action.

7.     The Plaintiff has failed to join certain indispensable parties necessary for a just adjudication of this cause.

8.     Any claim for breach of warranty is barred due to lack of notice, as is required by the applicable law.

9.     There is a misjoinder of parties, and the plaintiffs' claims did not arise out of the same transaction or occurrence and must be severed.

10.     SQUARE D denies any tortious act or omission on its part which proximately caused or proximately contributed to any of Plaintiff's alleged injuries or damages, and therefore there can be no recovery against SQUARE D.

11.     SQUARE D owed no duty to the Plaintiff as alleged in the Complaint and, in any

event, breached no duty in a manner which is material to the Complaint.

12.    The Plaintiff's employers and/or the owners of the industrial or commercial facilities where the Plaintiff worked were sophisticated users or purchasers of machinery or equipment including, without limitation, electrical equipment products and other equipment which may have included hard molded plastic-like materials engineered from composite materials, and had a non-delegable duty to provide the Plaintiff with a safe place to work.

13.    SQUARE D had no control over the Plaintiff's work environments nor did it have a duty or any ability to provide the Plaintiff with a safe place to work and, therefore, it cannot be found liable for the Plaintiff's overall workplace exposure to asbestos, even if the Plaintiff can establish minimal contact with any asbestos-containing materials which may have been originally supplied by SQUARE D in connection with SQUARE D products.

14.    There was no privity of contract between the Plaintiff and SQUARE D.

15.    The Plaintiff's injuries, if any, proximately resulted from the acts or omissions of other persons, including the Plaintiff, which were the independent, sole, intervening or superseding proximate causes of those injuries.

16.    SQUARE D'S products were at all times reasonably fit and suitable for the purposes for which they were intended, fully complied with the reasonable expectations of the purchasers and users thereof, including, but not limited to, the Plaintiff, and were not defective in any way, or unreasonably dangerous, for the use for which they were intended.

17.    SQUARE D states that its products were not, and are not, inherently dangerous to human beings. SQUARE D further states that, at all relevant times, its products complied with then existing industry and government standards, if applicable.

18.    SQUARE D states that the Plaintiff's alleged injuries were caused and/or contributed to, in whole or in part, by material changes or alterations to the original condition of

the products sold by SQUARE D made by the Plaintiff or third parties, and that SQUARE D had no control over such material changes or alterations to the products sold by it.

19.    SQUARE D had no duty to warn the Plaintiff, because reasonably foreseeable uses of its products posed no risk of harm to human beings sufficient to give rise to such a duty.

20.    If SQUARE D created a hazard, which it denies, then it did not know nor did it have reasonable grounds for knowing at the time of the Plaintiff's alleged contact, or at any other time, that its products might be hazardous.  SQUARE D had no notice nor reason to believe that any of its products might be potentially hazardous simply because they may have incorporated components manufactured by third-parties, which components may have contained some quantity of asbestos fibers.  SQUARE D could not have reasonably foreseen the alleged danger associated with the use of its products.  SQUARE D further contends that it is not a part of the "asbestos industry" or "asbestos insulation industry" or a part of the "specific producers," "group producers" or "defendant conspirators."  The alleged knowledge possessed by any members of these entities or alleged co-conspirators was not known by SQUARE D and cannot be imputed to it.

21.    The knowledge of the United States Government or its agencies of any possible health hazards from the use of asbestos-containing products was equal or superior to SQUARE D'S and, by reason thereof, SQUARE D is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

22.    The negligence of the Plaintiff was the superseding and/or intervening cause of alleged injuries and is a bar to any recovery by the Plaintiff against SQUARE D.

23.    The Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

24.    The Plaintiff was not the intended beneficiary of any warranty made by

SQUARE D.

25.    Any warranties made by SQUARE D have been fulfilled, terminated and/or disclaimed.

26.    The Plaintiff's injuries, if any, were proximately caused or contributed to by the Plaintiff's consumption of tobacco products.

27.    There should be no recovery against SQUARE D under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama to the extent that SQUARE D'S contractual obligations occurred prior to the enactment of said statutes.  Any imposition of such liability would violate, *inter alia*, the following:

(a)    the Fourteenth Amendment to the Constitution of the United States;

(b)    Article I, Section 7 of the Constitution of Alabama of 1901;

(c)    the Fifth Amendment to the Constitution of the United States; and

(d)    the Tenth Amendment to the Constitution of the United States.

28.    SQUARE D is entitled to full credit for any amounts received by the Plaintiff, or to be received by the Plaintiff, from any other source from which the Plaintiff may have a recovery arising out of any and all claims made against the Defendants in the instant lawsuit or certain third-parties, including, but not limited to, any settlement or compromise of any claim for alleged injuries and damages with any of the co-Defendants or with any other third-parties, including claims in Bankruptcy.

29.    There should be no recovery against SQUARE D for any injury incurred by the Plaintiff resulting from exposure to any product other than those for which SQUARE D is directly responsible, as the same would violate SQUARE D'S constitutional rights under:

(a)    the Eighth Amendment to the Constitution of the United States;

13

(b)    the Fourteenth Amendment to the Constitution of the United States;

(c)    the Fifth Amendment to the Constitution of the United States;

(d)    the Tenth Amendment to the Constitution of the United States;

(e)    Article I, Section 15 of the Constitution of Alabama of 1901; and

(f)    Article I, Section 7 of the Constitution of Alabama of 1901.

30.    At all times material to the Plaintiff's Complaint, the Plaintiff utilized products which were manufactured at a time when SQUARE D had no duty to warn with respect to potential asbestos hazards connected with the use of SQUARE D products, which may have included component parts containing some portion of asbestos fibers in an encapsulated medium. Moreover, the products were manufactured in a manner consistent with the then existing standards applicable to SQUARE D products.

31.    SQUARE D alleges that the condition, packaging, labeling, and other circumstances related to any goods for the condition of which it may be responsible, if any, which is denied, conformed to the standards of reasonable care applicable in the period of time in which same may have been sold, and that in all respects SQUARE D'S sale of such goods, if any, conformed to the state of the art prevalent at the time.

32.    The obligations of SQUARE D must be evaluated according to the state-of-the-art pertinent to its particular business position and the state of the law existing at the pertinent time(s).

33.    Alternatively, SQUARE D pleads that the Plaintiff was an experienced user of asbestos-containing products to whom no duty to warn existed.

34.    Alternatively, SQUARE D pleads the risk/utility doctrine; *i.e.*, that the utility of asbestos-containing products for a number of years during the time of the Plaintiff's alleged exposure to asbestos-containing products, outweighed any alleged risks associated with the use

14

of asbestos-containing products, and thus operates as a bar to the Plaintiff's claims.

35.    Alternatively, SQUARE D pleads that during the time of the Plaintiff's alleged exposure to asbestos-containing products, the dangers of exposure to asbestos-containing products became common knowledge within the Plaintiff's trades or professions, at which time SQUARE D owed no duty to warn.

36.    There should be no recovery against this Defendant under any theory of product liability to the extent that such a claim is not recognized under the laws of the state of residence of each of the Plaintiffs.

37.    The Plaintiff's exposure, if any, to asbestos fibers from components originally supplied by SQUARE D in connection with its products was either non-existent or so minimal as to be insufficient to establish to a reasonable degree of medical or scientific certainty or probability that such exposure was a substantial contributing cause of the injuries and damages complained of.

38.    The Plaintiff was not exposed to any asbestos material through any act or omission of SQUARE D, or if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of the Plaintiff's damages, if any, as a matter of law.

39.    To the extent the Plaintiff seeks to hold SQUARE D jointly liable with other Defendants for wantonness or other misconduct and to recover punitive damages for such wantonness or other misconduct, the Alabama law permitting such joint liability for punitive damages is unconstitutional as violative of the Fifth and Tenth Amendments to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and provisions of the Constitution of Alabama because it permits jury imposition

of punitive damages purportedly based on the character and degree of the wrong committed, without in fact assigning to each Defendant a proportionate responsibility for the contribution to the wrong committed.

40.     The Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)     it is a violation of the Due Process and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases;

(b)     procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution;

(c)     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against each defendant and/or the defendants which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

(e)     the procedures pursuant to which punitive damages are awarded result in the

16

imposition of different penalties for the same or similar acts and thereby violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(f)     the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and

(g)     the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution.

41.     An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

42.     The Plaintiff's claims for punitive damages violate the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     it is a violation of the due process clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against each defendant and/or against the defendants;

(c)     the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

17

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     the award of punitive damages in this case would constitute a deprivation of property without due process of law.

43.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

44.     Defendant alleges affirmatively that the Wrongful Death Statute, Ala. Code (1975) §6-5-410, as it applies to joint tortfeasors, is unconstitutional in that it is punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by the tortfeasor. Therefore, this Act, as it applies to joint tortfeasors, denies each and every Defendant equal protection of the laws and violates the United States Constitution.

45.     Defendant alleges affirmatively that the Wrongful Death Act of Alabama violates the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability a Defendant had, if any.

46.     The Plaintiff's claims for damages are subject to the constraints and limitations contained in Ala. Code §6-5-544 (1975) (non-economic damages), Ala. Code §6-11-3 (1975) (structured damages), Ala. Code §6-11-20 (1975) (clear and convincing evidence standard), Ala. Code §6-11-20 (1975) (punitive damages), Ala. Code §§6-11-21(e), 6-11-27, and 12-21-45 (1975) (collateral sources), and Ala. Code §12-21-12 (1975) (substantial evidence standard), as well as applicable federal or state case law limiting damages.

18

47.    There can be no recovery against SQUARE D based on the Alabama Extended Manufacturer's Liability Doctrine because SQUARE D did not cause or contribute to any defective condition alleged to have existed in any product or material, and therefore there is no causal relation between the activities of SQUARE D and the Plaintiff's alleged injuries.

48.    The Plaintiff's claims for damages under the Doctrine of "Market Share" theory of liability and/or "Enterprise Liability" and/or "Collective Liability" and/or any other theory of liability however phrased which are similar to the above theories of liability are insufficient as a matter of law and said theories of recovery have not been recognized under the laws and statutes of the State of Alabama.

49.    The Plaintiff's claims, if any, based upon a breach of warranty are barred by the applicable statute of limitations in that notice was not provided in accordance with the applicable laws and statutes.

50.    There should be no recovery against SQUARE D under any provision of Ala. Code §6-2-30 (1975), either alone or in conjunction with any other provision of Alabama law, because §6-2-30 is unconstitutional as it violates:

(a)    the Eighth Amendment of the Constitution of the United States;

(b)    the Fourteenth Amendment of the Constitution of the United States;

(c)    the Fifth Amendment of the Constitution of the United States;

(d)    the Tenth Amendment of the Constitution of the United States;

(e)    Article One, Section Fifteen of the Constitution of Alabama of 1901;

(f)    Article One, Section Seven of the Constitution of Alabama of 1901; and

(g)    Article One, Section Thirteen of the Constitution of Alabama of 1901.

51.    Any claims made by the Plaintiff based on the development of increased fear or increased risk of contracting cancer are due to be dismissed as claims for said damages are not recognized under Alabama law.

52.     Any theory of liability attempting to set forth a civil conspiracy is due to be dismissed as to SQUARE D.

53.     Plaintiff's Complaint against SQUARE D is due to be dismissed based on the applicable statute of limitations.

54.     This action is due to be dismissed or, in the alternative, stayed due to there being prior pending action(s).

55.     The Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the Complaint.

56.     The alleged injuries and damages of the Plaintiff, if any, which are strictly denied, resulted from a pre-existing condition, disease, or infirmity for which SQUARE D is not liable.

57.     There should be no recovery against SQUARE D because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or express warranty, separately or jointly, would operate as an *ex post facto* imposition of legal liability and duty and thus would violate SQUARE D'S rights under the Constitutions of the United States and the State of Alabama.

58.     The Plaintiff's claims are preempted by applicable federal law, statutory and regulatory.

59.     The Plaintiff's claims, separately and severally, are barred by the rule of repose.

60.     In the event that the Plaintiff was employed by SQUARE D at the time of the alleged injury or damage, SQUARE D asserts the exclusivity of the Worker's Compensation laws, and the Fellow Servant Doctrine as bars to the claims herein.

61.     SQUARE D avers that if the Plaintiff sustained any injury or damage as alleged, which is strictly denied, that such injury or damage was proximately caused or contributed to by

exposure to and inhalation of noxious and deleterious fumes and residues from industrial processes and by-products prevalent on the Plaintiff's job sites, and substances other than those alleged to have been supplied by SQUARE D, and by cumulative exposure to all types of environmental industrial pollutants of air and water, and therefore Plaintiff is not entitled to recover from SQUARE D.

62.     To the extent the Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries or damages, the Plaintiff's Complaint and each claim alleged therein is barred by the defenses of release, payment, satisfaction and accord.

63.     The Plaintiff's claims are barred by the doctrines of collateral estoppel and *res judicata*.

64.     This case is due to be dismissed based on the doctrine of *forum non conveniens*.

65.     SQUARE D did not act in concert with any other Defendant in this action. Therefore, SQUARE D cannot be considered to be a joint tortfeasor with respect to any other Defendant under any theory of law, and may not be held jointly and severally liable with any other Defendant.

66.     To the extent that any claim for relief contained in the Complaint, as amended, seeks to recover damages against this Defendant for alleged acts or omissions of predecessors or successors in interest to this Defendant of any kind or description, said Defendant asserts that it is not legally responsible and cannot legally be held liable for any such acts or omissions. This Defendant further shows that it cannot be held liable for punitive damages and/or exemplary damages which are or may be attributable to the conduct of any such predecessor or successor in interest. Further, this Defendant asserts that the conduct of any predecessor or successor in interest cannot, as a matter of law, provide a legal basis for liability or the imposition of damages against this Defendant.

67.     The Complaint and each and every cause of action thereof which attempts to allege a cause of action against a purported entity referred to in the Complaint as "Schneider Electric," or some variation thereof, fails to state a claim upon which relief can be granted and said claims are due to be dismissed. "Schneider Electric" is, among others, a brand name used by Square D Company, one of the Defendants herein, and, because "Schneider Electric" is not a legal entity, it is not capable of being sued and is thus not a proper party-defendant in this case.

68.     SQUARE D alleges as a defense any and all other defenses alleged by any other Defendant(s) in this case and hereby incorporates each such defense as if fully set out herein to the extent that such defenses support and are not inconsistent with SQUARE D'S position in this case.

s/Edward B. McDonough, Jr.
**Edward B. McDonough, Jr. (MCDOE0149)**


s/Gary W. Fillingim
**Gary W. Fillingim (FILLG1161)**
Attorneys for Defendant,
SQUARE D COMPANY


OF COUNSEL:
EDWARD B. McDONOUGH, JR., P.C.
POST OFFICE BOX 1943
MOBILE, ALABAMA  36633
Telephone:    251-432-3296
Facsimile:     251-432-3300
Email:         EBM@emcdonoughlaw.com
               GWF@emcdonoughlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/Gary W. Fillingim
Gary W. Fillingim