# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **OTHRE E. BURNETT et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION NO.** |
| ) | **2:08-CV-150** |
| **vs.** ) | |
| ) | |
| **ASBESTOS DEFENDANTS:** ) | |
| ) | |
| **ALBANY INTERNATIONAL, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF TAG-ALONG ACTION

NOW COMES SQUARE D COMPANY ("SQUARE D") for itself and, to the extent

necessary, on behalf of a purported party Defendant[1] incorrectly designated as "Schneider

Electric Industries, S.A.S., North American Division" (a fictitious name that does not exist as

an entity under the laws of any state or foreign jurisdiction), and hereby submits this, its Notice

of Tag-Along Action, and shows the Court as follows:

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict

Litigation entered an order transferring all asbestos cases pending in federal court to the United

States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Order"). That order also applies to

---

[1] The summons for Square D was served on its registered agent in Springfiled, Illinois. Plaintiffs have also attempted to sue a purported defendant identified as "Schneider Electric Industries, S.A.S., North American Division" ("Schneider Electric"). A copy of the summons and complaint for Schneider Electric was mailed to and received by Square D at its principal place of business in Palatine, Illinois. Schneider Electric is not a legal entity capable of being sued, inasmuch as "Schneider Electric" is, among other things, a brand name used by Square D Company. Nonetheless, Square D responds to this suit pursuant to Rules 8 and 9 of the *Federal Rules of Civil Procedure*; nonetheless, to the extent that it may ultimately be determined that this position misapprehends the circumstances or is otherwise in error based on law or on fact, all Rule 12 defenses are hereby specifically reserved.

"tag-along actions," or actions involving common questions of fact filed after the January 17,

1991 filing of the Panel's order to Show Cause.  MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action"

which may be subject to transfer to the Eastern District of Pennsylvania.  The Clerk of the

Panel may either:  (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a), or (2) file

an order to show cause why the action should not be transferred, pursuant to MDL Rules 7.5(b)

and 7.3.


s/Gary W. Fillingim
Edward B. McDonough, Jr. (MCDOE0149)
Gary W. Fillingim (FILLG1161)
Attorneys for Defendant,
SQUARE D COMPANY


OF COUNSEL:
EDWARD B. McDONOUGH, JR., P.C.
Post Office Box 1943
Mobile, AL 36633
(251) 432-3296 - telephone
(251) 432-3300 - facsimile
ebm@emcdonoughlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2008 the foregoing, together with copies of the docket sheet and complaint, has been sent via overnight mail to:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

I further certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/Gary W. Fillingim
Gary W. Fillingim