# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **OTHRE E. BURNETT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **vs.** | ) | **2:08-CV-150-WKW** |
| | ) | |
| **ALBANY INTERNATIONAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT, ASTEN JOHNSON, INC., AS SUCCESSOR -IN-INTEREST TO ASTEN, INC.,WHICH IN TURN, WAS SUCCESSOR-IN-INTEREST BY WAY OF NAME CHANGE TO ASTEN GROUP, INC., FORMERLY TRADING AS ASTEN-HILL MANUFACTURING CO. TO PLAINTIFFS' COMPLAINT AND TO ALL DEFENDANTS' CROSS-CLAIMS

COMES NOW the Defendant, ASTEN JOHNSON, INC., AS SUCCESSOR IN INTEREST TO ASTEN INC., WHICH IN TURN, WAS SUCCESSOR -IN-INTEREST BY WAY OF NAME CHANGE TO ASTEN GROUP, INC., FORMERLY TRADING AS ASTEN-HILL MANUFACTURING CO., (hereinafter "Asten" or "Defendant"), by and through its attorneys of record, Forman Perry Watkins Krutz & Tardy LLP, and files this its Answer to Plaintiffs' Complaint and would respectfully show unto the Court the following, to-wit:

### FIRST DEFENSE

Plaintiffs' Complaint is barred as to Asten for insufficiency of process and insufficient service of process.

### SECOND DEFENSE

The Plaintiffs' Complaint fails to state a claim or cause of action against Asten upon which relief

can be granted. The Plaintiffs' Complaint fails to put Asten, or any other Defendant, on notice as to those claims that it is to defend against which relate to the Plaintiffs and/or Plaintiffs' decedents generally, or those claims as they relate specifically to the Plaintiffs and/or Plaintiffs' decedents. The Plaintiffs have failed to show any nexus or relationship between these repetitive, boilerplate claims and the naming of Asten in Plaintiffs' Complaint. Asten denies that the Plaintiffs and/or Plaintiffs' decedents have stated a triable claim against it and therefore denies the request for jury trial.

### THIRD DEFENSE

Asten submits that the Plaintiffs' Complaint fails to provide a sufficiently definite statement and is vague, failing to plead with particularity specific facts relating to the claims of the Plaintiffs against any particular Defendant or identified Defendants, such as:

1.      Nothing in Plaintiffs' Complaint indicates the time, place, circumstance, or products to which the Plaintiffs and/or Plaintiffs' decedents allege exposure, nor does it indicate to which particular Defendants' products, if any, they were allegedly exposed;

2.      Nothing in Plaintiffs' Complaint indicates the type of products used by the Plaintiffs and/or Plaintiffs' decedents. The Plaintiffs' Complaint also fails to identify any specific time or place of the alleged exposure;

3.      The Plaintiffs' Complaint fails to indicate whether the Plaintiffs and/or Plaintiffs' decedents were exposed to which Defendants' products, if any, and whether or not the cause of action against Asten or any Defendant occurred or accrued within the State of Alabama.

4.      Generally speaking, the Plaintiffs' Complaint fails to put Asten, or any other Defendant, on notice as to the claims that they are to defend against which relate to the Plaintiffs and/or Plaintiffs'

- 2 -

decedents generally, or those claims as they relate specifically to the individual Plaintiffs and/or Plaintiffs' decedents.

## FOURTH DEFENSE

And now, without waiving the above objections, nor the bases or requests for relief contained therein, Asten answers Plaintiffs' Complaint filed against it paragraph by paragraph as follows:

## COMPLAINT

The unnumbered paragraph titled "COMPLAINT" of Plaintiffs' Complaint does not appear to make any allegations against Asten, nor does it appear to require any admission or denial from Asten. However, out of an abundance of caution, to the extent that this paragraph can be read to make any allegations against Asten, same are denied. Further, Asten denies that the Plaintiffs have stated a triable claim against it.

## JURISDICTION

Asten is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the unnumbered paragraph titled "JURISDICTION" of Plaintiffs' Complaint relating to the identity and residence of the Plaintiffs and, therefore can neither admit or deny said allegations. Asten admits only that it is named as a Defendant and that it is a corporation of a state other than the State of Alabama. Asten denies the remaining allegations in the unnumbered paragraph titled "JURISDICTION" of Plaintiffs' Complaint insofar as they apply to Asten. Insofar as they apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph titled "JURISDICTION" of Plaintiffs' Complaint and therefore denies same. Further, Asten reserves all rights and defenses in this matter and incorporates by reference its defenses and denials previously set forth.

## STATUTE OF LIMITATIONS

Asten is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the unnumbered paragraph titled "STATUTE OF LIMITATIONS" of Plaintiffs' Complaint relating to the Plaintiffs and/or Plaintiffs' decedents and, therefore can neither admit or deny said allegations. Insofar as they apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph titled "STATUTE OF LIMITATIONS" of Plaintiffs' Complaint and therefore denies same. Further, Asten reserves all rights and defenses in this matter and incorporates by reference its defenses and denials previously set forth.

## BACKGROUND FACTS - THE PLAINTIFFS

### 1. - 9.

Asten is without knowledge or information sufficient to form a belief as to the truth or accuracy of the information in Paragraphs 1 through 9 of Plaintiffs' Complaint, including all unnumbered paragraphs therein, relating to the identities, residencies, work histories, and alleged injuries of the Plaintiffs and/or Plaintiffs' decedents and, therefore, can neither admit nor deny said allegations.

## BACKGROUND FACTS - THE DEFENDANTS

### 10.

Asten re-alleges and incorporates by reference its defenses and denials previously set forth herein.

### 11. - 12.

Asten is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraphs 11 and 12 of Plaintiffs' Complaint relating to the identity and or definition of "Producer Defendants," and therefore can neither admit or deny said allegation. Asten denies the remaining

allegations in Paragraphs 11 and 12 of Plaintiffs' Complaint insofar as they apply to Asten. Insofar as they

apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraphs 11 and 12 of Plaintiffs' Complaint and therefore denies same.

**13. - 17.**

The allegations contained in Paragraphs 13 through 17 of Plaintiffs' Complaint, including all

subparagraphs and clauses contained therein, do not appear to pertain to Asten, and, therefore no response

is required. To the extent the allegations contained in 13 through 17 of Plaintiffs' Complaint, including all

subparagraphs and clauses contained therein, are directed toward Asten the allegations are denied. Insofar

as the allegations contained in 13 through 17 of Plaintiffs' Complaint, including all subparagraphs and

clauses contained therein, apply to other Defendants, Asten is without knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

**18.**

Asten admits only that it is incorporated in a state other than Alabama. To the extent that the

remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint are directed towards this

Defendant, Asten re-alleges and incorporates by reference its defenses and denials previously set forth, and

denies same. Asten denies that the Plaintiff was exposed to asbestos at the work sites listed within

Plaintiffs' Complaint. Further, Asten denies that its products or actions have directly or proximately caused

or contributed to the Plaintiffs' and/or Plaintiffs' decedents' alleged injuries and/or damages as described

in this Complaint.

**19. - 79.**

The allegations contained in Paragraphs 19 through 79 of Plaintiffs' Complaint, including all

subparagraphs and clauses contained therein, do not appear to pertain to Asten, and, therefore no response is required. To the extent the allegations contained in Paragraphs 19 through 79 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, are directed toward Asten the allegations are denied. Insofar as the allegations contained in Paragraphs 19 through 79 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

### 80.

Asten is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 80 of Plaintiffs' Complaint relating to the identity and or definition of "Specifying Defendant," and therefore can neither admit or deny said allegation. Asten denies the remaining allegations in Paragraph 80 of Plaintiffs' Complaint insofar as they apply to Asten. Insofar as they apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of Plaintiffs' Complaint and therefore denies same.

### 81.

The allegations contained in Paragraph 81 of Plaintiffs' Complaint, relating to the identity of a "Specifying Defendant," a "Producer Defendant," and a "Premise Defendant," including all subparagraphs and clauses contained therein, do not appear to pertain to Asten, and, therefore no response is required. To the extent the allegations contained in Paragraph 81 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, are directed toward Asten the allegations are denied. Insofar as the allegations contained in Paragraph 81 of Plaintiffs' Complaint, including all subparagraphs and clauses

contained therein, apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

**82.**

The allegations contained in Paragraph 82 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, do not appear to pertain to Asten, and, therefore no response is required. To the extent the allegations contained in Paragraph 82 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, are directed toward Asten the allegations are denied. Insofar as the allegations contained in Paragraph 82 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

**83.**

Asten is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 83 of Plaintiffs' Complaint relating to the identity and or definition of "Distributor Defendant," and therefore can neither admit or deny said allegation. Asten denies the remaining allegations in Paragraph 83 of Plaintiffs' Complaint insofar as they apply to Asten. Insofar as they apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiffs' Complaint and therefore denies same.

**84.**

The allegations contained in Paragraph 84 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, do not appear to pertain to Asten, and, therefore no response is required. To the extent the allegations contained in Paragraph 84 of Plaintiffs' Complaint, including all subparagraphs

and clauses contained therein, are directed toward Asten the allegations are denied. Insofar as the allegations contained in Paragraph 84 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

**85.**

Asten is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 85 of Plaintiffs' Complaint relating to the identity and or definition of "Contractor Defendants," and therefore can neither admit or deny said allegation. Asten denies the remaining allegations in Paragraph 85 of Plaintiffs' Complaint insofar as they apply to Asten. Insofar as they apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of Plaintiffs' Complaint and therefore denies same.

**86.-87.**

The allegations contained in Paragraphs 86 through 87 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, do not appear to pertain to Asten, and, therefore no response is required. To the extent the allegations contained in Paragraphs 86 through 87 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, are directed toward Asten the allegations are denied. Insofar as the allegations contained in Paragraphs 86 through 87 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

**88.-91.**

The allegations contained in Paragraphs 88 through 91 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, do not appear to pertain to Asten, and, therefore no response is required. To the extent the allegations contained in Paragraphs 88 through 91 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, are directed toward Asten the allegations are denied. Insofar as the allegations contained in Paragraphs 88 through 91 of Plaintiffs' Complaint, including all subparagraphs and clauses contained therein, apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

**92.**

Asten denies the allegations contained in Paragraph 92 of the Plaintiffs' Complaint to the extent the allegations apply to this Defendant. Asten further denies that the Defendants are properly joined pursuant to Rule 20(a) of the Federal Rules of Civil Procedure and further denies any of Plaintiffs' assertions to the right to relief individually, jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, or involve common questions of law and fact. Insofar as the allegations in Paragraph 92 of the Plaintiffs' Complaint apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

## DEFENDANTS' CONDUCT AND PLAINTIFFS
## AND PLAINTIFFS' DECEDENTS INJURY

**93.**

Asten re-alleges and incorporates by reference its defenses and denials previously set forth herein.

**94. - 98.**

Asten denies the allegations contained in Paragraphs 94 through 98 of Plaintiffs' Complaint,

including all subparagraphs therein, to the extent the allegations apply to Asten. Insofar as the allegations

contained in Paragraphs 94 through 98 of Plaintiffs' Complaint, including all subparagraphs therein, pertain

to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations and accordingly these allegations are denied. Further, Asten denies the allegations

that it is liable to the Plaintiffs and/or Plaintiffs' decedents for their injuries and/or damages of any kind or

in any amount whatsoever as a result of said alleged exposure. Asten denies that it has acted in a negligent,

reckless, willful or wanton manner with knowledge or reasonable foresight to the detriment of the Plaintiffs

and/or Plaintiffs' decedents. Asten also denies that its products or actions have directly or proximately

caused or contributed to the Plaintiffs and/or Plaintiffs' decedents' alleged physical and/or emotional injuries

and/or damages as described in this  Complaint.

## COUNT ONE
### Alabama Extended Manufacturer's Liability Doctrine

**99.**

Asten re-alleges and incorporates by reference its defenses and denials previously set forth herein.

**100. - 103.**

Asten denies the allegations contained in Paragraphs 100 through 103 of Plaintiffs' Complaint,

including all subparagraphs therein, to the extent the allegations apply to Asten. Insofar as the allegations

contained in Paragraphs 100 through 103 of Plaintiffs' Complaint, including all subparagraphs therein,

pertain to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations and accordingly these allegations are denied. Asten denies that its products or actions have directly or proximately caused or contributed to the Plaintiffs' and/or Plaintiffs decedents' alleged injuries and/or damages as described in Plaintiffs' Complaint. Further, Asten denies the allegations that it is liable to the Plaintiffs and/or Plaintiffs decedents for their injuries and/or damages of any kind or in any amount whatsoever as a result of said alleged exposure.

## COUNT TWO
### Negligence and Intentional Tort

### 104.

Asten re-alleges and incorporates by reference its defenses and denials previously set forth herein.

### 105. - 116.

Asten denies the allegations contained in Paragraphs 105 through 116 of Plaintiffs' Complaint to the extent the allegations apply to Asten. Insofar as the allegations contained in Paragraphs 105 through 116 of Plaintiffs' Complaint pertain to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied. Asten denies that it has aided, abetted, assisted, agreed, counseled, conspired, encouraged, ignored and/or materially assisted others to the detriment of the Plaintiffs and/or Plaintiffs' decedents. Further, Asten denies that its products or actions have directly or proximately caused or contributed to the Plaintiffs' and/or Plaintiffs decedents' alleged injuries and/or damages as described in Plaintiffs' Complaint. Further, Asten denies the allegations that it is liable to the Plaintiffs and/or Plaintiffs' decedents for their injuries and/or damages of any kind or in any amount whatsoever as a result of said alleged exposure.

## COUNT THREE
### Negligence in the course of employment

### 117.

Asten re-alleges and incorporates by reference its defenses and denials previously set forth herein.

### 118. - 123.

Asten denies the allegations contained in Paragraphs 118 through 123 of Plaintiffs' Complaint to the extent the allegations apply to Asten. Insofar as the allegations contained in Paragraphs 118 through 123 of Plaintiffs' Complaint pertain to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied. Asten denies that it has materially assisted or acted in a intentional, reckless, malicious and/or wanton manner with knowledge or reasonable foresight to the detriment of the Plaintiffs' and/or Plaintiffs' decedents. Further, Asten denies that its products or actions have directly or proximately caused or contributed to the Plaintiffs' and/or Plaintiffs' decedents' alleged injuries and/or damages as described in Plaintiffs' Complaint. Further, Asten denies the allegations that it is liable to the Plaintiffs and/or Plaintiffs' decedents for their injuries and/or damages of any kind or in any amount whatsoever as a result of said alleged exposure.

## COUNT FOUR
### Fraudulent Concealment/Misrepresentation/
### Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy

### 124.

Asten re-alleges and incorporates by reference its defenses and denials previously set forth herein.

Asten denies the allegations contained in Paragraph 124 of Plaintiffs' Complaint to the extent the allegations

apply to Asten. Insofar as the allegations contained in Paragraph 124 of Plaintiffs' Complaint apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

### 125. - 140.

Asten denies the allegations contained in Paragraphs 125 through 140 of Plaintiffs' Complaint, incorrectly numbered 125-127, 139( sic), and 128-139, including all subparagraphs therein. Insofar as the allegations contained in Paragraphs 125 through 140 of Plaintiffs' Complaint, including all subparagraphs therein, apply to other Defendants, Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied. Asten denies that it has aided, abetted, assisted, agreed, counseled, conspired, encouraged, ignored and/or materially assisted others to the detriment of the Plaintiffs and/or Plaintiffs' decedent. Asten denies the Plaintiffs' and/or Plaintiffs' decedents' vague and uncertain allegations regarding conspiracy and fraud. Further, Asten denies that its products or actions have directly or proximately caused or contributed to the Plaintiffs and/or Plaintiffs' decedent alleged injuries and/or damages as described in this Complaint. Asten further denies Plaintiffs and/or Plaintiffs' decedent assertion that they have suffered or will suffer injuries.

### COUNT FIVE
**Product Liability, combined and concurring negligence,
intentional tort and conspiracy**

### 141.

In response to Paragraph 141 of Plaintiffs' Complaint, incorrectly numbered as Paragraph 140, Asten re-alleges and incorporates by reference its defenses and denials previously set forth herein.

**142. - 143.**

Asten denies the allegations contained in Paragraphs 142 and 143 of Plaintiffs' Complaint,

incorrectly numbered as Paragraphs 142 and 142, to the extent the allegations apply to Asten. Insofar as

the allegations contained in Paragraphs 142 and 143 of Plaintiffs' Complaint pertain to other Defendants,

Asten is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations and accordingly these allegations are denied. Asten denies that its products or actions have

directly or proximately caused or contributed to the Plaintiffs' and/or Plaintiffs decedents' alleged injuries

and/or damages as described in Plaintiffs' Complaint. Further, Asten denies the allegations that it is liable

to the Plaintiffs and/or Plaintiffs decedents for their injuries and/or damages of any kind or in any amount

whatsoever as a result of said alleged exposure.

**144.**

Asten denies the allegations contained in Paragraph 144 of Plaintiffs' Complaint, incorrectly

numbered as Paragraph 143, and demands strict proof thereof.

## JURY DEMAND AND AD DAMNUM

Asten denies the allegations contained in that unnumbered paragraph to Plaintiffs' Complaint titled

"JURY DEMAND AND AD DAMNUM," insofar as they apply to Asten. Asten denies that the Plaintiffs

have stated a triable claim against it. Further, Asten denies that the Plaintiffs and/or Plaintiffs decedents are

entitled to any relief from or against Asten, whether as compensatory, punitive, exemplary or any other form

of damages and further denies that the Plaintiffs and/or Plaintiffs decedents are entitled to any judgment

against it jointly, severally, or collectively in any amount whatsoever.

WHEREFORE, Asten demands and moves the Court to dismiss Plaintiffs' Complaint herein against

it and further says that the Plaintiffs and/or Plaintiffs' decedents are not entitled to recover herein against Asten as is alleged in said Plaintiffs' Complaint.

## FIFTH DEFENSE

The claims alleged herein against Asten are barred by the applicable statutes of limitation and, alternatively, by the doctrine of laches.

## SIXTH DEFENSE

The Court lacks jurisdiction over the person and/or property of Asten.

## SEVENTH DEFENSE

The Court lacks jurisdiction over the subject matter of Plaintiffs' and/or Plaintiffs' decedents' claims.

## EIGHTH DEFENSE

Venue is improper.

## NINTH DEFENSE

There is an insufficiency of process and an insufficiency of service of process.

## TENTH DEFENSE

The Complaint should be dismissed based on a mis-joinder of parties.

## ELEVENTH DEFENSE

The Complaint should be dismissed based on a mis-joinder of claims.

## TWELFTH DEFENSE

Plaintiffs' and/or Plaintiffs' decedents' fraud claims should be dismissed for failure to plead such claims with sufficient particularity, as required by Rule 9 of the Alabama Rules of Civil Procedure.

## THIRTEENTH DEFENSE

Any product manufactured, sold or supplied by Asten was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

## FOURTEENTH DEFENSE

If it is determined that the Plaintiffs and/or Plaintiffs' decedents have made any form of recovery by way of judgement, settlement, or otherwise, for all or any part of the alleged injuries or damages, then Asten claims the benefit of such recovery by way of setoff, payment, credit, recoupment, accord and satisfaction, or otherwise.

## FIFTEENTH DEFENSE

Asten denies that it is liable to the Plaintiffs and/or Plaintiffs' decedents under the Alabama Extended Manufacturers Liability Doctrine, (AEMLD), and reserves the right to assert any other defense available to Asten under that doctrine.

## SIXTEENTH DEFENSE

Plaintiffs' and/or Plaintiffs' decedents' employers, were, upon information and belief, so experienced and sophisticated that no duty to warn existed.

- 16 -

### SEVENTEENTH DEFENSE

To the extent that the Plaintiffs and/or Plaintiffs' decedents have filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

### EIGHTEENTH DEFENSE

There should be no recovery against Asten because the exposure of the Plaintiffs and/or Plaintiffs' decedents to Asten's products, if any, was *de minimus*.

### NINETEENTH DEFENSE

Asten states that the Plaintiffs and/or Plaintiffs' decedents were not exposed to any asbestos product through any act or omission of Asten, and if any such exposure occurred, which is denied, such exposure was of such insufficient quantities or at such time or under such conditions as to not render Asten liable therefore.

### TWENTIETH DEFENSE

There should be no recovery against Asten because to the extent that Asten acted or failed to act, Asten's conduct was in keeping with the State of the Medical and Industrial Art as it existed at all pertinent times.

### TWENTY-FIRST DEFENSE

Plaintiffs' and/or Plaintiffs' decedents' claims are barred by the doctrine of waiver and estoppel.

### TWENTY-SECOND DEFENSE

Plaintiffs and/or Plaintiffs' decedents are barred from bringing this action under the doctrine of *res judicata*.

## TWENTY-THIRD DEFENSE

Some or all of the issues in the lawsuit have already been litigated and therefore the Plaintiffs and/or Plaintiffs' decedents are collaterally estopped from re-litigating those issues.

## TWENTY-FOURTH DEFENSE

If the Plaintiffs and/or Plaintiffs' decedents suffered any injuries or damages, as alleged, which is specifically denied, the same resulted from the acts and omissions of persons other than Asten, for which Asten is in no way liable. Such acts and omissions constitute an independent, efficient, intervening cause which superseded any alleged legal wrong of Asten and constitute the sole proximate or legal cause of the injuries and damages, if any, alleged by the Plaintiffs and/or Plaintiffs' decedents.

## TWENTY-FIFTH DEFENSE

Asten adopts and incorporates any and all other defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with Asten's assertion that it is not liable to Plaintiffs and/or Plaintiffs' decedents for any amount whatsoever.

## TWENTY-SIXTH DEFENSE

There should be no recovery against Asten because of any failure to warn or the inadequacy of warnings. Upon information and belief, at all times pertinent to Plaintiffs' and/or Plaintiffs' decedents' claims, said Plaintiffs and/or Plaintiffs' decedents were possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and Plaintiffs and/or Plaintiffs' decedents were required to follow specific written safety procedures as established by Plaintiffs' and/or Plaintiffs' decedents' employers which negated the need or requirement for any such warning.

### TWENTY-SEVENTH DEFENSE

There should be no recovery against Asten for medical expenses incurred in the care, diagnosis or treatment of any injury to Plaintiffs and/or Plaintiffs' decedents, if any. Simply because said Plaintiffs' and/or Plaintiffs' decedents' employers are obligated under the Workers' Compensation Laws of the state of the Plaintiffs' and/or Plaintiffs' decedents' residences to pay for medical expenses which were incurred as a result of this occurrence. Also, because said Plaintiffs and/or Plaintiffs' decedents were entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present and future medical expenses.

### TWENTY-EIGHTH DEFENSE

Plaintiffs and/or Plaintiffs' decedents misused, abused, abnormally or improperly used some or all of the products referred to in the Complaint, and used them in a manner other than that for which they were intended. Such abuse, or abnormal, improper use proximately caused or contributed to, in whole or in part, the injuries or damages sustained by the Plaintiffs and/or Plaintiffs' decedents, if any. Plaintiffs and/or Plaintiffs' decedents failed to observe and use ordinary care and caution for one's own safety, knowing that the products Plaintiffs and/or Plaintiffs' decedents were using could cause damage if misused. Therefore, the proximate cause of Plaintiffs and/or Plaintiffs' decedents injuries or damages, if any, was a direct result of Plaintiffs' and/or Plaintiffs' decedents' negligence.

### TWENTY-NINTH DEFENSE

If the Plaintiffs and/or Plaintiffs' decedents suffered any injuries or damages, as alleged, which is specifically denied, any such claim therefore against Asten is speculative and no recovery can be awarded to Plaintiffs and/or Plaintiffs' decedents.

## THIRTIETH DEFENSE

Any injuries or damages alleged to have been sustained by the Plaintiffs and/or Plaintiffs' decedents were proximately caused or contributed to by the free and voluntary assumption of risk by the Plaintiffs and/or Plaintiffs' decedents.

## THIRTY-FIRST DEFENSE

Plaintiffs and/or Plaintiffs' decedents failed to mitigate the damages, if any.

## THIRTY-SECOND DEFENSE

If the Plaintiffs and/or Plaintiffs' decedents sustained any injuries or damages, which is denied, then such injuries or damages were proximately caused or contributed to by exposure to or inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on his job sites and substances not legally connected to Asten, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

## THIRTY-THIRD DEFENSE

It was the duty of Plaintiffs' and/or Plaintiffs' decedents' employers and not Asten to furnish Plaintiffs and/or Plaintiffs' decedents with reasonably safe places within which to work, including all necessary and adequate warnings and safety appliances to safeguard Plaintiffs and/or Plaintiffs' decedents. Also, if Plaintiffs and/or Plaintiffs' decedents received any injuries and damages, which is denied, then failure of Plaintiffs' and/or Plaintiffs' decedents' employers in their duty toward Plaintiffs and/or Plaintiffs' decedents were the sole proximate cause of any such injury or damage, if any, or, in the alternative was such an intervening cause as to relieve Asten from any liability to Plaintiffs and/or Plaintiffs' decedents.

### THIRTY-FOURTH DEFENSE

As to any and all alleged breach of warranties, Asten would show that Plaintiffs and/or Plaintiffs' decedents are not a third party beneficiary of any express or implied warranties. Such claims are barred because of the following;

    A.      The Plaintiffs and/or Plaintiffs' decedents were not in privity with Asten;

    B.      Plaintiffs and/or Plaintiffs' decedents failed to give Asten notice of any alleged breach of warranty within a reasonable period of time;

    C.      Any such unfulfilled warranties deemed to have been made by Asten is entitled to a credit in the amount of said settlement:

### THIRTY-FIFTH DEFENSE

To the extent that Plaintiffs and/or Plaintiffs' decedents exposure to asbestos products that have a legal connection to Asten, if any, occurred during any stage of the performance of a military government contract, the asbestos products legally connected with Asten, if there were any, were manufactured, distributed, or otherwise furnished in accordance with reasonably precise specifications of the United States Government, of which Asten made all disclosures necessary to avail itself of the military specifications and government contractors defense, which operates to grant immunity from said claims to Asten.

### THIRTY-SIXTH DEFENSE

The obligations of Asten with regard to any asbestos products allegedly having a legal connection with it must be evaluated according to the State of the Medical and Industrial Art and the laws of the state, existing at the pertinent time. Asten invokes all state-of-the-art defenses applicable to Plaintiffs' and/or Plaintiffs' decedents' claims.

- 21 -

## THIRTY-SEVENTH DEFENSE

Any award of punitive damages to Plaintiffs and/or Plaintiffs' decedents would be an unconstitutional violation of the provisions of the United States Constitution, including but not limited to the following;

A.    The Due Process and Double Jeopardy Clauses of the Fifth Amendment;

B.    The Excessive Fines Clause of the Eighth Amendment;

C.    The right to a Trial by Jury Clause of the Seventh Amendment;

D.    The Due Process and Equal Protection Clauses of the Fourteenth Amendment, Article One, Section Fifteen of the Constitution of Alabama of 1901;

E.    Article One, Section Seven of the Constitution of Alabama of 1901. Further, any award of punitive damages would be penal in nature.

## THIRTY-EIGHTH DEFENSE

Plaintiffs and/or Plaintiffs' decedents do not have a cause of action against Asten for either implied warranty or strict liability under the laws of the state of Alabama. Therefore, such claims are barred.

## THIRTY-NINTH DEFENSE

The Plaintiffs' Complaint fails to name indispensable parties and, therefore, must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

## FORTIETH DEFENSE

To the extent that Plaintiffs and/or Plaintiffs' decedents were ever employed by Asten, then the sole remedy of the Plaintiffs and/or Plaintiffs' decedents is under and pursuant to the Workers' Compensation Laws of this state or the state of residency of the Plaintiffs and/or Plaintiffs' decedents. The Workers'

Compensation Laws acts as a bar to preclude any action by Plaintiffs and/or Plaintiffs' decedents against Asten.

### FORTY-FIRST DEFENSE

There should be no recovery against Asten based on the Alabama Extended Manufacturer's Liability Doctrine, because any culpable conduct of Asten, the existence of which is strenuously denied, occurred prior to the recognition of the Alabama Extended Manufacturer's Liability Doctrine.

Any attempt to impose liability upon Asten for conduct which occurred prior to the recognition of this doctrine would violate, separately and jointly, the Fifth and Tenth Amendments of the Constitution of the United States and Article One, Section Seven of the Constitution of Alabama of 1901.

Moreover, there is no causal relation between the activities of Asten and the injuries to the Plaintiffs and/or Plaintiffs' decedents of which the Plaintiffs and/or Plaintiffs' decedents now complain.

### FORTY-SECOND DEFENSE

There should be no recovery against Asten under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama, to the extent that Asten's contractual obligations occurred prior to the enactment of said statutes. The imposition of such liability would violate the following;

A.    The Fifth Amendment of the Constitution of the United States;

B.    The Tenth Amendment of the Constitution of the United States;

C.    The Fourteenth Amendment of the Constitution of the United States and

D.    Article One, Section Seven of the Constitution of Alabama of 1901.

## FORTY-THIRD DEFENSE

There should be no recovery against Asten because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or expressed warranty, separately or jointly, would operate as an ex-post-facto imposition of legal liability and duty and thus would violate Asten's constitutional rights under;

A.     The Fifth Amendment of the Constitution of the United States;

B.     The Eighth Amendment of the Constitution of the United States;

C.     The Tenth Amendment of the Constitution of the United States;

D.     The Fourteenth Amendment of the Constitution of the United States;

E.     Article One, Section Fifteen of the Constitution of Alabama of 1901;

F.     Article One, Section Seven of the Constitution of Alabama of 1901;

G.     Such an imposition of liability and/or duty operates as an ex- post-fact law and expressed violation of the United States Constitution;

H.     The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/or liability without notice would be an act which is an expressed contravention of the Fifth and Fourteenth Amendments of the United States Constitution and

I.     To the extent that recovery is awarded and money actually paid by Asten, Asten would be deprived of its property, without due process of law, and there would be an expressed violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

## FORTY-FOURTH DEFENSE

There should be no recovery against Asten under any provision of Section 6-2-30, Code of Alabama, 1975, either alone or in conjunction with any other provision of Alabama Law, because Section 6-2-30 is unconstitutional as it violates the following;

    A.    The Fifth Amendment of the Constitution of the United States;

    B.    The Eighth Amendment of the Constitution of the United States;

    C.    The Tenth Amendment of the Constitution of the United States;

    D.    The Fourteenth Amendment of the Constitution of the United States;

    E.    Article One, Section Fifteen of the Constitution of Alabama of 1901;

    F.    Article One, Section Seven of the Constitution of Alabama of 1901 and

    G.    Article One, Section Thirteen of the Constitution of Alabama of 1901:

## FORTY-FIFTH DEFENSE

There should be no recovery against Asten under any theory of enterprise liability, concert of action or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama.

## FORTY-SIXTH DEFENSE

Asten avers that any award of punitive damages to the Plaintiffs and/or Plaintiffs' decedents will be violative of the constitutional safeguards provided to Asten under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States and that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, without standards and is not rationally related to legitimate interests.

- 25 -

### FORTY-SEVENTH DEFENSE

Plaintiffs' and/or Plaintiffs' decedents' claims of punitive damages violate the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States Article I, Section 6 of the Constitution of the State of Alabama on the following grounds:

A.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B.      The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrong doing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

C.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Asten which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

D.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

E.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar act and thus, violate the Dual Protection Clause of the Fourteenth Amendment of the United States Constitution;

F.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### FORTY-EIGHTH DEFENSE

Plaintiffs' and/or Plaintiffs' decedents' claims of punitive damages violate the due Process Clause of Article I, Section 6 of the Constitution of the State of Alabama on the following grounds;

A.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded fail to provide a limit to the amount of the award against Asten;

C.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interest;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.    The award of punitive damages in this case, constitutes a deprivation of property without due process of law;

F.    It is a violation of the Due Process Clause to impose punitive damages against this Defendant, which are penal in nature, yet compel Asten to disclose potentially incriminating documents of evidence.

## FORTY-NINTH DEFENSE

Asten adopts and incorporates any and all other defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with Asten's assertions that they are not liable to Plaintiffs and/or Plaintiffs' decedents for any amount whatsoever.

## FIFTIETH DEFENSE

Asten pleads notice to Plaintiffs' and/or Plaintiffs' decedents' employers are in accordance with *Vines v. Beloit Corp.,* 631 So. 2d 1003 (Ala. 1994).

## FIFTY-FIRST DEFENSE

Asten asserts that there is no causal connection or relationship between any alleged negligence or defect on the part of Asten and Plaintiffs and/or Plaintiffs' decedents injuries or damages.

## FIFTY-SECOND DEFENSE

Alabama law regarding joint and several liability in constitutionally void as to Asten as applied to the facts and circumstances in this case and that:

A.     It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard to the quality and quantity of the culpable ability of other Defendants joining one action;

B.     It operates to deny Asten a fair opportunity to have a jury assess damages based on Asten's own culpability for negligence and/or wantonness, which cannot be segregated from allegation of negligence and/or wantonness against other Defendants joined as one in this action.

**FIFTY-THIRD DEFENSE**

That in failing to provide for joint contribution and apportionment of damages among Defendants:

A.    It deprives Asten of property without due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law; and

B.    Separately, if deprives Asten of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama. Providing insofar as here germane that no person shall be deprived of property except by due process of law with the result that Plaintiffs and/or Plaintiffs' decedents are not entitled to recover in this case Asten for damages based on the evidence of negligence and wantonness of other Defendants.

**FIFTY-FOURTH DEFENSE**

Asten denies that its products were dangerous when used in a reasonable and foreseeable manner, and for his intended use.

**FIFTY-FIFTH DEFENSE**

Again, Plaintiffs' Complaint are time barred as to Asten by the applicable statute of limitations. Further, Plaintiffs' Complaint are barred as to Asten for insufficiency of process and insufficient service of process.

**FIFTY-SIXTH DEFENSE**

Again, the Plaintiffs' Complaint fails to state a claim or cause of action against Asten upon which relief can be granted.

## FIFTY-SEVENTH DEFENSE

Again, this Court lacks subject matter jurisdiction over the subject matter of Plaintiffs' and/or Plaintiffs' decedents' claims.

## FIFTY-EIGHTH DEFENSE

The Plaintiffs' and/or Plaintiffs' decedents' diagnosis of an asbestos-related illness are provided by doctors whose methodology and screening practices have been discredited by Federal Silica MDL 1553. Because this lawsuit is based solely upon diagnosis by these discredited doctors, there is no credible medical evidence that Plaintiffs and/or Plaintiffs' decedents have suffered a compensable injury. Therefore the claims of these Plaintiffs and/or Plaintiffs' decedents must be dismissed.

ACCORDINGLY, Asten demands that the Plaintiffs' Complaint be dismissed as against it with all costs assessed to Plaintiffs and/or Plaintiffs' decedents.

RESPECTFULLY SUBMITTED, this the 28th day of March, 2008.


/s/Clifton W. Jefferis
JAMES G. HOUSE, III., (HOUSJ2667)
CLIF JEFFERIS, (JEFFC7705)
ATTORNEYS FOR ASTEN JOHNSON, INC., AS SUCCESSOR-IN-INTEREST TO ASTEN INC., WHICH IN TURN, WAS SUCCESSOR-IN-INTEREST BY WAY OF NAME CHANGE TO ASTEN GROUP, INC., FORMERLY TRADING AS ASTEN-HILL MANUFACTURING CO.

OF COUNSEL:

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre Building, Suite 100
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600; Facsimile:    (601) 960-8613

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **OTHRE E. BURNETT, et al.,** | ) | |
| | ) | |
| **PLAINTIFFS** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **vs.** | ) | **2:08-CV-150-WKW** |
| | ) | |
| **ALBANY INTERNATIONAL, et al.,** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: G. Patterson Keahey, Jr., Esq., counsel for the plaintiffs, and counsel of record for all defendants, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none at this time.

Respectfully submitted,


 /s/Clifton W. Jefferis
JAMES G. HOUSE, III., (HOUSJ2667)
CLIF JEFFERIS, (JEFFC7705)