IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

_____
                                                       )
**OTHRE E. BURNETT, et al.,**                    )
                                                       )
           **Plaintiffs,**                            )
                                                       )
     **v.**                                               )          **Civil Action No.**
                                                       )
                                                       )          **2:08-CV-150-WKW**
                                                       )
**ASBESTOS DEFENDANTS, et al.,**        )
                                                       )
           **Defendants.**                          )
_____)

## ANSWER OF DEFENDANT IMO INDUSTRIES, INC.

Defendant IMO Industries, Inc. (hereinafter "IMO") answers the plaintiffs' Complaint, and each count contained therein separately and severally, as follows.  Any allegation not specifically admitted is denied.

The first three paragraphs of the complaint under the headings "COMPLAINT," "JURISDICTION" and "STATUTE OF LIMITATOINS" contain legal conclusions to which no response is required.  To the extent that a response is deemed required, IMO denies any liability whatsoever to plaintiffs and demands strict proof thereof.

## ALLEGED BACKGROUND FACTS – THE PLAINTIFFS

1.      IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's decedent's residence and demands strict proof thereof.  IMO denies the remaining allegations in this paragraph and demands strict proof thereof.  IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 1 and therefore denies the same and demands strict proof

thereof.

2    IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's residence and demands strict proof thereof. IMO denies the remaining allegations in this paragraph and demands strict proof thereof. IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 2 and therefore denies the same and demands strict proof thereof.

3.    IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's residence and demands strict proof thereof. IMO denies the remaining allegations in this paragraph concerning plaintiff's decedent's residence and demands strict proof thereof. IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 3 and therefore denies the same and demands strict proof thereof.

4.    IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's residence and demands strict proof thereof. IMO denies the remaining allegations in this paragraph and demands strict proof thereof. IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 4 and therefore denies the same and demands strict proof thereof.

5.    IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's residence and demands strict proof thereof. IMO denies the remaining allegations in this paragraph and demands strict proof

thereof.  IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 5 and therefore denies the same and demands strict proof thereof.

6.      IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's decedent's residence and demands strict proof thereof.  IMO denies the remaining allegations in this paragraph and demands strict proof thereof.  IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 6 and therefore denies the same and demands strict proof thereof.

7.      IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's decedent's residence and demands strict proof thereof.  IMO denies the remaining allegations in this paragraph and demands strict proof thereof.  IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 7 and therefore denies the same and demands strict proof thereof.

8.      IMO is without sufficient information to admit or deny the allegations contained in the first sentence of this paragraph concerning plaintiff's residence and demands strict proof thereof.  IMO denies the remaining allegations in this paragraph and demands strict proof thereof.  IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 8 and therefore denies the same and demands strict proof thereof.

9.      IMO is without sufficient information to admit or deny the allegations contained

in the first sentence of this paragraph concerning plaintiff's decedent's residence and demands strict proof thereof. IMO denies the remaining allegations in this paragraph and demands strict proof thereof. IMO is without information to admit or deny the allegations in the unnumbered paragraphs following paragraph 9 and therefore denies the same and demands strict proof thereof.

### ALLEGED BACKGROUND FACTS – THE DEFENDANTS

10.    IMO adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

11.    This paragraph contains legal conclusions and is not directed to IMO; hence no response is required. To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

12.    This paragraph contains legal conclusions and is not directed to IMO; hence no response is required. To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

13.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

14.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

15.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

16.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

17.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

18.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

19.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

20.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

21.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

22.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

23.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

24.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

25.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

26.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

27.      IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

5

28.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

29.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

30.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

31.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

32.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

33.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

34.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

35.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

36.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

37.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

38.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

39.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

40.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

41.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

42.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

43.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

44.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

45.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

46.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

47.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

48.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, IMO admits that it is incorporated under the laws of the State of Delaware.  IMO denies the remaining allegations contained in this paragraph, including all sub-parts, and demands strict proof thereof.

49.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

50.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

51.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

52.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

53.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

54.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

55.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

56.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

57.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

58.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

59.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

60.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

61.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

62.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

63.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

64.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

65.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

66.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

67.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

68.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

69.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

70.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

9

71.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

72.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

73.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

74.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

75.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

76.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

77.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

78.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

79.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

80.     This paragraph contains legal conclusions and is not directed to IMO; hence no response is required.  To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

81.     This paragraph contains legal conclusions and is not directed to IMO; hence no

10

response is required.  To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

82.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

83.    This paragraph contains legal conclusions and is not directed to IMO; hence no response is required.  To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

84.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

85.    This paragraph contains legal conclusions and is not directed to IMO; hence no response is required.  To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

86.    This paragraph contains legal conclusions and is not directed to IMO; hence no response is required.  To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

87.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

88.    This paragraph contains legal conclusions and is not directed to IMO; hence no response is required.  To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

89.    IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

90.     This paragraph contains legal conclusions and is not directed to IMO; hence no response is required.  To the extent that a response is deemed required, IMO denies the allegations contained herein and demands strict proof thereof.

91.     IMO is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof.

92.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, IMO denies the allegations contained in this paragraph, including all sub-parts, and demands strict proof thereof.

## DEFENDANTS' ALLEGED CONDUCT AND PLAINTIFFS' DECEDENTS' ALLEGED INJURY

93.     IMO adopts and incorporates its responses to the preceding paragraphs as if set forth fully herein.

94.     IMO denies the allegations contained in this paragraph and demands strict proof thereof.

95.     The allegations contained in this paragraph are not directed to IMO; hence no response is required.  To the extent that a response is deemed required, IMO denies the allegations in this paragraph and demands strict proof thereof.

96.     IMO denies the allegations contained in this paragraph and demands strict proof thereof.

97.     IMO denies the allegations contained in this paragraph, including all sub-parts, and demands strict proof thereof.

98.     IMO denies the allegations contained in this paragraph and demands strict proof thereof.

**COUNT ONE**
**ALLEGED ALABAMA EXTENDED MANUFACTURER**
**LIABILITY DOCTRINE**

99.     IMO hereby adopts and incorporates its responses to all other paragraphs as if fully set forth herein in response to the first sentence of this paragraph.

100.     IMO denies the allegations contained in this paragraph, including all sub-parts, and demands strict proof thereof.

101.     IMO denies the allegations of this paragraph, including all sub-parts, as they pertain to IMO and demands strict proof thereof.

102.     IMO denies the allegations of this paragraph as they pertain to IMO and demands strict proof thereof.

103.     IMO denies the allegations of this paragraph and demands strict proof thereof.

**COUNT TWO**
**ALLEGED NEGLIGENCE AND INTENTIONAL TORT**

104.     IMO hereby adopts and incorporates its responses to all other paragraphs as if fully set forth herein in response to the first sentence of this paragraph.

105.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, IMO denies the allegations of this paragraph and demands strict proof thereof.

106.     IMO denies the allegations of this paragraph and demands strict proof thereof.

107.     IMO denies the allegations contained in this paragraph and demands strict proof thereof.

108.     IMO denies the allegations contained in this paragraph and demands strict proof

13

thereof.

109.    IMO denies the allegations contained in this paragraph and demands strict proof thereof.

110.    IMO denies the allegations contained in this paragraph and demands strict proof thereof.

111.    IMO denies the allegations contained in this paragraph and demands strict proof thereof.

112.    IMO denies the allegations contained in this paragraph and demands strict proof thereof.

113.    IMO denies the allegations contained in this paragraph, including all sub-parts, and demands strict proof thereof.

114.    IMO denies the allegations contained in this paragraph and demands strict proof thereof.

115.    IMO denies the allegations contained in this paragraph, including all sub-parts, and demands strict proof thereof.

116.    IMO denies the allegations of this paragraph and demands strict proof thereof.

**COUNT THREE**
**ALLEGED NEGLIGENCE IN THE COURSE OF EMPLOYMENT**

117.    IMO hereby adopts and incorporates its responses to all other paragraphs as if fully set forth herein in response to the first sentence of this paragraph.

118.    This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, IMO denies the allegations of this paragraph and demands strict proof thereof.

14

119.    IMO denies the allegations of this paragraph and demands strict proof thereof.

120.    IMO denies the allegations of this paragraph and demands strict proof thereof.

121.    IMO denies the allegations contained in this paragraph, including all sub-parts, and demands strict proof thereof.

122.    IMO denies the allegations contained in this paragraph and demands strict proof thereof.

123.    IMO denies the allegations contained in this paragraph and demands strict proof thereof.

**COUNT FOUR
ALLEGED FRAUDULENT
CONCEALMENT/MISREPRESENTATION/ALTERATION
OF MEDICAL STUDIES/CONSPIRACY/AIDING AND
ABETTING CONSPIRACY**

124.    IMO hereby adopts and incorporates its responses to all other paragraphs as if fully set forth herein in response to the first sentence of this paragraph.

125.    IMO denies the allegations of this paragraph and demands strict proof thereof.

126.    To the extent that any of the allegations contained in this paragraph pertain to IMO, then IMO denies the allegations of this paragraph and demands strict proof thereof.

127.    To the extent that any of the allegations contained in this paragraph, or any sub-parts, pertain to IMO, IMO denies the allegations of this paragraph, including all sub-parts, and demands strict proof thereof.

128.    IMO denies the allegations of this paragraph and demands strict proof thereof.

129.    IMO denies the allegations of this paragraph and demands strict proof thereof.

130.    To the extent that any of the allegations contained in this paragraph pertain to IMO,

IMO denies the allegations of this paragraph and demands strict proof thereof.

131.    IMO denies the allegations of this paragraph, including all sub-parts, and demands strict proof thereof.

132.    IMO denies the allegations of this paragraph and demands strict proof thereof.

133.    IMO denies the allegations of this paragraph and demands strict proof thereof.

134.    IMO denies the allegations of this paragraph and demands strict proof thereof.

135.    IMO denies the allegations of this paragraph and demands strict proof thereof.

136.    IMO denies the allegations of this paragraph and demands strict proof thereof.

137.    IMO denies the allegations of this paragraph and demands strict proof thereof.

138.    IMO denies the allegations of this paragraph and demands strict proof thereof.

139.    IMO denies the allegations of this paragraph and demands strict proof thereof.

## COUNT FIVE
## ALLEGED PRODUCT LIABILITY, COMBINED AND CONCURRING NEGLIGENCE, INTERNTIONAL TORT AND CONSPIRACY

140.    IMO hereby adopts and incorporates its responses to all other paragraphs as if fully set forth herein.

141.    This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, IMO denies the allegations of this paragraph and demands strict proof thereof.

142.    IMO denies the allegations of this paragraph as they pertain to IMO and demands strict proof thereof.

143.    IMO denies the allegations of this paragraph and demands strict proof thereof.

The paragraph entitled "JURY DEMAND AND AD DAMNUM" contains legal conclusions

16

to which no response is required.  To the extent that a response is deemed required, IMO denies the allegations of this paragraph and demands strict proof thereof.

## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to IMO in this matter.  IMO therefore asserts said defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, IMO may withdraw any of these defenses as may be appropriate.  Further, IMO reserves the right to amend this answer to assert additional defenses, cross claims, counterclaims, or other defenses as discovery proceeds. Further answering, and by way of defense, IMO states as follows:

### First Defense

The Complaint, in whole or part, fails to state a claim or cause of action against IMO upon which relief can be granted.

### Second Defense

IMO pleads the defense of contributory negligence.

### Third Defense

IMO pleads the defense of assumption of the risk.

### Fourth Defense

Any alleged negligent or culpable conduct of IMO, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs alleged injuries.

### Fifth Defense

17

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs or plaintiffs' decedents, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

## Sixth Defense

If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which IMO is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any by IMO. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

## Seventh Defense

Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

## Eighth Defense

Plaintiffs' claims for punitive damages are limited or barred because such an award would violate IMO's due process, equal protection and other rights under the United States Constitution, the Alabama Constitution and/or other applicable state constitutions.

## Ninth Defense

Plaintiffs' claims for punitive damages are barred because Plaintiffs have failed to allege conduct warranting imposition of punitive damages under Alabama and/or other applicable laws.

## Tenth Defense

Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of

their own negligence and their acts or omissions bar their recovery to the extent that their

individual relative degree of fault is equal to or greater than the fault of IMO, no fault being

admitted.  In the alternative, if Plaintiffs' individual relative degree of fault is less than that of

IMO, no fault being admitted, then Plaintiffs' right to recover is diminished in an amount based

upon his individual relative degree of fault.

### Eleventh Defense

If Plaintiffs have been injured or damaged as alleged, no injury or damages being

admitted, IMO's acts or omissions did not cause such injuries.

### Twelfth Defense

The alleged injuries to Plaintiffs were proximately caused by the misuse, abuse,

alteration, and/or failure properly to utilize, maintain, or care for the products or premises by

persons other than IMO.

### Thirteenth Defense

The claims of Plaintiffs should be diminished in whole or in part in the amount paid to

Plaintiffs by any party or non-party with whom Plaintiff has settled or may settle.

### Fourteenth Defense

To the extent Plaintiffs have received payment from collateral sources, IMO is entitled to

a set-off.

### Fifteenth Defense

IMO denies that it has been guilty of any conduct which warrants the issue of punitive

damages being submitted to a jury.

### Sixteenth Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## **Seventeenth Defense**

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## **Eighteenth Defense**

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a)     There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, IMO has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform their conduct accordingly;

(b)     The procedures to be followed would permit an award of punitive damages against IMO upon the satisfaction of a burden of persuasion (standard of proof)

less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)     The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against defendants under present Alabama law;

(e)     The standards of conduct upon which punitive damages are sought against defendants are vague and ambiguous;

(f)     The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)     The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(h)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)      Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)      Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)      Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against defendants;

(m)      Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)      Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

(o)      An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law.

### Nineteenth Defense

Plaintiffs' claims for the recovery of punitive damages are barred by Ala. Code § 6-11-20 (1993) *et seq.*

### Twentieth Defense

Plaintiffs' claims for the recovery of punitive damages are barred by Ala. Code § 6-11-27 (1993).

### Twenty-First Defense

Plaintiffs' claims for the recovery of punitive damages are in contravention of IMO's

22

rights under each of the following constitutional provisions:

    (a)    Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

    (b)    the Contracts Clause of Article 1, Section 10 of the United States Constitution;

    (c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

    (d)    the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

    (e)    the constitutional prohibition against vague and overbroad laws;

    (f)    the prohibition against *ex post facto* law in Article 1, Section 22 of the Alabama Constitution;

    (g)    the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

    (h)    the Due Process Clause of Article 1, Section 6 and/or 13 of the Constitution of Alabama.

## **Twenty-Second Defense**

An award of punitive damages in the circumstances of this case would clearly be violative of IMO's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

    (a)    There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages

awarded.

(b)     No rational relationship exists between the extent of punitive damages and

legitimate interests to be advanced by the State of Alabama.

(c)     An award of punitive damages in this case would be penal in nature and thus,

would be volatile of defendants' constitutional rights under the United States

Constitution and/or the Alabama Constitution unless defendants are granted the

procedural safeguards afforded criminal defendants including but not limited to

constitutional safeguards against self-incrimination and a heightened standard of

proof beyond a reasonable doubt.

(d)     The award of punitive damages on the basis of vicarious liability for the conduct

of others violates IMO's constitutional rights.

## **Twenty-Third Defense**

The imposition of punitive damages in this case would be in denial of IMO's right to

equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States

Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution.  Specifically, IMO

is treated differently from criminal defendants which are charged for similar or identical

culpability.  Alternatively, the absence of adequate and objective standards for guiding in the

assessment of punitive damages fails to insure the equality of treatment between and among

similarly situated civil defendants.

## **Twenty-Fourth Defense**

The assessment of punitive damages in this action would violate the Commerce Clause of

Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts

or omissions which have allegedly occurred solely outside of state boundaries.

### Twenty-Fifth Defense

The imposition of punitive damages in this case would violate IMO's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### Twenty-Sixth Defense

With respect to Plaintiffs' demand for punitive damages, IMO specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 U.S. 1589 (1996).

### Twenty- Seventh Defense

To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards being assessed for the same alleged act or omission against IMO, this award contravenes IMO's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution.  In addition, such awards would infringe upon IMO's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### Twenty-Eighth Defense

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ I and 6 of the Alabama Constitution.

**Twenty-Ninth Defense**

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their alleged conduct, creating a chilling effect on said defendant's exercise of the right to a judicial resolution of this dispute.

**Thirtieth Defense**

While IMO denies that it is liable for any conduct that would support an award of punitive damages, IMO pleads the legislative cap on punitive damages contained in Ala. Code § 6-11-21.

**Thirty-First Defense**

Plaintiffs' claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group., Inc.*, 533 U.S. 424 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.

**Thirty-Second Defense**

With respect to Plaintiffs' demand for punitive damages, IMO specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

**Thirty-Third Defense**

IMO pleads the General Issue.

26

**Thirty-Fourth Defense**

Alabama's Wrongful Death Act and the provisions by which damages are awarded under it violate IMO's rights as protected in the United States Constitution and Alabama Constitution.

**Thirty-Fifth Defense**

Plaintiffs' claims for punitive damages are preempted, in whole or in part, by applicable federal law.

**Thirty-Sixth Defense**

Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in whole or in part.

**Thirty-Seventh Defense**

The doctrines contained in Restatement (Second) of Torts § 402A bar plaintiffs' claims against IMO in whole or in part.

**Thirty-Eighth Defense**

The doctrine(s) contained in Restatement (Third) of Torts, Product Liability bar plaintiffs' claims against IMO in whole or in part.

**Thirty-Ninth Defense**

The alleged injuries to plaintiffs were not proximately caused by any acts or omissions of IMO.

**Fortieth Defense**

The alleged injuries to plaintiffs were proximately caused by the superseding and intervening acts of third parties other than IMO.

**Forty-First Defense**

27

The alleged injuries to plaintiffs were directly and proximately caused and contributed to by action of persons other than defendants, over whom IMO has no control or authority.

### Forty-Second Defense

Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

### Forty-Third Defense

Plaintiffs' claims are barred by Alabama's common law rule of repose.

### Forty-Fourth Defense

Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

### Forty-Fifth Defense

Plaintiffs' claims for punitive damages are limited or barred because such an award would violate IMO's due process, equal protection and other rights under the United States Constitution, and the Alabama Constitution.

### Forty-Sixth Defense

Plaintiffs' claim for breach of warranty is barred in whole or in part by the fact that plaintiff lacks privity with IMO.

### Forty-Seventh Defense

IMO hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**s/Frederick G. Helmsing, Jr.**
Brian P. McCarthy
Frederick G. Helmsing, Jr.

28

MCDOWELL KNIGHT ROEDDER & SLEDGE, LLC
63 South Royal Street, Suite 900
Mobile, Alabama 36602
T: 251-432-5300
F: 251-432-5302
fhelmsing@mcdowellknight.com

Attorneys for Defendant IMO Industries, Inc.

**OF COUNSEL:**

**McDOWELL KNIGHT**
  **ROEDDER & SLEDGE, L.L.C.**
Post Office Box 350
Mobile, Alabama 36601
(251) 432-5300
(251) 432-5303

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Alabama using the CM/ECF system which provided electronic notice to all counsel of record of same.


**s/Frederick G. Helmsing, Jr.**

29