THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| OTHRE E. BURNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.  2:08-cv-150 |
| | ) | |
| ASBESTOS DEFENDANTS: ALBANY | ) | |
| INTERNATIONAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

COME NOW the Defendants, The Lincoln Electric Company and Hobart Brothers Company (hereinafter, "these Defendants" or "moving Defendants") and pursuant to Rule 12 of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss all claims asserted against them in the Plaintiffs' Complaint.  As grounds for said motion, Defendants state the following:

## PRELIMINARY STATEMENT

The present action involves nine plaintiffs who have asserted claims for either alleged asbestos-related personal injuries or for the wrongful death of their decedents, which they claim occurred as a result of alleged exposure to asbestos or asbestos-containing products.  Of these nine plaintiffs, two should be dismissed, as their claims are clearly barred by the applicable statute of limitations.

A.    **Plaintiffs' Complaint is Due to be Dismissed for Lack of Subject Matter Jurisdiction**

Recently the U.S. Court of Civil Appeals for the Eleventh Circuit affirmed the dismissal of an asbestos complaint for lack of subject matter jurisdiction. *See Beavers vs. A.O. Smith Electrical*, Nos. 06-15401 and 07-11401 (11th Cir. February 13, 2008); attached hereto as Exhibit A. The Beavers Complaint was filed by the same plaintiffs' counsel as in the present case, and that Complaint is nearly identical to the Complaint in this case.

The Eleventh Circuit affirmed the dismissal of the Beavers Complaint on two grounds: (1) the Plaintiffs alleged only the residency, not the citizenship of the Plaintiffs; and (2) Plaintiffs failed to allege that each individual Plaintiff's claims met the amount in controversy required. As explained in the Eleventh Circuit's opinion, "[C]itizenship, not residency, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Beavers,* slip op. at 13. (quoting Taylor v. Appleton, 30 F. 3d 1365, 1367 (11th Cir. 1994)). Additionally, "where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement." *Beavers*, slip op. at 13.

In the present case, plaintiffs only allege residency and not their states of citizenship. Without the citizenship of each plaintiff, this Court lacks subject matter jurisdiction. Also, plaintiffs, in asserting diversity as the basis of subject matter jurisdiction, generally state in the Complaint, "The amount in controversy, exclusive of interests and costs, exceeds $75,000.00 and is within the jurisdiction of the court." (*See* Complaint, p. 6). There are no allegations that the individual plaintiff's claims meet the amount in controversy requirement. The plaintiffs' claims arise out of their separate exposure to asbestos at different locations over different time periods

and, therefore, the plaintiffs were required to allege that each individual plaintiff's claims met the amount in controversy requirement." *Beavers,* slip op. at 14.

In *Beavers* the Eleventh Circuit affirmed dismissal of a Complaint for lack of subject matter jurisdiction when the only possible jurisdictional basis was diversity and the complaint failed to allege the citizenship of each plaintiff and failed to assert that the amount in controversy requirement was met for each plaintiff's claims.

In this case, Plaintiffs' Complaint is also due to be dismissed for lack of subject matter jurisdiction for the reasons enumerated above.

### B.  Plaintiff's claims are untimely because the last alleged exposure to asbestos or asbestos-containing products was prior to May 19, 1979.

Prior to May 19, 1980, Alabama had a one-year statute of limitations for personal injury actions not resulting in death.  Ala. Code § 6-2-39 (repealed 1980).  Under the law as it existed prior to May 19, 1980, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger, whether or not the full amount of damages or injuries was apparent.  *Garrett v. Raytheon Co.,* 368 So. 2d 516, 520 (Ala. 1979); *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 57 (Ala. 1983).

Effective May 19, 1980, the Alabama legislature repealed § 6-2-39 and prospectively enacted a new discovery rule which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should have reason to discover the alleged injury.  Ala. Code § 6-2-30(b).  However, the Alabama Supreme Court held in *Tyson v. Johns-Manville Sales Corp.*, 399 So. 2d 263 (Ala. 1981), that the

"discovery rule" statute of limitations that was enacted in 1980 does not apply retroactively.[1] Therefore, *a personal injury plaintiff who last was exposed to asbestos prior to May 19, 1979 must bring suit within one year of the date of last exposure*. *See Johnson v. Garlock, Inc.*, 682 So. 2d 25, 53-28 (Ala. 1996).

In the present action, Plaintiff John Marona[2] claims that he was diagnosed with lung cancer on September 19, 2007. (*See* Complaint, ¶5). His last date of alleged exposure, however, was in 1967. (*Id*.) Thus, the "discovery rule" of Ala. Code § 6-2-30(b) does not apply, since his alleged last exposure was prior to May 19, 1979. Because suit was not filed until 2008, Plaintiff Marona's claims are untimely and due to be dismissed as a matter of law.

### C.    **Plaintiff's claims are untimely because they were not filed within 2 years of discovery of their alleged asbestos-related injury.**

Claims for personal injuries arising out of alleged exposure to asbestos must be filed within two years of accrual, according to Ala. Code § 6-2-38(l): "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Section 6-2-30 of the Alabama Code governs the limitations periods for actions alleging injury from the exposure to asbestos as follows:

> (a)    All civil actions must be commenced after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this article.

> (b)    A civil action for any injury to the person or rights of another resulting from exposure to asbestos, including asbestos-containing products, ***shall be deemed to accrue on***

---

[1]    While the *Garrett* and *Tyson* decisions may be partially superseded by § 6-2-30, these cases are still controlling with regards to claims based on a date of last exposure prior to May 19, 1979. *See Johnson v. Garlock, Inc.*, 682 So. 2d 25, 53-28 (Ala. 1996).

[2]    The style of the case lists this plaintiff as Jeff F. Marona, but the body of the Complaint identifies him as John Marona.

> ***the first date the injured party, through reasonable
> diligence, should have reason to discover the injury giving
> rise to such civil action***.  This subsection shall not apply to
> or affect in any way, actions referred to in Section 6-5-482.

Ala. Code § 6-2-30 (emphasis added).   In the present case, Plaintiff Emma Jean Barton

discovered her alleged injuries on June 14, 2004 – more than two years prior to filing suit – when

she was allegedly diagnosed with lung cancer.  (*See* Plaintiffs' Complaint, ¶2).   Accordingly,

because Plaintiff Barton failed to file her action within the limitations period prescribed by Ala.

Code §§ 6-2-30 and 6-2-38(l), her claims are time-barred and due to be dismissed as a matter of

law.

> **D.    Plaintiffs' Complaint is Due to be Dismissed for Failure to Comply with
> Rules 8 and 10(b) of the Federal Rules of Civil Procedure**

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead "a short and

plain statement of the claim showing that the pleader is entitled to relief."  "Each averment of a

pleading shall be simple, concise, and direct."  Rule 8(e), Fed. R. Civ. P.  "It is not enough to

indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the

defendant, and the court, can obtain a fair idea of what the plaintiff is complaining... ."  *Hoshman

v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)(citations omitted).  Rule 10(b) of the

Fed. R. Civ. P. further requires that "each claim founded upon a separate transaction or

occurrence or defense other than denials shall be stated in a separate count or defense whenever a

separation facilitates the clear presentation of the matters set forth."

Here, plaintiffs have made general claims under the auspices of the Alabama Extended

Manufacturer's Liability Doctrine, "negligence and intentional tort," "negligence in the course of

employment," "fraudulent concealment/ misrepresentation/ alteration of medical studies/

conspiracy/ aiding and abetting conspiracy," and "product liability, combined and concurring negligence, intentional tort, and conspiracy" [Plaintiffs' Complaint, ¶¶99-143]. However, plaintiffs have failed to identify *which* product these Defendants allegedly produced, *when* plaintiffs allegedly used such product, *where* plaintiffs allegedly used such product, and under *what* circumstances plaintiffs used such product. Simply stating where each plaintiff worked and the dates of the employment is not enough. As stated, the bare allegations in plaintiffs' Complaint wholly fail to put these Defendants on notice as to the transactions or occurrences which form the basis of plaintiffs' claims. In fact, the plaintiffs' Complaint fails to set forth facts sufficient for these Defendants to even frame a proper defense. Here, "the complaint forces [these Defendants] to guess what [they have] done to injure [plaintiffs], and when, where, and how." *See* Order Dismissing the Case, *Chancellor v. Aearo Corp.*, in the United States District Court, Northern District, Southern Division, CV-04-BE-2554-S, attached hereto as Exhibit B. Rule 8(c) of the Fed. R. Civ. P. also requires defendants to plead all affirmative defenses in the responsive pleading. Indeed, "[a]ll defendants must [ ] answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal." *See* Exhibit B. However, the Federal Rules of Civil Procedure do not require a responding party to plead with such abandon. In light of the foregoing, moving Defendants submit that plaintiffs' Complaint fails to comply with the basic tenets of pleading as set forth in Fed. R. Civ. P. 8 and 10 (b).

**E.**    **Plaintiffs' Complaint is Due to be Dismissed for Failure to Plead Fraud with Particularity as Required by Rule 9(b), Federal Rules of Civil Procedure**

Rule 9(b) of the *Federal Rules of Civil Procedure* requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It has been said that this rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants "against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988)(citation omitted).  The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of Fed. R. Civ. P. 9(b).  *See*, e.g., *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1210 (11th Cir. 2001); *Hendley v. American Nat'l Fire Ins. Co.*, 842 F.2d 267, 269 (11th Cir. 1988); *Friedlander v. Nims*, 755 F.2d810, 813 (11 Cir. 1985); *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 970 (5th Cir. 1981).

To satisfy the particularity requirement, a plaintiff must aver "(1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff[ ], and (4) what the defendant[ ] obtained as a consequence of the fraud." *United States ex rel Clausen v. Lab Corp. of America*, 290 F.3d 1301, 1310 (11th Cir. 2002)(citations omitted).  In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which form the basis of plaintiff's claim against that particular defendant.  *See*, *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1381 (11th Cir. 1997); see also, *Friedlander v. Nims*, 755 F.2d at 813.

Here, Plaintiffs generally allege that the Defendants misrepresented, concealed, and or destroyed scientific evidence regarding alleged health hazards of asbestos. *See* Plaintiffs' Amended Complaint, ¶¶ 97 (including Subparts A-R).  However, plaintiffs fail to identify the precise statements made, the time, place, and individual responsible for the statements, and what the defendant[s] gained by the alleged misrepresentation. Not only do plaintiffs fail to plead any particularities as to the alleged fraudulent conduct of moving Defendants, but they also fail to plead with particularity as to *any* of the named defendants. Given plaintiffs' failure to set forth specific facts as to each named defendant, their Complaint is due to be dismissed for failure to comply with Fed. R. Civ. P. 9(b).

## F.    Plaintiffs' Complaint Fails to Adequately Set the Bounds of Discovery

Plaintiffs' Complaint exemplifies a "shotgun" pleading. In *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001), the Eleventh Circuit identified a "shotgun" pleading as one that fails to set forth sufficient facts to define the underlying issues and claims in the case and, thus, set the boundaries for discovery.   In *Byrne*, the Court warned that "shotgun" pleadings, such as Plaintiffs' Complaint, cause disproportionately high transaction costs for the parties and impedes the court's ability to administer justice by "consuming an inordinate amount of the court's time" in the inevitable discovery disputes - "justice is [often] delayed, if not denied, to other litigants who are standing in the queue waiting to be heard."  *Byrne*, 261 F.3d at 1130, 1131; see also, *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1356 (11th Cir. 2002);  *Cramer v. Florida*, 117 F.3d 1258, 1263 (11 Cir. 1997);  *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Anderson v. Dist. Board of Trustees of Central Fla. Community College*, 77 F.3d 364 (11th Cir. 1996).

Here, plaintiffs fail to delineate the claims made against moving Defendants from the claims made against the other seventy-four defendants. Rather, the plaintiffs have only set forth four generic causes of action, failing to allege any dates, times, locations, or other facts which would put these Defendants on notice as to the transactions or occurrences which form the basis of plaintiffs' claims. In short, plaintiffs' failure to properly delineate the issues and claims made against this defendant will "exact [an] intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources" – the very effect notice pleading is designed to prevent. *Cramer v. Florida*, 117 F.3d at 126.

### G.    Plaintiffs are Not Properly Joined Under Rule 20, of the Federal Rules of Civil Procedure

Rule 20 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Here, plaintiffs allege generally that they have been exposed to asbestos and asbestos-containing products. However, plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrence[s]. Rather, plaintiffs require defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. Moving Defendants submit that Fed. R. Civ. P. 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, these Defendants seek severance of plaintiffs' Complaint.

Finally, the lack of common relief likewise warrants severance of plaintiffs' claims.  The Complaint filed by plaintiffs is a mix of wrongful death and personal injury claims.  It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. *Cherokee Elec. Coop. v. Cochran*, 706 So.2d 1188, 1193 (Ala. 1997).  If nothing else, wrongful death claims should be severed from the personal injury claims.

### H.    Alternatively, Plaintiffs should be required to provide a more definite statement of their claims in accordance with Rule 12(e), Federal Rules of Civil Procedure.

Should the Court determine that plaintiffs are not barred by the statute of limitations nor due to be dismissed because of lack of subject matter jurisdiction, and have stated a claim upon which relief can be granted, moving Defendants request that the Court order plaintiffs to provide a more definite statement of their claims.  As discussed above, plaintiffs' Complaint fails to put moving Defendants on notice as to the transaction or occurrences that form the basis of the purported claims against them.

For moving Defendants to properly respond to the allegations in the Complaint, plaintiffs must plead, among other details:

a.  a proper factual basis for each claim with sufficient detail to put Defendants on notice as to plaintiffs' worksites and users, the products to which he or she was exposed at each such worksite, the manufacturing of each such product, the trades in which he or she worked, and the manner in which he or she was exposed to such products;

b.  a separate cause of action for each theory which specifically delineates which claims are asserted against which Defendant;

c.  the date of exposure of each of the plaintiffs and/or plaintiffs' decedents;

d.  the date of death of each decedent for any plaintiff asserting a claim for wrongful death (where applicable); and

e. the specific asbestos-related disease with which each plaintiff has been diagnosed and the date of diagnosis (where applicable).

Requesting plaintiffs to provide a more definite statement is appropriate pursuant to Fed. R. Civ. P. 12(e).   Rule 12(e) provides: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot be reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."   Clearly, federal pleading rules require plaintiffs to plead these basic facts, which are necessary to clarify the nature of plaintiffs' claims and enable moving Defendants to properly prepare a responsive pleading and to properly plead its affirmative defenses.   Thus, at a minimum, if the Complaint is not dismissed, plaintiffs should be required to file a more definite statement.

As such, these Defendants alternatively move this Court, where appropriate, to enter an Order requiring plaintiffs to provide a more definite statement of their individual claims pursuant to Fed. R. Civ. P. 12(e).

I.   **Plaintiffs cannot rely upon 42 U.S.C. § 9658 (CERCLA) to circumvent the Alabama statute of limitations period in asbestos cases in light of the _Becton v. Rhone-Poulenc, Inc._ and _Chestang v. W.R. Grace & Co.-Conn._ Cases.**

Plaintiffs assert in Count Five of their complaint that their action has been filed "either within the applicable State statute of limitations period, and/or that their claims are timely as a matter of law pursuant to 42 U.S.C. § 9658, a provision of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA)."   (_See_ Plaintiff's Complaint, ¶ 155). Plaintiff's cite _Kowalski v. Goodyear Tire and Rubber Co._, 841 F. Supp. 104, 107 (W.D.N.Y. 1994) to support their position.   _Id._

The Alabama Supreme Court has determined that **_CERCLA does not preempt the state statute of limitations_** in toxic exposure cases (_See Becton v. Rhone-Poulenc, Inc._, 706 So. 2d

1134 (Ala. 1997)) and **asbestos cases** (*See Chestang v. W.R. Grace & Co.-Conn.*, 709 So. 2d 470

(Ala. 1998)).   The *Kowalski* case relied upon by Plaintiffs was criticized by the Alabama

Supreme Court in *Becton* and other jurisdictions because it wholly relied on the case of *Vermont*

*v. Staco, Inc.*, 684 F. Supp. 822 (D. Vt. 1988), which was later reversed, Civil No. 86-190, 1989

U.S. Dist. LEXIS 17,341 (D. Vt. April 20, 1989).   Moreover, the district court deciding the

*Kowalski* case undertook no independent analysis of the CERCLA statute, its legislative history

or nearly a decade's worth of case law, but blindly based its decision on the *Vermont* case.

Plaintiffs' reliance on *Kowalski* for support on this issue is imprudent.

Because the Alabama Supreme Court has determined that CERCLA does not preempt the

state statute of limitations for asbestos claims, Count Five of Plaintiffs' Complaint is due to be

dismissed.

### J.    Affirmative Defenses

Pursuant to Fed. R. Civ. P. 12(h), Defendants assert the following affirmative defenses:

1.    The allegations against moving Defendants are due to be dismissed based upon a lack of jurisdiction over the person.

2.    The allegations against moving Defendants are due to be dismissed based upon improper venue.

3.    The allegations against moving Defendants are due to be dismissed based upon insufficiency of process.

4.    The allegations against moving Defendants are due to be dismissed based upon insufficiency of service of process.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this

Honorable Court to dismiss the Plaintiffs' claims with prejudice on the grounds enumerated

above, as Plaintiffs' claims are barred by the applicable statutes of limitations and this Court

lacks subject matter jurisdiction. These Defendants alternatively move this Court, where appropriate, to enter an Order requiring Plaintiffs to provide a more definite statement of their individual claims pursuant to Fed. R. Civ. P. 12(e).

Respectfully submitted on this the 31st day of March, 2008,

## ORAL ARGUMENT IS NOT REQUESTED

s/Timothy W. Knight
s/Lucy W. Jordan
Timothy W. Knight (ASB-5824-170T)
Lucy W. Jordan (ASB-4426-U69J)
Attorneys for Defendants
The Lincoln Electric Company
And Hobart Brothers Company

**OF COUNSEL:**

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
(205) 968-9900

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.

_____s/ Lucy W. Jordan_____
OF COUNSEL

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

Nos. 06-15401 & 07-11401
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 13, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00899-CV-UWC-2-S

VERA L. BEAVERS,
personal representative for The Estate of
Charles A. Abernathy, deceased,
DOUGLAS AKINS,
CLEBURN E. ADERHOLT,
CLARICE W. ANDERSON,
spouse and personal representative for the Estate
of Henry L. Anderson, deceased,
DONALD F. ARMSTRONG,
ERNEST W. AUSTIN,
JERRY WAYNE BARFIELD,
ROBERT H. BARKER,
RUTH L. ALLEN,
daughter and personal representative for
Jerry Allen Barronton, deceased,
SHIRLEY DARLENE BARROW,
personal representative for the Estate of
Carl A. Barrow, deceased,
ETHAL BATES,
spouse and personal representative for the Estate
of John H. Bates, Jr., deceased,
DEBRA BAYLIS,
spouse and personal representative for the Estate
of
John Baylis, deceased,

ROBERT L. BECKWITH,
JOHN W. BLACKERBY,
personal representative for the Estate of
Ernest Leon Blackerby, deceased,
PATRICK BORDEN,
personal representative for the Estate of
David C. Borden, deceased,
SIDNEY R. BOUTWELL, SR.,
spouse and personal representative for the Estate
of
Bonnie Boutwell, deceased,
JAMES E. BOWLING,
IRENE BROWN,
spouse and personal representative for the Estate
of
James Edward Brown, deceased,
EVELYN BROWN,
personal representative for the Estate of
Richard Allen Brown, deceased,
JAMES P. BURNETT,
JAMES J. BYRD,
GAYLE BYROM,
spouse and personal representative for the Estate
of
Jerry L. Byrom, deceased,
CAROLYN SUE CHAPMAN,
personal representative for the Estate of
Allen M. Chapman, deceased,
CATHY SHERK,
personal representative for the Estate of
Lester Knox Coleman, deceased,
JAMES CATON,
GEORGIE L. CORSBIE,
LEON H. COSBY,
VERNON C. CREASY,
JAMES E. DANLEY,
LOUISE S. DAVIS,
personal representative for the Estate of

2

Bobby R. Davis, deceased,
MARSHALL DEASE,
LLOYD H. DEVAUGHN,
REBECCA ANN ELLIOTT,
spouse and personal representative for the Estate
of
James Weldon Elliott, deceased,
CHARLES E. EMMONS,
JOANN EVANS,
personal representative for the Estate of
Robert Evans, deceased,
LUCILLE W. EVERS,
WILLIAM FARSHEE,
MATTIE L. FEAGIN,
personal representative for the Estate of
Ray Feagin, deceased,
FLORA MAE FEAGINS,
personal representative for the Estate of
Roosevelt Feagins, deceased,
MARVIN D. GHRIGSBY,
A. C. GOSS,
DEBRA J. GRIFFIN,
personal representative for the Estate of
William R. Griffin, deceased,
PHILLIP HALLMARK,
personal representative for the Estate of
Chester Hallmark, deceased,
MARLYN HARRIS,
spouse and personal representative for the Estate
of
Frank Harris, deceased,
MELBA MALLORY,
personal representative for the Estate of
Rena Houston, deceased,
PATRICIA HOWELL,
spouse and personal representative for the Estate
of
Ray Nance Howell, Jr., deceased,

FAYTHE HUGHES,
spouse and personal representative for the Estate
of
Thomas D. Hughes, deceased,
VERDIE MAY JAMES,
spouse and personal representative for the Estate
of
Clarence O. James, deceased,
EVETTE JIMMERSON,
daughter and personal representative for the
Estate of
Lee R. Jimmerson, deceased,
JOYCE ANN JOHNSON,
spouse and personal representative for the Estate
of
Ansel Lee Johnson, deceased,
DAVID H. JOHNSON,
BILLY F. JONES,
CASEY T. JONES,
THELMA JANE KRUEGER,
spouse and personal representative for the Estate
of
Robert S. Krueger, deceased,
DAVID LANE,
BOBBY LAW,
personal representative for the Estate of
Chester Law, deceased,
GLENNES B. LEMLEY,
JAMES LEWIS MALONE,
WANDA MANGUM,
spouse and personal representative for the Estate
of
Barney Mayo Mangum, deceased,
BOBBY JOE MCDOWELL,
BILL MOORE,
WILLIAM C. MORGAN,
MARY MORRISON,
spouse and personal representative for the Estate

4

of
James D. Morrison,
ELLIS MORICLE,
CAROLYN SUE MOTE,
spouse and personal representative for the Estate
of
Morris R. Mote,
JOE NORMAN,
TONY CURTIS HUNTER,
personal representative for the Estate of
Percy L. Norwood, deceased,
JAMES OGLE,
SANDRA OWENS,
daughter and personal representative for the
Estate of
Raymond Owens, deceased,
JAMES ROBERT PALMER,
EDDIE PITTS,
NELDA D. LECROY,
daughter and personal representative for the
Estate of
Harold Poland, deceased,
GERALDINE RATLIFF,
spouse and personal representative for the Estate
of
Max Ratliff, deceased,
HERMAN REA,
LEOPOLDO RENDON,
ARNOLD L. RICHEY,
NORMA ROBINSON,
spouse and personal representative for the Estate
of
Edward H. Robinson, deceased,
AZALEAN ROGERS,
spouse and personal representative for the Estate
of
Thomas L. Rogers, deceased,
DENNIS RYE,

EULA SCORVER,
spouse and personal representative for the Estate
of
Henry Scorver, deceased,
BILLY O. SEAL,
BEVERLY SHELBY,
daughter and personal representative for the
Estate of
Eula D. Shelby, deceased,
JOE R. SMITH,
PEGGY WALKER,
daughter and personal representative for the
Estate of
James R. Steelman, deceased,
CHARLES D. STEVENS,
MARVIN STRINGER,
MAMIE M. STONE,
spouse and personal representative for the Estate
of
Fred Stone, deceased,
WOODROW WILSON THOMAS,
FAY D. THRASHER,
DONNA SWEET,
spouse and personal representative for the Estate
of
Phillip Austin Sweet, deceased,
CHARLETTE TURNER,
spouse and personal representative for the Estate
of
James E. Turner, deceased,
JACK W. TYRBYFILL,
SUSIE WEBB,
spouse and personal representative for the Estate
of
Gean Charles Webb, deceased,
ELVA WILLMMARTH,
spouse and personal representative for the Estate
of

Oliver Howard Willmarth, deceased,
LYNN W. WILSON,
BARBARA COLLINS,
Executrix for the Estate of Larry B. Wolfe,
MICHEAL E. WOOD,
ALAN WOODS,

Plaintiffs-Appellants,

versus

A. O. SMITH ELECTRICAL PRODUCTS COMPANY,
a division of A.O. Smith Corporation,
A. O. SMITH CORPORATION,
A. W. CHESTERTON COMPANY,
ALBANY INTERNATIONAL,
AMERICAN OPTICAL CORPORATION,
CROWN CORK & SEAL COMPANY,INC.
CROWN HOLDINGS,INC.,
KELLY-MOORE PAINT COMPANY,
BORG WARNER CORP. by and through its successor in
interest,
BORGWARNER MORSE TEC Inc.,
EXTECO,INC. f/k/a THERMO ELECTRIC CO., INC.,
MARLEY-WYLAIN CO. d/b/a WEIL-MCLAIN CO., INC.,
HONEYWELL INC.,
JOHN CRANE INC. et.al.,

Defendants-Appellees.

———————————————

Appeals from the United States District Court
for the Northern District of Alabama

———————————————

**(February 13, 2008)**

7

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

In this case, which is not a class action, the plaintiffs, nearly 100 individuals,

appeal the district court's dismissal of their complaint for lack of subject matter

jurisdiction, as well as the court's denial of their subsequent Rule 60(b) motion for

relief from judgment. The complaint, which sought damages for personal injury

and wrongful death resulting from exposure to asbestos, alleged that the court had

diversity jurisdiction under 28 U.S.C. § 1332. However, the district court

determined that it lacked subject matter jurisdiction because there was not

complete diversity among the parties—specifically, the complaint contained

plaintiffs and defendants that were both alleged to be from California and Georgia.

Accordingly, on August 31, 2006, the court dismissed the complaint "[f]or want of

diversity jurisdiction."

On October 2, 2006, the plaintiffs filed a notice of appeal, challenging the

district court's dismissal of their complaint. On that same day, the plaintiffs filed a

Rule 60(b) motion for relief from judgment, arguing that the court's impression

that there was not complete diversity was the result of mistake under Rule 60(b)(1),

they were unfairly surprised by the district court's order under Rule 60(b)(1), and

the order was manifestly unjust under Rule 60(b)(6). The plaintiffs also moved to

sever each plaintiff's claim and to amend their complaint. On October 25, 2006, the district court struck the plaintiffs' Rule 60(b) motion for relief from judgment because it believed that the pending appeal stripped it of jurisdiction over the motion.

On the next day, the plaintiffs filed a motion for reconsideration, arguing that the district court did have jurisdiction to entertain its earlier Rule 60(b) motion, and that the court should therefore grant them relief from its October 25, 2006, order and consider the merits of their Rule 60(b) motion. The district court held a hearing on the plaintiffs' motion on January 9, 2007, and the next day, January 10, denied their Rule 60(b) motion because it "raised no meritorious arguments entitling relief under Rule 60(b)." The court also re-emphasized that on the face of the complaint the court lacked diversity jurisdiction. Finally, the court stated that the plaintiffs could either file a new action or move to reopen the current case with an attached proposed amended complaint that satisfied the court's jurisdictional requirements.

On January 19, 2007, the plaintiffs filed a motion to reopen the case and to file their proposed amended complaint, which was attached to the motion. The district court denied that motion on February 28, 2007, for want of jurisdiction because the case was still pending on appeal in this Court. On March 12, 2007, the

plaintiffs filed with the district court a motion for an extension of time to appeal

the court's January 10, 2007, order denying their Rule 60(b) motion, arguing that

they had good cause for their failure to file, because they had believed that the

court's order was an invitation to move to re-open the case and was therefore not a

final, appealable order.  The district court granted the plaintiffs' motion, and the

plaintiffs appealed the district court's order denying their Rule 60(b) motion.

The plaintiffs' appeals of the district court's order dismissing their complaint

and the court's order denying them Rule 60(b) relief were consolidated.  In this

consolidated appeal, the plaintiffs first contend that the district court erred by

dismissing their complaint for lack of diversity jurisdiction because, according to

the plaintiffs, the proper method to cure problems with diversity is to dismiss a

dispensable nondiverse party or to allow severance of the claims.[1]  The plaintiffs

further contend that the district court erred by denying their Rule 60(b) motion for

relief from judgment because:  (1) the lack of diversity jurisdiction on the face of

the complaint was the result of mistake; (2) the court unfairly surprised them by

sua sponte dismissing their complaint for lack of jurisdiction; and (3) the court's

---

[1] The plaintiffs also contend that the district court erred by sua sponte dismissing their complaint because the district court's order of dismissal mentioned some of the arguments raised by the defendants in their various motions to dismiss without first allowing the plaintiffs a chance to respond.  However, because the district court ultimately dismissed the complaint for lack of jurisdiction, and our review of subject matter jurisdiction is de novo, see Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997), we need not address this argument.

dismissal of their complaint was manifestly unjust.

## I.

The plaintiffs contend that the district court erred by dismissing their complaint for lack of subject matter jurisdiction because, although they admit that their complaint on its face gave the mistaken impression that complete diversity did not exist, they argue that the proper method to cure problems with diversity is to dismiss a dispensable nondiverse party or to allow severance of the plaintiffs' claims. The defendants respond that the district court properly dismissed the plaintiffs' complaint because, in addition to the problems with complete diversity found by the district court and admitted by the plaintiffs, the plaintiffs alleged only the residency, not the citizenship, of the nearly 100 plaintiffs. Moreover, according to the defendants, the plaintiffs also failed to allege that each plaintiff's claims met the amount in controversy requirement.

We review de novo the district court's conclusion that it lacked subject matter jurisdiction. Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997); see also Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001) ("Subject matter jurisdiction is a question of law subject to de novo review."). "[W]e may affirm the district court's judgment 'on any ground that finds support in the record.'" Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 n.1 (11th Cir.

1999) (quoting Jaffke v. Dunham, 352 U.S. 280, 281, 77 S. Ct. 307, 308 (1957)).

In Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000), a case premised on diversity jurisdiction, we said:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Id. at 1260–61 (citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Morrison, 228 F.3d at 1261.

The plaintiffs allege in their complaint that jurisdiction in the district court over their state-law tort claims is proper based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. The plaintiffs, as the party asserting diversity jurisdiction, have the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

12

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams, 269 F.3d at 1319 (citing 28 U.S.C. § 1332(a)). Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth., 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367. Moreover, where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement. See Smith v. GTE Corp., 236 F.3d 1293, 1300 n.6 (11th Cir. 2001) ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity jurisdiction."); see also Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40–41, 32 S. Ct. 9, 9 (1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount . . . .").

The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to

13

"affirmatively allege facts demonstrating the existence of jurisdiction," <u>Taylor</u>, 30

F.3d at 1367, and failed to allege the citizenship of the individual plaintiffs, the

district court lacked subject matter jurisdiction on the face of the complaint. <u>See</u>

<u>id.</u> Moreover, the plaintiffs' complaint does not allege that the claims of each

individual plaintiff exceeded the $75,000 threshold, but instead states generally

that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum

of $75.000.00." The plaintiffs' claims arise out of their separate exposures to

asbestos at different locations over different time periods, and therefore the

plaintiffs were required to allege that each individual plaintiff's claims met the

amount in controversy requirement. <u>See</u> <u>Smith</u>, 236 F.3d at 1300 n.6; <u>see also</u>

<u>Troy Bank</u>, 222 U.S. at 40–41, 32 S. Ct. at 9. Because they failed to do so, the

district court also lacked subject matter jurisdiction on this basis.

    Neither of these defects in the plaintiffs' complaint could be remedied by the

plaintiffs' suggested approach of dismissing nondiverse dispensable parties, and

therefore "the court's sole remaining act [was] to dismiss the case for lack of

jurisdiction." <u>Morrison</u>, 228 F.3d at 1261. Even though the district court did not

address the amount in controversy requirement or the fact that the plaintiffs alleged

residence instead of citizenship, we nonetheless affirm the district court's dismissal

of the plaintiffs' complaint for lack of subject matter jurisdiction on these grounds.

See <u>Gaston</u>, 167 F.3d at 1363 n.1.

## II.

The plaintiffs also contend that the district court erred by denying their Rule 60(b) motion for relief from judgment because: (1) the lack of diversity jurisdiction on the face of the complaint was the result of mistake; (2) the court unfairly surprised the plaintiffs by sua sponte dismissing their complaint for lack of jurisdiction; and (2) the court's dismissal of their complaint was manifestly unjust. We review the district court's denial of the plaintiffs' Rule 60(b) motion only for abuse of discretion. <u>Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.</u>, 198 F.3d 1332, 1338 (11th Cir. 1999).

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for several reasons, including "mistake, inadvertence, surprise, or excusable neglect;" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6). In order to obtain relief under Rule 60(b), a party "'must prove some justification for relief.' He 'cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order.'" <u>Cavaliere v. Allstate Ins. Co.</u>, 996 F.2d 1111, 1115 (11th Cir. 1993) (citations omitted).

15

The plaintiffs first argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because, according to them, their complaint was mistakenly drafted to give the impression that complete diversity did not exist even though it really did. In other words, the plaintiffs argue that Rule 60(b) should provide them relief because of their own error in drafting the document. However, even if a party's own mistake in drafting its complaint were a basis for relief under Rule 60(b)(1), which we seriously doubt, the district court did not abuse its discretion in denying relief on this ground because, as we mentioned above, this "mistaken drafting" was not the only problem with jurisdiction in this case. Even apart from the plaintiffs' asserted drafting mistakes, the court lacked jurisdiction over the case.

The plaintiffs next argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because the district court's sua sponte dismissal of their complaint was an unfair surprise. This argument is meritless. As we mentioned above, federal courts are courts of limited jurisdiction and have the duty to inquire into whether they have subject-matter jurisdiction. See Johansen, 170 F.3d at 1328 n.4; Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court sua sponte may raise a jurisdiction defect at any time."). And when a court discovers that it lacks jurisdiction, "the court must

16

dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Morrison, 228 F.3d at 1261.
The plaintiffs drafted the complaint and were responsible for alleging the proper
jurisdictional facts. We will not characterize the district court's correct application
of settled law as an unfair surprise.

Finally, the plaintiffs argue that the district court abused its discretion by
denying them relief under Rule 60(b)(6) because the district court's sua sponte
dismissal of their complaint worked a manifest injustice against them.
Specifically, they argue that the district court's dismissal of their complaint
without prejudice was in effect a "death penalty sanction" because some plaintiffs
may be time-barred from refiling their claims. According to the plaintiffs, it was
manifestly unjust for the court to resort to this heavy sanction without notice,
hearing, or an opportunity to amend to cure any jurisdictional defects.

"[R]elief under [Rule 60(b)(6)] is an extraordinary remedy which may be
invoked only upon a showing of exceptional circumstances. The party seeking
relief has the burden of showing that absent such relief, an 'extreme' and
'unexpected' hardship will result." Griffin v. Swim-Tech Corp. 722, F.2d 677, 680
(11th Cir. 1984) (citations omitted). The plaintiffs have failed to meet this heavy
burden. It is not—or should not be, given our precedent in the area of subject
matter jurisdiction—"unexpected" that a district court will dismiss a plaintiff's

complaint for lack of jurisdiction when the only possible jurisdictional basis is diversity, and the complaint on its face fails to allege not only the citizenship of each plaintiff, see Taylor, 30 F.3d at 1367, but also that the amount in controversy requirement is met for each plaintiff's claims, see Smith, 236 F.3d at 1300 n.6; see also Troy Bank, 222 U.S. at 40–41, 32 S. Ct. at 9.  The district court properly denied the plaintiffs' Rule 60(b) motion for relief.

**AFFIRMED.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SIDNEY S. CHANCELLOR,

     Plaintiff,

and

JOHN L. PARKER,

     Plaintiff,

vs.

AIR LIQUIDE AMERICA CORP.,
et al.,

     Defendants.

Case No. CV-04-BE-2554-S

ENTERED
OCT - 8 2004

04 OCT -8 PM 2: 37

         RICT COURT
         . OF ALABAMA

## ORDER DISMISSING THE CASE

     Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses

this case without prejudice and with leave to refile a complaint that complies with all the

requirements of the Federal Rules of Civil Procedure within **20 days of the date of this order**.

     "Although the liberal federal rules require only notice pleading, they still require a 'short and

plain statement of the claim showing that the pleader is entitled to relief'…. 'The pleadings still must

state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not

enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that

the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

1

that there is some legal basis for recovery.'" *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501

(5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice

1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair

idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have

respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working

lives...while working at various worksites in Alabama or other states," and that all seventy-five

named defendants were in some way participants in the sand blasting industry.

Although the complaint alleges generally that different groups of defendants negligently

manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they

each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants

must therefore answer with abandon, pleading every conceivable affirmative defense, while

simultaneously risking the possibility that they may inadvertently fail to plead the one good defense

relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims

against them, it also contains numerous other inadequacies–among them, failure to state with

particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while

asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court

would have jurisdiction over this diversity action. Furthermore, the court finds that it will be

impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261

F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

2

opportunity. *Byrne*, 261 F.3d at 1130.[1] Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement.   Many are even now heroically struggling to answer the complaint.   Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32.  The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[1] In *Byrne*, the Eleventh Circuit detailed the many evils a court would countenance by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court–among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131.  The Eleventh Circuit observed in *Byrne*: "Why. . .would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id*. at 1130.

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are

MOOT.

Done and ordered this _8th_ day of October, 2004.

Karon O. Bowdre
United States District Judge

4