IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| OTHRE E. BURNETT, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | CIVIL ACTION NUMBER: |
| ) | 2:08CV150WKW |
| ALBANY INTERNATIONAL, ET AL., ) | |
| ) | |
| Defendants, ) | |
| ) | |

**MOTION TO DISMISS PURSUANT TO FED.R.CIV. P. 12(b)(6), OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(e); AND MOTION TO REQUIRE PARTICULARITY PURSUANT TO FED.R.CIV.P. 9(b)**

COMES NOW Defendant Cooper Industries, LLC, f/k/a Cooper Industries, Inc., Individually and as Successor-in-Interest to Crouse-Hinds ("Cooper Industries"), by and through its counsel of record, Hawkins & Parnell, LLP, and moves this Honorable Court as follows:

1.  Cooper Industries submits that the allegations contained in Plaintiffs' Complaint filed in this matter fail to state a claim upon which relief can be granted.

2.  Specifically, Plaintiffs' Complaint fails to allege which specific products manufactured, distributed, or "contracted" by which particular Defendant(s) Plaintiff and/or Plaintiffs' decedents were allegedly exposed to, at which particular worksite(s) and during which time period(s) of their approximately sixty-two (62) year work histories.

10378748

3.  Moreover, no specific allegations are made against any particular Defendant; rather, Plaintiffs' Complaint broadly alleges that Defendants were negligent, grossly negligent, or otherwise manufactured defective products. Plaintiffs' Complaint in this matter consists of nothing more than a series of conclusory allegations of law. *See* Complaint at Paragraphs 99-143. It is well-established that such allegations should be dismissed for failure to state a claim. <u>See</u> *Spain v. Brown & Williamson Tobacco Corp.*, 872 So.2d 101, 124 (Ala. 2003) ("Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.") (citing *Next Century Communications Corp. v. Ellis*, 318 F. 3d 1023 (11th Cir. 2003)); *Marsh v. Butler County, Ala.*, 268 F 3d 1014, 1036, n. 16 (11th Cir. 2001) ("in light of the usual pleading requirements of Federal Rules of Civil Procedure 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.")

As Judge Bowdre explained in *Sidney S. Chancelor, et al. v. Air Liquide America Corp., et al.*, in the United States District Court for the Northern District of Alabama, Southern Division, Civil Action No.: CV-04-BE-2554-S, where:

> ... the next Complaint alleges generally that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, etc., the Complaint forces the defendant to guess what they each may have done to injure the plaintiffs, and when, where or how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defendant simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Exhibit "A" [October 9 Order], p. 2.

2

10378748

4.      Generally speaking, Plaintiffs' Complaint fails to put Cooper Industries, or any other Defendant, on notice as to the claims it is to defend against. Accordingly, Plaintiffs' Complaint should be dismissed unless and until they replead with specific facts as to which of Defendants' products injured Plaintiffs and/or Plaintiff's decedents, as well as specific facts regarding work sites, locations, and how Defendants' products allegedly injured Plaintiffs and/or Plaintiffs' decedents.

5.      Additionally, three (3) plaintiffs, Othre E. Burnett, Rayford Allen McKinley and Russell Mashburn, are listed in the body of Plaintiffs' Complaint as being deceased with suit being brought by personal representatives of the decedents. However, the style of Plaintiffs' Complaint reflects that this matter is being brought by the decedents themselves, which, under Alabama law, renders their claims a nullity. See, *Downtown Nursing Home, Inc. v. Benjamin E. Pook as Administrator of the Estate of Eddie B. Parker, Deceased*, 375 SO.2d 465 (Ala. 1979); and *Nicholson v. Lockwood Green Engineers, Inc.*, 278 Ala. 497, 179 So. 2d. 76 (1965). Further, no reference is made in the body of Plaintiffs' Complaint that the purported personal representatives have been duly appointed by a court of competent jurisdiction to be authorized to bring a claim on behalf of the decedents, or that an estate was opened on behalf of the decedents.

WHEREFORE, PREMISES CONSIDERED, Cooper Industries prays that this Honorable Court will dismiss Plaintiffs' Complaint filed against it for failing to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the alternative:

10378748

6.  Rule 12(e) of the Federal Rules of Civil Procedure requires that a party who has filed a pleading that is so vague or ambiguous that the opposing party cannot reasonably be required to frame a responsive pleading correct the details complained of and provide the details desired.

7.  Cooper Industries would most respectfully show unto this Honorable Court that for all of the reasons set forth and asserted above, it is impossible for Cooper Industries to adequately prepare a defense to Plaintiffs' claims without knowing, inter alia: (1) the products of Cooper Industries, if any, which are claimed to be defective; (2) when, where, and under what conditions Plaintiffs and/or Plaintiffs' decedents were allegedly exposed to such products; (3) the names of Plaintiffs and/or Plaintiffs' decedents employers at the time of alleged exposure; (4) the addresses of the work sites in issue; (5) the type of work being performed by Plaintiffs and/or Plaintiffs' decedents at the time of their alleged exposure to Cooper Industries' products; and, (6) when, how, and under what circumstances Plaintiffs and/or Plaintiffs' decedents were diagnosed with an asbestos-related condition.

8.  Cooper Industries is entitled to be fairly apprised as to the nature of the claims against it, the nature of the disease which Plaintiffs and/or Plaintiffs' decedents contend they have incurred, as well as the precise nature of the defects in the product(s) associated with Cooper Industries or the specific acts of negligence charged against it.

9.  In a similar case, *Charlotte Mae Fikes v. Aerofin Corporation, et al.*, in the United States District Court for the Northern District of Alabama, Southern Division, Civil Action No.: 2:05-CV-1864-RDP, Judge R. David Proctor issued an order on September 30, 2005, regarding this same issue in which he ordered that Plaintiff:

(1) include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

(2) assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (e.g. identity of product(s), manufacturer(s), purchaser(s) or other user(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, identification of how other Defendant(s) contributed to the alleged exposure(s));

(3) plead with particularity and fraud claims in accordance with Rule 9(b) (e.g. identity of manufacture(s), purchaser(s) and any other party who allegedly concealed information, time frame of alleged concealment, and identity of person(s) who allegedly concealed information); and

(4) ensure that each claim pled has a proper legal basis.

*See* Order attached as Exhibit "B."

WHEREFORE, PREMISES CONSIDERED, Cooper Industries prays that this Honorable Court will order Plaintiffs to file a new Amended Complaint, setting forth a more definite statement of their claims such that Cooper Industries and other Defendants are placed on notice as to the charges being made against them so that they might adequately prepare a defense and response to same, and to conduct meaningful discovery in order to appropriately frame the issues before this Honorable Court.

10. Cooper Industries would respectfully show unto this Honorable Court that Plaintiffs make vague and uncertain allegations as to Cooper Industries and/or other Defendants concerning fraud, without stating the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Cooper Industries respectfully requests that this Honorable Court require Plaintiffs to amend their pleading, in order to set forth specifically and in detail, with the particularity required by Rule 9(b) of the Federal Rule of Civil Procedure, sufficient averments.

11. Cooper Industries specifically reserves and does not waive all other available defenses it may have in this cause, and prays for such other relief as this Court may deem appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 31st day of March, 2008.

**HAWKINS & PARNELL, LLP**

*/s/ S. Christopher Collier*
S. Christopher Collier
ASB-2343-C56S

ATTORNEY FOR DEFENDANT
Cooper Industries, LLC, f/k/a Cooper
Industries, Inc., Individually and as
Successor-in-Interest to Crouse-Hinds

303 Peachtree Street NE
Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400

10378748

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| OTHRE E. BURNETT, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | CIVIL ACTION NUMBER: |
| ) | 2:08CV150WKW |
| ALBANY INTERNATIONAL, ET AL., ) | |
| ) | |
| Defendants, ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 31st, 2008, I electronically filed the foregoing with the Clerk of the Court the CM/ECF system which will send notification of such filing to the following: G. Patterson Keahey, Jr., Esq., Counsel for Plaintiffs, and all counsel of record for Defendants, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none at this time.

Respectfully submitted,

**HAWKINS & PARNELL, LLP**

*/s/ S. Christopher Collier*
S. Christopher Collier
ASB-2343-C56S
ATTORNEY FOR DEFENDANT
Cooper Industries, LLC, f/k/a Cooper
Industries, Inc., Individually and as
Successor-in-Interest to Crouse-Hinds

303 Peachtree Street NE
Suite 4000
Atlanta, GA 30308-3243
(404) 614-7400

7

10378748

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 OCT -8 PM 2: 37

. . . . . . . . . . . . . . . OF ALABAMA

ENTERED
OCT - 8 2004

| | |
|---|---|
| SIDNEY S. CHANCELLOR, | ] |
| Plaintiff, | ] |
| and | ] |
| JOHN L. PARKER, | ] |
| Plaintiff, | ] Case No. CV-04-BE-2554-S |
| vs. | ] |
| AIR LIQUIDE AMERICA CORP., et al., | ] |
| Defendants. | ] |

### ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within **20 days of the date of this order.**

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing that the pleader is entitled to relief'.... 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

1



that there is some legal basis for recovery.'" *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice 1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives...while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry.

Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims against them, it also contains numerous other inadequacies–among them, failure to state with particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court would have jurisdiction over this diversity action. Furthermore, the court finds that it will be impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

2

opportunity. *Byrne*, 261 F.3d at 1130.[1] Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement. Many are even now heroically struggling to answer the complaint. Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32. The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[1] In *Byrne,* the Eleventh Circuit detailed the many evils a court would countenance by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court—among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131. The Eleventh Circuit observed in *Byrne*: "Why. . .would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id.* at 1130.

3

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are MOOT.

Done and ordered this 8th day of October, 2004.

Karon O. Bowdre
United States District Judge

4

FILED
2005 Sep-30 AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLOTTE MAE FIKES, | } |
| Plaintiff, | } |
| v. | } Case No. 2:05-cv-1864-RDP |
| AEROFIN CORPORATION, et al., | } |
| Defendants. | } |

## ORDER

In accordance with the court's rulings during the September 30, 2005 telephone conference and the memorandum opinion issued contemporaneously herewith, the following motions are **GRANTED**:

(1) Aqua-Chem, Inc.'s Motion for More Definite Statement (Doc. # 15);[1]

(2) Cleaver Brooks Company, Inc.'s Motion for More Definite Statement (Doc. # 16); and

(3) The Austin Company's Motion for More Definite Statement (Doc. # 40).

Plaintiff is **ORDERED** to replead her complaint **on or before October 28, 2005**, in accordance with the Federal Rules of Civil Procedure and the following specific mandates:

(1) include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

(2) assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (*e.g.*, identity of product(s),

---

[1] The motions for more definite statement filed by Aqua-Chem and Cleaver Brooks Company, Inc. request that Plaintiff provide a more definite statement in accordance with Alabama Rule of Civil Procedure 12(e). (Docs. # 15, 16, at 3). The court assumes that Defendants intended to move on the authority of Federal Rule of Civil Procedure 12(e), and the motions are granted on that basis.


EXHIBIT B

    manufacturer(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, identification of how other Defendant(s) contributed to the alleged exposure(s));

(3) plead with particularity any fraud claims in accordance with Rule 9(b) (*e.g.*, identity of manufacturer(s), purchaser(s) and any other party who allegedly concealed information, time frame of alleged concealment, and identity of person(s) who allegedly concealed information); and

(4) ensure that each claim pled has a proper legal basis.

Given that the court has ordered repleading of the complaint, the following motions are **DENIED WITHOUT PREJUDICE**:

(1) Aqua-Chem, Inc.'s Motion to Dismiss (Doc. # 15);

(2) Cleaver Brooks Company, Inc.'s Motion to Dismiss (Doc. # 16);

(3) Georgia Pacific Corporation's Motion to Dismiss (Doc. # 22);

(4) John Crane, Inc.'s Motion to Dismiss (Doc. # 27);

(5) Honeywell International, Inc.'s Motion to Dismiss (Doc. # 28);

(6) The Austin Company's Motion to Dismiss (Doc. # 40); and

(7) Saint-Gobain Abrasives, Inc.'s Motion to Dismiss (Doc. # 44).

Moreover, having found that a stay of this litigation would promote judicial efficiency and would prevent the possibility of inconsistent pretrial rulings, the court hereby **STAYS** all proceedings in this case (with the exception of the filing of Plaintiff's amended complaint, as outlined above) pending the potential transfer of this action to the MDL proceeding established in the Eastern District of Pennsylvania.[2]

---

[2] With the exception of the requirement that Plaintiff replead her complaint, the court intends for the stay of this case to apply to **all filings**, including required responses under Fed. R. Civ. P. 12 and Fed. R. Civ. P. 15. Accordingly, Defendants are not required to respond to Plaintiff's amended complaint until after transfer to the MDL proceeding. Moreover, the stay of this case is also

DONE and ORDERED this ___30th___ day of September, 2005.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

applicable to responses due from Defendants who have been served with Plaintiff's original complaint, but for whom the response time has not yet expired, and Defendants served after the entry of this order. Counsel for Defendants who have not yet responded to Plaintiff's original complaint should file a notice of appearance in this court.

3