IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OTHRE E. BURNETT, et al.,                  *
                                           *
        Plaintiffs,                        *
                                           *
vs.                                        *        Case No. 2:08-CV-150
                                           *
ALBANY INTERNATIONAL, et al.,              *
                                           *
        Defendants.                        *

### ANSWER OF DEFENDANTS CROWN, CORK & SEAL COMPANY, INC. AND CROWN HOLDINGS, INC. TO PLAINTIFFS' COMPLAINT

Come now two of the defendants named in the above-entitled cause, Crown, Cork & Seal Company, Inc. (hereafter sometimes referred to as "Crown Cork") and Crown Holdings, Inc. (hereafter sometimes referred to as "Crown Holdings"), and for answer to plaintiffs' Complaint would respectfully show unto the Court as follows:

### JURISDICTION

The allegations of this paragraph of plaintiffs' Complaint are denied as to these defendants, except these defendants admit they are incorporated in a state other than Alabama.

### STATUTE OF LIMITATIONS

The allegations of this paragraph of plaintiffs' Complaint are denied.

## BACKGROUND FACTS – THE PLAINTIFFS

1.     The allegations of Paragraph 1 of plaintiffs' Complaint are denied as to these defendants.

2.     The allegations of Paragraph 2 of plaintiffs' Complaint are denied as to these defendants.

3.     The allegations of Paragraph 3 of plaintiffs' Complaint are denied as to these defendants.

4.     The allegations of Paragraph 4 of plaintiffs' Complaint are denied as to these defendants.

5.     The allegations of Paragraph 5 of plaintiffs' Complaint are denied as to these defendants.

6.     The allegations of Paragraph 6 of plaintiffs' Complaint are denied as to these defendants.

7.     The allegations of Paragraph 7 of plaintiffs' Complaint are denied as to these defendants.

8.     The allegations of Paragraph 8 of plaintiffs' Complaint are denied as to these defendants.

9.     The allegations of Paragraph 9 of plaintiffs' Complaint are denied as to these defendants.


## BACKGROUND FACTS – THE DEFENDANTS

10.     Defendants adopt and reallege their responses to all of the above and foregoing paragraphs of plaintiffs' Complaint as if fully set forth herein.

11.    The allegations of Paragraph 11 of plaintiffs' Complaint are denied.

12.    The allegations of Paragraph 12 of plaintiffs' Complaint are denied.

13.    The allegations of Paragraph 13 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

14.    The allegations of Paragraph 14 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

15.    The allegations of Paragraph 15 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

16.    The allegations of Paragraph 16 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

17.    The allegations of Paragraph 17 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

18.    The allegations of Paragraph 18 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

19.    The allegations of Paragraph 19 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

20.    The allegations of Paragraph 20 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

21.    The allegations of Paragraph 21 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

22.    The allegations of Paragraph 22 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

23.    The allegations of Paragraph 23 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

24.    The allegations of Paragraph 24 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

25.    The allegations of Paragraph 25 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

26.    The allegations of Paragraph 26 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

27.    The allegations of Paragraph 27 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

28.    The allegations of Paragraph 28 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

29.    The allegations of Paragraph 29 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

30.    The allegations of Paragraph 30 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

31.    The allegations of Paragraph 31 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

32.    The allegations of Paragraph 32 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

33.    The allegations of Paragraph 33 are admitted only insofar as they relate to the principal place of business. The remainder of the allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are admitted only insofar as they relate to the principal place of business. The remainder of the allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

36. The allegations of Paragraph 36 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

37. The allegations of Paragraph 37 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

38. The allegations of Paragraph 38 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

39. The allegations of Paragraph 39 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

40. The allegations of Paragraph 40 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

41. The allegations of Paragraph 41 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

42. The allegations of Paragraph 42 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

43. The allegations of Paragraph 43 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

44. The allegations of Paragraph 44 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

45.    The allegations of Paragraph 45 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

46.    The allegations of Paragraph 46 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

47.    The allegations of Paragraph 47 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

48.    The allegations of Paragraph 48 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

49.    The allegations of Paragraph 49 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

50.    The allegations of Paragraph 50 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

51.    The allegations of Paragraph 51 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

52.    The allegations of Paragraph 52 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

53.    The allegations of Paragraph 53 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

54.    The allegations of Paragraph 54 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

55.    The allegations of Paragraph 55 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

56. The allegations of Paragraph 56 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

57. The allegations of Paragraph 57 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

58. The allegations of Paragraph 58 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

59. The allegations of Paragraph 59 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

60. The allegations of Paragraph 60 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

61. The allegations of Paragraph 61 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

62. The allegations of Paragraph 62 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

63. The allegations of Paragraph 63 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

64. The allegations of Paragraph 64 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

65. The allegations of Paragraph 65 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

66. The allegations of Paragraph 66 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

67.    The allegations of Paragraph 67 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

68.    The allegations of Paragraph 68 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

69.    The allegations of Paragraph 69 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

70.    The allegations of Paragraph 70 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

71.    The allegations of Paragraph 71 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

72.    The allegations of Paragraph 72 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

73.    The allegations of Paragraph 73 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

74.    The allegations of Paragraph 74 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

75.    The allegations of Paragraph 75 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

76.    The allegations of Paragraph 76 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

77.    The allegations of Paragraph 77 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

78.     The allegations of Paragraph 78 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

79.     The allegations of Paragraph 79 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

80.     The allegations of Paragraph 80 of plaintiffs' Complaint are denied.

81.     The allegations of Paragraph 81 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

82.     The allegations of Paragraph 82 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

83.     The allegations of Paragraph 83 of plaintiffs' Complaint are denied.

84.     The allegations of Paragraph 84 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

85.     The allegations of Paragraph 85 of plaintiffs' Complaint are denied.

86.     The allegations of Paragraph 86 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

87.     The allegations of Paragraph 87 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

88.     The allegations of Paragraph 88 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

89.     The allegations of Paragraph 89 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

90.    The allegations of Paragraph 90 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

91.    The allegations of Paragraph 91 of plaintiffs' Complaint are neither admitted nor denied, for lack of sufficient information to justify belief.

92.    The allegations of Paragraph 92 of plaintiffs' Complaint are denied.

## "DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY"

93.    Defendants adopt and reallege their responses to all of the above and foregoing paragraphs of plaintiffs' Complaint as if fully set forth herein.

94.    The allegations of Paragraph 94 of plaintiffs' Complaint are denied as to these defendants.

95.    No response is required from these defendants to paragraph 95 of plaintiffs' Complaint.

96.    The allegations of Paragraph 96 of plaintiffs' Complaint are denied as to these defendants.

97 (A-R).    The allegations of Paragraph 97 (A-R) of plaintiffs' Complaint are denied.

98.    The allegations of Paragraph 98 of plaintiffs' Complaint are denied as to these defendants.

## COUNT ONE

### (Alabama Extended Manufacturer's Liability Doctrine)

99.     Defendants adopt and reallege their responses to all of the above and foregoing paragraphs of plaintiffs' Complaint as if fully set forth herein.

100.    Defendants admit that plaintiffs purport to assert a claim as alleged, but these defendants deny that they are liable under this or any other theory.

101. (A-B)   The allegations of Paragraph 101 (A-B) of plaintiffs' Complaint are denied.

102.    The allegations of Paragraph 102 of plaintiffs' Complaint are denied as to these defendants.

103.    The allegations of Paragraph 103 of plaintiffs' Complaint are denied as to these defendants.

## COUNT TWO

### (Negligence and Intentional Tort)

104.    Defendants adopt and reallege their responses to all of the above and foregoing paragraphs of plaintiffs' Complaint as if fully set forth herein.

105.    Defendants admit that plaintiffs purport to assert claims as alleged, but these defendants deny that they are liable under these or any other theory.

106.    The allegations of Paragraph 106 of plaintiffs' Complaint are denied as to these defendants.

107.    The allegations of Paragraph 107 of plaintiffs' Complaint are denied as to these defendants.

108.    The allegations of Paragraph 108 of plaintiffs' Complaint are denied as to these defendants.

109.    The allegations of Paragraph 109 of plaintiffs' Complaint are denied as to these defendants.

110.    The allegations of Paragraph 110 of plaintiffs' Complaint are denied as to these defendants.

111.    The allegations of Paragraph 111 of plaintiffs' Complaint are denied as to these defendants.

112.    The allegations of Paragraph 112 of plaintiffs' Complaint are denied as to these defendants.

113.(a-d)   The allegations of Paragraph 113 (a-d) of plaintiffs' Complaint are denied as to these defendants.

114.    The allegations of Paragraph 114 of plaintiffs' Complaint are denied as to these defendants.

115.    The allegations of Paragraph 115 of plaintiffs' Complaint are denied as to these defendants.

116.    The allegations of Paragraph 116 of plaintiffs' Complaint are denied as to these defendants.

## COUNT THREE

### (Negligence in the Course of Employment)

117.    Defendants adopt and reallege their responses to all of the above and foregoing paragraphs of plaintiffs' Complaint as if fully set forth herein.

118.    Defendants admit that plaintiffs purport to assert claims as alleged, but these defendants deny that they are liable under this or any other theory.

119.    The allegations of Paragraph 119 of plaintiffs' Complaint are denied as to these defendants.

120.    The allegations of Paragraph 120 of plaintiffs' Complaint are denied as to these defendants.

121. (a-b)   The allegations of Paragraph 121 (a-b) of plaintiffs' Complaint are denied as to these defendants.

122.    The allegations of Paragraph 122 of plaintiffs' Complaint are denied as to these defendants.

123.    The allegations of Paragraph 123 of plaintiffs' Complaint are denied as to these defendants.

## COUNT FOUR

### (Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy)

124.    Defendants adopt and reallege their responses to all of the above and foregoing paragraphs of plaintiffs' Complaint as if fully set forth herein.

125.    The allegations of Paragraph 125 of plaintiffs' Complaint are denied.

126.    The allegations of Paragraph 126 of plaintiffs' Complaint are denied.

127.(A-JJ).  The allegations of Paragraph 127 (A-JJ) of plaintiffs' Complaint are denied.

139.    The allegations of the Paragraph numbered 139 on page 54 of plaintiffs' Complaint are denied.

128.    The allegations of Paragraph 128 of plaintiffs' Complaint are denied.

129.    The allegations of Paragraph 129 of plaintiffs' Complaint are denied.

130.    The allegations of Paragraph 130 of plaintiffs' Complaint are denied.

131.(a-d)  The allegations of Paragraph 131 (a-d) of plaintiffs' Complaint are denied.

132.    The allegations of Paragraph 132 of plaintiffs' Complaint are denied.

133.    The allegations of Paragraph 133 of plaintiffs' Complaint are denied.

134.    The allegations of Paragraph 134 of plaintiffs' Complaint are denied.

135.    The allegations of Paragraph 135 of plaintiffs' Complaint are denied.

136.    The allegations of Paragraph 136 of plaintiffs' Complaint are denied.

137.    The allegations of Paragraph 137 of plaintiffs' Complaint are denied.

138.    The allegations of Paragraph 138 of plaintiffs' Complaint are denied.

139.    The allegations of Paragraph 139 of plaintiffs' Complaint are denied.

## COUNT FIVE

### (Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy)

140.    Defendants adopt and reallege their responses to all of the above and foregoing paragraphs of plaintiffs' Complaint as if fully set forth herein.

141.    Defendants admit that plaintiffs purport to assert claims as alleged, but these defendants deny that they are liable under these or any other theory.

142.    The allegations of Paragraph 142 of plaintiffs' Complaint are denied as to these defendants.

143.    The allegations of Paragraph 143 of plaintiffs' Complaint are denied.

## JURY DEMAND AND AD DAMNUM

Defendants deny all allegations not specifically admitted and further deny that plaintiffs (or any of them) are entitled to any relief requested against either of these defendants in the Complaint.

## AFFIRMATIVE DEFENSES

### General Denial

Defendants deny all allegations of plaintiffs' Complaint not specifically admitted herein. Defendants deny that plaintiffs (or any of them) are entitled to the relief requested or to any other relief in this lawsuit.

-15-

**First Defense**

Plaintiffs' Complaint, and each and every cause of action therein, separately and severally, fails to state a claim against either of these defendants upon which relief can be granted.

**Second Defense**

Defendants plead the statute of limitations, the provisions of Alabama Code § 6-5-410 (including the two-year period provided therein), and the rule of repose.

**Third Defense**

These defendants have never manufactured, distributed, advertised, sold or installed any asbestos-containing insulation products.

**Fourth Defense**

These defendants did not succeed to the liabilities, if any, of Mundet Cork Corporation.

**Fifth Defense**

These defendants deny that any of the plaintiffs or decedents sustained any injury or illness which was caused or produced by any product manufactured, sold, or distributed by any alleged predecessor.

**Sixth Defense**

These defendants did not produce or market (and are not otherwise responsible for) the asbestos-containing products to which the plaintiffs or the plaintiffs' decedents allegedly were

exposed. In any event, the products at issue in plaintiffs' Complaint were sold to buyers who were sophisticated and knowledgeable concerning the use and hazards of asbestos. Thus, liability cannot be imposed.

### Seventh Defense

Plaintiffs' claims fail because asbestos is a naturally occurring substance and cannot be deemed defective in and of itself simply because it is incorporated into a product.

### Eighth Defense

There is no causal relation between any conduct of these defendants and the injuries and damages claimed.

### Ninth Defense

Defendants assert that the Court lacks personal jurisdiction over them.

### Tenth Defense

Defendants assert that the Court lacks subject matter jurisdiction.

### Eleventh Defense

Defendants assert that venue is improper in this court.

**Twelfth Defense**.

Defendants assert that there has been an insufficiency of process and an insufficiency of service of process.

**Thirteenth Defense**

Plaintiffs' Complaint fails to meet the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**Fourteenth Defense**

Plaintiffs have misjoined parties and claims in violation of Rule 20 of the Federal Rules of Civil Procedure.

**Fifteenth Defense**

Defendants assert that the plaintiffs' claims are barred in whole or in part by *res judicata* and/or collateral estoppel principles.

**Sixteenth Defense**

Plaintiffs lack standing or capacity to maintain this action.

## Seventeenth Defense

Defendants would show that if plaintiffs and/or plaintiffs' decedents were exposed to the products of an alleged predecessor-in-interest, which is expressly denied, such exposure could only have been very brief and insubstantial; and that the alleged condition was not in fact caused by any contact with such alleged predecessor-in-interest's products; and that the physical condition would have occurred in the absence of any contact with such alleged predecessor-in-interest's products.

## Eighteenth Defense

Defendants would further show that if plaintiffs and/or plaintiffs' decedents sustained an injury or a disease as the result of the use of any product manufactured, distributed or sold by an alleged predecessor-in-interest, or in conjunction with the products manufactured, distributed, or sold by third-parties, then these defendants say that plaintiffs and plaintiffs' decedents neglected to look out for their own health and safety, and such neglect proximately contributed to the damages and injuries claimed.

## Nineteenth Defense

Defendants deny that they owed any duty to any of the plaintiffs or to any of the plaintiffs' decedents and further deny any fault on the part of any alleged predecessor-in-interest. Defendants would show that the products manufactured, distributed, or sold by any alleged predecessor-in-interest were at all times reasonably fit and suitable for the purposes for which they were manufactured, distributed, and sold, and that the alleged physical conditions did not result from any defect in said product or products.

**Twentieth Defense**

Defendants would show that neither they nor anyone for whom they are allegedly responsible had any duty or responsibility with regard to the manner, method and means for performing the plaintiffs' or the decedents' work; and there was no relationship between any of the plaintiffs or their decedents and these defendants which created any duty on the part of these defendants with regard to the manner and method or the conditions under which work was performed; and that these defendants had no right to control the manner or method in which the work was performed or the conditions under which it was performed.

**Twenty-First Defense**

Defendants would further show that the state of the medical and scientific knowledge prior to recent years as it related to exposure of the worker to asbestos dust was such that the medical and scientific community were of the opinion that the exposures to which workers were subject were below the Threshold Limited Value recommended by the American Conference of Government Hygienists for dust containing asbestos particles and such occupation was reasonably safe; therefore, the manufacturer of asbestos products was charged with no greater knowledge than that of the medical and scientific community and such manufacturers had no reason to foresee any injury to workers from the application of products which contained some asbestos.

### Twenty-Second Defense

Defendants are exculpated from liability for the alleged acts that give rise to the plaintiffs' claims because the products complained of were at the time of distribution in accordance with "state of the art" as it then existed.

### Twenty-Third Defense

Defendants would further show that any use of products on jobs that required compliance with government contract specifications provides an absolute defense.

### Twenty-Fourth Defense

Other parties have settled or may settle claims with the plaintiffs, and to the extent of such settlement these defendants are entitled to a set off.

### Twenty-Fifth Defense

The plaintiffs and the plaintiffs' decedents voluntarily assumed a risk and were guilty of negligence that proximately contributed to the claimed injuries and damages.

### Twenty-Sixth Defense

Plaintiffs' causes of action are barred in whole or in part based on the doctrines of laches, waiver, and/or estoppel.

**Twenty-Seventh Defense**

Defendants aver that they did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in plaintiffs' Complaint.

**Twenty-Eighth Defense**

There should be no recovery against these defendants because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine would operate as an *ex post facto* imposition of legal liability and duty, and thus would violate these defendants' constitutional rights under:

A.  The Eight Amendment of the Constitution of the United States,

B.  The Fourteenth Amendment of the Constitution of the United States,

C.  The Fifth Amendment of the Constitution of the United States,

D.  The Tenth Amendment of the Constitution of the United States,

E.  Article I, Section 15, of the Constitution of Alabama of 1901,

F.  Article I, Section 7, of the Constitution of Alabama of 1901,

G.  Such an imposition of liability and/or duty operates as an *ex post facto* law in express violation of Article I, Section 10, of the United States Constitution.

H.  The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/or liability without notice would be an act that is in express contravention of the Fifth and Fourteenth Amendments to the United States Constitution.

-22-

I.    To the extent that recovery is had and money actually paid by these defendants, these defendants would be deprived of property, without due process of law, in express violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

### Twenty-Ninth Defense

Defendants deny they have been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury.

### Thirtieth Defense

Any award of punitive damages to plaintiffs in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama.

### Thirty-First Defense

Any award of punitive damages to plaintiffs in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

### Thirty-Second Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

**Thirty-Third Defense**

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

**Thirty-Fourth Defense**

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901; and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

**Thirty-Fifth Defense**

Any claims for the recovery of punitive damages are barred by *Ala. Code* § 6-11-20.

**Thirty-Sixth Defense**

Any claims for the recovery of punitive damages are barred by *Ala. Code* § 6-11-27.

**Thirty-Seventh Defense**

Any claims for the recovery of punitive damages are in contravention of these defendants' rights under each of the following constitutional provisions:

(a)    Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b)    the Contracts Clause of Article 1, Section 10 of the United States Constitution;

(c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)    the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)    the constitutional prohibition against vague and overbroad laws;

(f)    the prohibition against *ex post facto* law in Article 1, Section 22 of the Alabama Constitution;

(g)    the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

(h)    the Due Process Clause of Article 1, Section 6 and/or 13 of the Constitution of Alabama.

**Thirty-Eighth Defense**

An award of punitive damages in the circumstances of this case would clearly be violative of these defendants' due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the

Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

    (a)    There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

    (b)    No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

    (c)    An award of punitive damages in this case would be penal in nature and thus would be violative of these defendants' constitutional rights under the United States Constitution and/or the Alabama Constitution unless these defendants are granted the procedural safeguards afforded criminal defendants, including, but not limited to, constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

    (d)    The award of punitive damages on the basis of vicarious liability for the conduct of others violates these defendants' constitutional rights.

**Thirty-Ninth Defense**

The imposition of punitive damages in this case would be in denial of defendants' right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

-26-

### Fortieth Defense

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions that have allegedly occurred solely outside state boundaries.

### Forty-First Defense

To the extent that any demand for punitive damages may result in multiple punitive damage awards being assessed for the same alleged act or omission against these defendants, this award contravenes these defendants' right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such awards would infringe upon these defendants' rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### Forty-Second Defense

To the extent that any demand for punitive damages for the alleged wrongful conduct of these defendants may result in the imposition of multiple awards of punitive damages against said defendants, such awards would violate these defendants' rights guaranteed by Article 1, Sections 9, 13, and 15 of the Alabama Constitution, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and the procedural and substantive due process rights guaranteed by the United States Constitution.

**Forty-Third Defense**

The imposition of separate awards of punitive damages for the same conduct will violate these defendants' constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitutional and Section 15 of the Alabama Constitution.

**Forty-Fourth Defense**

As applied in this case, Alabama's Wrongful Death Statute allows the imposition of multiple punitive damage awards for the same course of conduct. The imposition of multiple awards of punitive damages for the same course of conduct violates these defendants' constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution and Section 15 of the Alabama Constitution. "The Due Process Clause of the Fourteenth Amendment of the United States Constitution will not countenance punishing a tortfeasor twice for the same wrongful conduct." *Haynes v. Ala Financial Corp.*, 730 So. 2d 178, 182 (Ala. 1999) (Houston, J. concurring specially).

**Forty-Fifth Defense**

As construed by the Alabama Supreme Court, the Wrongful Death Statute is a quasi-criminal statute that only allows punishment of a defendant for the alleged wrongful conduct that caused the death. The imposition of multiple punitive damage awards under this statute for the same course of conduct constitutes Double Jeopardy and violates rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Sections 9 and 13 of the Alabama Constitution.

-28-

**Forty-Sixth Defense**

The imposition of separate punitive damage awards against a defendant for conduct that allegedly caused or contributed to the death will result in punishment that is unconstitutional under the United States Constitution and the Alabama Constitution.

**Forty-Seventh Defense**

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ I and 6 of the Alabama Constitution.

**Forty-Eighth Defense**

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their alleged conduct, creating a chilling effect on defendants' exercise of the right to a judicial resolution of this dispute.

**Forty-Ninth Defense**

To permit the imposition of punitive damages against these defendants on a joint and several liability basis would violate these defendants' right under the Eighth Amendment to the Constitution of the United States and Article I, Section 15 of the Constitution of Alabama in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

### Fiftieth Defense

Any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate these defendants' due process rights guaranteed by the Fourteenth Amendment of the <u>Constitution of the United States</u> and the due process provisions of the <u>Constitution of Alabama</u> and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

### Fifty-First Defense

Alabama's wrongful death statute, 6-5-410, requires that the damages awarded in a death case be "such damages as the jury may assess." Accordingly, the damages to be awarded in a wrongful death case are not punitive in nature.

### Fifty-Second Defense

That the determination and assessment of damages under section 6-5-410 of the <u>Code of Alabama</u> (1975), can neither be read in *pari delicto*, nor in *pari materia,* thereby creating an unreasonable classification denying equal protection of the law under provisions of the Fourteenth Amendment of the <u>Constitution of the United States</u> and under the provisions of the <u>Constitution of Alabama</u>, as well as depriving a defendant of property without due process of law under the Fifth and Fourteenth Amendments to the <u>Constitution of the United States</u> and Article 1, Section 6 of the <u>Constitution of Alabama</u>.

**Fifty-Third Defense**

The Alabama wrongful death statute, 6-5-410, is unconstitutional and deprives a defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and in Article 1, Sections 1 and 6, of the <u>Constitution of Alabama</u> of 1901 for the following reasons:

    1.    It allows for an award of punitive damages for simple negligence whereas conscious or deliberate oppression, fraud, wantonness, or malice is required for an award of punitive damages in non-wrongful death actions;

    2.    It does not allow for compensatory damages, confining plaintiffs in wrongful death actions to punitive damages alone; and,

    3.    The standard of proof required for punitive damages under this statute is inconsistent with the clear and convincing evidence standard of proof required for an award of punitive damages in non-wrongful death cases.

**Fifty-Fourth Defense**

The Alabama wrongful death statute, 6-5-410, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the <u>Constitution of the United States</u>; of the proportionality principles contained in the Eighth Amendment of the <u>Constitution of the United States</u>; the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections 1, 6, 13, 15 and 35 of the <u>Constitution of Alabama</u> of 1901; and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and severally:

    1.    It allows an award of punitive damages for simple negligence;

2.      It fails to provide for the apportionment of punitive damages in accordance with the relative culpability of each defendant such that one defendant may be forced to pay an entire wrongful death verdict without regard to the relative culpability of the party; and

3.      It requires a standard of proof that is insufficient for the award of punitive damages.


**Fifty-Fifth Defense**

These defendants adopt by reference and asserts as and for affirmative defenses any and all affirmative defenses raised by other defendants in this cause to the extent that said defenses are not inconsistent with these defendants' assertion that they are not liable to any of the plaintiffs for any amount whatsoever.


WHEREFORE, premises considered, Defendants Crown Cork & Seal Company, Inc. and Crown Holdings, Inc. respectfully pray that they be exonerated from liability to any of the plaintiffs.


Respectfully Submitted,

/s/ Walter T. Gilmer, Jr.
WALTER T. GILMER, JR. (GILMW5452)
Attorney for Defendants Crown Cork & Seal
Company, Inc. and Crown Holdings, Inc.


**OF COUNSEL:**

**McDOWELL KNIGHT ROEDDER**
**& SLEDGE, L.L.C.**
Post Office Box 350
Mobile, Alabama 36601
Phone: (251) 432-5300

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2008, I have served a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing.

/s/ Walter T. Gilmer, Jr.
WALTER T. GILMER, JR.