**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| OTHRE E. BURNETT, ET AL. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ASBESTOS DEFENDANTS, ET AL., )<br>)<br>Defendants. )<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br>2:08-CV-150-WKW |

**DEFENDANT ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Allis-Chalmers Corporation Product Liability Trust (hereinafter "Defendant"), hereby moves this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted, or in the alternative, pursuant to Rule 12(e), to order Plaintiffs to set forth a more definite statement of their claims in this action. This motion is based upon the following grounds:

1. Despite its length, the Complaint in this action is so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. The Complaint fails to allege the conduct, transactions, or occurrences upon which any plaintiff bases his or her claim against any particular defendant. Thus, the Complaint fails to place this Defendant or any other defendant on notice, to which they are entitled, of the nature of the claims against them.

2. Specifically, nine Plaintiffs have joined together to bring this suit. Other than their status as Plaintiffs in this lawsuit, these Plaintiffs have no apparent connection. From the face of the complaint, the Plaintiffs have individual claims that are vastly different. Each of the Plaintiffs raise particularized claims about his or her alleged exposure and claimed injuries. Careful review of the Complaint reveals little or no connection among the Plaintiffs' allegations of exposure or injury. More importantly, however, the Complaint contains no allegations of any kind relating the conduct of any given defendant to the claims of any specific plaintiff.

3. A more definite statement of the Plaintiffs' claims in this action is required. The Plaintiffs bring forth a variety of claims against seventy-three (73) defendants for personal injury and wrongful death including negligence, intentional tort, products liability, and conspiracy. *See* Complaint, ¶¶99-143. However, Plaintiffs fail to identify the specific products this Defendant or any other defendant is alleged to have manufactured, sold or distributed which injured particular plaintiffs. The Complaint states for each plaintiff, "Plaintiff was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed." Plaintiffs made no attempt to allege which of the 73 defendants manufactured or sold the asbestos-containing products to which each Plaintiff was allegedly exposed.

4. Plaintiffs simply claim this Defendant is a "Producer Defendant" which "produced and/or manufactured asbestos-containing products and/or materials and placed the asbestos-containing products and/or materials into the stream of commerce." Complaint, at ¶¶ 11-12. However, the Complaint does not indicate which of the Plaintiffs was allegedly exposed to this Defendant's or any other defendant's products. Absent some indication of the specific

products to which each Plaintiff claims harmful exposure, Defendant simply cannot formulate any rational responsive pleading to the Plaintiffs' claims. The Plaintiffs' Complaint is essentially nothing more than a list of Plaintiffs, defendants, and worksites. The Federal Rules of Civil Procedure require more.

5. The failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F. 3d 1075, 1129-30 (11th Cir. 2001).[1] Based on the foregoing, it is clear that the Plaintiffs' Complaint exemplifies a "shotgun" pleading, which causes disproportionately high transaction costs for the parties and impedes the Court's ability to administer justice by consuming inordinate amounts of the Court's time in inevitable discovery disputes. *Byrne,* 261 F. 3d at 1129, 1134. A "shotgun" pleading does not state sufficient facts to delineate the issues and set boundaries for discovery, therefore discovery disputes are inevitable. When faced with such a pleading, the proper relief is to require the plaintiff to file a more definite statement. *Anderson v. District Bd. Of Trs. Of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366-67 (11th Cir. 1996). Unless the court requires a repleader under Rule 12(e) or on its own initiative, a shotgun complaint leads to a shotgun answer. *Byrne*, 261 F. 3d at 1129.

6. At least one court District Court in Alabama has recently dismissed, *sua sponte*, a similar complaint alleging injury and damages from harmful exposure to silica. *See*, Order dated

---

[1] In *Byrne*, the Eleventh Circuit discussed in detail the many evils a court would face by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court, among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties…to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the quene waiting to be heard." *Byrne*, 261 F. 3d at 1130, 1131. The Eleventh Circuit observed in *Byrne*: "Why…would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claims; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id*. at 1130.

October 4, 2004; *Chancellor, et al. v. Air Liquide America Corp., et al.*, CV No. 04-BE-2554-S, attached as Exhibit A.  In *Chancellor*, the Plaintiffs' complaint did not provide a basis for determining what conduct by any given defendant was alleged to provide a basis for liability.  At best, the complaint suggested only that plaintiffs had respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives…while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry.   The Order provided:

> The court is acutely aware of its duty to dispose of shotgun complaints at the earliest opportunity.  Many defendants have already moved the court to dismiss the Plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement.  Many are even now heroically struggling to answer the complaint.  Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants…

*Id*. (internal citations omitted).

7. To require Defendant to respond with an answer would require Defendant to guess at which Plaintiffs actually allege exposure to some product at some worksite, and articulate for the record, out of an abundance of caution, every possible defense to every possible combination of claims.  Such a response would defeat the fundamental principal stated in Federal Rule of Civil Procedure Rule 8(e)(1) that pleadings be simple, concise, and direct.  Absent some indication of which Defendants' products, if any, each plaintiff was allegedly exposed, defendants simply cannot formulate any rational responsive pleading to the Plaintiffs' claims.

8. Plaintiffs' claims should be dismissed, or in the alternative, Plaintiffs should be required by this Court to replead this Complaint so as to allege with regard to each specific defendant (1) the specific product or products manufactured by that defendant to which each of the Plaintiffs claim alleged exposure, and (2) the period of alleged exposure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Allis-Chalmers Corporation Product Liability Trust respectfully requests this Court dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, enter an order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e), stating in detail the facts and circumstances of Plaintiffs' alleged exposure to each separate and specific product made the basis of this suit.

/s/ Haley A. Andrews
One of the Attorneys for Defendant
Allis-Chalmers Corporation Product Liability Trust

OF COUNSEL:

W. Larkin Radney IV (RADNL5271)
Haley A. Andrews (ANDRH6198)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
(205) 581-0700
(205) 581-0799 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2008, I served on the following counsel of record by United States Mail, a copy of the same:

G. Patterson Keahey, Jr., Esq.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza
Suite 612
Birmingham, AL  35209


and on the 31st day of March, 2008, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Alabama using the CM/ECF system.

      /s/ Haley A. Andrews
      Of Counsel

FILED
2006 Jul-24 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY S. CHANCELLOR, | ) |
| Plaintiff, | ) |
| and | ) |
| JOHN L. PARKER, | ) |
| Plaintiff, | ) Case No. CV-04-BE-2554-S |
| vs. | ) |
| AIR LIQUIDE AMERICA CORP., et al., | ) |
| Defendants. | ) |

**ORDER DISMISSING THE CASE**

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within **20 days of the date of this order.**

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing that the pleader is entitled to relief'.... 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

1

EXHIBIT A

that there is some legal basis for recovery.'" *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice 1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives...while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry.

Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims against them, it also contains numerous other inadequacies–among them, failure to state with particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court would have jurisdiction over this diversity action. Furthermore, the court finds that it will be impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

opportunity. *Byrne*, 261 F.3d at 1130.[1] Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement. Many are even now heroically struggling to answer the complaint. Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32. The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[1] In *Byrne*, the Eleventh Circuit detailed the many evils a court would countenance by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court–among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131. The Eleventh Circuit observed in *Byrne*: "Why...would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id.* at 1130.

3

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are MOOT.

Done and ordered this 8th day of October, 2004.

Karon O. Bowdre
United States District Judge