## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

**OTHRE E. BURNETT, et. al.,**
       **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO.: 2:08-CV-150**

**ALBANY INTERNATIONAL, et. al.,**
       **DEFENDANTS**

### AMERICAN OPTICAL CORPORATION'S ANSWER TO COMPLAINT

COMES NOW Defendant designated as American Optical Corporation ("AOC"), and by way of answer to Plaintiffs' Complaint states as follow:

### JURISDICTION

AOC admits that it is a corporation of a State other than the State of Alabama. AOC denies the remaining allegations in the Paragraph label *Jurisdiction* in so far as they apply to this Defendant and demands strict proof thereof. AOC is without knowledge or information sufficient to form a belief as to the truth or accuracy of the other allegations contained in this Paragraph pertaining to other Defendants.

### STATUTE OF LIMITATIONS

The matters contained in the Paragraph *Statute of Limitations* are legal conclusions and do not require response from AOC. If, however, the Court deems it necessary to provide a response, AOC denies the allegations contained in this Paragraph and demands strict proof thereof.

### BACKGROUND FACTS-THE PLAINTIFFS

1.    Defendant denies the material allegations contained in Paragraph 1 and demands strict

proof thereof.

2.      Defendant denies the material allegations contained in Paragraph 2 and demands strict proof thereof.

3.      Defendant denies the material allegations contained in Paragraph 3 and demands strict proof thereof.

4.      Defendant denies the material allegations contained in Paragraph 4 and demands strict proof thereof.

5.      Defendant denies the material allegations contained in Paragraph 5 and demands strict proof thereof.

6.      Defendant denies the material allegations contained in Paragraph 6 and demands strict proof thereof.

7.      Defendant denies the material allegations contained in Paragraph 7 and demands strict proof thereof.

8.      Defendant denies the material allegations contained in Paragraph 8 and demands strict proof thereof.

9.      Defendant denies the material allegations contained in Paragraph 9 and demands strict proof thereof.

## **BACKGROUND FACTS-THE DEFENDANTS**

10.     Defendant adopts and incorporates by reference herein all of the preceding Paragraphs as if fully set forth herein.

11.     Defendant denies the material allegations contained in Paragraph 11 and demands

strict proof thereof.

12.    Defendant denies the material allegations contained in Paragraph 12 and demands strict proof thereof.

13.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint; therefore, said material allegations are denied and strict proof thereof demanded.

14.    Defendant denies the material allegations contained in Paragraph 14 and demands strict proof thereof.

17-91  No allegations are made against AOC in Paragraphs 17 through 91 and, therefore, no response is required of AOC.  To the extent that the Court deems it necessary to provide a response, AOC is without sufficient information to form a belief as to the truth or accuracy of said allegations and, therefore, said allegations are denied and strict proof demanded thereof.

92.    Defendant denies the material allegations contained in Paragraph 92 and demands strict proof thereof.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

93.    Defendant adopts and incorporates by reference herein all of the preceding Paragraphs as if fully set forth herein.

94.    Defendant denies the material allegations contained in Paragraph 94 and demands strict proof thereof.

95.    Defendant denies the material allegations contained in Paragraph 95 and demands

strict proof thereof.

96.    Defendant denies the material allegations contained in Paragraph 96 and demands strict proof thereof.

97.    Defendant denies the material allegations contained in Paragraph 97 and demands strict proof thereof.

98.    Defendant denies the material allegations contained in Paragraph 98 and demands strict proof thereof.

<u>**COUNT ONE**</u>

**Alabama Extended Manufacturer's Liability Doctrine**

99..    Defendant adopts and incorporates by reference herein all of the preceding Paragraphs as if fully set forth herein.

100.    Defendant denies the material allegations contained in Paragraph 100 and demands strict proof thereof.

101.    Defendant denies the material allegations contained in Paragraph 101 and demands strict proof thereof.

102.    Defendant denies the material allegations contained in Paragraph 102 and demands strict proof thereof.

103.    Defendant denies the material allegations contained in Paragraph 103 and demands strict proof thereof.

## <u>COUNT TWO</u>

### Negligence and Intentional Tort

104.    Defendant adopts and incorporates by reference herein all of the preceding Paragraphs as if fully set forth herein.

105.    Defendant denies the material allegations contained in Paragraph 105 and demands strict proof thereof.

106.    Defendant denies the material allegations contained in Paragraph 106 and demands strict proof thereof.

107.    Defendant denies the material allegations contained in Paragraph 107 and demands strict proof thereof.

108.    Defendant denies the material allegations contained in Paragraph 108 and demands strict proof thereof.

109.    Defendant denies the material allegations contained in Paragraph 109 and demands strict proof thereof.

110.    Defendant denies the material allegations contained in Paragraph 110 and demands strict proof thereof.

111.    Defendant denies the material allegations contained in Paragraph 111 and demands strict proof thereof.

117.    Defendant denies the material allegations contained in Paragraph 117 and demands strict proof thereof.

112.    Defendant denies the material allegations contained in Paragraph 112 and demands

strict proof thereof.

113.    Defendant denies the material allegations contained in Paragraph 113 and demands strict proof thereof.

114.    Defendant denies the material allegations contained in Paragraph 114 and demands strict proof thereof.

115.    Defendant denies the material allegations contained in Paragraph 115 and demands strict proof thereof.

116.    Defendant denies the material allegations contained in Paragraph 116 and demands strict proof thereof.

## COUNT THREE

### Negligence in the course of employment

117.    Defendant adopts and incorporates by reference herein all of the preceding Paragraphs as if fully set forth herein.

118.    Defendant denies the material allegations contained in Paragraph 118 and demands strict proof thereof.

119.    Defendant denies the material allegations contained in Paragraph 119 and demands strict proof thereof.

120.    Defendant denies the material allegations contained in Paragraph 120 and demands strict proof thereof.

121.    Defendant denies the material allegations contained in Paragraph 121 and demands strict proof thereof.

122. Defendant denies the material allegations contained in Paragraph 122 and demands strict proof thereof.

123. Defendant denies the material allegations contained in Paragraph 123 and demands strict proof thereof.

## COUNT FOUR

### Fraudulent Concealment/Misrepresentation/Alternation of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy

124. Defendant adopts and incorporates by reference herein all of the preceding Paragraphs as if fully set forth herein.

125. Defendant denies the material allegations contained in Paragraph 125 and demands strict proof thereof.

126. Defendant denies the material allegations contained in Paragraph 126 and demands strict proof thereof.

127. Defendant denies the material allegations contained in Paragraph 127 and demands strict proof thereof.

139. (Sic) Defendant denies the material allegations contained in Paragraph 139(sic) and demands strict proof thereof.

128. Defendant denies the material allegations contained in Paragraph 128 and demands strict proof thereof.

129. Defendant denies the material allegations contained in Paragraph 129 and demands strict proof thereof.

130. Defendant denies the material allegations contained in Paragraph 130 and demands

strict proof thereof.

131.    Defendant denies the material allegations contained in Paragraph 131 and demands strict proof thereof.

132.    Defendant denies the material allegations contained in Paragraph 132 and demands strict proof thereof.

133.    Defendant denies the material allegations contained in Paragraph 133 and demands strict proof thereof.

134.    Defendant denies the material allegations contained in Paragraph 134 and demands strict proof thereof.

135.    Defendant denies the material allegations contained in Paragraph 135 and demands strict proof thereof.

136.    Defendant denies the material allegations contained in Paragraph 136 and demands strict proof thereof.

137.    Defendant denies the material allegations contained in Paragraph 137 and demands strict proof thereof.

138.    Defendant denies the material allegations contained in Paragraph 138 and demands strict proof thereof.

139.    Defendant denies the material allegations contained in Paragraph 139 and demands strict proof thereof.

## COUNT FIVE

### Product Liability, combined and concurring negligence, intentional tort and conspiracy

140.    Defendant adopts and incorporates by reference herein all of the preceding Paragraphs as if fully set forth herein.

141.    Defendant denies the material allegations contained in Paragraph 141 and demands strict proof thereof.

142.    Defendant denies the material allegations contained in Paragraph 142 and demands strict proof thereof.

143.    Defendant denies the material allegations contained in Paragraph 143 and demands strict proof thereof.

### JURY DEMAND AND AD DAMNUM

AOC denies that it is indebted to the Plaintiffs in any amount whatsoever.

**AND NOW,** having fully answered the allegations contained in the Complaint and having denied any liability whatsoever in this matter, the DEFENDANT would set forth the following defenses, to-wit:

### DEFENSES[1]

### FIRST DEFENSE

The Defendant pleads not guilty.

---

[1]AOC has contemporaneously herewith filed a Motion to Dismiss or in the Alternative Motion for a More Definite Statement and/or Motion to Sever and Memorandum in Support thereof.   By hereby contemporaneously filing this Answer, AOC does not waive but expressly reserves all defenses, rights, and arguments set forth and/or adopted therein.

## SECOND DEFENSE

_____The Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

_____

## THIRD DEFENSE

_____This Defendant denies each and every material averment of the Plaintiffs' Complaint, and demands strict proof thereof.

## FOURTH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH DEFENSE

The Plaintiffs' claims are time-barred by virtue of the time limitations imposed by the applicable statute of creation, rule of repose and/or statute of repose.

## SIXTH DEFENSE

This Defendant asserts that contributory negligence on the part of the Plaintiffs was the proximate cause of the injuries and damages alleged in the Complaint, therefore barring any recovery.

## SEVENTH DEFENSE

The Plaintiffs assumed the risk of their own conduct, barring any recovery.

## EIGHTH DEFENSE

This Defendant pleads the provisions set forth in § 6-2-30 of the Alabama Code.

## NINTH DEFENSE

This Defendant denies that it is guilty of any conduct which would entitle the

Plaintiffs to recover punitive damages.

### TENTH DEFENSE

The Defendant pleads the provisions of Alabama Code §6-11-20.

### ELEVENTH DEFENSE

The Defendant pleads the provisions of Alabama Code §6-11-21.

### TWELFTH DEFENSE

Defendant pleads spoliation and/or arbitration.

### THIRTEENTH DEFENSE

This Defendant avers that the Plaintiffs' injuries and damages were proximately caused by an "efficient intervening cause."

### FOURTEENTH DEFENSE

The accident was caused by the superceding negligence of a party not a defendant to this action.

### FIFTEENTH DEFENSE

There is a lack of causal relation between any act or omission of this Defendant and the injury sustained by the Plaintiffs.

### SIXTEENTH DEFENSE

This Defendant's fault, if any there be, was passive in nature.

### SEVENTEENTH DEFENSE

This Defendant avers that the Plaintiffs' alleged injuries and damages were the result of an unavoidable accident or occurrence.

## EIGHTEENTH DEFENSE

Any recovery had by the Plaintiffs must be reduced or set off by collateral sources paid to the Plaintiffs.

## NINETEENTH DEFENSE

To the extent that the Plaintiffs have concluded or may conclude a settlement or recover a verdict against any person, entity or party against whom the Plaintiffs have, or could have, made or will make a claim, then this Defendant is entitled to a set-off for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

## TWENTIETH DEFENSE

This Defendant pleads waiver and/or estoppel, including but not limited to equitable, collateral, judicial, legal or statutory.

## TWENTY-FIRST DEFENSE

The Plaintiffs' claims are barred by the doctrine of laches.

## TWENTY-SECOND DEFENSE

Defendant pleads abatement.

## TWENTY-THIRD DEFENSE

Defendant pleads prior pending action.

## TWENTY-FOURTH DEFENSE

The Plaintiffs' Complaint fails to name indispensable parties and must be dismissed, or, in the alternative, stayed pending appropriate relief by the Court.

## TWENTY-FIFTH DEFENSE

This Defendant pleads that the action is not prosecuted in the name of the real party in interest.

## TWENTY-SIXTH DEFENSE

Plaintiff(s) lack standing.

## TWENTY-SEVENTH DEFENSE

This Defendant pleads *res judicata*.

## TWENTY-EIGHTH DEFENSE

This Defendant pleads preemption.

## TWENTY-NINTH DEFENSE

This Defendant pleads the application of federal law and/or the laws of foreign state or jurisdiction.

## THIRTIETH DEFENSE

If it is determined that any form of recovery has been made by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then Defendant claims the benefit of such recovery by way of set off, payment, credit, recoupment, accord and satisfaction, or otherwise.

## THIRTY-FIRST DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, if such use is determined, the doctrine of *Res Ipsa Loquitur* does not apply to this litigation as parties other than this Defendant have had independent, intervening control of

the products.

## THIRTY-SECOND 0DEFENSE

This Defendant specifically denies that it mined, milled, processed, manufactured, supplied, distributed, marketed, or sold any products containing any asbestos that are causally related to the Plaintiffs' alleged injuries and denies it otherwise caused or contributed to the Plaintiffs' alleged injuries.

## THIRTY-THIRD DEFENSE

This Defendant denies that the Plaintiffs ever used products supplied by this Defendant and further denies that Plaintiffs were ever in proximity to products alleged to have been supplied by this Defendant.

## THIRTY-FOURTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant specifically denies that the product manufactured or distributed by it referred to in the Plaintiffs' Complaint was not reasonably fit and suitable for the purposes for which it was intended and further denies that any such product was in a dangerously defective and unsafe condition.

## THIRTY-FIFTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that the subject products were not in substantially the same condition at the time of the alleged accident or exposure as when they left this Defendant's possession.

## THIRTY-SIXTH DEFENSE

Without admitting the use of any product manufactured or distributed by this Defendant, Defendant avers that the subject product was not being used in a reasonable and foreseeable manner.

## THIRTY-SEVENTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, Defendant avers the defense of product modification.

## THIRTY-EIGHTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, the Plaintiffs and/or their co-employees and/or their employers and/or other entities misused the product.

## THIRTY-NINTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant denies that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was defective at the time of the incident complained of and demands strict proof thereof.

## FORTIETH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant denies that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was defective at the time it was designed, manufactured, and/or placed into the stream of commerce and demand strict proof thereof.

## FORTY-FIRST DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was designed and manufactured in accordance and in compliance with all known federal, state, and industry standards applicable at the time such product was placed in the stream of commerce.

## FORTY-SECOND DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was designed, manufactured, packaged, labeled, sold and distributed with the generally recognized "state-of-the-art" knowledge existing at the time said products were designed, manufactured, labeled, sold, and distributed, and, therefore, this Defendant can have no liability.

## FORTY-THIRD DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, based on the state of scientific skill and knowledge at the time any product manufactured or distributed by this Defendant referred to in the Plaintiffs' Complaint was placed on the market, such product was reasonably safe and the benefits and utility of such product exceeded any risks or dangers associated with it.

## FORTY-FOURTH DEFENSE

Without admitting the use of any products manufactured or distributed by this

Defendant, this Defendant avers that the Alabama Extended Manufacturers Liability Doctrine is constitutionally void in that it creates a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the Defendant to rebut such a presumption. Additionally, the Alabama Extended Manufacturers Liability Doctrine violates due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution. Additionally, the Alabama Extended Manufacturers Liability Doctrine deprives the Defendant of property in violation of due process and contrary to Article I, Section 6 of the Alabama Constitution. Moreover, the Alabama Extended Manufacturers Liability Doctrine denies the Defendant equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States. Additionally the Alabama Extended Manufacturers Liability Doctrine violates the equal protection components of the Alabama Constitution.

## FORTY-FIFTH DEFENSE

There can be no recovery against Defendant based on the Alabama Extended Manufacturer's Liability Doctrine because Defendant (i) was not "manufacturer of any asbestos-containing product(s) or material for purposes of application of this doctrine; (ii) Defendant did not cause or contribute to any defective condition alleged to have existed in any such product or material; (iii) any culpable conduct of Defendant, the existence of which is strenuously denied, occurred prior to the recognition of the doctrine and attempts to impose liability under said doctrine violate, separately and severally, the Fifth and Tenth Amendments of the Constitution of the United States and Article I, Section 7 of the Constitution of the State of Alabama of 1901.

### FORTY-SIXTH DEFENSE

Defendant pleads lack of causal relation and/or closed container doctrines.

### FORTY-SEVENTH DEFENSE

This Defendant denies that it is liable for failure to warn the Plaintiff directly or under any legal theory, however described.

### FORTY-EIGHTH DEFENSE

The Plaintiffs' decedent failed to observe warnings and instructions that were provided for his safety and protection and failed to use protective safety equipment.

### FORTY-NINTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, if such use is determined, the Plaintiffs' employers and other persons and/or entities other than this Defendant by reason of the warnings and information given to them and their own experience and expertise, were sophisticated users of any products supplied to them by this Defendant. Therefore, any duty to warn lies with the sophisticated user and not with this Defendant.

### FIFTIETH  DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, the learned intermediary doctrine is plead.

### FIFTY-FIRST DEFENSE

Defendant alleges that any exposure of the Plaintiffs to asbestos-containing products was so minimal as to be insufficient to establish to a reasonable degree of certainty or

probability that the injuries and damages complained of resulted from any exposure to, or defects from, such products.

### FIFTY-SECOND DEFENSE

To the extent the Complaint seeks to state a cause of action for breach of warranty, it fails to do so, inasmuch as there is no privity between Plaintiffs and this Defendant. Furthermore, the Plaintiffs have failed to provide sufficient notice to this Defendant of any such breach as is required by the Uniform Commercial Code or otherwise.

### FIFTY-THIRD DEFENSE

This Defendant had no control over the working conditions, methods of fabrication, and other factors pertaining to the use of its products as described in the Complaint. Plaintiffs' employers and/or unions and/or other entities were at all times responsible for working conditions, and other factors pertaining to said products, and all employers and/or unions and/or other entities were possessed of the same, or greater, knowledge as this Defendant. Hence, the duty, if any, to warn the Plaintiffs of the hazards described was a duty placed upon and assumed by the applicable Plaintiffs' employers and/or unions and/or other entities, and, thereby, this Defendant was relieved of said duty.

### FIFTY-FOURTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that all situations and conditions, and the dangers, if any, arising from the use of any materials containing asbestos, were open and obvious to the Plaintiffs, and if any dangers existed as are claimed by the Plaintiffs, which is specifically

denied, such dangers, if existing, were apparent and easily discernable by the Plaintiffs, and the Plaintiffs knew as much about the danger as did this Defendant, as such matters were well known to him or should have been known to him; but, nevertheless, the Plaintiffs continued in his work to subject himself to air which was laden with dust, including asbestos-containing materials, and such conditions, if existing, were not such that this Defendant would be legally liable to the Plaintiffs therefor.

## FIFTY-FIFTH DEFENSE

This Defendant avers that the Plaintiffs at all times knew of the dangers involved with the materials containing asbestos and of the dangers in working in dust-laden air where materials containing asbestos were in use and had actual notice and knowledge thereof, or, in the alternative, should have known thereof, and he knew and appreciated the nature and extent of such dangers, if any, yet continued to use and to work with such materials and under such conditions with such knowledge and, therefore this Defendant owed him no duty to warn of potential dangers involved if any.

## FIFTY-SIXTH DEFENSE

This Defendant avers that if the Plaintiffs sustained any injury or damage for which the Plaintiffs makes claim against this Defendant, and which are denied by this Defendant, that such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on Plaintiffs' job sites and substances other than those supplied by this Defendant, and by cumulative exposure to all types of environmental industrial pollutants of

air and water.  This Defendant avers that the Plaintiffs is not entitled to recover of this Defendant.

### FIFTY-SEVENTH DEFENSE

The Plaintiffs have failed to mitigate his damages.

### FIFTY-EIGHTH DEFENSE

Any alleged damages to the Plaintiffs occurred as a result of pre-existing medical conditions and medical conditions unrelated to asbestos exposure, causes, or injuries which are completely unrelated to this Defendant, and the existence of these pre-existing or other medical conditions, causes, or injuries are specifically pleaded in bar to or mitigation of any recovery sought herein.

### FIFTY-NINTH DEFENSE

Defendant denies that Plaintiffs are entitled to damages of the nature, type and/or amount sought in the Complaint.

### SIXTIETH DEFENSE

Defendant contends Plaintiffs are not entitled to a jury trial for the claims and/or damages asserted in the Complaint.

### SIXTY-FIRST DEFENSE

There was no conspiracy or concert of action between this Defendant and any other Defendant herein.

### SIXTY-SECOND DEFENSE

Defendant pleads open and obvious.

### SIXTY-THIRD DEFENSE

Venue is improper in the Middle District.

### SIXTY-FOURTH DEFENSE

This Defendant pleads an alternative venue defense, specifically, the defense of *forum non conveniens*.

### SIXTY-FIFTH DEFENSE

In the event the Plaintiffs' exposure or claimed exposure or injury occurred during the performance of any military or government contract, or pursuant to any military or government specification, then the products or materials provided by this Defendant, if any, were in accordance with the specifications and instructions of the United States Government, or its agencies, as to which all appropriate disclosures were made and as a result of which this Defendant would be immune to any claims made by the Plaintiffs. If the standards and specifications of the United States Government created a dangerous condition, the United States Government knew or reasonably should have known of such dangers and should have educated or warned the workers. The failure to do so was the proximate cause, or proximate contributing cause, of the alleged injuries and damages, if any.

### SIXTY-SIXTH DEFENSE

If the Plaintiffs ever worked in a shipyard, then to the extent that he did so, any alleged damages or injuries were proximately caused and contributed to by the negligence of the Department of the Navy, United States of America, or other governmental entities in issuing the standards and specifications for materials and methods of work to be used,

specifically requiring the use of asbestos and asbestos-containing products in the construction and overhaul of surface ships and submarines.

### SIXTY-SEVENTH DEFENSE

This Court lacks *in personam* jurisdiction over this Defendant, and, further, lacks jurisdiction over the subject matter of this action.

### SIXTY-EIGHTH DEFENSE

This Defendant pleads insufficiency of process.

### SIXTY-NINTH DEFENSE

This Defendant pleads insufficiency of service of process.

### SEVENTIETH DEFENSE

This Defendant pleads the exclusivity provision of Alabama's Worker's Compensation Act to the extent that Plaintiffs are deemed employees.

### SEVENTY-FIRST DEFENSE

The Plaintiffs' claims are barred, in whole or in part because the product described in the Complaint complied with all applicable laws and regulations to which the product was in any way subject.

### SEVENTY-SECOND DEFENSE

The Plaintiffs' claims are barred, in whole or in part because the product described in the Complaint complied with all applicable laws and regulations to which the product was in any way subject.

## SEVENTY-THIRD DEFENSE

The Plaintiffs' claims are barred, in whole or in part because the product described in the Complaint complied with all applicable laws and regulations to which the product was in any way subject.

## SEVENTY-FOURTH DEFENSE

Defendant denies that it owed or breached any duty to Plaintiffs.

## SEVENTY-FIFTH DEFENSE

Defendant reserves the right to add any later defenses which discovery might reveal to be available.

## SEVENTY-SIXTH DEFENSE

Plaintiffs' Complaint fails to plead the fraud claims with specificity or particularity.

## SEVENTY-SEVENTH DEFENSE

With respect to any claim by Plaintiffs for punitive damages, Defendant, separately and severally assigns the following defenses:

1.    Defendant denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Defendant.

2.    Plaintiffs' claims for the recovery of punitive damages are barred by and/or subject to all applicable limitations established by the Alabama legislature including those set forth in §6-11-21, *et. seq.*, Code of Alabama.

3.      Defendant denies that it was or has engaged in a pattern or practice of intentional wrongful conduct, and denies that Plaintiffs have produced evidence sufficient to support or sustain a pattern or practice of intentional wrongful conduct by Defendant so as to justify an award of punitive damages.

4.      Plaintiffs cannot recover punitive damages against Defendant because such an award, which is penal is nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States (the "United States Constitution"), unless Defendant is afforded the same procedural safeguards as are criminal defendants, including but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents and the right to the requirement of a level of proof beyond a reasonable doubt.

5.      Subjecting or affirming an award of punitive damages against Defendant in this case would amount to and constitute a denial of due process as afforded by the due process clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of Art. I § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)      Any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a

standard of evidence beyond a reasonable doubt;

(b)    There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award, and such an award is subject to no predetermined limit;

(c)    Use of the <u>Alabama Pattern Jury Instructions</u> 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)    Any punitive damage award would not be subject to post-trial and judicial review on the basis of objective standards and criteria;

(e)    The power and authority imposed upon the jury under Alabama law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

(f)    Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and Defendant's alleged wrongful or culpable conduct;

(g)    Under Alabama law and procedure, there is no objective, logical or relational relationship between the award, or the amount of the award,

of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)    Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)    In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against Defendant for any portion of that judgment regardless of Defendant's culpability, or relative culpability;

(j)    Should the Court require the award of punitive damages in a single joint and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k)    Where a joint and several punitive damage award is mandated to be in a single amount, against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the culpability of the conduct of the respective defendants;

(l)    An award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without process of law;

(m)    An award of punitive damages may be assessed against Defendant for unauthorized acts of its agent or agents without any additional requirement of knowledge of fault on the part of Defendant;

(n)    An award of punitive damages may be assessed against Defendant "vicariously" as a principal without any further proof of independent wrongful conduct or ratification by Defendant;

(o)    Alabama Procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts.

(p)    Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which governs the award, or the amount of the award, or punitive damages;

(q)    The procedures pursuant to which punitive damages are awarded fail

to provide a reasonable limit on the amount of the award against Defendant;

(r)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(t)     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

6.      To award punitive damages against Defendant in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I §15 of the Alabama Constitution.

7.      To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

8.      To award punitive damages against Defendant in this case would violate the commerce clause of the United States Constitution by chilling and impending Defendant from engaging in interstate commerce, and such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

9.      Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiffs' Complaint.

10.     Plaintiffs' claims for punitive damages against Defendant are barred by the

Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

11.    Based upon Alabama procedures relative to punitive damages, which provided no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, this defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1 §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

12.    Plaintiffs' Complaint seeks to make this defendant liable for punitive damages. The Supreme Court of the United States has issued opinions in the cases styled <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589, 134 L.Ed. 2d (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 121 S.Ct. 1678, 149 L.Ed. 2d 674 (2001), and <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S.Ct. 1513 (2003), on the issue of punitive damages.  Defendant adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of United States in those cases.

13.    Plaintiffs' claim for punitive damages violates the rights of this defendant to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden</u> and <u>Green Oil Company v. Hornsby</u> is unconstitutionally vague and inadequate in the following respects:

(a)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined

standard for courts to apply in reviewing punitive damages;

(b)    The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this defendant;

(c)    The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)    The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)    This procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)    The Hammond and Green Oil procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

14.    Defendant avers that Alabama Code § 8-8-10 (1975) is unconstitutional as it applies to the imposition of post-judgment interest to a punitive damages award.

15.    Defendant has acted at all times in compliance with all regulatory requirements under State and Federal law applicable to the phase of its operations complained of by

Plaintiffs so punitive damages cannot be awarded to Plaintiffs.

16.    In the event, and to the extend that, the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed b y § 6-11-20, Ala. Code 1975, then, and to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

17.    Plaintiffs' demand for punitive damages constitutes double jeopardy in violates the Alabama and United States Constitutions.

18.    To the extent that punitive damages are awarded on a joint and several basis against one or more defendants, such an award violates § 6-11-21(e) of the Code of Alabama.

19.    Plaintiff is not entitled to a jury trial with respect to the claims for punitive damages.

## SEVENTY-EIGHTH DEFENSE

This Defendant also adopts all defenses pled by other Defendants, whether by answer or motion filed in this matter.

Done this the 1st day of April, 2008.

Respectfully submitted,

**s/Freddie N. Harrington, Jr.**
ASB-8773-G37F
SCOTT, SULLIVAN, STREETMAN
& FOX, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
205-967-9675
FAX: 205-967-7563
fharrington@sssandf.com

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

**OTHRE E. BURNETT, et. al.,**
     **PLAINTIFFS**

**v.**                       **CIVIL ACTION NO.: 2:08-CV-150**

**ALBANY INTERNATIONAL, et. al.,**
     **DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that on April 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: G. Patterson Keahey, Jr., Esq.

Attorneys for Plaintiffs
G. Patterson Keahey, Jr., Esq.
LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
(205) 871-0707

                                   Respectfully submitted,


                                   **s/Freddie N. Harrington, Jr.**
                                   ASB-8773-G37F
                                   SCOTT, SULLIVAN, STREETMAN
                                   & FOX, P.C.
                                   2450 Valleydale Road
                                   Birmingham, Alabama 35244
                                   205-967-9675
                                   FAX: 205-967-7563
                                   fharrington@sssandf.com