**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

OTHRE E. BURNETT, et. al.,
    PLAINTIFFS

v.                                                    CIVIL ACTION NO.: 2:08-CV-150

ALBANY INTERNATIONAL, et. al.,
    DEFENDANTS

<u>**AMERICAN OPTICAL CORPORATION'S MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE**
**STATEMENT AND/OR MOTION FOR SEVERANCE AND**
**MEMORANDUM BRIEF IN SUPPORT THEREOF**</u>

COMES NOW Defendant designated as American Optical Corporation (hereinafter

sometimes referred to as "AOC") by and through its attorney of record and moves this Court

for relief pursuant to Federal Rules Civil Procedure 9(b)(12)(b)(6), 12(c) and 12(e).[1]  In

support thereof AOC states as follows:

<u>**INTRODUCTION AND PROCEDURAL HISTORY**</u>

This personal injury action involves the claims of nine (9) Plaintiffs against seventy-

three (73) Defendants, including American Optical Corporation.  Plaintiffs and/or Plaintiff's

Decedents are or were residents of Alabama. [Complaint, ¶¶ 1-9] There is no reference to

citizenship.  Generally the Plaintiffs contend that they or their decedents have been

---

[1] AOC further adopts and specifically incorporates as if fully set forth herein, those authorities and arguments asserted by Co-Defendants' Motion to Dismiss to include but limited to Foster Wheeler Corporation (Doc.73); BP America, Inc., BP Amoco Chemical Company, Industrial Holdings f/k/a The Carborundum Company and Ingersoll-Rand Company (Doc.81) ; Honeywell, Inc. (Doc.84); John Crane, Inc. (Doc.85); Sepco Corporation (Doc.86); Trane US, Inc. f/k/a American Standard, Inc. (Doc.112); ITT Corporation f/k/a ITT Industries, Inc. and Bell & Gossett a subsidiary of ITT Corporation f/k/a ITT Industries, Inc. (Doc.114); The Lincoln Electric Company and Hobart Brothers Company (Doc.116); Buffalo Pumps, Inc. (Doc121); Cleaver Brooks (Doc.124); Cooper Industries, LLC f/k/a Cooper Industries, Inc., Individually and as Successor-in-Interest to Crouse-Hinds (Doc.125); Clark-Reliance Corporation (Doc.126).

"continually exposes to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants..." [Complaint, ¶¶ 1-9]

## I.      Plaintiffs' Complaint is Due to be Dismissed for Lack of Subject Matter Jurisdiction.

Recently the U.S. Court of Civil Appeals for the Eleventh Circuit affirmed the dismissal of an asbestos complaint for lack of subject matter jurisdiction. *See* Beavers vs. A.O. Smith Electrical, Nos. 06-15401 and 07-11401 (11th Cir. February 13, 2008); attached hereot as Exhibit 1.  The Beavers Complaint was filed by the same plaintiffs' counsel as in the present case, and the Complaint is nearly identical to the Complaint in this case.

The Eleventh Circuit affirmed the dismissal of the Beavers Complaint on two grounds: (1) the Plaintiffs alleged only the residency, not the citizenship of the Plaintiffs; and (2) Plaintiffs failed to allege that each individual Plaintiff's claims met the amount in controversy required.  As explained in the Eleventh Circuit's opinion, "[C]itizenship, not residency, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Beavers, slip op. at 13. (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Additionally, "where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement." Beavers, slip op. at 13.

In the present case, plaintiffs only allege residency and not their states of citizenship. Without the citizenship of each plaintiff, this Court lacks subject matter jurisdiction.  Also,

plaintiffs, in asserting diversity as the basis of subject matter jurisdiction, generally state in the Complaint, "The amount in controversy, exclusive of interests and costs, exceed $75,000.00 and is within the jurisdiction of the court." (*See* Complaint, p.6).  There are no allegations that the individual plaintiff's claims meet the amount in controversy requirement. The plaintiffs' claims arise out of their separate exposure to asbestos at different locations over different time periods and therefore, the plaintiffs were required to allege that each individual plaintiff's claims met the amount in controversy requirement." <u>Beavers</u>, slip op. at 14.

In <u>Beavers</u>, the Eleventh Circuit affirmed dismissal of a Complaint for lack of subject matter jurisdiction when the only possible jurisdictional basis was diversity and the complaint failed to allege the citizenship of each plaintiff and failed to assert that the amount in controversy requirement was met for each plaintiff's claims.

In this case, Plaintiffs' Complaint is also due to be dismissed for lack of subject matter jurisdiction for the reasons enumerated above.

<u>**ARGUMENT**</u>

II.    <u>**Plaintiffs' Complaint Fails to State a Claim Upon Which Relief May be Granted Pursuant to Rule 12(b)(6), 8(a), and 10(b), Federal Rules of Civil Procedure**</u>.

FRCP 8(a) requires a plaintiff to plead "a short and plain statement of the claims showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct."  Rule 8(e), Fed.R.Civ.P. "It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the

Court, can obtain a fair idea of what the plaintiff is complaining..." <u>Hoshman v. Esso Standard Oil Co.</u>, 263 F.2d 499, 501 (5th Cir. 1959) (citations omitted).  A plaintiff may not merely "label his or her claims" to survive a Motion to Dismiss, but must give the defendant fair notice of the claims and grounds upon which they rest.  <u>Veltman v. Walpole Pharmacy, Inc.</u>, 928 F.Supp. 1161 (M.D.Fla. 1996) (*see also*, <u>Williams v. Lear Operations Corporation</u>, 73 F.Supp 1377 (N.D.Ga. 1999). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a Motion to Dismiss." <u>Jefferson v. Lead Industries Ass'n, Inc.</u>, 106 F.3d 1245, 1250 (5th Cir. 1997) (citations omitted); *see also* <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (U.S. 2007) (factual allegations must be enough to raise a right to relief above the speculative level).  Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action.

In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary.  *See* <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001).  In <u>Magluta</u>, the Court described a shotgun complaint as one that ignores the requirements of a "short and plain statement." <u>Id.</u>  Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained." <u>Id.</u>  The present Complaint does exactly what the Eleventh Circuit has repeatedly condemned.

In <u>Sidney Chancellor, et.al. v. Air Liquide America Corp., et.al.</u>, Case No. CV-04-BE-

2554-S (ND.Ala., October 8, 2004), (unpublished) Judge Karen O. Bowdre *sua sponte* dismissed a similar shotgun complaint, without prejudice.  Chief among her reasons included the failure to state a claim upon which relief could be granted and failure to plead with the required particularity.  Judge Bowdre stated that the complaint, "[a]t best....suggests only that plaintiffs have respiratory illness, that Plaintiffs were exposed to silica during all or part of [their] working lives...while working at various work sites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry.  Id. at 2.  Furthermore, "the Complaint forces the defendants to guess at what they each may have done to injury the Plaintiffs, and when, where and how."  Id.  In holding that dismissal was the correct approach, the Court stated, "[t]he Court is acutely aware of its duty to dispose of shotgun Complaints at the earliest opportunity...rather than wait until justice has been obstructed by the inadequacies of this Complaint 'scarce judicial and para judicial resources' are further wasted.  The Court *sua sponte* dismissed each case as to all defendants without prejudice and with leave to re-file a Complaint that complies with all of the requirements of the Federal Rules of Civil Procedure.  Id. at 2-3.  [*See* Order of Dismissal attached hereto as Exhibit 2]

Chief Judge U.W. Clemons in the Northern District of Alabama similarly ordered the *sua sponte* dismissal of Skip Palmer, et.al., v. Aearo Corp., et.al., Case No. 7.04-CV-3262-U.W.C. (N.D.Ala. May 31, 2005) (unpublished).  Chief Judge Clemon noted:

> Neither the defendants nor the Court can discern from plaintiff's Complaint a fair idea of what the plaintiffs are complaining.  The Complaint suggests that the plaintiff's have occupational lung disease, that plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-

three (23) defendants in someway participated in the sandblasting industry. However, it is not clear what defendants produced which products, and the resulting causes of action related to those products.

The Complaint alleges that different groups of defendants negligently manufactured equipment, failed to inform of possible danger, *etc*. However, the Complaint does not state when, where, or how the defendants have injured the plaintiffs. Furthermore, the plaintiffs do not explain which causes of action apply to which defendants. Therefore, the plaintiffs do not allow the defendants to adequately defend themselves in response to the Complaint.

Id. [*See* Order of Dismissal which is attached hereto as Exhibit 3]

The absence of any specific acts, conduct, or factual allegations directed against a named defendant entitles that defendant to have the Complaint dismissed against it. Clark v. Sierra, 837 F.Supp. 1179, 1982 (M.D.Fla. 1993); Potter v. Clarke, 497 F.2d 1206, 1207 (7th Cir. 1974). In this case, the plaintiffs generically name numerous products allegedly manufactured by seventy-three defendants, which might have caused, directly or indirectly, harm to the plaintiffs or their decedents. Like Chancellor and Palmer, the vague nature of the Complaint forces all of the defendants, including AOC, to guess "what each may have done to injury the plaintiffs, and when, where and how."

Although the Complaint lists vague descriptions of products produced or distributed by the defendants, it fails to make clear "the resulting causes of action related to those products." In short, the plaintiffs have failed to provide sufficient detail "so that the defendant[s], and the Court can obtain a fair idea of what the plaintiffs are complaining, and can see that there is some legal basis for the recovery. Because plaintiffs' Complaint fails to provide a short and plain statement of plaintiffs' claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The disjointed and shotgun approach to pleading taken by plaintiffs is clearly inadequate to satisfy their burden. Beginning in Paragraph 12 of the Complaint, plaintiff uses the label "Producer Defendants" to refer to the defendants named therein, including AOC, stating, [t]he asbestos-containing products produced by each defendant that had been identified at plaintiff's workplace during their employment years there, are set out herein below." First, defendants have no idea to which plaintiffs the word "their" refers to in the Complaint as there are nine named plaintiffs. Plaintiffs' list generic products by type for certain defendants, including the allegation that AOC produced "protective covering." [Complaint ¶17] Unfortunately, there is absolutely no information to apprise AOC as to which work place, let alone the period of employment, a particular plaintiff is referring to nor how, when or where the plaintiffs or their decedents were allegedly exposed to a specific product of a AOC.

Furthermore, the remaining Paragraphs of the Complaint merely allege five causes of action against the "defendants." AOC is not specifically identified, other than generically as "defendants", in any of the alleged causes of action. A Plaintiff may not conjure a hodgepodge of legal theories and labels, call it a complaint and survive a Motion to Dismiss. Instead, he/she must give the defendant fair notice of the claims and the grounds upon which they rest. Veltman, supra; Williams, supra. For this very reason, Chief Judge U.W. Clemon previously dismissed the case of Vera Beavers, et.al., v. V.A.O. Smith Electrical Products Company, et.al., Case No. 2:06-CV-899-UWC (N.D.Ala. May , 2006). In particular, Chief Judge Clemon noted that the plaintiffs' Complaint did "not specifically link specific causes

of action to a specific defendant." [2] [*See* Order of Dismissal and Memorandum Opinion on Motions to Dismiss attached hereto collectively and marked as Exhibit 4]

A complaint which on its face is vague and ambiguous does not constitute a well plead complaint. *See generally* <u>Byrne v. Nezhat</u>, 261 F.3d 1128-1131 (11th Cir. 2001). Plaintiffs' Complaint in the present action miserably fails to satisfy the long standing principals herein above discussed. Consequently, a dismissal is warranted.

## III.    <u>John Marona's[3] Claim is Barred by the One Year Statute of Limitations.</u>

Pursuant Ala. Code §6-2-39(repealed in 1980), Alabama had a one year statute of limitations for personal injury actions not resulting in death. This meant that the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger. This rule was changed in 1980, but the Alabama Supreme Court has declared that the change did not apply retroactively. *See* <u>Tyson v. Johns-Mansville Sales Corp.</u>, 399 So.2d 263 (Ala. 1981) and <u>Johnson v. Garlock, Inc.</u>, 682 So.2d 25, 26-28 (Ala. 1996). Consequently, a personal injury plaintiff who was last exposed to asbestos before May 19, 1979 must bring suit within one year of the last date of exposure. <u>Id.</u> According to the Complaint, John Marona's last exposure to any asbestos-containing products and materials made the basis of the subject litigation occurred not later than 1967 "as an equipment operator at Gulf Slate Company in Muscle Shoals, Alabama." [Complaint

---

[2] The District Court's dismissal of this action is currently on appeal in the Eleventh Circuit.

[3] The Style of the Complaint identifies a "Jeff F. Marona" but not "John Marona." For purposes of this motion it is assumed that the allegations in the body of the Complaint apply to the proper Marona Plaintiff.

¶5] The previous one year statute of limitations accrued at that point and expired well before May 19, 1979. John Marona failed to assert any personal injury claim within the one year statutory period; therefore, his present claims are barred.

**IV.    Emma Jean Barton's Claims are Barred by the Statute of Limitations.**

For exposures occurring after 1980, the two year Statute of Limitations applies. *See* Tyson v. Johns-Mansville Sales Corp., 399 So.2d 263 (Ala. 1981); Johnson v. Garlock, Inc., 682 So.2d 25, 26-28 (Ala. 1996). Emma Jean Barton claims a diagnosis of lung cancer on or about June 14, 2004. [Complaint ¶2] More than two years has expired since her diagnosis. Since the Complaint was not filed until March 4, 2008, more than four years after her diagnosis, her claims are due to be dismissed.

**V.     Improper Venue**

Title 28 U.S.C.A. §1391 states in part:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiffs allege that this Court has jurisdiction based on diversity of citizenship. [Complaint "Jurisdiction"] Plaintiffs further allege that "Defendants are corporations whose principal places of business are in states other than the State of Alabama." Id. Most of the Plaintiffs identify residency and/or work places which do not fall in the Middle District of

Alabama.  Since Plaintiffs' claims cannot satisfy the associated venue requirements, venue is improper and/or those Plaintiffs' not having proper venue must be severed and/or dismissed.

## VI.    **Improper Joinder**

Rule 20, Fed.R.Civ.P., provides in pertinent part, that "[a]ll person may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respective of or arising out of the same transaction, occurrence, or series of transactions, or occurrences and if any question of law or fact, common to all these persons will arise in the action."  Here, Plaintiffs generally allege that they or their Decedents have been exposed to asbestos and asbestos-containing products.  Plaintiffs failed to allege facts indicating that their right to relief arising out of the transactions or occurrences.  Instead, Plaintiffs require the Defendants, and this Court to presume that a common set of facts, or questions of law, form the basis of their claims.  Rule 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief.  Indeed, Plaintiffs identify various work sites across the nation having no commonality by location or employment period.  Moreover, it is not readily apparent on the face of the Complaint as to whether all or some of particular Defendants' products were at some or all of the alleged work sites or for any given period.

Additionally, the lack of common relief warrants severance of Plaintiffs' claims.  The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims.  It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages and not to compensatory damages available to personal injury plaintiffs.  <u>Cherokee Elec. Coop</u>

v. Cochran, 769 So.2d 1188, 1193 (Ala. 1997).  If nothing else, the wrongful death claims

should be severed from the personal injury claims.

## VII.    Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e), Fed.R.Civ.P.

Rule 12(e) provides that "[if] a pleading to which a responsive pleading is permitted

is vague or ambiguous that a party cannot reasonably be required to frame a responsive

pleading, he made move for a more definite statement before interposing a responsive

pleading."  The law requires specificity such that a defendant is aware of the claims brought

against it and is able to file responsive pleadings in good faith.  If a petition is ambiguous or

does not contain sufficient information to allow a responsive pleading to be framed, the

defendant may file a motion for more definite statement.  *See* Sisk v. Texas Park and Wildlife

Dept., 644 F.2d 1056, 1059 (5th Cir. 1981).

As demonstrated herein above, Plaintiffs' Complaint fails to put AOC on notice as to

the transactions or occurrence that form the basis of their claims.  Plaintiffs specifically fail

to aver any dates, work sites, or facts indicating their alleged use of an AOC product or more

specifically, the Complaint wholly fails to identify a particular AOC product.  AOC cannot

properly respond to such bare allegations. Consequently, AOC is left to plead with abandon

in possible violation of its obligations to file a concise responsive pleading.

Moreover, Rule 9(b) Fed.R.Civ.P., requires that "[i]n all averments of fraud or

mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

It has been said that this Rule "serves an important purpose in fraud actions by alerting

defendants to the 'precise misconduct with which they are charged' and protecting

defendants 'against spurious charges of immoral and fraudulent behavior.'" <u>Durham v. Business Management Associates</u>, 847 F.2d 1505, 1511 (11th Cir. 1988) (citations omitted). The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of Rule 9(b). *See e.g.* <u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1210 (11th Cir. 2001); <u>Hendley v. American National Fire Ins. Co.</u>, 842 F.2d 267, 269 (11th Cir. 1988); <u>Friedlander vs. Nims</u>, 755 F.2d 810, 813 (11th Cir. 1985).

In order to satisfy the particularity requires, a plaintiff must aver "(1) precisely what statements were made and what documents or oral representations or what omissions were made; and (2) the time and place of each set statement and the person responsible for making (or in the case of omissions, not making) same; (3) the content of such statements and the manner in which they mislead the plaintiff[], and (4) what the defendant[] obtained as a consequence of the fraud. <u>United States ex rel Clausen v. Lab Corp. of America</u>, 290 F.3d 1301, 1310 (11th Cir. 2002) (citations omitted). In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which formed the basis of plaintiff's claim against that particular defendant. *See* <u>Books v. Blue Cross Blue Shield of Fla.</u>, 116, F.3d 1364, 1381 (11th Cir. 1997); *See also* <u>Friedlander v. Nims</u>, 755 F.2d 813 (11th Cir. 1985).

In the present matter Plaintiffs generally allege that the Defendants misrepresented, concealed and/or altered scientific evidence regarding alleged health hazardous of asbestos. However, the Plaintiffs have failed to identify any false statements made by AOC or even the time, place, and individual responsible for such statements. In fact, AOC is not even

identified as member of any of the organizations specified in the claim. As a result of Plaintiffs' failure to set forth specific facts as to AOC, the Complaint with respect to the fraud claims is deficient and due to be dismissed for failure to comply with Rule 9(b), Fed.R.Civ.P.

**VII.    Assuming, *Arguendo* Compliance with Rules 8, 9 and 10, Fed.R.Civ.P., Plaintiffs' Complaint is Still Due to be Dismissed for Failure to Adequately Set the Bounds of Discovery.**

The "shotgun" style exemplified by the Complaint mandates relief in favor of Defendants. In <u>Byrn v. Nezhat</u>, 261 F.3d 1075 (11th Cir. 2001), the Court identified a "shotgun" pleading as one that fails to set forth sufficient facts to define the underlying issues and claims in the case and, thus, set boundaries for discovery. The Court warned that "shotgun" pleadings, such as Plaintiffs' Complaint caused disproportionally high transaction costs for the parties and impedes the Court's ability to administer justice by "consuming an inordinate amount of the Court's time" in the inevitable discovery disputes. "Justice is [often] delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." <u>Id.</u> at 1130; *see also* <u>Sikes v. Teleline, Inc.</u>, 281 F.3d 1350, 1357 (11th Cir. 2002); <u>Cramer v. Florida</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996).

In the case *sub judice*, Plaintiffs fail to delineate specific claims made against AOC from the claims made against other Defendants. The Complaint only generically identifies five causes of action and fails to allege sufficient facts or identify specific AOC product which would put AOC on notice as to the transactions or occurrences which form the basis

of their claims. Said deficiencies herein delineated subject AOC and all Defendants to "unchanneled discovery," "impose unwarranted expense on the litigates, the Court and the Court's parajudicial personnel and resources." Such a result is intolerable and exactly the sort of thing notice pleading is designed to prevent. <u>Cramer</u>, 117 F.3d at 126.

WHEREFORE PREMISES CONSIDERED, AOC respectfully requests this Court to dismiss Plaintiffs' Complaint against AOC. In the alternative, AOC requests the Court to require Plaintiffs to replead the Complaint with the required specificity, sever the claims and transfer to an appropriate venue. AOC reserves all other defenses and claims not herein set out.

Done this the 1st day of April, 2008.

Respectfully submitted,

**s/Freddie N. Harrington, Jr.**
ASB-8773-G37F
SCOTT, SULLIVAN, STREETMAN
& FOX, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
205-967-9675
FAX: 205-967-7563
fharrington@sssandf.com

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

**OTHRE E. BURNETT, et. al.,**
     **PLAINTIFFS**

**v.**                          **CIVIL ACTION NO.: 2:08-CV-150**

**ALBANY INTERNATIONAL, et. al.,**
     **DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 1, 2008</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: G. Patterson Keahey, Jr., Esq.

<u>Attorneys for Plaintiffs</u>
G. Patterson Keahey, Jr., Esq.
LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
(205) 871-0707

Respectfully submitted,

<u>**s/Freddie N. Harrington, Jr.**</u>
ASB-8773-G37F
SCOTT, SULLIVAN, STREETMAN
& FOX, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
205-967-9675
FAX: 205-967-7563
fharrington@sssandf.com

# EXHIBIT 1

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| |
|---|
| **FILED** |
| **U.S. COURT OF APPEALS** |
| **ELEVENTH CIRCUIT** |
| **February 13, 2008** |
| **THOMAS K. KAHN** |
| **CLERK** |

Nos. 06-15401 & 07-11401
Non-Argument Calendar

D. C. Docket No. 06-00899-CV-UWC-2-S

VERA L. BEAVERS,
personal representative for The Estate of
Charles A. Abernathy, deceased,
DOUGLAS AKINS,
CLEBURN E. ADERHOLT,
CLARICE W. ANDERSON,
spouse and personal representative for the Estate
of Henry L. Anderson, deceased,
DONALD F. ARMSTRONG,
ERNEST W. AUSTIN,
JERRY WAYNE BARFIELD,
ROBERT H. BARKER,
RUTH L. ALLEN,
daughter and personal representative for
Jerry Allen Barronton, deceased,
SHIRLEY DARLENE BARROW,
personal representative for the Estate of
Carl A. Barrow, deceased,
ETHAL BATES,
spouse and personal representative for the Estate
of John H. Bates, Jr., deceased,
DEBRA BAYLIS,
spouse and personal representative for the Estate
of
John Baylis, deceased,

ROBERT L. BECKWITH,
JOHN W. BLACKERBY,
personal representative for the Estate of
Ernest Leon Blackerby, deceased,
PATRICK BORDEN,
personal representative for the Estate of
David C. Borden, deceased,
SIDNEY R. BOUTWELL, SR.,
spouse and personal representative for the Estate
of
Bonnie Boutwell, deceased,
JAMES E. BOWLING,
IRENE BROWN,
spouse and personal representative for the Estate
of
James Edward Brown, deceased,
EVELYN BROWN,
personal representative for the Estate of
Richard Allen Brown, deceased,
JAMES P. BURNETT,
JAMES J. BYRD,
GAYLE BYROM,
spouse and personal representative for the Estate
of
Jerry L. Byrom, deceased,
CAROLYN SUE CHAPMAN,
personal representative for the Estate of
Allen M. Chapman, deceased,
CATHY SHERK,
personal representative for the Estate of
Lester Knox Coleman, deceased,
JAMES CATON,
GEORGIE L. CORSBIE,
LEON H. COSBY,
VERNON C. CREASY,
JAMES E. DANLEY,
LOUISE S. DAVIS,
personal representative for the Estate of

2

Bobby R. Davis, deceased,
MARSHALL DEASE,
LLOYD H. DEVAUGHN,
REBECCA ANN ELLIOTT,
spouse and personal representative for the Estate
of
James Weldon Elliott, deceased,
CHARLES E. EMMONS,
JOANN EVANS,
personal representative for the Estate of
Robert Evans, deceased,
LUCILLE W. EVERS,
WILLIAM FARSHEE,
MATTIE L. FEAGIN,
personal representative for the Estate of
Ray Feagin, deceased,
FLORA MAE FEAGINS,
personal representative for the Estate of
Roosevelt Feagins, deceased,
MARVIN D. GHRIGSBY,
A. C. GOSS,
DEBRA J. GRIFFIN,
personal representative for the Estate of
William R. Griffin, deceased,
PHILLIP HALLMARK,
personal representative for the Estate of
Chester Hallmark, deceased,
MARLYN HARRIS,
spouse and personal representative for the Estate
of
Frank Harris, deceased,
MELBA MALLORY,
personal representative for the Estate of
Rena Houston, deceased,
PATRICIA HOWELL,
spouse and personal representative for the Estate
of
Ray Nance Howell, Jr., deceased,

3

FAYTHE HUGHES,
spouse and personal representative for the Estate of
Thomas D. Hughes, deceased,
VERDIE MAY JAMES,
spouse and personal representative for the Estate of
Clarence O. James, deceased,
EVETTE JIMMERSON,
daughter and personal representative for the Estate of
Lee R. Jimmerson, deceased,
JOYCE ANN JOHNSON,
spouse and personal representative for the Estate of
Ansel Lee Johnson, deceased,
DAVID H. JOHNSON,
BILLY F. JONES,
CASEY T. JONES,
THELMA JANE KRUEGER,
spouse and personal representative for the Estate of
Robert S. Krueger, deceased,
DAVID LANE,
BOBBY LAW,
personal representative for the Estate of
Chester Law, deceased,
GLENNES B. LEMLEY,
JAMES LEWIS MALONE,
WANDA MANGUM,
spouse and personal representative for the Estate of
Barney Mayo Mangum, deceased,
BOBBY JOE MCDOWELL,
BILL MOORE,
WILLIAM C. MORGAN,
MARY MORRISON,
spouse and personal representative for the Estate

4

of
James D. Morrison,
ELLIS MORICLE,
CAROLYN SUE MOTE,
spouse and personal representative for the Estate
of
Morris R. Mote,
JOE NORMAN,
TONY CURTIS HUNTER,
personal representative for the Estate of
Percy L. Norwood, deceased,
JAMES OGLE,
SANDRA OWENS,
daughter and personal representative for the
Estate of
Raymond Owens, deceased,
JAMES ROBERT PALMER,
EDDIE PITTS,
NELDA D. LECROY,
daughter and personal representative for the
Estate of
Harold Poland, deceased,
GERALDINE RATLIFF,
spouse and personal representative for the Estate
of
Max Ratliff, deceased,
HERMAN REA,
LEOPOLDO RENDON,
ARNOLD L. RICHEY,
NORMA ROBINSON,
spouse and personal representative for the Estate
of
Edward H. Robinson, deceased,
AZALEAN ROGERS,
spouse and personal representative for the Estate
of
Thomas L. Rogers, deceased,
DENNIS RYE,

EULA SCORVER,
spouse and personal representative for the Estate
of
Henry Scorver, deceased,
BILLY O. SEAL,
BEVERLY SHELBY,
daughter and personal representative for the
Estate of
Eula D. Shelby, deceased,
JOE R. SMITH,
PEGGY WALKER,
daughter and personal representative for the
Estate of
James R. Steelman, deceased,
CHARLES D. STEVENS,
MARVIN STRINGER,
MAMIE M. STONE,
spouse and personal representative for the Estate
of
Fred Stone, deceased,
WOODROW WILSON THOMAS,
FAY D. THRASHER,
DONNA SWEET,
spouse and personal representative for the Estate
of
Phillip Austin Sweet, deceased,
CHARLETTE TURNER,
spouse and personal representative for the Estate
of
James E. Turner, deceased,
JACK W. TYRBYFILL,
SUSIE WEBB,
spouse and personal representative for the Estate
of
Gean Charles Webb, deceased,
ELVA WILLMMARTH,
spouse and personal representative for the Estate
of

6

Oliver Howard Willmarth, deceased,
LYNN W. WILSON,
BARBARA COLLINS,
Executrix for the Estate of Larry B. Wolfe,
MICHEAL E. WOOD,
ALAN WOODS,

Plaintiffs-Appellants,

versus

A. O. SMITH ELECTRICAL PRODUCTS COMPANY,
a division of A.O. Smith Corporation,
A. O. SMITH CORPORATION,
A. W. CHESTERTON COMPANY,
ALBANY INTERNATIONAL,
AMERICAN OPTICAL CORPORATION,
CROWN CORK & SEAL COMPANY,INC.
CROWN HOLDINGS,INC.,
KELLY-MOORE PAINT COMPANY,
BORG WARNER CORP. by and through its successor in
interest,
BORGWARNER MORSE TEC Inc.,
EXTECO,INC. f/k/a THERMO ELECTRIC CO., INC.,
MARLEY-WYLAIN CO. d/b/a WEIL-MCLAIN CO., INC.,
HONEYWELL INC.,
JOHN CRANE INC. et.al.,

Defendants-Appellees.

———————————————

Appeals from the United States District Court
for the Northern District of Alabama

———————————————

**(February 13, 2008)**

7

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

In this case, which is not a class action, the plaintiffs, nearly 100 individuals, appeal the district court's dismissal of their complaint for lack of subject matter jurisdiction, as well as the court's denial of their subsequent Rule 60(b) motion for relief from judgment. The complaint, which sought damages for personal injury and wrongful death resulting from exposure to asbestos, alleged that the court had diversity jurisdiction under 28 U.S.C. § 1332. However, the district court determined that it lacked subject matter jurisdiction because there was not complete diversity among the parties—specifically, the complaint contained plaintiffs and defendants that were both alleged to be from California and Georgia. Accordingly, on August 31, 2006, the court dismissed the complaint "[f]or want of diversity jurisdiction."

On October 2, 2006, the plaintiffs filed a notice of appeal, challenging the district court's dismissal of their complaint. On that same day, the plaintiffs filed a Rule 60(b) motion for relief from judgment, arguing that the court's impression that there was not complete diversity was the result of mistake under Rule 60(b)(1), they were unfairly surprised by the district court's order under Rule 60(b)(1), and the order was manifestly unjust under Rule 60(b)(6). The plaintiffs also moved to

sever each plaintiff's claim and to amend their complaint. On October 25, 2006, the district court struck the plaintiffs' Rule 60(b) motion for relief from judgment because it believed that the pending appeal stripped it of jurisdiction over the motion.

On the next day, the plaintiffs filed a motion for reconsideration, arguing that the district court did have jurisdiction to entertain its earlier Rule 60(b) motion, and that the court should therefore grant them relief from its October 25, 2006, order and consider the merits of their Rule 60(b) motion. The district court held a hearing on the plaintiffs' motion on January 9, 2007, and the next day, January 10, denied their Rule 60(b) motion because it "raised no meritorious arguments entitling relief under Rule 60(b)." The court also re-emphasized that on the face of the complaint the court lacked diversity jurisdiction. Finally, the court stated that the plaintiffs could either file a new action or move to reopen the current case with an attached proposed amended complaint that satisfied the court's jurisdictional requirements.

On January 19, 2007, the plaintiffs filed a motion to reopen the case and to file their proposed amended complaint, which was attached to the motion. The district court denied that motion on February 28, 2007, for want of jurisdiction because the case was still pending on appeal in this Court. On March 12, 2007, the

9

plaintiffs filed with the district court a motion for an extension of time to appeal

the court's January 10, 2007, order denying their Rule 60(b) motion, arguing that

they had good cause for their failure to file, because they had believed that the

court's order was an invitation to move to re-open the case and was therefore not a

final, appealable order. The district court granted the plaintiffs' motion, and the

plaintiffs appealed the district court's order denying their Rule 60(b) motion.

The plaintiffs' appeals of the district court's order dismissing their complaint

and the court's order denying them Rule 60(b) relief were consolidated. In this

consolidated appeal, the plaintiffs first contend that the district court erred by

dismissing their complaint for lack of diversity jurisdiction because, according to

the plaintiffs, the proper method to cure problems with diversity is to dismiss a

dispensable nondiverse party or to allow severance of the claims.[1] The plaintiffs

further contend that the district court erred by denying their Rule 60(b) motion for

relief from judgment because: (1) the lack of diversity jurisdiction on the face of

the complaint was the result of mistake; (2) the court unfairly surprised them by

sua sponte dismissing their complaint for lack of jurisdiction; and (3) the court's

---

[1] The plaintiffs also contend that the district court erred by sua sponte dismissing their
complaint because the district court's order of dismissal mentioned some of the arguments raised
by the defendants in their various motions to dismiss without first allowing the plaintiffs a
chance to respond. However, because the district court ultimately dismissed the complaint for
lack of jurisdiction, and our review of subject matter jurisdiction is de novo, see Dale v. Moore,
121 F.3d 624, 626 (11th Cir. 1997), we need not address this argument.

dismissal of their complaint was manifestly unjust.

## I.

The plaintiffs contend that the district court erred by dismissing their complaint for lack of subject matter jurisdiction because, although they admit that their complaint on its face gave the mistaken impression that complete diversity did not exist, they argue that the proper method to cure problems with diversity is to dismiss a dispensable nondiverse party or to allow severance of the plaintiffs' claims. The defendants respond that the district court properly dismissed the plaintiffs' complaint because, in addition to the problems with complete diversity found by the district court and admitted by the plaintiffs, the plaintiffs alleged only the residency, not the citizenship, of the nearly 100 plaintiffs. Moreover, according to the defendants, the plaintiffs also failed to allege that each plaintiff's claims met the amount in controversy requirement.

We review de novo the district court's conclusion that it lacked subject matter jurisdiction. Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997); see also Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001) ("Subject matter jurisdiction is a question of law subject to de novo review."). "[W]e may affirm the district court's judgment 'on any ground that finds support in the record.'" Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 n.1 (11th Cir.

1999) (quoting Jaffke v. Dunham, 352 U.S. 280, 281, 77 S. Ct. 307, 308 (1957)).

In Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000), a

case premised on diversity jurisdiction, we said:

> Federal courts have limited subject matter jurisdiction, or in other
> words, they have the power to decide only certain types of cases.
> While Article III of the Constitution sets the outer boundaries of that
> power, it also vests Congress with the discretion to determine
> whether, and to what extent, that power may be exercised by lower
> federal courts.  Consequently, lower federal courts are empowered to
> hear only cases for which there has been a congressional grant of
> jurisdiction, and once a court determines that there has been no grant
> that covers a particular case, the court's sole remaining act is to
> dismiss the case for lack of jurisdiction.

Id. at 1260–61 (citations omitted).  "A federal court not only has the power but also

the obligation at any time to inquire into jurisdiction whenever the possibility that

jurisdiction does not exist arises."  Johansen v. Combustion Eng'g, Inc., 170 F.3d

1320, 1328 n.4 (11th Cir. 1999).  "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P.

12(h)(3); see also Morrison, 228 F.3d at 1261.

The plaintiffs allege in their complaint that jurisdiction in the district court

over their state-law tort claims is proper based on diversity of citizenship, pursuant

to 28 U.S.C. § 1332.  The plaintiffs, as the party asserting diversity jurisdiction,

have the burden to "affirmatively allege facts demonstrating the existence of

jurisdiction."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

12

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams, 269 F.3d at 1319 (citing 28 U.S.C. § 1332(a)). Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth., 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367. Moreover, where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement. See Smith v. GTE Corp., 236 F.3d 1293, 1300 n.6 (11th Cir. 2001) ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity jurisdiction."); see also Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40–41, 32 S. Ct. 9, 9 (1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount . . . .").

The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to

"affirmatively allege facts demonstrating the existence of jurisdiction," Taylor, 30

F.3d at 1367, and failed to allege the citizenship of the individual plaintiffs, the

district court lacked subject matter jurisdiction on the face of the complaint. See

id. Moreover, the plaintiffs' complaint does not allege that the claims of each

individual plaintiff exceeded the $75,000 threshold, but instead states generally

that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum

of $75.000.00." The plaintiffs' claims arise out of their separate exposures to

asbestos at different locations over different time periods, and therefore the

plaintiffs were required to allege that each individual plaintiff's claims met the

amount in controversy requirement. See Smith, 236 F.3d at 1300 n.6; see also

Troy Bank, 222 U.S. at 40–41, 32 S. Ct. at 9. Because they failed to do so, the

district court also lacked subject matter jurisdiction on this basis.

Neither of these defects in the plaintiffs' complaint could be remedied by the

plaintiffs' suggested approach of dismissing nondiverse dispensable parties, and

therefore "the court's sole remaining act [was] to dismiss the case for lack of

jurisdiction." Morrison, 228 F.3d at 1261. Even though the district court did not

address the amount in controversy requirement or the fact that the plaintiffs alleged

residence instead of citizenship, we nonetheless affirm the district court's dismissal

of the plaintiffs' complaint for lack of subject matter jurisdiction on these grounds.

14

See Gaston, 167 F.3d at 1363 n.1.

## II.

The plaintiffs also contend that the district court erred by denying their Rule 60(b) motion for relief from judgment because: (1) the lack of diversity jurisdiction on the face of the complaint was the result of mistake; (2) the court unfairly surprised the plaintiffs by sua sponte dismissing their complaint for lack of jurisdiction; and (2) the court's dismissal of their complaint was manifestly unjust. We review the district court's denial of the plaintiffs' Rule 60(b) motion only for abuse of discretion. Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for several reasons, including "mistake, inadvertence, surprise, or excusable neglect;" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6). In order to obtain relief under Rule 60(b), a party "'must prove some justification for relief.' He 'cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order.'" Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (citations omitted).

15

The plaintiffs first argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because, according to them, their complaint was mistakenly drafted to give the impression that complete diversity did not exist even though it really did. In other words, the plaintiffs argue that Rule 60(b) should provide them relief because of their own error in drafting the document. However, even if a party's own mistake in drafting its complaint were a basis for relief under Rule 60(b)(1), which we seriously doubt, the district court did not abuse its discretion in denying relief on this ground because, as we mentioned above, this "mistaken drafting" was not the only problem with jurisdiction in this case. Even apart from the plaintiffs' asserted drafting mistakes, the court lacked jurisdiction over the case.

The plaintiffs next argue that the district court abused its discretion by denying them relief under Rule 60(b)(1) because the district court's sua sponte dismissal of their complaint was an unfair surprise. This argument is meritless. As we mentioned above, federal courts are courts of limited jurisdiction and have the duty to inquire into whether they have subject-matter jurisdiction. See Johansen, 170 F.3d at 1328 n.4; Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court sua sponte may raise a jurisdiction defect at any time."). And when a court discovers that it lacks jurisdiction, "the court must

dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Morrison, 228 F.3d at 1261.
The plaintiffs drafted the complaint and were responsible for alleging the proper
jurisdictional facts. We will not characterize the district court's correct application
of settled law as an unfair surprise.

Finally, the plaintiffs argue that the district court abused its discretion by
denying them relief under Rule 60(b)(6) because the district court's sua sponte
dismissal of their complaint worked a manifest injustice against them.
Specifically, they argue that the district court's dismissal of their complaint
without prejudice was in effect a "death penalty sanction" because some plaintiffs
may be time-barred from refiling their claims. According to the plaintiffs, it was
manifestly unjust for the court to resort to this heavy sanction without notice,
hearing, or an opportunity to amend to cure any jurisdictional defects.

"[R]elief under [Rule 60(b)(6)] is an extraordinary remedy which may be
invoked only upon a showing of exceptional circumstances. The party seeking
relief has the burden of showing that absent such relief, an 'extreme' and
'unexpected' hardship will result." Griffin v. Swim-Tech Corp. 722, F.2d 677, 680
(11th Cir. 1984) (citations omitted). The plaintiffs have failed to meet this heavy
burden. It is not—or should not be, given our precedent in the area of subject
matter jurisdiction—"unexpected" that a district court will dismiss a plaintiff's

complaint for lack of jurisdiction when the only possible jurisdictional basis is

diversity, and the complaint on its face fails to allege not only the citizenship of

each plaintiff, see Taylor, 30 F.3d at 1367, but also that the amount in controversy

requirement is met for each plaintiff's claims, see Smith, 236 F.3d at 1300 n.6; see

also Troy Bank, 222 U.S. at 40–41, 32 S. Ct. at 9.  The district court properly

denied the plaintiffs' Rule 60(b) motion for relief.

**AFFIRMED.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

04 OCT -8  PM 2: 37

⸱.Ⅰ̇. ꞏⅯⅭꞀ ⅭＳⅬ꞉Ｒ1
ꞏⅭ.Ꞁ. OF ALABAMA

SIDNEY S. CHANCELLOR,

    Plaintiff,

and

JOHN L. PARKER,

    Plaintiff,

vs.

AIR LIQUIDE AMERICA CORP., et al.,

    Defendants.

}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}

**ENTERED**
OCT - 8 2004

Case No. CV-04-BE-2554-S

## ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within **20 days of the date of this order.**

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing that the pleader is entitled to relief'.... 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

1

that there is some legal basis for recovery.'" *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501

(5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice

1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair

idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have

respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working

lives...while working at various worksites in Alabama or other states," and that all seventy-five

named defendants were in some way participants in the sand blasting industry.

    Although the complaint alleges generally that different groups of defendants negligently

manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they

each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants

must therefore answer with abandon, pleading every conceivable affirmative defense, while

simultaneously risking the possibility that they may inadvertently fail to plead the one good defense

relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

    Not only does the complaint fail to place the defendants on notice of the nature of the claims

against them, it also contains numerous other inadequacies–among them, failure to state with

particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while

asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court

would have jurisdiction over this diversity action. Furthermore, the court finds that it will be

impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261

F.3d 1075, 1129 (11th Cir. 2001).

    The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

2

opportunity. *Byrne*, 261 F.3d at 1130.[1]  Many defendants have already moved the court to dismiss

the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in

the alternative, for a more definite statement.   Many are even now heroically struggling to answer

the complaint.  Rather than wait until justice has been obstructed by the inadequacies of this

complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte*

dismisses this case as to all defendants without prejudice and with leave to refile a complaint that

complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date

of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's

suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic

is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the

perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32.  The court is aware

that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of

Jefferson County, Alabama.

---

[1]In *Byrne*, the Eleventh Circuit detailed the many evils a court would countenance by
allowing a case to proceed on the basis of a shotgun complaint such as the one presently before
the court–among them, "obstruction of justice," the potential for extortion, "watering down the
rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's
time" while "justice is delayed, if not denied, to other litigants who are standing in the queue
waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131.  The Eleventh Circuit observed in *Byrne*:
"Why. . .would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and
include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file
shotgun complaints to extort the settlement of unmeritorious claims." *Id.* at 1130.

3

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are

MOOT.

Done and ordered this $\underline{8th}$ day of October, 2004.

Karon O. Bowdre
United States District Judge

4

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 OCT -8  PH 2: 37

SIDNEY E. CHANCELLOR,

    Plaintiff,

    and

JOHN L. PARKER,

    Plaintiff,

    vs.

AIR LIQUIDE AMERICA CORP.,
et al.,

    Defendants.

Case No. CV-04-BE-2554-S

ENTERED
OCT -8 2004

ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court sua sponte dismisses this case without prejudice and with leave to file a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 30 days of the date of this order.

Although the liberal federal rules require only notice of the claim, they still require a short and plain statement of the claim showing that the pleader is entitled to relief. The pleading still must state a "cause of action" in the sense that it must show "that the pleader is entitled to relief." It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendants and the court can obtain a fair idea of what the plaintiff is complaining, and can see

that there is some legal basis for recovery.'" *Hartman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice 1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives...while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the said blasting industry.

Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and [when, where, and how]. All seventy-five defendants must therefore answer with blanket, plaintiffs may assert viable affirmative defenses, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims against them, it also contains numerous other inadequacies, among them: failure to state with particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court would have jurisdiction over this diversity action. Furthermore, the court finds that it will be impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

opportunity. *Byrne*, 261 F.3d at 1130. Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement. Many are even now heroically struggling to answer the complaint. Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and para-judicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[I]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32. The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70; and 74) are

MOOT.

Done and ordered this ___8th___ day of October, 2004.

Keith O. Bowden
United States District Judge

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SKIP PALMER, *et al.*,          )
                                )
         Plaintiffs,            )
                                )
vs.                             )          Civil Action Number
                                )          7:04-cv-3262-UWC
AEARO CORPORATION, *et al.*,    )
                                )
         Defendants.            )
                                )
                                )

## ORDER OF DISMISSAL

Based upon the gross inadequacies of the Plaintiff's Complaint, the Court *sua sponte* DISMISSES this case without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing the pleader is entitled to relief' . . . 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief,' it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal

1

basis for recovery." *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)(quoting Fed. R. Civ. P. 8 (a); James Wm. Moore *et al.*, Moore's Federal Practice 1653 (2d ed.).

Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry. However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.

The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, etc. However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

Many Defendants have moved this Court to dismiss the Plaintiffs' claims for failure to state a claim for which relief can be granted, or in the alternative a more definite statement. Some Defendants answered the complaint. Rather than rely on the inadequacies of this Complaint, the Court *sua sponte* dismisses this case as to all Defendants with leave to refile a Complaint that complies with all of the requirements of

2

the Federal Rules of Civil Procedure within thirty (30) days of the date of this order.

Done this 31st day of May, 2005.


U.W. Clemon
Chief United States District Judge

3

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VERA . BEAVERS, et al.,                    )
                                           )
            Plaintiffs,                     )
                                           )
     vs.                                   )
                                           )        Civil Action Number
                                           )        2:06-cv-899-UWC
A. O. SMITH ELECTRICAL                     )
PRODUCTS COMPANY, et al.,                  )
                                           )
            Defendants.                    )

## ORDER OF DISMISSAL

Consistent with the accompanying Memorandum Opinion, this case is hereby DISMISSED, without prejudice.

The costs of this action are hereby taxed against the Plaintiffs.

_____
U.W. Clemon
Chief United States District Judge

Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VERA . BEAVERS, et al.,                 )
                                        )
          Plaintiffs,                   )
                                        )
     vs.                                )
                                        )        Civil Action Number
A. O. SMITH ELECTRICAL                  )        2:06-cv-899-UWC
PRODUCTS COMPANY, et al.,               )
                                        )
          Defendants.                   )

## MEMORANDUM OPINION ON MOTIONS TO DISMISS

Presently before the Court are numerous motions to dismiss.[1] Upon review of the complaint and the motions to dismiss, the Court finds this action should be dismissed for lack of jurisdiction.

The nearly 100 individual Plaintiffs allege that they have been injured by exposure to asbestos manufactured or utilized by the various Defendants. Jurisdiction is premised on diversity of citizenship.

The motions to dismiss raise several issues, several of them having

---

[1] Docs. 24, 37, 40, 45, 48, 49, 50, 56, 57, 58, 61, 63, 66, 69, 75, 80, 81, 91, 97.

substantial merit. First, it does not appear that all of claims arise out of the same transaction or occurrence. Further, the complaint does not specifically link specific causes of action to a specific Defendant. Moreover, to the extent that fraud allegations are made, they are not pled with the specificity required by the Federal Rules of Civil Procedure. Finally, the complaint does not allege the dates of exposure to asbestos, or the dates on which the Plaintiffs discovered their injuries – allegations quite probative in a statute of limitations defense.[1]

But the most compelling reason requiring the dismissal of this action is the simple fact that diversity jurisdiction is absent. It is clear that at least one Plaintiff and at least one Defendant are citizens of the state of California. (See Compl. §§ 16, 113.) Additionally, at least one Plaintiff and one Defendant are citizens of the state of Georgia. (See Compl. §§ 15, 133.)

For want of diversity jurisdiction, the Complaint must be dismissed.

U.W. Clemon
Chief United States District Judge

---

[1] These defendants could probably be cured by a severance of the Plaintiffs and an amended complaint in each of the new cases.

Page 2 of 3



Page 3 of 3

3

FILED

2005 Sep-30  AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CHARLOTTE MAE FIKES,            }
                                }
    Plaintiff,              }
                                }
v.                              }            Case No.  2:05-cv-1864-RDP
                                }
AEROFIN CORPORATION, et al.,    }
                                }
    Defendants.             }
                                }

### ORDER

In accordance with the court's rulings during the September 30, 2005 telephone conference and the memorandum opinion issued contemporaneously herewith, the following motions are **GRANTED**:

(1)    Aqua-Chem, Inc.'s Motion for More Definite Statement (Doc. # 15);[1]

(2)    Cleaver Brooks Company, Inc.'s Motion for More Definite Statement (Doc. # 16); and

(3)    The Austin Company's Motion for More Definite Statement (Doc. # 40).

Plaintiff is **ORDERED** to replead her complaint on or before **October 28, 2005**, in accordance with the Federal Rules of Civil Procedure and the following specific mandates:

(1)    include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

(2)    assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (e.g., identity of product(s),

---

[1] The motions for more definite statement filed by Aqua-Chem and Cleaver Brooks Company, Inc. request that Plaintiff provide a more definite statement in accordance with Alabama Rule of Civil Procedure 12(e). (Docs. # 15, 16, at 3). The court assumes that Defendants intended to move on the authority of Federal Rule of Civil Procedure 12(e), and the motions are granted on that basis.

manufacturer(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, identification of how other Defendant(s) contributed to the alleged exposure(s));

(3)     plead with particularity any fraud claims in accordance with Rule 9(b) (e.g., identity of manufacturer(s), purchaser(s) and any other party who allegedly concealed information, time frame of alleged concealment, and identity of person(s) who allegedly concealed information); and

(4)     ensure that each claim pled has a proper legal basis.

Given that the court has ordered repleading of the complaint, the following motions are **DENIED WITHOUT PREJUDICE:**

(1)     Aqua-Chem, Inc.'s Motion to Dismiss (Doc. # 15);

(2)     Cleaver Brooks Company, Inc.'s Motion to Dismiss (Doc. # 16);

(3)     Georgia Pacific Corporation's Motion to Dismiss (Doc. # 22);

(4)     John Crane, Inc.'s Motion to Dismiss (Doc. # 27);

(5)     Honeywell International, Inc.'s Motion to Dismiss (Doc. # 28);

(6)     The Austin Company's Motion to Dismiss (Doc. # 40); and

(7)     Saint-Gobain Abrasives, Inc.'s Motion to Dismiss (Doc. # 44).

Moreover, having found that a stay of this litigation would promote judicial efficiency and would prevent the possibility of inconsistent pretrial rulings, the court hereby **STAYS** all proceedings in this case (with the exception of the filing of Plaintiff's amended complaint, as outlined above) pending the potential transfer of this action to the MDL proceeding established in the Eastern District of Pennsylvania.[2]

_____

[2] With the exception of the requirement that Plaintiff replead her complaint, the court intends for the stay of this case to apply to all filings, including required responses under Fed. R. Civ. P. 12 and Fed. R. Civ. P. 15. Accordingly, Defendants are not required to respond to Plaintiff's amended complaint until after transfer to the MDL proceeding. Moreover, the stay of this case is also

DONE and ORDERED this   30th   day of September, 2005.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

applicable to responses due from Defendants who have been served with Plaintiff's original complaint, but for whom the response time has not yet expired, and Defendants served after the entry of this order. Counsel for Defendants who have not yet responded to Plaintiff's original complaint should file a notice of appearance in this court.

3