# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **OTHRE E. BURNETT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| | ) | **2:08-CV-150-WKW** |
| **vs.** | ) | |
| | ) | |
| **ASBESTOS DEFENDANTS:** | ) | |
| | ) | |
| **ALBANY INTERNATIONAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## THE ANCHOR PACKING COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND/OR FOR SEVERANCE

COMES NOW, THE ANCHOR PACKING COMPANY (hereinafter "ANCHOR") , one of the Defendants in the above-styled cause, and pursuant to Rules 12(b)(6), 12(b)(3) and 12(e) of the *Federal Rules of Civil Procedure,* moves the Court to enter an Order dismissing the Complaint against it or, in the alternative, to enter an Order directing the Plaintiffs to re-plead the vague and ambiguous allegations asserted in the Complaint in a manner that complies with Rule 8 of the *Federal Rules of Civil Procedure.*  In support of this Motion, ANCHOR shows as follows:

## I. INTRODUCTION

1.      The Complaint in this case is brought on behalf of 9 Plaintiffs and/or Plaintiffs' decedents who are or were residents of Alabama against 71 Defendants.  (Complaint, pp. 1 - 34).  The Plaintiffs allege that they or their decedents contracted one or more asbestos-related diseases as a result of working with or around various products allegedly produced, manufactured, specified for use, installed, etc., by the Defendants at numerous work sites

throughout the United States, including Alabama, Mississippi, Michigan, Illinois and Georgia. (Complaint, ¶¶ 1-9).

2.      However, the Plaintiffs fail to allege with specificity to which particular products associated with any of the Defendants the Plaintiffs and/or Plaintiffs' decedents allegedly worked with or around.  Furthermore, the Plaintiffs fail to allege when, during the course of their long and varied work histories, they or their decedents worked with or around any particular asbestos-containing product or products.

3.      The claims of Plaintiffs, EMMA JEAN BARTON and JOHN MARONA are due to be dismissed because they were not filed in a timely manner.  Furthermore, Plaintiff, DOROTHY F.  BURNETT, has failed to demonstrate that her claims on behalf of her decedent, OTHRE E.  BURNETT, were timely filed.

## II. <u>ARGUMENT</u>

### A.      <u>INADEQUATE PLEADINGS</u>

**1.      Plaintiffs fail to allege an injury from any product that was allegedly provided by ANCHOR.**

4.      The Plaintiffs fail to identify with specificity any particular product, whether asbestos-containing or not, that was allegedly provided by ANCHOR, where it was allegedly provided, how each Plaintiff and/or Plaintiffs' decedent worked with or around it, when each Plaintiff and/or Plaintiffs' decedent supposedly worked with or around it, how it was supposedly defective or any other information to give ANCHOR fair notice of the basis for Plaintiffs' claims.  With respect to ANCHOR, the Plaintiffs merely allege that "[p]acking" allegedly "produced" by ANCHOR, has "been identified at plaintiffs (sic) workplace, during

his employment years there . . . ." (*See* Complaint, ¶¶ 12 and 24). As is evident from the Complaint, collectively, the Plaintiffs worked in at least 5 different states and their "employment years" covered a period of over 50 years – from as early as 1953 up to and including 2006.

5.    The absence of any specific acts, conduct, or factual allegations directed against a named Defendant entitles that Defendant to have the Complaint dismissed against it. *Clark v. Sierra,* 837 F. Supp. 1179, 1182 (M.D. Fla. 1993); *Potter v. Clarke,* 497 F.2d 1206, 1207 (7th Cir. 1974).

**2.    Plaintiffs do not aim any specific allegations against ANCHOR.**

6.     Plaintiffs fail to delineate any specific claims against ANCHOR from the claims made against other Defendants. Plaintiffs make general allegations against all Defendants and do not aim any specific allegations towards any specific Defendant. Plaintiffs fail to allege a single fact as to which of the 9 Plaintiffs and/or Plaintiffs' decedents used which of the Defendants' products, when or how they used them, or which causes of action are alleged against which Defendants.

7.    In failing to delineate any specific claims against ANCHOR from the claims made against other Defendants, Plaintiffs' Complaint fails to satisfy the requirements of Rule 8 of the *Federal Rules of Civil Procedure*. Rule 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) states "[e]ach averment of a pleading shall be simple, concise and direct."

8.    Furthermore under Rule 8, a pleading must give a defendant fair notice of a claim

which it has been called upon to defend, as well as the grounds upon which the plaintiffs'

claims rest. Even under the liberal pleadings standard of Rule 8(a) of the *Federal Rules of Civil*

*Procedure,* Plaintiffs' allegations are so broad and vague that this Defendant cannot prepare

a reasonable response to the Complaint, except to deny the material allegations of the

Complaint.

9.      In short, Plaintiffs' failure to properly delineate the issues and claims made

against specific Defendants creates a situation that will "exact an intolerable toll on the trial

court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted

expense on the litigants, the court and the court's parajudicial personnel and resources."

*Cramer v. Florida,* 117 F.3d 1258, 1263 (11th Cir. 1997).

### 3.      Recent Federal Case Law addressing pleading requirements

10.      Recently, the United States Court of Appeals for the Eleventh Circuit, as well

as various federal district courts in Alabama, have been forced to address the propriety of

similar "shotgun" complaints in the context of mass tort actions.  In *Magluta v. Samples*, 256

F.3d 1282, 1284 (11th Cir. 2001), the Court identified a shotgun complaint as one ignoring the

"short and plain statement" requirement by identifying multiple defendants and charging all

defendants in each count. As stated by the Court, a shotgun complaint "is replete with

allegations that 'the defendants' engaged in certain conduct, making no distinction among the

[various] defendants charged, though geographic and temporal realties make it plain that all of

the defendants could not have participated in every act complained of."  *Id.*; *see also Hayden*

*v. Ala. Dept. Of Public Safety,* 506 F. Supp. 2d 944, 952 (M.D. Ala. 2007)(describing a typical

characteristic of shotgun pleadings: "Plaintiff also generically pleads that 'Defendant,' in the plural form [caused him injury] without enumerating the precise acts of each Defendant which resulted in the alleged . . . violation.").

11.    In at least two recent cases, the United States District Court for the Northern District of Alabama has followed the Eleventh Circuit's mandate and dismissed, *sua sponte,* such shotgun pleadings.  In *Chancelor v. Air Liquide America Corp.*, Case No. CV-04-BE-2554-S (N.D. Ala., October 8, 2004), Judge Karen O. Bowdre, *sua sponte*, dismissed the plaintiffs' complaint due to the plaintiffs' failure to plead with the required particularity. Judge Bowdre stated that the complaint, "[a]t best . . . suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica 'during all or part of [their] working lives . . . while working at various work sites in Alabama and other states,' and that all 75 named defendants were in some way participants in the sand blasting industry."  *Id.* at 2.

12.    Even more recently, Chief Judge U. W. Clemon in the Northern District of Alabama, ordered the dismissal of *Palmer v. Aero Corp*, Case No. 7:04-CV-3262-UWC (N.D. Ala., May 31, 2005) on similar grounds.  The Court determined that the plaintiffs' complaint did not provide sufficient information for the 23 defendants to discern which causes of action applied to individual defendants because the complaint did not make clear "what Defendants produced which products, and the resulting causes of action related to those products."  *Id.* at 2.  Chief Judge Clemon stated that:

> [a]lthough the liberal federal rules require only notice pleading, they still require a short and plain statement of the claim showing that the pleader is entitled to relief . . . The pleadings still must

state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief;' it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery."

*Id.*

13.    Similarly, the Plaintiffs' shotgun Complaint filed in this action fails to meet even the liberal pleading requirements of the federal rules and does not provide sufficient information for ANCHOR to discern which causes of action apply to it because the Complaint does not make clear what Defendants produced which products nor does it make clear the resulting causes of action related to those products.  *See Palmer v. Aero Corp, supra.*

14.    Accordingly, Plaintiffs' claims against ANCHOR are due to be dismissed.

## B.    IMPROPER VENUE

### 1.    Plaintiffs' claims are due to be dismissed because of improper venue.

15.    Title 28 U.S.C.A. §1391 states in part:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

16.    Plaintiffs allege that this Court has jurisdiction based on diversity of citizenship. (Complaint, Jurisdiction, pp. 6-7).  Plaintiffs allege merely that "Plaintiffs are resident citizens of the State of Alabama, and Defendants are corporations whose principal places of business

are in states other than the State of Alabama." *Id.* at 6. Furthermore, none of the Plaintiffs

allege that their injuries arose, or that a substantial part of the events or omissions giving rise

to the claim, occurred in the Middle District of Alabama. The plaintiffs have also failed to

make any showing that any Defendant is subject to personal jurisdiction in the Middle District

of Alabama.

17.    Thus, Plaintiffs cannot rely on 28 U.S.C.A. §1391(a)(1), (2) or (3) for proper

venue.

18.    Therefore, since Plaintiffs' claims fail to meet the requirements of 28 U.S.C.A.

§ 1391, venue is improper in this judicial district and Plaintiffs' claims are due to be dismissed.


C.    STATUTE OF LIMITATIONS

   **1.    The claims brought by Plaintiffs, DOROTHY F. BURNETT, EMMA
       JEAN BARTON and JOHN MORONA, are untimely because she failed
       to file suit within 2 years of her alleged diagnosis with an asbestos-related
       disease.**

19.    Although Plaintiff, DOROTHY F. BURNETT, states that her decedent,

OTHRE E. BURNETT, worked as an assembly worker for General Motors, she fails to

allege when he worked for General Motors and she further fails to allege any specific period

of time when he allegedly worked with or around any asbestos-containing products. (*See*

Complaint, ¶ 1). Plaintiff, EMMA JEAN BARTON, allegedly last worked with or around

asbestos containing products in 1986 in Michigan. (*See* Complaint, ¶ 2). She was allegedly

"diagnosed with asbestos-related Lung Cancer on or about June 14, 2004." (*Id.*) Plaintiff,

JOHN MARONA, last worked with or around asbestos-containing products at "Gulf State

Slate Company in Muscle Shoals, Alabama from 1962 - 1967." (Complaint, ¶ 5).

20.    Prior to May 19, 1980, Alabama had a one-year statute of limitations for personal injury actions not resulting in death. Code of Alabama 1975, § 6-2-39 (repealed 1980). Under the law as it existed prior to May 19, 1980, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger, whether or not the full amount of damages or injuries was apparent. *Garrett v. Raytheon Co.*, 368 So.2d 516, 520 (Ala. 1979);[1] *Cazalas v. Johns-Manville Sales Corp.*, 435 So.2d 55, 57 (Ala. 1983).

21.    Effective May 19, 1980, the Alabama Legislature repealed § 6-2-39 and prospectively enacted a new discovery rule which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should have reason to discover the alleged injury. Code of Alabama 1975, § 6-2-30(b). However, the Alabama Supreme Court held in *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263 (Ala. 1981), that the "discovery rule" statute of limitations that was enacted in 1980 does not apply retroactively.[2] As a result, a personal injury plaintiff who was last exposed to asbestos prior to May 19, 1979 must bring suit within one year (now two years)

---

[1] In *Griffin v. Unocal Corporation,* No. 1061214 (January 25, 2008), the Alabama Supreme Court appears to have <u>prospectively</u> overruled *Garrett v. Raytheon*, 368 So. 2d 516 (Ala. 1979) and its progeny.

[2] The *Garrett* and *Tyson* decisions may also be partially superseded by § 6-2-30 but are still controlling with regards to claims based on a date of last exposure prior to May 19, 1979. *See Johnson v. Garlock, Inc.*, 682 So.2d 25, 26-28 (Ala. 1996), overruled prospectively by, *Griffin v. Unocal Corporation,* No. 1061214 (January 25, 2008).

of the date of last exposure.  *See Johnson v. Garlock, Inc.*, 682 So.2d 25, 26-28 (Ala. 1996).

22.    Thus, Plaintiff, DOROTHY F.  BURNETT, has failed to demonstrate that her claims on behalf of her decedent, OTHRE E.  BURNETT, were timely filed.  Furthermore, this lawsuit was not filed until March 4, 2008, more than 2 years after Plaintiff, EMMA JEAN BARTON, was allegedly diagnosed with asbestos-related lung cancer, and more than 1 year after Plaintiff, JOHN MARONA, allegedly last worked with or around asbestos containing products.  Consequently, the claims brought by Plaintiffs, DOROTHY F.  BURNETT, EMMA JEAN BARTON and JOHN MARONA, are untimely and are due to be dismissed as a matter of law.

## C.    IMPROPER JOINDER

### 1.    Plaintiffs' claims should be severed because there are significant differences in the work histories, work sites, occupations, lengths of employment, alleged injuries and alleged exposure periods.

23.    Here, 9 Plaintiffs allege generally that they and/or their decedents worked with or around asbestos-containing products purportedly associated with the 71 named Defendants at various workplaces throughout the nation during differing times.  None of the Plaintiffs allege **any** facts purporting to establish that their right to relief arises out of the same transaction or occurrence or series of transactions or occurrences.  Rather, Plaintiffs seek to require Defendants and this Court to presume that all of these claims arise out of a common set of facts and that there are common questions of law with respect to each of their claims.

24.    In pertinent part, Rule 20(a) of the *Federal Rules of Civil Procedure* permits

"persons to join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or **arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."** (Emphasis added). A detailed discussion of improper joinder is set forth in *Crossfield Products Corp. v. Irby,* 910 So.2d 498 (Miss. 2005).

25.    In *Crossfield, supra*, the Mississippi Supreme Court reversed the denial of Defendants' Motion to Sever Plaintiffs' Claims based on improper joinder under Rule 20, *Mississippi Rules of Civil Procedure*. There, nine Plaintiffs joined together in filing suit against 258 named Defendants as well as 200 fictitious parties for alleged injuries suffered from exposure to asbestos while employed at Ingalls Shipyard in Pascagoula, Mississippi. *Id.* at 499. Plaintiffs alleged that from 1930 through the present date that each of the defendants mined, designed, evaluated, manufactured, furnished, or sold adhesives, construction materials, insulation, fiber or other products that contained asbestos and/or assisted others in doing so in the construction and repair of manufacturing plants and equipment. *Id.*

26.    All the plaintiffs suffered from asbestosis in varying degrees. *Id.* They did claim exposure while working at a common place of employment, Ingalls Shipyard. However, during the span of 24 years, the plaintiffs were employed at different times. *Id.* The plaintiffs also had different job descriptions, different work-stations and different job duties. *Id.* Each plaintiff worked around different products made by various manufacturers for different lengths of time. *Id.* at 499-500. Some of the plaintiffs could have been exposed to asbestos at other

10

jobs. *Id.* at 500. Each plaintiff had a different history, medically and otherwise. *Id.* Given the foregoing, the *Crossfield* Court determined that the plaintiffs did not have "a distinct litigable event that link[ed] them together." *Id.* at 501.

27.    Indeed, the factor shared by all plaintiffs was the alleged exposure to asbestos at Ingalls Shipyard. However, the events giving rise to the litigation were "quite different" for each plaintiff. *Id.* The common element of workplace was not enough to link the parties together in litigation. As such, the joinder of plaintiffs' claims was improper. *Id.*

28.    In this action, there are significant differences in the work histories, work sites, occupations, diseases, lengths of employment, medical backgrounds and histories and injuries. Applying the reasoning set forth in *Crossfield, supra,* to the facts in this action, it is even more obvious that these totally unrelated claims must be severed if the Complaint, or portions thereof, are not dismissed.

**2.    Plaintiffs' claims should be severed because of the lack of common relief.**

29.    In this action, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims.

30.    It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. *See, Cherokee Elec. Coop. v. Cocran,* 706 So.2d 1188, 1193 (Ala. 1997).

31.    Because of the mix of personal injury and wrongful death claims, the claims must be severed for any Plaintiff not dismissed.

WHEREFORE, premises considered, Defendant, THE ANCHOR PACKING COMPANY respectfully requests that this Honorable Court enter an Order dismissing the Complaint aainst it or, alternatively, enter an Order (i) directing the Plaintiffs to re-plead the Complaint and provide specific factual allegations which would put this Defendant on notice of the wrongdoing alleged against it and the time and place at which any alleged wrongdoing occurred, and (ii) severing the claims of each plaintiff into an individual action.

s/Edward B. McDonough, Jr.
EDWARD B. McDONOUGH, JR. (MCDOE0149)
GARY W. FILLINGIM (FILLG1161)
Attorneys for Defendant,
THE ANCHOR PACKING COMPANY


OF COUNSEL:
EDWARD B. McDONOUGH, JR., P.C.
POST OFFICE BOX 1943
MOBILE, ALABAMA  36633
Telephone:    251-432-3296
Facsimile:    251-432-3300
Email:        EBM@emcdonoughlaw.com
              GWF@emcdonoughlaw.com


CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/Edward B. McDonough, Jr.
EDWARD B. McDONOUGH, JR.