## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **OTHRE E. BURNETT, et al.** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.   2:08-CV-150-WKW** |
| | § | |
| **ALBANY INTERNATIONAL, et al.** | § | |
| | § | |
| **Defendants** | § | |

### ANSWER AND DEFENSES OF SUNBEAM PRODUCTS INCORPORATED
### TO PLAINTIFFS' COMPLAINT AND TO ALL CROSS-CLAIMS

**COMES NOW, SUNBEAM PRODUCTS INCORPORATED ("SUNBEAM PRODUCTS")** and files this its Answer to Plaintiffs' Complaint and to All Cross-Claims and would respectfully show unto the Court as follows:

### JURY TRIAL REQUESTED

### FIRST DEFENSE

This Court lacks *in personam* jurisdiction over **SUNBEAM PRODUCTS**.

### SECOND DEFENSE

The venue of the action is improper. Accordingly, this action must be dismissed or in the alternative transferred to a court of proper venue.

### THIRD DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted against **SUNBEAM PRODUCTS** and accordingly, this action should be dismissed.

**FOURTH DEFENSE**

**SUNBEAM PRODUCTS** hereby asserts the defenses of insufficiency of process and insufficiency of service of process.

**FIFTH DEFENSE**

This Court lacks jurisdiction over the subject matter of Plaintiffs' claims.

**SIXTH DEFENSE**

And now answering the paragraphs of Plaintiffs' Complaint, paragraph by paragraph, **SUNBEAM PRODUCTS** responds as follows:

The allegations contained in the first unnumbered paragraph of Plaintiffs' Complaint do not require a response from **SUNBEAM PRODUCTS**.   To the extent an answer is required, **SUNBEAM PRODUCTS** denies same.

**JURISDICTION**

**SUNBEAM PRODUCTS** is without knowledge or information sufficient to form a belief as to the citizenship of the Plaintiffs and therefore denies same.  **SUNBEAM PRODUCTS** admits that its principal place of business is located in a state other than Alabama.   **SUNBEAM PRODUCTS** is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the unnumbered paragraph of this section of Plaintiffs' Complaint and therefore denies same.

**STATUTE OF LIMITATIONS**

**SUNBEAM PRODUCTS** is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the unnumbered paragraph of this section of Plaintiffs' Complaint and therefore denies same.

2

## BACKGROUND FACTS — THE PLAINTIFFS

### 1 through 9.

**SUNBEAM PRODUCTS** is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of  paragraphs 1 through 9, including any and all sub-paragraphs, of Plaintiffs' Complaint and accordingly the allegations of these paragraphs are denied.

## BACKGROUND FACTS — THE DEFENDANTS

### 10.

**SUNBEAM PRODUCTS** incorporates by reference its defenses and answers to Plaintiffs' Complaint.

### 11 through 12.

**SUNBEAM PRODUCTS** denies the allegations in paragraphs 11 through 12 of Plaintiffs' Complaint.

### 13 through 69.

**SUNBEAM PRODUCTS** is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 13 through 69 and accordingly the allegations of these paragraphs are denied.

### 70.

**SUNBEAM PRODUCTS** admits that it is a Delaware corporation and that at certain times it manufactured furnaces. **SUNBEAM PRODUCTS** denies the remaining allegations of paragraph 70 of Plaintiffs' Complaint.

### 71 through 92.

**SUNBEAM PRODUCTS** is without knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations of paragraphs 71 through 92 and accordingly the allegations of these paragraphs are denied.

### **DEFENDANT'S CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY** [sic]

### **93.**

**SUNBEAM PRODUCTS** incorporates by reference its defenses and answers to Plaintiffs' Complaint.

### **94 through 98.**

To the extent the allegations in paragraphs 94 through 98, including any and all sub-paragraphs, of Plaintiffs' Complaint are directed toward **SUNBEAM PRODUCTS**, they are denied.

### **COUNT ONE**

### **Alabama Extended Manufacturer's Liability Doctrine**

### **99.**

**SUNBEAM PRODUCTS** incorporates by reference its defenses and answers to Plaintiffs' Complaint.

### **100 through 103.**

To the extent the allegations in paragraphs 100 through 103, including any and all sub-paragraphs, of Plaintiffs' Complaint are directed toward **SUNBEAM PRODUCTS**, they are denied.

### **COUNT TWO**

### **Negligence and Intentional Tort**

### **104.**

**SUNBEAM PRODUCTS** incorporates by reference its defenses and answers to Plaintiffs' Complaint.

**105 through 116.**

To the extent the allegations in paragraphs 105 through 116 of Plaintiffs' Complaint are directed toward **SUNBEAM PRODUCTS**, they are denied.

## COUNT THREE

### Negligence in the course of employment

**117.**

**SUNBEAM PRODUCTS** incorporates by reference its defenses and answers to Plaintiffs' Complaint.

**118 through 123.**

To the extent the allegations in paragraphs 118 through 123 of Plaintiffs' Complaint are directed toward **SUNBEAM PRODUCTS**, they are denied.

## COUNT FOUR

### Fraudulent Concealment / Misrepresentation / Alteration of Medical Studies / Conspiracy / Aiding and Abetting Conspiracy

**124.**

**SUNBEAM PRODUCTS** incorporates by reference its defenses and answers to Plaintiff's Complaint.

**125 through 139.**

To the extent the allegations in paragraphs 125 through 139, including any and all sub-paragraphs, of Plaintiffs' Complaint are directed toward **SUNBEAM PRODUCTS**, they are denied.

## COUNT FIVE

**Product Liability, combined and concurring negligence,
intentional tort and conspiracy**

**140.**

**SUNBEAM PRODUCTS** incorporates by reference its defenses and answers to Plaintiffs'
Complaint.

**141 through 143.**

To the extent the allegations in paragraphs 141 through 143 of Plaintiffs' Complaint are
directed toward **SUNBEAM PRODUCTS**, they are denied.

## JURY DEMAND AND AD DAMNUM

**SUNBEAM PRODUCTS** denies the allegations of the unnumbered paragraph beginning
"Wherefore" and further denies that the Plaintiffs are entitled to a judgment of and from **SUNBEAM
PRODUCTS** in any amount or in any form whatsoever and prays to be dismissed from the action
with its costs and for any other relief to which it may be entitled.

Any and all allegations of the Plaintiffs' Complaint to which **SUNBEAM PRODUCTS** has
not specifically responded are denied.

## SEVENTH DEFENSE

All claims against **SUNBEAM PRODUCTS** are barred by the applicable statutes of
limitation, repose, and by the doctrine of laches.

## EIGHTH DEFENSE

The venue is improper herein.  Further, **SUNBEAM PRODUCTS** hereby moves this Court
to transfer this cause to another jurisdiction upon the grounds that **SUNBEAM PRODUCTS** cannot
receive a fair and impartial trial based on unfavorable publicity, local interest in favor of the

Plaintiffs or Plaintiffs' decedents and due to the substantial number of cases, claimants, family members and friends of claimants who are likely to either be members of the jury pool itself, or to be friends or associates of the members of the jury pool.

## NINTH DEFENSE

**SUNBEAM PRODUCTS** alleges that the proximate cause or, alternatively, a proximate contributing cause of the alleged injuries or damages was the negligence of the Plaintiffs or Plaintiffs' decedents.

## TENTH DEFENSE

Any injuries or damages alleged to have been sustained by Plaintiffs or Plaintiffs' decedents were proximately caused or contributed to by the free and voluntary assumption of risk by Plaintiffs or Plaintiffs' decedents and **SUNBEAM PRODUCTS** pleads contributory and/or comparative negligence.

## ELEVENTH DEFENSE

The conditions alleged by Plaintiffs to have caused Plaintiffs' or Plaintiffs' decedents' injuries, which are denied, were both open and obvious.

## TWELFTH DEFENSE

If the Plaintiffs or Plaintiffs' decedents worked in a shipyard, to the extent that he/she did so, any alleged damages or injuries were proximately caused by the negligence of the Department of the Navy, United States of America and/or other governmental entities in issuing the standards and specifications for materials and methods of work to be used, specifically requiring the use of asbestos and asbestos-containing products in the construction and overhaul of surface ships and submarines. The Department of the Navy and/or other governmental entities had decades of

experience in shipbuilding and/or repair, was well-acquainted with asbestos products and the appropriate methods of handling same, and issued its aforesaid standards and specifications accordingly. If these standards and specifications created a dangerous condition, the Department of the Navy and/or other governmental entities knew or reasonably should have known of such damages and should have educated and/or warned the workers. Said failure to do so was the proximate cause of their alleged injuries and damages, or alternatively, was an efficient intervening cause thereof.

## THIRTEENTH DEFENSE

If none of the witnesses to the alleged asbestos exposure of Plaintiffs or Plaintiffs' decedents reside in Alabama, or if most reside outside Alabama, travel to and from Plaintiffs' or Plaintiffs' decedents' state of residence for witnesses and counsel for necessary discovery and trial would place an undue burden upon **SUNBEAM PRODUCTS**. Furthermore, this Court may be required under principles of conflicts of law to apply foreign law, with which this Court and counsel are unfamiliar. **SUNBEAM PRODUCTS** therefore moves to dismiss this action under the doctrine of *forum non conveniens*.

## FOURTEENTH DEFENSE

As to any and all alleged breach of warranties, **SUNBEAM PRODUCTS** would show that the Plaintiffs or Plaintiffs' decedents are not third party beneficiaries of any express or implied warranties; such claims are barred because the Plaintiffs or Plaintiffs' decedents were not in privity with **SUNBEAM PRODUCTS**; and such claims are barred because Plaintiffs or Plaintiffs' decedents failed to give **SUNBEAM PRODUCTS** notice of any alleged breach of warranty within a reasonable time, and/or failed to give **SUNBEAM PRODUCTS** timely notice that any such

8

warranty was claimed.

### FIFTEENTH DEFENSE

Any product manufactured, sold or supplied by **SUNBEAM PRODUCTS** was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

### SIXTEENTH DEFENSE

If Plaintiffs or Plaintiffs' decedents suffered injuries, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on Plaintiffs' and Plaintiffs' decedents' job sites and substances other than those manufactured or sold by **SUNBEAM PRODUCTS** and/or by cumulative exposure to all types of environmental and industrial pollutants of air and water.

### SEVENTEENTH DEFENSE

If the Plaintiffs or Plaintiffs' decedents have heretofore settled or should hereafter settle for any of their alleged injuries and damages with any parties, then **SUNBEAM PRODUCTS** is entitled to a credit in the amount of said settlement.

### EIGHTEENTH DEFENSE

Plaintiffs' Complaint fails to name indispensable parties and, therefore, must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

### NINETEENTH DEFENSE

If Plaintiffs or Plaintiffs' decedents were employees of **SUNBEAM PRODUCTS** during the alleged exposure, Plaintiffs' and Plaintiffs' decedents' claims are barred by the exclusive remedy

provisions of the applicable Workers' Compensation Act.

## TWENTIETH DEFENSE

**SUNBEAM PRODUCTS** asserts that its products met industry standards and were not unsafe, unfit or unreasonably dangerous for normal use or operation.

## TWENTY-FIRST DEFENSE

There should be no recovery because upon information and belief, Plaintiffs and/or Plaintiffs' decedents failed to mitigate their damages, if any, as required by law.

## TWENTY-SECOND DEFENSE

**SUNBEAM PRODUCTS** asserts that if Plaintiffs or Plaintiffs' decedents suffered the injuries alleged, then such injuries resulted solely and proximately from a misuse or an abnormal or improper use of the products in question.

## TWENTY-THIRD DEFENSE

The doctrines of payment, release and accord, and satisfaction, where applicable, bar the recovery sought by Plaintiffs against **SUNBEAM PRODUCTS**.

## TWENTY-FOURTH DEFENSE

**SUNBEAM PRODUCTS** asserts that Plaintiffs or Plaintiffs' decedents' employers or unions or persons in control of the working conditions, are charged with the duty of maintaining safe working conditions, and were guilty of negligence, which negligence was the efficient, independent, intervening, sole proximate cause of Plaintiffs' or Plaintiffs' decedents' injuries, if any.

## TWENTY-FIFTH DEFENSE

**SUNBEAM PRODUCTS** asserts that Plaintiffs' claims are speculative in nature and they may not recover. **SUNBEAM PRODUCTS** further alleges that if Plaintiffs or Plaintiffs' decedents

used or were exposed to any product sold by **SUNBEAM PRODUCTS**, which is denied, then the exposure, if any, was *de minimis* and not sufficient to cause injury or to permit recovery.

### TWENTY-SIXTH DEFENSE

**SUNBEAM PRODUCTS** asserts that if Plaintiffs or Plaintiffs' decedents' suffered injuries, which are denied, then such injuries resulted solely and proximately from the acts or omissions of persons other than **SUNBEAM PRODUCTS** or from causes or conditions for which **SUNBEAM PRODUCTS** is not liable or responsible and Plaintiffs or Plaintiffs' decedents may not recover. Such acts or omissions on the part of others constitute an independent intervening and sole proximate cause of such alleged injuries.

### TWENTY-SEVENTH DEFENSE

**SUNBEAM PRODUCTS** asserts that the nature and condition of the products in question were well known to persons in Plaintiffs' and Plaintiffs' decedent s' trades and that due and adequate warning was given within the contemplation of the law and due care.

### TWENTY-EIGHTH DEFENSE

If Plaintiffs or Plaintiffs' decedents sustained any injury, which is denied, the same resulted, upon information and belief, from Plaintiffs or Plaintiffs' decedents' own negligence, including the failure to care for his/her own health by using tobacco products over an extended period of time. The use of said tobacco products or other contributing negligence is the sole, direct and proximate cause, or a contributing cause of the alleged injuries or damages, if any, about which Plaintiffs complain.

### TWENTY-NINTH DEFENSE

**SUNBEAM PRODUCTS** invokes all State of the Art defenses applicable to Plaintiffs or

11

Plaintiffs' decedents' claims, including the State of the Art applicable to the industry in question, medicine, and medical science, and all others, alleging that **SUNBEAM PRODUCTS** discharged, according to law and due care, each and every duty which it may have owed in the premises and **SUNBEAM PRODUCTS** has, and can have, no liability in the premises.

**THIRTIETH DEFENSE**

The use by Plaintiffs or Plaintiffs' decedents of asbestos-related insulation materials, if any, in the construction of naval ocean-going vessels has been in accordance with the requirements of the designs, plans and specifications of the United States Navy and in strict compliance therewith and with all required federal regulations and standards. **SUNBEAM PRODUCTS** cannot be held to be liable to the Plaintiffs or Plaintiffs' decedents for complying with the designs, plans, specifications and requirements of the United States Navy under national defense procurement contracts and for supplying materials for such contracts in accordance with their terms.

**THIRTY-FIRST DEFENSE**

Although denying that Plaintiffs or Plaintiffs' decedents are entitled to punitive damages, or to any relief whatsoever as against **SUNBEAM PRODUCTS**, **SUNBEAM PRODUCTS** would affirmatively plead;

1.    An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and would violate the Alabama Constitution;

2.    Inadequate legislation has been enacted authorizing punitive damages in a civil action such as this without placing any limit on the amount of punitive damages awardable;

3.    An award of punitive damages in this civil action would violate the due process

12

provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States and the Alabama Constitution;

4.     The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

5.     An award of punitive damages in this civil action would amount to an excessive fine in violation of the Tenth Amendment to the Constitution of the United States of America and Article I, Section 15 of the Alabama Constitution;

6.     Plaintiffs' or Plaintiffs' decedents' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment; and

7.     Plaintiffs' or Plaintiffs' decedents' claims for punitive damages are barred by "excessive fines clause" of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment and Article I, Section 15 of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

In the event Plaintiffs or Plaintiffs' decedents have heretofore entered into any release(s) relative to alleged exposure to the products of **SUNBEAM PRODUCTS** with **SUNBEAM PRODUCTS**, any successor or predecessor corporation or with any supplier of **SUNBEAM PRODUCTS** which exposure is expressly denied, **SUNBEAM PRODUCTS** is released from any and all liability, and **SUNBEAM PRODUCTS** moves the Court to enter an order of dismissal.

## THIRTY-THIRD DEFENSE

13

Plaintiffs' allegations of fraud, fraudulent concealment, concert of action, aiding and abetting, and conspiracy are not stated with the degree of particularity required by A.R.C.P. 9(b) and should be dismissed.

## THIRTY-FOURTH DEFENSE

Plaintiffs' decedents' employers were so experienced and sophisticated that no duty to warn existed. Alternatively, if any duty to warn existed, which is denied, **SUNBEAM PRODUCTS** was discharged by Plaintiffs or Plaintiffs' decedents' employers' intervening duties to give its employees all required warnings.

## THIRTY-FIFTH DEFENSE

Any judgment against **SUNBEAM PRODUCTS** should be limited to the applicable amount or percentage according to §§ 6-11-20 and 6-11-21 of the Alabama Code.

## THIRTY-SIXTH DEFENSE

The injuries or damages sustained by Plaintiffs or Plaintiffs' decedents, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.

## THIRTY-SEVENTH DEFENSE

**SUNBEAM PRODUCTS** alleges that other parties, whether named or unnamed in Plaintiffs' Complaint, and whether known or presently unknown to **SUNBEAM PRODUCTS**, were negligent or legally responsible or otherwise at fault for the damages alleged. Therefore, **SUNBEAM PRODUCTS** requests that in the event any party recovers against **SUNBEAM PRODUCTS**, whether by settlement or judgment, an apportionment of fault be made by the court or jury as to all parties. **SUNBEAM PRODUCTS** further requests a judgment or declaration of

indemnification or contribution against each and every party or person in accordance with apportionment of fault.

## THIRTY-EIGHTH DEFENSE

**SUNBEAM PRODUCTS** had no duty to warn about possible dangers (if any) in using products allegedly distributed by it which were not known by **SUNBEAM PRODUCTS** at the time of the alleged distribution of the product.

## THIRTY-NINTH DEFENSE

To the extent that Plaintiffs or Plaintiffs' decedents have or had filed an action in any other court against some or all of the defendants, this action should be dismissed in the interest of judicial economy and pursuant to the doctrine of priority of jurisdiction, so as to prevent double jeopardy.

## FORTIETH DEFENSE

Plaintiffs' claims are preempted by the regulations of the Occupational Health and Safety Administration and other applicable federal law.

## FORTY-FIRST DEFENSE

Plaintiffs are barred from bringing this action under the doctrine of *res judicata*.

## FORTY-SECOND DEFENSE

Some or all of the issues in this lawsuit have already been litigated and, therefore Plaintiffs are collaterally estoppel from re-litigating the same issues.

## FORTY-THIRD DEFENSE

To the extent that Plaintiffs or Plaintiffs' decedents were exposed to any product which was acquired from or sold by or used on behalf of the United States of America, or any state or political subdivision thereof, **SUNBEAM PRODUCTS** is entitled to any sovereign or governmental

immunity available to the United States of America or any state or political subdivision.

### FORTY-FOURTH DEFENSE

To the extent that Plaintiffs or Plaintiffs' decedents have filed any action in any other court against **SUNBEAM PRODUCTS**, any successor or its predecessors in interest, this action should be dismissed under the prior pending action doctrine.

### FORTY-FIFTH DEFENSE

No duty to warn or notify of any danger from exposure to **SUNBEAM PRODUCTS'** products has ever devolved upon **SUNBEAM PRODUCTS**; nevertheless, any delay by **SUNBEAM PRODUCTS** in notification or warning to Plaintiffs or Plaintiffs' decedents of such danger which is claimed to have been required (and **SUNBEAM PRODUCTS** denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of the Plaintiffs or Plaintiffs' decedents against **SUNBEAM PRODUCTS**.  Significantly, before the time any alleged duty to notify or warn could have arisen as to **SUNBEAM PRODUCTS**, Plaintiffs or Plaintiffs' decedents were exposed to asbestos from other sources sufficient to cause the conditions (if any), and notification or warning thereafter is of no value.  There is, therefore, no proximately causal relationship between any delay in notification or warning to Plaintiffs or Plaintiffs' decedents and the subsequent alleged conditions.

### FORTY-SIXTH DEFENSE

Any injuries, illnesses, diseases, disabilities, losses or damages alleged by Plaintiffs or Plaintiffs' decedents were proximately caused by or contributed to by an act or acts and/or omission or omissions on the part of Plaintiffs or Plaintiffs' decedents' fellow servants, fellow supervisors and

employers, and accordingly, recovery or relief against **SUNBEAM PRODUCTS** is barred.

### FORTY-SEVENTH DEFENSE

At all times material hereto, the state of the medical and industrial art was such that there was no generally accepted or recognized knowledge of any unavoidable, unsafe, inherently dangerous, hazardous or defective character or nature of the asbestos products allegedly at issue, when used in the manner and for the purposes intended, so that there was no duty by **SUNBEAM PRODUCTS** to know of such character or nature or to warn Plaintiffs or Plaintiffs' decedents or others similarly situated.

### FORTY- EIGHTH DEFENSE

The manufacture, packaging and sale of all products produced by **SUNBEAM PRODUCTS** met all state-of-the-art design and manufacturing requirements and applicable federal and state codes at the time of manufacturer.

### FORTY-NINTH DEFENSE

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiffs' or Plaintiffs' decedents' pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by **SUNBEAM PRODUCTS**.  All injuries and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiffs or Plaintiffs' decedents' pre-existing injuries and conditions.

### FIFTIETH DEFENSE

**SUNBEAM PRODUCTS** reserves the right to amend its answer and affirmative defenses after investigation, discovery and further information is disclosed to **SUNBEAM PRODUCTS** to

17

enable it to properly answer the Complaint and defend the claims asserted herein against **SUNBEAM PRODUCTS**. **SUNBEAM PRODUCTS** further will rely upon any law that is available to it after the completion of discovery and investigation of this cause.

### FIFTY-FIRST DEFENSE

**SUNBEAM PRODUCTS** retains its right to seek contribution and/or indemnification against any and all manufacturers of asbestos-containing materials who have filed petitions in various bankruptcy courts and consequently are not presently within the jurisdiction of this Court.

### FIFTY-SECOND DEFENSE

The Complaint should be dismissed or severed based on a mis-joinder of parties and/or claims.

### FIFTY-THIRD DEFENSE

Plaintiffs are unable to bring a claim under Alabama's Wrongful Death Act (Ala Code § 6-5-410) as Plaintiffs' decedents were time barred from bringing an action against **SUNBEAM PRODUCTS** at the time of the death.

### FIFTY-FOURTH  DEFENSE

**SUNBEAM PRODUCTS** adopts, by reference, all defenses pled by all other defendants in the foregoing styled and numbered actions which are applicable to the claims of Plaintiffs and/or Plaintiffs' decedents against **SUNBEAM PRODUCTS**.

### FIFTY- FIFTH DEFENSE

The Complaint must be dismissed because Plaintiffs' conspiracy claim violates **SUNBEAM PRODUCTS'** First Amendment Rights.

### FIFTY- SIXTH DEFENSE

18

The Complaint must be dismissed because **SUNBEAM PRODUCTS** did not conspire with anyone or any entity to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully.

### FIFTY-SEVENTH DEFENSE

Plaintiffs' claims should be dismissed because they were not brought by the real party in interest.

### FIFTY-EIGHTH DEFENSE

Plaintiffs have failed to comply with one or more conditions precedent, for example, opening an estate.

### FIFTY-NINTH DEFENSE

**SUNBEAM PRODUCTS** pleads the defense of lack of privity.

### SIXTIETH DEFENSE

**SUNBEAM PRODUCTS** pleads the defense of lack of notice in regard to any and all warranty claims.

### SIXTY-FIRST DEFENSE

**SUNBEAM PRODUCTS** pleads the defense that Plaintiffs failed to mitigate damages.

### SIXTY-SECOND DEFENSE

**SUNBEAM PRODUCTS** pleads the economic loss doctrine as a defense.

### SIXTY-THIRD DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20 and 6-11-30 (1975).

### SIXTY-FOURTH DEFENSE

Any award of punitive damages is subject to the limitations established by the Alabama Legislature and set in § 6-11-21, Ala. Code (1975).  The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect.  Under the Constitution of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature.  *See* *Honda Motor Co. Ltd. v. Oberg,* 1994 WL76687 (1994).

### SIXTY-FIFTH DEFENSE

Plaintiffs' claims are subject to the limitations and protections of Ala. Code. § 6-11-27.

### SIXTY-SIXTH DEFENSE

Plaintiffs are not entitled to damages or any relief whatsoever from **SUNBEAM PRODUCTS** pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

### SIXTY -SEVENTH DEFENSE

To the extent that Plaintiffs or Plaintiffs' decedent have accepted or accept a partial satisfaction and release from one or more tort feasors, **SUNBEAM PRODUCTS** pleads the release as a bar to recovery and requests that the Court allow the release into evidence to show payment for the injury.

### SIXTY-EIGHTH DEFENSE

Plaintiffs' claims must be dismissed because they were not filed by a personal representative as required by Ala. Code § 6-5-410.

### SIXTY-NINTH DEFENSE

Plaintiff's claims against **SUNBEAM PRODUCTS** must be dismissed for failure to serve within 120 days pursuant to Fed. R. Civ. 4.

20

## ANSWER TO CROSS-CLAIMS

1.      **SUNBEAM PRODUCTS INCORPORATED** denies the allegations contained in all Cross-claims which have been or may be filed against it. **SUNBEAM PRODUCTS INCORPORATED** denies that any cross-claimant is entitled to contribution or indemnity and denies that any cross-claimant is entitled to any relief whatsoever against it.

2.      Additionally, in response to any and all Cross-claims, **SUNBEAM PRODUCTS INCORPORATED** requests dismissal due to cross-claimant's failure to state a claim, avers that process and service of process upon it are deficient, and adopts and incorporates each and every defense set forth in its Answer and Defenses filed in this action.

        **WHEREFORE, PREMISES CONSIDERED**, **SUNBEAM PRODUCTS INCORPORATED** respectfully requests that the Complaint, and any and all Cross-claims which have been or might be filed against it, be dismissed with prejudice with all costs and expenses assessed to the Plaintiffs and/or Cross-claimant.

        **Respectfully submitted,**

        **SUNBEAM PRODUCTS INCORPORATED**

        BY: _ /s/ Randi Peresich Mueller_
           **RANDI PERESICH MUELLER, ASB# 7546-R71M**
           **PAGE, MANNINO, PERESICH &**
           **MCDERMOTT, P.L.L.C.**
           **460 BRIARWOOD DRIVE, SUITE 415**
           **POST OFFICE BOX 16450**
           **JACKSON, MS 39236**
           **(601) 896-0114/FAX (601) 896-0145**

21

## CERTIFICATE OF SERVICE

I, RANDI PERESICH MUELLER, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., have this day filed by the ECF filing system, a true and correct copy of the above and foregoing Answer and Defenses of Sunbeam Products Incorporated and to All Cross-Claims and have served the Plaintiffs' counsel and all Defense counsel a copy of the same by notification through the ECF filing notification system.

THIS, the  7th   day of April, 2008.


 */s/ Randi Peresich Mueller*

**RANDI PERESICH MUELLER**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**POST OFFICE BOX 16450**
**JACKSON, MS 39236**
**TELEPHONE: (601) 896-0114**
**FACSIMILE: (601) 896-0145**

22