IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **OTHRE E. BURNETT, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:08 CV 150-WKW** |
| ) | |
| **ALBANY INTERNATIONAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT

**COMES NOW** the defendant identified in the Complaint as FMC Corporation, on behalf of its former Construction Equipment Group, former Turbo Pump Operation, and former Chicago Pump and Peerless Pump businesses, improperly sued as FMC Corporation, individually and on behalf of its former Construction Equipment Group, and former Peerless Pump Division, Coffin Turbo Pumps, and Chicago Pump, businesses, pursuant to Rules 12(b)(3), (6) and/or 12(e) of the Federal Rules of Civil Procedure, moves the Court to enter an order dismissing the Complaint against them and/or or in the alternative, to enter an order directing the plaintiffs to replead the vague and ambiguous allegations asserted against them in the complaint in a manner that complies with Rule 8(a) of the Federal Rules of Civil Procedure. In support of this motion, the defendant shows unto the Court as follows:

1. The Complaint shows on its face that plaintiff Emma Jeanette Barton's claims accrued on June 14, 2004, more than two (2) years before this suit was filed, and as a result her claims are time-barred..

2. The Complaint fails to state a claim upon which relief may be granted.

1656855 v1

3. The Complaint is barred by res judicata and/or collateral estoppel principles.

4. Venue is improper in this Court.

5. Plaintiffs' claims do not include common questions of law or fact and their joinder together is improper.

6. The Complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure inasmuch as the Complaint is devoid of any specific allegations of wrongdoing levied against this defendant at any specific point in time. Accordingly, the Complaint as presently pled, is so vague and ambiguous that the defendant "cannot reasonably be required to frame a responsive pleading." Rule 12(e) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** the defendant moves the Court to enter an order dismissing Ms. Barton's claims against it, and also dismissing the balance of the Complaint against it, and/or alternatively to enter an order directing the plaintiffs to replead the Complaint with specific factual allegations which would put the defendant on notice of the wrongdoing alleged against it.

                    s/Allan R. Wheeler
                    C. Paul Cavender (CAV002)
                    Allan R. Wheeler ASB-4726-R49A
                    Attorneys for Defendants
                    FMC CORPORATION

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1656855 v1

**CERTIFICATE OF SERVICE**

    I hereby certify on this 9th day of April 2008 that the foregoing **MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT** has been filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                         s/Allan R. Wheeler
                                         OF COUNSEL

1656855 v1