THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| OTHRE E. BURNETT, et al., | * | |
| | * | |
| Plaintiffs; | * | |
| | * | |
| v. | * | CIVIL ACTION NUMBER: |
| | * | 2:08-cv-150-WKW |
| ALBANY INTERNATIONAL, et al., | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT KAISER GYPSUM COMPANY, INC.'S MOTION TO DISMISS**

COMES NOW, Defendant Kaiser Gypsum Company, Inc. (hereinafter "Kaiser Gypsum"), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and moves this Honorable Court to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted in that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. In support of its Motion, Kaiser Gypsum states as follows:

This action involves the claims of nine (9) plaintiffs against numerous defendants, including Kaiser Gypsum. The Plaintiffs only generally contend that they or their decedents have been "continually exposed to asbestos containing products produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants . . . ". (Complaint ¶¶ 1-9).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted. The allegations contained therein are inadequate and essentially comprised of a series of broad statements directed at all defendants without any clarification. Such "blanket pleadings" deprive Kaiser Gypsum of any meaningful opportunity to investigate the Plaintiffs' claims and prepare a response. A complaint which on its face is vague and ambiguous does not constitute a well-pled complaint. See Byrne v. Nezhat, 261 F.2d at 1128-1131 (11th Cir. 2001).

The Complaint in this case fails to specify where, when or how the Plaintiffs and/or their Decedents were allegedly exposed to asbestos or which of the numerous defendants are responsible for the alleged exposure and resulting injuries. Simply stating where each Plaintiff or each Plaintiffs' Decedent worked and the dates of employment with a general averment that there were "significant amounts of asbestos-containing products and materials" is not enough. As such, the Complaint fails to state a claim upon which relief may be granted and is due to be dismissed. A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Adams v. Franklin, 111 F.Supp.2d 1255, 1259 (M.D. Ala. 2000) (citations omitted). However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." Jefferson v. Lead Industries Ass'n, Inc., 106 F.3d 1245, 1250 (5th Cir. 1997) (citations omitted).

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief must contain a plain statement of the claim showing that the pleader is entitled to relief. Additionally, each averment in a complaint must "be simple, concise and direct." Id. Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action. In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). In Magluta, the Court described a shotgun complaint as one that ignores the requirement of a "short and plain statement." Id. Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographical and temporal realities make plain that all of the defendants could not have participated in every act complained of." Id. The Complaint in this matter does exactly the same thing that the Eleventh Circuit has repeatedly condemned.

In <u>Chancellor v. Air Liquide America Corp., et al.</u>, Case No. CV-04-BE-2554-S (N.D. Ala., Oct. 8, 2004), (unpublished) Judge Karon O. Bowdre <u>sua sponte</u> dismissed a similar shotgun complaint, without prejudice, due to the plaintiffs' failure to state a claim upon which relief could be granted and failure to plead with the required particularity. The court stated that the complaint, "[a]t best ... suggest only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica during all or part of [their] working lives ... while working at various worksites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry." <u>Id.</u> at 2. Furthermore, "the complaint forces the defendants to guess at what they each may have done to injure the plaintiffs, and when, where and how." <u>Id.</u> In holding that dismissal was the correct approach, the court stated, "[t]he court is acutely aware of its duty to dispose of shotgun complaints at the earliest opportunity ... Rather than wait until justice has been obstructed by the inadequacies of this complaint and 'scarce judicial and parajudicial resources' are further wasted, the court <u>sua sponte</u> dismisses this case as to all defendants without prejudice and with leave to revile a complaint that complies with all of the requirements of the <u>Federal Rules of Civil Procedure</u>." <u>Id.</u> at 2-3.

In this case, the Plaintiffs generically name numerous products allegedly manufactured by numerous defendants, which might have caused, directly or indirectly, harm to the Plaintiffs or their Decedents. Like <u>Chancellor</u>, the vague nature of the Complaint forces all of the Defendants, including Kaiser Gypsum, to guess "what each may have done to injure the plaintiffs, and when, where and how. Because Plaintiffs' Complaint fails to provide a short and plain statement of Plaintiffs' claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The Plaintiffs' shotgun approach to pleading is even more evident beginning with paragraph 14 of the Complaint wherein the Plaintiffs use the label "Producer Defendants" to refer to the

Defendants named therein, stating: "The asbestos-containing products produced by each defendant that have been identified at plaintiffs' workplace, during his employment years there, are set out hereinbelow." Kaiser Gypsum has no idea to which Plaintiff the word "his" refers to in the Complaint as there are eleven (11) named Plaintiffs, not just one. Plaintiffs then proceed to list generic product types for each of the Defendants, such as the allegation that Kaiser Gypsum produced "Asbestos containing products including but not limited to Cover-Tex Wall Texture." (Complaint, ¶ 53). However, there is absolutely no information to apprise Kaiser Gypsum as to which "workplace," let alone the period of employment, the Plaintiffs are referring to nor how, when or where the Plaintiffs or their Decedents were allegedly exposed to the products. Further, the remaining paragraphs of the Complaint go on to allege several causes of action against the Defendants. All causes of action are generically linked to all of the Defendants named therein.

<u>Federal Rule of Civil Procedure</u> 12(e) provides that "[if] a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing a responsive pleading." The law requires specificity such that a defendant is aware of the claims brought against it and is able to file responsive pleadings in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. <u>See</u> <u>Sisk v. Texas Park and Wildlife Dept.</u>, 644 F.2d 1056, 1059 (5th Cir. 1981).

As discussed above, Plaintiffs' Complaint fails to put Kaiser Gypsum on notice as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, worksites, or other facts surrounding their alleged use of a Kaiser Gypsum product or how the use of such a product contributed to their alleged injuries. Kaiser Gypsum cannot properly respond to such bare allegations. As such, Kaiser Gypsum alternatively moves this Court for an

4

Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e).

Kaiser Gypsum reserves its right to assert any additional defenses available to it.

Respectfully submitted,

 /s/ Vincent A. Noletto, Jr.
VINCENT A. NOLETTO, JR.  (NOLEV3868)
Attorney for Kaiser Gypsum Company, Inc.

**OF COUNSEL:**

**CARR, ALLISON, PUGH, HOWARD,
OLIVER & SISSON, P.C.**

**Vincent A. Noletto, Jr.**
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
(251) 626-9340
(251) 626-8928 - fax
E-mail:  vnoletto@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/EFC system which will send notification of such filing to all counsel of record.

 /s/ Vincent A. Noletto, Jr.
OF COUNSEL