THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| OTHRE E. BURNETT, et al.,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | CIVIL ACTION NO.: |
| vs.    ) | |
| ) | 2:08-CV-150-WKW |
| ALBANY INTERNATIONAL, et al.,    ) | |
| ) | |
| Defendants.    ) | |

### MOTION TO STAY

COMES NOW, Plaintiffs in the above-entitled cause of action, by and through their counsel of record, and respectfully moves this court for entry of an Order staying all proceedings, hearings, motions, responses, discovery, etc., and for good cause submits to the court as follows:

1. Multiple Defendants filed a Notice of Tag-Along Action with this Court notifying the court that the above-entitled cause of action is a potential "tag-along action" to previously transferred cases under section 1407, seeking among other things, to transfer and move jurisdiction of this matter to the Multidistrict Litigation ("MDL") in the Eastern District of Pennsylvania.

2. On July 29, 1991, the Judicial Pannel on Multidistrict Litgation ("JPML") entered an order transferring all asbestos personal injury cases pending in the federal courts in the United States District Court for the Eastern District of Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. 1407. That order also applies to "tag-along actions," or actions involving common questions of fact filed after

January 17, 1991. Such actions are to be transferred to the Eastern District of Pennsylvania as part of MDL 875, for coordinated pretrial proceedings.

3. The JPML has held that a district court has the authority to stay pending a transfer order. *In re Asbestos Products Liability*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.")

4. Therefore, Plaintiffs hereby respectfully request that the Court stay all proceedings, hearings, motions, responses, discovery, etc. due to the pending action by the Clerk of the JPML.

5. Plaintiffs make this Motion on the grounds that a stay of this action would (a) promote judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the parties.

6. Plaintiffs submit that no party will be unduly prejudiced by the granting of this Motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court enter an Order staying all proceedings, hearings, motions, discovery, etc.

This 11<u>th</u> day of April, 2008.

                                                           Respectfully submitted,

                                                           /s/ G. Patterson Keahey_____
                                                           G. Patterson Keahey, Jr. ASB-6357-A64G

OF COUNSEL:
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
Telephone: (205) 871-0707

Facsimile: (205) 871-0801
E-mail: info@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants.

/s/ G. Patterson Keahey_____
G. Patterson Keahey, Jr. ASB-6357-A64G

**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **OTHRE E. BURNETT, et al.,**   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| ) | **CIVIL ACTION NO.:** |
| **vs.**   ) | |
| ) | **2:08-CV-150-WKW** |
| **ALBANY INTERNATIONAL, et al.,**   ) | |
| ) | |
| **Defendants.**   ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT**
**OF PLAINTIFFS' MOTION TO STAY**

COMES NOW, Plaintiffs in the above-entitled cause of action, by and through their counsel of record, and pursuant to this Court's Order do hereby submit this Plaintiffs' Supplemental Brief in Support of Plaintiffs' Motion to Stay all proceedings, hearings, motions, responses, discovery, etc. For the reasons set forth below and in Plaintiff's' Motion

3

to Stay, this Court should stay this case to allow transfer to the to the Multi-District Litigation ("MDL") Court.

### I. FEDERAL COURTS CAN AND SHOULD STAY PROCEEDINGS PENDING TRANSFER TO AN MDL.

Defendants' argument that the Court must rule on the Defendants' pending Motions to Dismiss or, Alternatively, Motions for More Definite Statement (hereinafter "Defendants' Motions") prior to staying this case is simply wrong. Federal courts have the power and discretion to stay proceedings in a transferor court, including consideration of motions to dismiss, pending transfer of the case to an MDL proceeding, especially if resolution by the MDL Court will advance the interests of consistency and promote judicial economy. For example, in the leading case of *In re Ivy*, 901 F.2d 7 (2d Cir. 1990) the Second Circuit held that the transfer to the MDL is the proper and preferred option:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation ... Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.

Id. At 9; Accord *In re Air Crash Disaster at FL Everglades on Dec. 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973); *In re Asbestos Products Liab. Litig.,* 170 F. Supp. 2d 1348, 1349 n. (J.P.M.L. 2001); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001).

The MDL Panel's original decision directed centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *In re Asbestos Products Liab. Litig.*, 170 F.Supp.2d 1348, (Jud.Pan.Mult.Lit., 2001). The Panel has further held that transfer is appropriate where it will serve the convenience of the parties and promote the just and efficient conduct of the litigation, by

4

consolidating pre-trial proceedings and jurisdictional issues capable of arising from hundreds or thousands of cases in district courts throughout the nation. *In re Agent Orange Prod. Liab. Litig.*, 611 F.Supp. 1396 (E.D.N.Y. 1985). In the present case, the fact that there are multiple plaintiffs and defendants, and that multiple defendants themselves filed a Notice of Tag-Along Action with this Court seeking to transfer and move jurisdiction of this matter to the MDL Court, the convenience of the parties and efficiency of litigation will be served by transferring the matter to the MDL Court for further proceedings.

The Defendants' Objection to Plaintiff's Motion to Stay is based on alleged lack of subject matter jurisdiction; however, Courts have repeatedly held that once transferred to a MDL Court, "jurisdictional objections can be heard and resolved by a single court and reviewed at the Appellate level in due course." *In re Ivy*, 901 F.2d at 9 (2d Cir. 1990). Accordingly, Courts frequently grant stays pending the MDL Court's decision to transfer. *See Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804 (N.D.Cal., 1998); *See e.g. American Seafood Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762 (E.D. Pa. 1992); *Arthur-Magna, Inc. v. Del-Val Financial Corp*, 1991 WL 13725 (D. N.J. 1991).

As held in *Lyman v. Asbestos Defendants*, "a stay will likely preserve judicial resources by preventing a duplication of proceedings before this Court and the MDL Court." *Lyman v. Asbestos Defendants*, 2007 WL 2972926 (N.D.Cal.2007); *See also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D.Cal.1997) (holding that a stay is appropriate when it serves the interests of judicial economy and efficiency); *Hardin v. Merck & Co.*, No. C-07-007 SBA, 2007 U.S. DIST. LEXIS 29478, at *5 (N.D. Cal. April 4, 2007) (granting motion to "stay all proceedings pending a decision on transfer by the judicial panel on multidistrict litigation"). As in *Lyman v. Asbestos Defendants*, the Defendants in this case have not

5

persuasively identified any hardship that would result from a stay in proceedings. In the interest of judicial economy and efficiency, therefore, the Court should grant Plaintiffs' Motion to Stay.

## II.     THE CURRENT MDL JUDGE WELCOMES TRANSFER.

Defendants' Motions present issues that have arisen and will continue to arise in numerous federal courts across the country and the MDL Court has addressed these issues on many occasions. As pointed out in *In Re Ivy*, there are many economic advantages in transferring to a single Court in which the Judge has been handling that very type of litigation for years. *In re Ivy*, 901 F.2d at 9 (2d Cir. 1990). Judge James Giles, the current MDL 875 Judge, issued Administrative Order No. 12 requiring a short position paper from plaintiff's relative to their disease, exposure, and damages, the purpose of which is to "facilitate the expeditious movement of pending cases on the MDL docket." The Order further states that "Th(is) court intends upon stepping up the pace of settlement conferences and will accordingly issue orders to that effect." It is clear from Judge Giles' Administrative Order that he intends to increase the flow of cases in the MDL Court, as well as dispose of these cases in a timely manner. As a stay in proceedings pending transfer to the MDL Court would serve judicial and economic interests and efficiency, and as there is no hardship to the Defendants by issuing a Stay in proceedings while awaiting transfer to the MDL Court, Plaintiffs' Motion to Stay should be granted.

## CONCLUSION

The MDL Court has the knowledge and procedures in place in which to assess Defendants' Motions on a timely basis. Therefore, Plaintiffs respectfully urge that this Court

stay this case to allow the MDL Court to rule upon the Defendants' pending motions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court enter an Order staying all proceedings, hearings, motions, responses, discovery, etc.

This 11nd day of April, 2008.

Respectfully submitted,

/s/ G. Patterson Keahey<br>
G. Patterson Keahey, Jr. ASB-6357-A64G

OF COUNSEL:
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
Telephone: (205) 871-0707
Facsimile: (205) 871-0801
E-mail: info@mesohelp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants.

/s/ G. Patterson Keahey<br>
G. Patterson Keahey, Jr. ASB-6357-A64G

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **OTHRE E. BURNETT, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **vs.** ) | |
| ) | **2:08-CV-046-MHT-CSC** |
| **ALBANY INTERNATIONAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The Plaintiffs in the above-referenced cause, having filed a Motion to Stay all proceedings, hearings, motions, responses, discovery, etc., and said Motion having been read and considered,

IT IS HEREBY ORDERED AND ADJUDGED that the same is GRANTED.

This the ___11th__ Day of___April___, 2008.

_____
DISTRICT JUDGE