IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION

                        MDL DOCKET NO. 875

**OTHRE E. BURNETT, et al.,**

Vs.

**ALBANY INTERNATIONAL,**
et al.

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **OTHRE E. BURNETT, et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | **Civil Action No.:** |
| **vs.** ) | |
| ) | **2:08-CV-150-WKW** |
| **ALBANY INTERNATIONAL, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

**PLAINTIFFS' CORRECTED MASTER RESPONSE TO DEFENDANTS'
MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, MOTIONS FOR MORE
DEFINITE STATEMENT AND/OR MOTIONS FOR SEVERANCE**

COMES NOW the Plaintiffs, by and through her attorney of record, and files this Master Response, for the sake of brevity, in opposition to All Defendants' Motions to Dismiss, or, in the Alternative, Motions for More Definite Statement and/or Motions for Severance, and any and all Joinders thereto and states before this Honorable Court as follows:

    I.    **Plaintiffs' Complaint Sufficiently Apprises the Defendants of Plaintiffs'
          Claims against Them.**

Plaintiffs' should not be required to provide a More Definite Statement, as the Complaint sufficiently apprises the Defendants of Plaintiffs' claims against them arising from exposure to asbestos. (Complaint, ¶¶1-143). Asbestos exposure is not required to be specifically pled. See Rule 9, Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Complaint is sufficient pursuant to the Federal Rules of Civil Procedure. Any more specific information necessary for Defendants' defense at trial can be ascertained through the discovery process as contemplated by the Federal Rules of Civil Procedure.

Likewise, the Defendants are not entitled to a more definite statement. The Federal Rules of Civil Procedure employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored. *Haghkerdar v. Husson College*, 2005 WL 159641 (D.Me. 2005).

A motion for a more definite statement under subdivision (e) of this rule may be granted only if information sought is necessary to form responsive pleading and not for purpose of obtaining necessary information to prepare for trial. *Wycoll v. Nicholas*, 32 F.R.D. 369 (W.D.Mo. 1962). Plaintiffs' complaint clearly apprises all Defendants that their claims are based upon exposure to asbestos or asbestos-containing products and they are able to form a responsive pleading thereto as evidenced by the Answers filed by various Defendants herein. A more definite statement is neither needed nor required.

**II.    Plaintiffs' Complaint is Not Due to be Dismissed for Failure to Comply with Rules 8,** ***Federal Rules of Civil Procedure.***

Defendants claim that the Plaintiffs should be required to allege in their complaint the specific asbestos-containing products Plaintiffs used, when they used such product, where they used such product, and under what circumstances they used such product.

Plaintiffs reference Complaint ¶¶10-92, which specifically states which of each Defendants' asbestos-containing products Plaintiffs were exposed to. The remainder of the Complaint provides, in detail, the employment history of the Plaintiffs' during the time of their exposure to Defendants' asbestos-containing products. This satisfies the "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Additionally, following Rule 8(e), "all pleadings shall be so construed as to do justice," and Plaintiffs' Complaint adequately sets forth a claim and gives Defendants fair notice of its basis. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin*, 314 So.2d 663 (1975). It is not necessary to set forth evidence and ultimate facts that are to be discovered and/or proven during the course of discovery in this matter. *Laning v. C.R. Crim Bldg. Co.,* 66 So.2d 121 (Ala. 1953) (a party may not plead his evidence in a cause, particularly when, to become admissible as evidence, the matter so pleaded requires identification and authentication by witness who is under oath and subject to cross-examination); *Flack-Beane Lumber Co. v. Bass,* 62 So.2d 235 (Ala. 1952) (it is unnecessary to plead the evidence by which a fact in issue is to be proved).

Plaintiffs have adequately and directly proffered causes of action described above, and the claims are sufficient to provide an inference of each Defendants' involvement in the exposure of the inherently dangerous toxic substance. The requirement of a short and plain statement showing that the pleader is entitled to relief has thereby been met.

**III.   Plaintiffs' Complaint More than Adequately Sets the Bounds of Discovery.**

Defendants allege that Plaintiffs' claims against Defendants should be dismissed due to Plaintiffs' "shotgun" Complaint. Plaintiffs deny that the Complaint is a "shotgun" complaint. The purpose of Federal Rules of Civil Procedure Rule 8, 9 and 10, is to give notice, not to state facts and narrow the issues. Plaintiffs in the Complaint allege that they or their decedent were exposed to asbestos-containing products manufactured, sold and/or distributed by Defendants. (Complaint, ¶¶10-92). It is the purpose of discovery to assist in determining which products manufactured, sold and/or distributed by Defendants contained asbestos and which did not. Without proper information yet to be obtained from the Defendants through discovery, the Plaintiffs' cannot and are not required to plead their entire case in the Complaint.

Plaintiffs' have adequately and directly proffered causes of action, and the claims are sufficient to provide an inference of Defendants' involvement in the exposure of the inherently dangerous toxic substance. The requirement of a short and plain statement showing that the pleader is entitled to relief has thereby been met.

IV. **Plaintiffs have adequately Pled Fraud with Particularity as Required by Rule 9(b),** *Federal Rules of Civil Procedure.*

Defendants allege that Plaintiffs' claims for Fraudulent Concealment/Misrepresentation/ Alteration of Medical Studies/ Conspiracy/ Aiding and Abetting Conspiracy fail to comply with Federal Rules of Civil Procedure Rule 9(b). Plaintiffs refer to the Complaint ¶¶ 124-138 (Count Four). The Complaint alleges in great detail in ¶¶ 124-138 the specific acts and activities by the Defendants giving rise to the Plaintiffs claims against Defendants for fraudulent concealment, misrepresentation, alteration of medical studies, conspiracy, and aiding and abetting to a conspiracy.

This claim and the other allegations in Count Four of Plaintiffs' Complaint satisfy Rule 9(b)'s requirement that circumstances constituting fraud or mistake shall be stated with particularity. Ala. R. Civ. P. 9(b).

## V.  Plaintiffs' Claims are Properly Filed in the Middle District of Alabama and are Not Due to be Dismissed for Improper Venue.

Defendants allege that Plaintiffs' claims should be dismissed because of improper venue. Plaintiffs assert that this Court has jurisdiction based on diversity of citizenship (Complaint, pp. 6-7). Title 28 U.S.C.A §1391 sets out the circumstances in which an action may be founded on diversity of citizenship:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiffs assert that they have clearly satisfied the requirements of 28 U.S.C. §1391, as the majority of Plaintiffs are citizens of the State of Alabama and a number of Defendants are incorporated in the State of Alabama. Therefore, venue is proper in the Middle District of Alabama.

## VI.  The Claims Brought by all the Plaintiffs were Timely Filled within the Applicable Statute of Limitations Period.

In 1980, the Alabama Legislature enacted a discovery rule for asbestos cases. A plaintiff's claim does not accrue until the plaintiff discovers his injury. The statute provides:

>  (a)  all civil actions must be commended after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this code
>
>  (b)  a civil action for any injury to the person or rights of another *resulting from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action.*  This subsection shall not apply to or affect in any way, actions referred to in Section 6-5-482.

Ala. Code § 6-2-30 (1975).  At that time, the one-year statute of limitations was then in effect.  *See* Ala. Code § 6-2-39 (1975).  This provision was repealed in 1984.  Personal injury claims are now governed by the two-year statute of limitations.  *See* Ala. Code § 6-2-38(1).

The Alabama legislature passed legislation providing for a discovery rule for the stated purpose of assuring:

> that the statue of limitations for injuries or deaths caused by exposure to asbestos, including asbestos-containing products, does not run on any Alabama citizen before that citizen has at least the opportunity to discover that cause of action.
>
> It is the intent of the Legislature that all Alabama citizens suffering the effects of any long-term disease process covered by this Bill should not be prevented by any statute of limitations from recovering the full measure of damages proximately caused by a third party tortfeasor which are allowable under any civil theory of liability, provided action is brought within the statutory period of limitation from the date of accrual.

1980 Ala. Acts 566, Vol. II, 876, § 1.  After the statute's accrual date was challenged, the Alabama Supreme Court ruled that the statutory discovery rule enacted in asbestos cases was only constitutional as applied prospectively to cases accruing after May 19, 1980.

*Tyson v. Johns- Manville Sales Corp.,* 399 So.2d 263, 268-70 (Ala. 1981).  In other words, § 6-2-30 cannot be applied retroactively to actions *already barred by limitations* at the time of its enactment.  *Id*.  Thus, Alabama's discovery rule for asbestos exposure cases generally applies only if the plaintiff was exposed after 1979.  *Owens Corning v. Carter*, 997 S.W.2d 560, 575, n.9 (Tex. 1999).

Plaintiffs are all alleging exposure to asbestos products manufactured by Defendants – in other words a continuing exposure – before and after 1979.  As a result of this exposure to asbestos-containing products after 1979, there is no prohibited retroactive application of § 6-2-30 because Plaintiffs' claims were not *already barred by limitations* at the time the statute was enacted.  *Johnson v. Garlock, Inc*., 682 So.2d at 28.  Therefore, Plaintiffs' claims against Defendants are not time-barred.  Neither the *Tyson* court nor the *Johnson v. Garlock* court addressed the issue of § 6-2-30's application to a plaintiff who was exposed to asbestos-containing products before *and* after May 19, 1979 and whose cause of action was not already time-barred on the effective date of the act.

The Alabama Supreme Court in *Cazalas v. Johns-Manville Sales Corp*., 435 So.2d 55 (Ala. 1983), did address this issue.  *Cazalas* involved plaintiffs who had been exposed to asbestos before and after 1979.  The trial court ruled that the plaintiffs were limited in the damages they would be entitled to recover to those exposure-caused damages occurring within one year of filing suit.  *Cazalas v. Johns-Manville Sales Corp*., 435 So. 2d at 57.  Disagreeing with the trial court, the Supreme Court of Alabama ruled that if this result were allowed to stand, it would "emasculate" the discovery rule and plaintiffs would only be allowed to recover the damages to which they would have been entitled had the discovery rule not been enacted.  *Id*.  The Court stated:

> The trial court's ruling stems from a misunderstanding of the continuing tort rule of damages. While a plaintiff in a negligence action is typically limited to damages for injuries incurred within one year of filing suit, the rule does not, as the trial court suggested, operate independently of the statute of limitations. To the contrary, it is a function of the statute of limitations. Under the new statute, the plaintiff is entitled to recover all damages which proximately flowed from his injury if his action is brought within the statutory period of limitations, notwithstanding *Commercial Union Assurance Co. v. Zurich American Ins. Co.,* 471 F.Supp. 1011, 1015 (S.D.Ala.1979); *Garrett v. Raytheon Co.,* 368 So.2d 516, 521 (Ala.1979); *American Mutual Liability Ins. Co. v. Agricola Furnace Co.,* 236 Ala. 535, 538, 183 So. 677, 679 (1938).

435 So.2d at 57. The Court ultimately ruled that the plaintiffs should not be limited to a recovery for injuries occurring after May 19, 1979, but should be allowed to recover for *all injuries* proximately caused by exposure to asbestos. *Id*. at 57-58. Because the discovery process will show the continuing nature of Plaintiffs' exposures to asbestos-containing products both before and after 1979, Defendants motion should be denied.

**VII.  Plaintiffs Are Properly Joined Under Rule 20,** *Federal Rules of Civil Procedure* **and Should Not be Subject to Severance.**

The questions this Court must answer are whether the Plaintiffs' herein assert claims and/or a right to relief against the Defendants arising out of the same transaction or occurrence, or series of transactions or series of occurrences and whether any questions of law and fact are common to and among these Plaintiffs such that joinder is proper under the Federal Rules of Civil Procedure. Defendants contend that joinder is not proper under these circumstances and severance of Plaintiffs' claims are warranted. However, Plaintiffs assert that all Plaintiffs are properly joined as a result of Plaintiffs' alleged exposures to asbestos-containing products manufactured or distributed by Defendants to Plaintiffs' various worksites. Defendants' acts of placing asbestos in the

stream of commerce and failing to warn Plaintiffs of such danger after they became aware of same satisfies the "common transaction or occurrence" requirement of Federal Civil Procedure Rule 20 (a).

Additionally, Plaintiffs contend that their claims do indeed arise out of the same transaction or series of transactions and that joinder is necessary so as to promote trial convenience, avoid a waste of judicial resources and expedite the final determination of these disputes. Due to the nature of asbestos-related cases, separate trials of these-types of claims will invariably result in duplicative pleadings, duplicative discovery efforts, duplicative motions and duplicative hearings, leading to inconsistent rulings upon similar procedural and substantive issues. Further, any potential prejudice as to joinder at trial will be addressed prior thereto and will be the subject of a Case Management Order.

In addition to acting as joint-tortfeasors in this regard, Defendants also acted as co-conspirators, each with the other, for the purpose of concealing, suppressing or misrepresenting the hazards known to Defendants associated with exposure to asbestos-containing products. This pattern of conduct among the defendants alone has been found to satisfy the requirement of Rule 20(a). *See e.g.*, *Moore v. Comfed Sav. Bank,* 908 F.2d 834, 839 (11th Cir.1990) (plaintiffs alleged that the defendants took part in a similar scheme that was maintained either by conspiracy or contract; joinder was proper where connections between parties arose out of a series of transactions initiated by defendant Land Bank); *City of New York v. Joseph L. Balkan, Inc.,* 656 F.Supp. 536, 549 (E.D.N.Y.1987) (City alleged systemic corruption of City's sewer inspectors and various contractors in violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c); motion to sever filed by one contractor was denied); *Mack v. J.C.*

*Penney Co.,* 108 F.R.D. 30, 31 (S.D.Ga.1985) (joinder of multiple plaintiffs allowed in action against J.C. Penney alleging a pervasive policy of employment discrimination in one store). See also *United States v. All Funds on Deposit in Any Accounts Maintained at Merrill Lynch, Pierce, Fenner & Smith,* 801 F.Supp. 984, 995 (E.D.N.Y.1992), citing *City of New York v. Joseph L. Balkan, Inc.* (joinder of numerous defendants permitted because complaint alleged that property belonging to each defendant had been forfeited to the government because of defendant's participation in illegal drug-sales conspiracy).

For these reasons, as further discussed herein, Plaintiffs submit that joinder is proper under Rule 20(a) of the Federal Rules of Civil Procedure and severance is not warranted in this case.

**VIII.   Other Defenses – Personal Jurisdiction, Subject Matter Jurisdiction, Insufficiency of Process, Insufficiency of Service of Process, Improper Venue, Res Judicata, Collateral Estoppel.**

Defendants have only generally averred lack of personal jurisdiction, subject matter jurisdiction, insufficiency of process, insufficiency of service of process, improper venue, res judicata, and collateral estoppel without stating any specific allegations or submitting any facts substantiating the same. Accordingly, Defendants have failed to satisfy their burden of proof.

In addition, the assertion of certain defendants concerning the heading of the complaint and the manner in which the deceased Plaintiffs are listed in the heading can be explained simply by a clerical error. As such, Plaintiffs ask for leave to Amend the complaint to correct the caption.

**IX.   Conclusion.**

For the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court deny Defendants Motions to Dismiss Plaintiffs' Complaint or, in the Alternative, Motions for More Definite Statement and/or Motions for Severance, as the Complaint properly states a sufficient claim.

This the 18th day of April, 2008.

>Respectfully Submitted,
>
>s/G. Patterson Keahey
>G. PATTERSON KEAHEY
>*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:      205-871-0707
FACSIMILE: 205-871-0801
EMAIL:       alasbestos@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification to the attorneys of record.

>s/G. Patterson Keahey
>G. PATTERSON KEAHEY
>*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:      205-871-0707
FACSIMILE: 205-871-0801
EMAIL:       alasbestos@mesohelp.com