**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **OTHRE E. BURNETT, et al.** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  2:08-CV-150-WKW** |
| | § | |
| **ALBANY INTERNATIONAL, et al.** | § | |
| | § | |
| **Defendants** | § | |

---

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SEVER AND FOR MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW

---

COMES NOW, Sunbeam Products Incorporated ("Sunbeam Products") pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and requests that the Court dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted because the Complaint fails to satisfy the requirements of the Rules. In the alternative, Sunbeam Products requests that the Court enter an order severing the claims of the Plaintiffs and order the Plaintiffs to provide more definite statements of their claims pursuant to Federal Rules of Civil Procedure 20 and 12(e), respectively. Sunbeam Products further requests an order dismissing the claims of Plaintiff John Marona as untimely because his alleged last exposure to asbestos was prior to May 19, 1979; Plaintiff Emma Jean Barton as untimely because she was diagnosed with asbestos-related lung cancer more than two (2) years prior to filing this law suit; and Plaintiffs Othre E. Burnett (Dorothy F. Burnett) and Russell Mashburn (Norma Mashburn) as untimely for failure to comply with Alabama's Wrongful Death statute. As such, their claims are time-barred. Finally, Sunbeam Products requests that the Court dismiss Plaintiffs' fraud claims as to Sunbeam Products for failure to plead fraud with particularity

as provided by Federal Rule of Civil Procedure 9(b). Alternatively, Sunbeam Products requests that the Court require Plaintiffs' to plead the fraud claims with particularity. In support, Sunbeam Products states as follows:

## I.    The Complaint

Nine Plaintiffs filed a personal injury action against seventy-two (72) Defendants including Sunbeam Products. *See* Complaint. Plaintiffs allege generally that they or their decedents have been "continually exposed to asbestos containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants . . ." *See* Complaint at ¶¶ 1-9. Among other things, Plaintiffs contend that they or their decedents worked around "furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials." *Id.*

## II.    Failure to State a Claim

Federal Rule of Civil Procedures 12(b)6 requires dismissal of a complaint that fails to state a claim upon which relief can be granted. The allegations in the Complaint in this case are inadequate without clarification and constitute "blanket pleadings" to which Sunbeam Products cannot meaningfully respond. A complaint which on its face is vague and ambiguous does not constitute a well-pled complaint. *See, generally, Byrne v. Nezyhat*, 261 F.3d 1075, 1128-1131 (11th Cir. 2001). The Complaint in this case fails to specify where, when or how the Plaintiffs and/or their decedents were allegedly exposed to asbestos or which of the numerous defendants are responsible for the alleged exposure and alleged injuries. By stating where Plaintiffs and/or their decedents worked and the dates of employment with a general averment that there were "significant amounts

2

of asbestos-containing products and materials" is not enough. As such, the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

Plaintiffs' Complaint fails to state a claim on which relief can be granted because the Complaint fails to sufficiently assert "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a). Moreover, the Complaint fails to satisfy the requirement of Rule 8 that each averment of a pleading "shall be simple, concise, and direct." FRCP 8(e). "However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Jefferson v. Lead Indust. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997) (citations omitted); *see Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (U.S. 2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action.

In this matter, Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). In *Magluta*, the Court described a shotgun complaint as one that ignores the requirement of a " short and plain statement." *Id.* Instead, the "shotgun" complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id.* Plaintiffs' Complaint does the very thing that the Eleventh Circuit condemns.

In *Sydney Chancellor, et al. v. Air Liquide America Corp., et al.,* Case No. CV-04-BE-2554-S (N.D. Ala., Oct. 8, 2004), (unpublished) Judge Karon O. Bowdre *sua sponte* dismissed a similar

3

"shotgun" complaint, without prejudice, due to plaintiffs' failure to state a claim upon which relief could be granted and failure to plead with the required particularity. *See* Exhibit "A" (October 8, 2004 Order Dismissing the Case). The court stated the complaint, "[a]t best . . . suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica during all or part of [their] working lives . . . while working at various worksites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sandblasting industry." *See* Exhibit A at 2. Furthermore, "the Complaint forces the defendants to guess at what they each may have done to injure the plaintiffs, and when, where and how." *Id.* In holding that dismissal was the correct approach, the court stated, "[t]he court is acutely aware of its duty to dispose of shotgun complaints at the earliest opportunity. . . . Rather than wait until justice has been obstructed by the inadequacies of this complaint and 'scarce judicial and parajudicial resources' are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure." *Id.* at 2-3.

In *Skip Palmer, et al., v. Aearo Corp., et al.,* Case No. 7.04-CV-3262-UWC (N.D. Ala., May 31, 2005) (unpublished), Chief Judge U.W. Clemon ordered *sua sponte* the case be dismissed on similar grounds as *Sydney Chancellor*. Chief Judge Clemon noted:

> Neither the defendants nor the Court can discern from plaintiff's complaint a fair idea of what the plaintiffs are complaining. The complaint suggests that the plaintiffs have occupational lung disease, that plaintiffs were exposed to silica "while working at various work -sites in Alabama," and that all twenty-three (23) defendants in some way participated in the sand blasting industry. However, it is not clear what defendants produced which products, and the resulting causes of action related to those products.

4

> The complaint alleges that different groups of defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the complaint does not state when, where, or how the defendants have injured the plaintiffs. Furthermore, the plaintiffs do not explain which causes of action apply to which defendants. Therefore, the plaintiffs do not allow the defendants to adequately defend themselves in response to the complaint.

*See* Exhibit "B" (May 31, 2005 Order of Dismissal at 2).

In this case Plaintiffs have named numerous products allegedly manufactured by over seventy-two (72) Defendants which may have caused harm to Plaintiffs or their decedents. As in *Chancellor*, the Complaint is so vague as to cause all Defendants, including Sunbeam Products, to guess "what each may have done to injure the plaintiffs, and when, where, and how." *See* Exhibit A at 2. The Complaint lists general descriptions of products produced or distributed by Defendants and fails to make clear "the resulting causes of action related to those products." *See* Exhibit B at 2. Plaintiffs have failed to give sufficient detail to apprise Defendants and the Court of what Plaintiffs are complaining and of the legal basis for any recovery. *Id.* Plaintiffs' Complaint not only fails to provide a short and plain statement of Plaintiffs' claims against Defendants, but it also fails to state a claim upon which relief may be granted and should be dismissed.

Plaintiffs' "shotgun" approach to pleading is additionally evident in paragraph 11 of the Complaint wherein Plaintiffs use the label "Producer Defendants" to refer to Defendants generally, stating, "[t]he asbestos-containing products produced by each defendant that have been identified at plaintiff's workplace, during their employment years there, are set out herein below." *See* Complaint at ¶ 11. Defendants are not made aware of which Plaintiff "their" refers as there are nine (9) named Plaintiffs. Plaintiffs then proceed to list generic types of products for each of the Defendants, including allegations against Sunbeam Products. *Id.* at ¶ 70. Indeed, Plaintiffs do not

5

provide information regarding which workplace or time frame each Plaintiff was allegedly exposed to a Sunbeam Products product, nor do they provide how or when the Plaintiffs or their decedents were allegedly exposed to an asbestos containing product manufactured by Sunbeam Products. Further, the remaining paragraphs of the Complaint go on to allege five (5) causes of action against all Defendants.

Chief Judge U.W. Clemon of the Northern District of Alabama previously dismissed the case of *Vera Beavers, et al. v. A.O. Smith Electrical Products Company, et al.*, Civil Action No. 2:06-CV-899UWC (N.D. Ala. May  8, 2006), on several grounds, including the fact that the plaintiffs' complaint did "not specifically link specific causes of action to a specific defendants."[1] *See* Exhibits "C" (August 31, 2006 Order of Dismissal) and "D" (August 31, 2006 Memorandum Opinion on Motions to Dismiss at 2 ).  Similarly, Plaintiffs in this case have failed to link specific causes of action to specific Defendants, and consequently, Plaintiffs' and their claims should be dismissed.

## III.    Improper Joinder of Claims

Rule 20 of the Federal Rules of Civil Procedure provides in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." FRCP 20(a).  While Plaintiffs allege they or their decedents have been exposed to asbestos or asbestos containing products, they do not allege any facts indicating that the exposure arises out of the same transactions or occurrences.  As a result, Sunbeam Products seeks severance of Plaintiffs' claims.

---

[1] The District Court's dismissal of this action is currently on appeal in the Eleventh Circuit.

Plaintiffs ask for different types of relief in their Complaint. Plaintiffs' allegations are a mix of personal injury claims and wrongful death claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages and not to compensatory damages available to personal injury plaintiffs. *Cherokee Elec. Coop. v. Cochran,* 706 So.2d 1188, 1193 (Ala. 1997). Wrongful death claims must be severed from the personal injury claims, making severance of the Plaintiffs' claims here proper.

## IV.    A More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing a responsive pleading." FRCP 12(e). A defendant like Sunbeam Products must be made aware of the claims brought against it, so that it is able to file a responsive pleading in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. *See Sisk v. Texas Park and Wildlife Dept.,* 644 F.2d 1056, 1059 (5th Cir. 1981).

Plaintiffs' Complaint fails to put Sunbeam Products on notice as to the transactions or occurrences that form the basis of their claims. Further, Plaintiffs fail to aver any dates, worksites, or other facts surrounding their alleged use of a Sunbeam Products product or how the use of such products contributed to their alleged injuries. Sunbeam Products lacks sufficient facts on which to properly respond to Plaintiffs' allegations, a more definite statement is required. As such, Sunbeam Products alternatively requests an order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Rule 12(e).

7

**V.     Dismissal of Certain Plaintiffs**

    **A.     *Exposure Prior to May 19, 1979***

Pursuant to Alabama Code § 6-2-39 (repealed in 1980), Alabama had a one-year statute of limitations for personal injury actions not resulting in death. This meant that the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger. While this rule was changed in 1980, the Alabama Supreme Court has declared the change did not apply retroactively. *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263, 268 and 272 (Ala. 1981); *Johnson v. Garlock, Inc.*, 682 So.2d 25, 26-28 (Ala. 1996). Accordingly, a personal injury plaintiff who was last exposed to asbestos before May19, 1979, must bring suit within one year of the last date of exposure. *Id.* Plaintiff John Marona alleges that his last exposure to asbestos and/or asbestos-containing products was in 1967 which was prior to May 19, 1979. *See* Complaint at ¶ 5. Based on his last exposure date, Marona had until 1968 to bring suit for his alleged asbestos-related injuries. This case was not filed until March 4, 2008 - well past the limitations period for this Plaintiff. Accordingly, the claims of John Marona must be dismissed.

    **B.     *Two Year Statute of Limitation Period from the Date of Discovery of Injury or Illness***

Pursuant to Alabama Code Section 6-2-30 (1975):

> A civil action for any injury to the person or rights of another resulting from exposure to asbestos, including asbestos-containing products, ***shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action.***

(emphasis added). On June 14, 2004, Plaintiff Emma Jean Barton was diagnosed with asbestos-related lung cancer. *See* Complaint at ¶ 2. As of this date, Barton had or should have had knowledge of her claims for injuries allegedly caused by asbestos or asbestos containing products. Plaintiff

Barton's cause of action expired two years from the date Barton discovered or had reason to discover her injury, or on June 14, 2006. Plaintiff Barton did not file her action for her alleged injuries related to asbestos exposure until March 4, 2008, approximately one (1) year and nine (9) months after the expiration of the statute of limitations. Accordingly, the claims of Emma Jean Barton must be dismissed.

### C.    Two Year Statute of Limitations Period for Wrongful Death Claims

The Alabama wrongful death statute codified at Ala. Code § 6-5-410 (1975) requires that such actions be commenced within two (2) years of the death. It also provides that only a "personal representative" may commence an action for wrongful death. As interpreted by the courts, a cause of action under the wrongful death statute is vested in the personal representative alone, who acts as an agent of legislative appointment for the purpose of effectuating public policy. *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465, 466 (Ala. 1979), *cert. den.* 445 U.S. 930 (1980). "Personal representative" when used in the Alabama wrongful death statute means the executor or administrator of the testator or intestate. *See id.*; *Hatas v. Partin*, 175 So. 2d 759, 761 (1965); *Smith v. Tribble*, 485 So. 2d 1083, 1085 (Ala. 1986).

Except in cases involving the death of a minor, an individual cannot bring a wrongful death action unless the individual has been appointed as the personal representative of the estate of the decedent whose death is the basis of the wrongful death claim. *Buck v. City of Rainsville,* 572 So. 2d 419 (Ala. 1990). Where suit is filed, for example, in the name of the spouse or the child of the adult deceased, instead of in the name of the executor or administrator of the estate of the deceased and no proceedings have been filed in Probate Court for the appointment of an executor or

administrator, summary judgment dismissing the action is proper. *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1982).

> [I]f the two-year period prescribed by the [wrongful death] statute has expired before the representative is 'duly appointed,' the heirs of the decedent are barred from recovery. The theory behind this rationale is that the acts of a nonappointed personal representative are void, and if the two years has expired, an amendment pursuant to Rule 17(a), A.R.Civ. P., will not 'relate back,' there being no valid act to which the amendment can relate back.

*Holyfield v. Moates*, 565 So. 2d 186, 188-89 (Ala. 1990). One who files a wrongful death suit without having been appointed as the executor or administrator does not qualify as a personal representative, and the suit is a nullity. *Waters*, 600 So. 2d at 982.

Othre E. Burnett's claims in this case are due to be dismissed because the decedent died on March 12, 2006, requiring that an appointed personal representative file suit for wrongful death on or before March 12, 2008. Suit was filed by Dorothy F. Burnett, purporting to be the personal representative of Othre E. Burnett, on March 4, 2008. As of April 18, 2008, no estate had been established for Mr. Burnett. *See* Exhibit "E" (Affidavit of Crystal Bennett). Because Ms. Burnett was not an appointed personal representative of the decedent, the filing of this suit by her is a nullity.

Russell Mashburn's claims in this case are due to be dismissed because the decedent died on March 4, 2006, requiring that an appointed personal representative file suit for wrongful death on or before March 4, 2008. Suit was filed by Norma Mashburn, purporting to be the personal representative of Russell Mashburn, on March 4, 2008. As of April 18, 2008, no estate had been established for Mr. Mashburn. *See* Exhibit "E" (Affidavit of Crystal Bennett). Because Ms. Mashburn was not an appointed personal representative of the decedent, the filing of this suit by her is a nullity.

Plaintiffs may seek to avoid application of this rule by reliance on the wrongful death provision of the Alabama Worker's Compensation Statute, Ala. Code § 25-5-11. This Section provides that a *dependent* of the decedent may bring a wrongful death claim against the employer and against third parties. Dependents under the Worker's Compensation Statute include the wife, minor children under the age of 18, and certain other designated individuals who were *supported by the deceased workman at the time of his death.* Ala. Code § 25-5-1(3), § 25-5-61 and § 25-5-62.

Plaintiffs Burnett or Mashburn in this case do not allege that this action is brought pursuant to the terms of the Alabama Worker's Compensation Statute, do not allege that the named Plaintiffs are  dependents of the decedents within the definition of the Alabama Worker's Compensation Statute, and do not allege that the Plaintiffs were supported by the decedents at the time of their death. In short, there are no allegations within the Complaint that bring it within the purview of wrongful death provisions of the Alabama Worker's Compensation Statute.

## VI.    Fraud

At least with respect to Sunbeam Products, Plaintiffs have not pleaded fraud with particularity as set forth in the Rule 9(b) of the Federal Rules of Civil Procedure. *See* Complaint at ¶¶ 124 -139. Plaintiffs have not provided Defendants, including Sunbeam Products, the identities of the parties who allegedly concealed information from Plaintiffs along with the time frame of the alleged concealment. Having failed to satisfy the particularity requirement for pleading fraud, Plaintiff's claims of fraud ought to be dismissed. In the alternative, Sunbeam Products requests that the Court order Plaintiffs to plead the fraud claims with particularity.

11

## VII.    Conclusion

WHEREFORE, PREMISES CONSIDERED, **SUNBEAM PRODUCTS INCORPORATED** prays that this Honorable Court will dismiss the Complaint filed against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to sufficiently assert a claim by filing a short and plain statement showing that the pleader is entitled to relief under Rule 8 of the Federal Rules of Civil Procedure. Alternatively, Sunbeam Products requests that this Honorable Court sever the claims improperly joined in violation of Rule 20 of the Federal Rules of Civil Procedure and require Plaintiffs to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and order the Plaintiffs to amend their complaints and provide the following averments: (1) the products of Sunbeam Products, if any, which are claimed to be defective; (2) when, where and under what conditions Plaintiffs and/or Plaintiffs' decedents were allegedly exposed to such products; (3) the names of Plaintiffs and/or Plaintiffs' decedents employers at the time of alleged exposure; (4) the addresses of the work sites in issue; (5) the type of work being performed by the Plaintiffs and/or Plaintiffs' decedents at the time of their alleged exposure to Sunbeam Products; and (6) when, how and under what circumstances Plaintiffs and/or Plaintiffs' decedents were diagnosed with an asbestos -related condition. Sunbeam Products also prays that this Honorable Court require Plaintiffs and/or Plaintiffs' decedents to apprize Sunbeam Products of the nature of the claims against it as well as the nature of the disease which Plaintiffs and/or Plaintiffs' decedents contend they have incurred and to plead with particularity any fraud claims in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Sunbeam Products further requests this Court enter an order

dismissing the claims of Plaintiffs John Marona, Emma Jean Barton, Othre Burnett and Russell Mashburn because their claims are time-barred.

Sunbeam Products specifically reserves and does not waive all other available defenses it may have in this cause, and prays for such other relief as this Court may deem appropriate.

**Respectfully submitted,**

**SUNBEAM PRODUCTS INCORPORATED**


BY:    */s/ Randi Peresich Mueller*
**RANDI PERESICH MUELLER, ASB# 7546-R71M**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**460 BRIARWOOD DRIVE, SUITE 415**
**POST OFFICE BOX 16450**
**JACKSON, MS  39236**
**(601) 896-0114/FAX (601) 896-0145**

13

## CERTIFICATE OF SERVICE

I, **RANDI PERESICH MUELLER**, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., have this day filed by the ECF filing system, a true and correct copy of the above and foregoing **MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SEVER AND FOR MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW** and have served the Plaintiffs' counsel and all Defense counsel a copy of the same by notification through the ECF filing notification system.

THIS, the 29th day of April, 2008.

_/s/ Randi Peresich Mueller_
**RANDI PERESICH MUELLER**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**POST OFFICE BOX 16450**
**JACKSON, MS 39236**
**TELEPHONE: (601) 896-0114**
**FACSIMILE: (601) 896-0145**

14

# EXHIBIT A

*Order*
*10-8-04*

04 OCT -8  PM 2: 37

U.S. DISTRICT COURT
N.D. OF ALABAMA

*kl*

**ENTERED**
OCT - 8 2004

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

SIDNEY S. CHANCELLOR,       )
                            )
    Plaintiff,         )
                            )
and                         )
                            )
JOHN L. PARKER,             )
                            )
    Plaintiff,         )   Case No. CV-04-BE-2554-S
                            )
vs.                         )
                            )
AIR LIQUIDE AMERICA CORP.,  )
et al.,                     )
                            )
    Defendants.        )
                            )
                            )
                            )

## ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within **20 days of the date of this order.**

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing that the pleader is entitled to relief'.... 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

1

that there is some legal basis for recovery.'" *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice 1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives...while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry.

Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims against them, it also contains numerous other inadequacies–among them, failure to state with particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court would have jurisdiction over this diversity action. Furthermore, the court finds that it will be impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

2

opportunity. *Byrne*, 261 F.3d at 1130.[1] Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement.   Many are even now heroically struggling to answer the complaint.  Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32.  The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[1] In *Byrne*, the Eleventh Circuit detailed the many evils a court would countenance by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court—among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131. The Eleventh Circuit observed in *Byrne*: "Why. . .would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id.* at 1130.

3

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are

MOOT.

Done and ordered this 8th _ day of October, 2004.

Karon O. Bowdre
United States District Judge

4

# EXHIBIT B

FILED
2005 May-31  PM 05:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SKIP PALMER, *et al.*,                    )
                                          )
            Plaintiffs,                   )
                                          )
    vs.                                   )       Civil Action Number
                                          )       **7:04-cv-3262-UWC**
AEARO CORPORATION, *et al.*,              )
                                          )
            Defendants.                   )
                                          )
                                          )

**ORDER OF DISMISSAL**

Based upon the gross inadequacies of the Plaintiff's Complaint, the Court *sua sponte* DISMISSES this case without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing the pleader is entitled to relief' . . .. "The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief;' it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal

basis for recovery." *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)(quoting Fed. R. Civ. P. 8 (a); James Wm. Moore *et al.*, Moore's Federal Practice 1653 (2d ed.).

Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry. However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.

The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

Many Defendants have moved this Court to dismiss the Plaintiffs' claims for failure to state a claim for which relief can be granted, or in the alternative a more definite statement. Some Defendants answered the complaint. Rather than rely on the inadequacies of this Complaint, the Court *sua sponte* dismisses this case as to all Defendants with leave to refile a Complaint that complies with all of the requirements of

2

the Federal Rules of Civil Procedure within thirty (30) days of the date of this order.

Done this 31st day of May, 2005.

U.W. Clemon
Chief United States District Judge

3

# EXHIBIT C

FILED

2006 Aug-31 PM 07:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **VERA . BEAVERS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:06-cv-899-UWC** |
| **A. O. SMITH ELECTRICAL** | ) | |
| **PRODUCTS COMPANY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

Consistent with the accompanying Memorandum Opinion, this case is hereby DISMISSED, without prejudice.

The costs of this action are hereby taxed against the Plaintiffs.

_____

U.W. Clemon
Chief United States District Judge

# EXHIBIT D

FILED
2006 Aug-31  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **VERA . BEAVERS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:06-cv-899-UWC** |
| **A. O. SMITH ELECTRICAL** | ) | |
| **PRODUCTS COMPANY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON MOTIONS TO DISMISS**

Presently before the Court are numerous motions to dismiss. [1] Upon review of the complaint and the motions to dismiss, the Court finds this action should be dismissed for lack of jurisdiction

The nearly 100 individual Plaintiffs allege that they have been injured by exposure to asbestos manufactured or utilized by the various Defendants. Jurisdiction is premised on diversity of citizenship.

The motions to dismiss raise several issues, several of them having

---

[1] Docs. 24, 37, 40, 45, 48, 49, 50, 56, 57, 58, 61, 63, 66, 69, 75, 80, 81, 91, 97.

substantial merit. First, it does not appear that all of claims arise out of the same transaction or occurrence. Further, the complaint does not specifically link specific causes of action to a specific Defendant. Moreover, to the extent that fraud allegations are made, they are not pled with the specificity required by the Federal Rules of Civil Procedure. Finally, the complaint does not allege the dates of exposure to asbestos, or the dates on which the Plaintiffs discovered their injuries - allegations quite probative in a statute of limitations defense.[2]

But the most compelling reason requiring the dismissal of this action is the simple fact that diversity jurisdiction is absent. It is clear that at least one Plaintiff and at least one Defendant are citizens of the state of California. (*See* Compl. §§ 16, 113.) Additionally, at least one Plaintiff and one Defendant are citizens of the state of Georgia. (*See* Compl. §§ 15, 133.)

For want of diversity jurisdiction, the Complaint must be dismissed.

_____

U.W. Clemon
Chief United States District Judge

---

[2] These deficiencies could probably be cured by a severance of the Plaintiffs and an amended complaint in each of the new cases.

Page 3 of 3

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **OTHRE E. BURNETT, et al.** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.   2:08-CV-150-WKW** |
| | § | |
| **ALBANY INTERNATIONAL, et al.** | § | |
| | § | |
| **Defendants** | § | |

### AFFIDAVIT OF CRYSTAL BENNETT

I, Crystal Bennett, who after first being duly sworn on oath, state as follows:

1.    I, Crystal Bennett, am over 21 years of age and of sound mind. I have personal knowledge of all maters set forth in this Affidavit.

2.    On April 8, 2008, I placed a telephone call to the Probate Office in Colbert County, Alabama, requesting information on any estate that may have been established for Othre E. Burnett. I was informed by Katherine Williamson, Chief Clerk for the Probate Office of Colbert County, that no estate had been established for Othre E. Burnett in the Probate Court of Colbert County, Alabama.

3.    On April 8, 2008, I placed a telephone call to the Probate Office in Colbert County, Alabama, requesting information on any estate that may have been established for Russell Mashburn. I was informed by Katherine Williamson, Chief Clerk for the Probate Office of Colbert County, that no estate had been established for Russell Mashburn in the Probate Court of Colbert County, Alabama.

_____
Crystal Bennett

STATE OF MISSISSIPPI

COUNTY OF HINDS

PERSONALLY appeared before me the undersigned, Crystal Bennett, who after being first duly sworn, stated on his oath that the matters and things contained in his Affidavit are true and correct as therein stated.

SWORN to before me this, the 29th day of April _____, 2008.

NOTARY PUBLIC

My Commission Expires:

2/21/12