IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DANIEL R. BROWN, et al. | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. 2:08-CV-46 |
| ALBANY INTERNATIONAL, et al. | § § § | |
| Defendants | § | |

**REBUTTAL TO PLAINTIFFS' CORRECTED MASTER RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, MOTIONS FOR MORE DEFINITE STATEMENT AND/OR MOTIONS FOR SEVERANCE**

COMES NOW, Sunbeam Products Incorporated ("Sunbeam Products") pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and files this its Rebuttal to Plaintiffs' Corrected Master Response to Defendants' Motions to Dismiss, or in the alternative, Motions for More Definite Statement and/or Motions for Severance. In support of this motion, Sunbeam Products would state as follows:

I.  **Plaintiffs' Complaint Does Not Sufficiently Apprise the Defendants of Plaintiffs' Claims Against Them.**

Plaintiffs argue that the Complaint is sufficient pursuant to the Federal Rules of Civil Procedure, and that Defendants are not entitled to a more definite statement. Plaintiffs allege generally that they or their decedents have been "continually exposed to asbestos containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants . . ." *See* Complaint at ¶¶ 1-20. Among other things, Plaintiffs contend that they or their decedents worked around "furnaces, boilers, turbines, and other

industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials." *Id.*

A defendant like Sunbeam Products must be made aware of the claims brought against it, so that it is able to file a responsive pleading in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. *See Sisk v. Texas Park and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).

Plaintiffs' Complaint fails to put Sunbeam Products on notice as to the transactions or occurrences that form the basis of their claims. Further, Plaintiffs fail to aver any dates, worksites, or other facts surrounding their alleged use of a Sunbeam Products product or how the use of such products contributed to their alleged injuries. Sunbeam Products lacks sufficient facts on which to properly respond to Plaintiffs' allegations, a more definite statement is required. As such, Sunbeam Products alternatively requests an order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Rule 12(e).

**II.    Plaintiffs' Complaint Should Be Dismissed for Failure to Comply with Federal Rule of Civil Procedure 8.**

Plaintiffs argue that their Complaint *specifically* states to which Defendants' products each Plaintiff was exposed. However, nowhere in the complaint is such a statement found. In the Plaintiff section, each Plaintiffs' work history is disclosed, and a general statement is made that each Plaintiff worked "around furnaces, boilers, turbines, and other industrial equipment" at each work site. *See* Complaint. However, in the Defendant section, the Plaintiffs have named numerous products allegedly manufactured by over seventy-two (72) Defendants which may have caused harm to

Plaintiffs or their decedents. This general description of products produced or distributed by Defendants fails to make clear what each Defendant, including Sunbeam Products, may have done to injure the Plaintiffs. Plaintiffs do not provide information regarding which workplace or time frame each Plaintiff was allegedly exposed to a Sunbeam Products product, nor do they provide how or when the Plaintiffs or their decedents were allegedly exposed to an asbestos containing product manufactured by Sunbeam Products. Plaintiffs' Complaint fails to provide a short and plain statement of Plaintiffs' claims against Defendants and should be dismissed.

### III. Plaintiffs' Complaint Does Not Adequately Set the Bounds of Discovery

Plaintiffs argue that their Complaint should not be considered a "shotgun" complaint because the Complaint alleges that each plaintiff or decedent was exposed to asbestos-containing products manufactured, sold or distributed by Defendants. Furthermore, Plaintiffs allege that their claims are sufficient to provide Defendants an *inference* of their involvement in the Plaintiffs' injuries.

A "shotgun" complaint has been clearly defined as a complaint that identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Plaintiffs' Complaint is clearly a "shotgun" complaint, in that it names numerous products allegedly manufactured by over seventy-two (72) Defendants which may have caused harm to Plaintiffs or their decedents, and is so vague as to cause all Defendants, including Sunbeam Products, to guess how it may have injured the plaintiffs. Moreover, Plaintiffs have failed to give sufficient detail to apprise Defendants and the Court of what Plaintiffs are complaining and of the legal basis for any recovery. Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed.

### IV. Plaintiffs Have Not Adequately Pled Fraud with Particularity as Required by Federal Rule of Civil Procedure 9.

Plaintiffs argue that the allegations in Count Four of the Complaint satisfy the requirement of Rule 9(b) that allegations of fraud be stated with particularity. However, Count Four of Plaintiff's Complaint is a general allegation alleging fraud and does not plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. *See* Complaint at ¶¶ 135-151. Plaintiffs have not provided Defendants, including Sunbeam Products, the identities of the parties who allegedly concealed information from Plaintiffs along with the time frame of the alleged concealment. Having failed to satisfy the particularity requirement for pleading fraud, Plaintiff's claims of fraud ought to be dismissed. In the alternative, Sunbeam Products requests that the Court order Plaintiffs to plead the fraud claims with particularity.

### V. The Claims Brought by Plaintiffs Were Not Timely Filed Within the Applicable Statute of Limitations Period.

Plaintiffs argue that their alleged exposure to asbestos-containing products is a continuous exposure, before and after 1979. Therefore, Plaintiffs contend that the retroactive application of Alabama Code § 6-2-30 would not be prohibited because Plaintiffs' claims were not barred at the time the statute was enacted. Plaintiffs attempt to rely on *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55 (Ala. 1983), which involved plaintiffs who had been exposed to asbestos before and after 1979. Plaintiffs further argue that the holding of *Cazalas* provided that plaintiffs were allowed to recover for all injuries proximately caused by exposure to asbestos, and thus, should not be limited in their recovery if injuries occurred after May 19, 1979.

Sunbeam does not disagree with Plaintiffs in that the Court in *Cazalas* held that a "plaintiff is entitled to recover all damages which proximately flow[] from his injury *if his action is brought*

4

*within the statutory period of limitations. . . ." Id.* at 57 (emphasis added). However, unlike the plaintiffs in *Cazalas*, these Plaintiffs failed to bring their action within the statutory period of limitations; therefore, they are no longer entitled to recover any damages, as their suit is barred.

In *Cazalas*, a trial court dismissed several plaintiffs entirely because their actions were barred by the statute of limitations. *Id.* The trial court specifically dismissed those plaintiffs who failed to allege exposure to asbestos subsequent to May 19, 1979. *Id.* Those plaintiffs who timely brought an action were limited to damages occurring within one year of filing suit, or within the one year statute of limitation. *Id.* The Supreme Court correctly rejected this ruling by the trial court and held that if a case is *timely filed*, a plaintiff may recover for any and all damages flowing from that injury, no matter when they occur. *Id.* at 57-58.

In this matter, Plaintiffs Hosea Harry, Don McAnnalley, and Moody Ray Noble fail to allege exposure to asbestos subsequent to May 19, 1979. In their Complaint, Hosea Harry states that his last alleged exposure was in **1978**; Don McAnnalley states that his last alleged exposure was in **1969**; and Moody Ray Noble states that his last alleged exposure was in **1977**. *See* Complaint at ¶¶ 5, 10 and 12. Plaintiffs do not contend that they were exposed post 1979 until their response to Defendants' motions to dismiss their claims based upon grounds that the statute of limitations has expired. In their response, Plaintiffs merely argue that their exposure to asbestos was a "continuing exposure-before and after 1979." However, this is directly contradicted by the allegations in their Complaint. In addition, Plaintiffs do not cite any authority supporting this "continuing exposure" theory.

Plaintiffs' Complaint clearly states when each Plaintiff is alleging exposure. These three Plaintiffs are not alleging exposure to asbestos subsequent to May 1979. Because this case was not

filed until January 17, 2008, well past the limitations periods for these Plaintiffs, the claims of Hosea Harry, Don McAnnalley and Moody Ray Noble must be dismissed.

## VI. Plaintiffs Are Not Properly Joined Under Federal Rule of Civil Procedure 20 and Should Be Subjected to Severance.

Plaintiffs argue that joinder is proper due to Plaintiffs' alleged exposure to asbestos-containing products manufactured or distributed by Defendants. Rule 20 of the Federal Rules of Civil Procedure provides in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." FRCP 20(a). While Plaintiffs allege they or their decedents have been exposed to asbestos or asbestos containing products, they do not allege any facts indicating that the exposure arises out of the same transactions or occurrences. As a result, Sunbeam Products seeks severance of Plaintiffs' claims.

WHEREFORE, PREMISES CONSIDERED, **SUNBEAM PRODUCTS INCORPORATED** prays that this Honorable Court will dismiss the Complaint filed against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to sufficiently assert a claim by filing a short and plain statement showing that the pleader is entitled to relief under Rule 8 of the Federal Rules of Civil Procedure. Alternatively, Sunbeam Products requests that this Honorable Court sever the claims improperly joined in violation of Rule 20 of the Federal Rules of Civil Procedure and require Plaintiffs to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and order the Plaintiffs to amend their complaints and provide the following averments:

(1) the products of Sunbeam Products, if any, which are claimed to be defective; (2) when, where and under what conditions Plaintiffs and/or Plaintiffs' decedents were allegedly exposed to such products; (3) the names of Plaintiffs and/or Plaintiffs' decedents employers at the time of alleged exposure; (4) the addresses of the work sites in issue; (5) the type of work being performed by the Plaintiffs and/or Plaintiffs' decedents at the time of their alleged exposure to Sunbeam Products; and (6) when, how and under what circumstances Plaintiffs and/or Plaintiffs' decedents were diagnosed with an asbestos-related condition. Sunbeam Products also prays that this Honorable Court require Plaintiffs and/or Plaintiffs' decedents to apprise Sunbeam Products of the nature of the claims against it as well as the nature of the disease which Plaintiffs and/or Plaintiffs' decedents contend they have incurred and to plead with particularity any fraud claims in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Sunbeam Products further requests this Court enter an order dismissing the claims of Plaintiffs Hosea Harry, Don McAnnalley and Moody Ray Noble because their claims are time-barred.

Sunbeam Products specifically reserves and does not waive all other available defenses it may have in this cause, and prays for such other relief as this Court may deem appropriate.

Respectfully submitted,

SUNBEAM PRODUCTS INCORPORATED

BY:    */s/ Randi Peresich Mueller*
RANDI PERESICH MUELLER, ASB# 7546-R71M
PAGE, MANNINO, PERESICH &
MCDERMOTT, P.L.L.C.
460 BRIARWOOD DRIVE, SUITE 415
POST OFFICE BOX 16450
JACKSON, MS 39236
(601) 896-0114/FAX (601) 896-0145

### CERTIFICATE OF SERVICE

I, **RANDI PERESICH MUELLER**, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., have this day filed by the ECF filing system, a true and correct copy of the above and foregoing **REBUTTAL TO PLAINTIFFS' CORRECTED MASTER RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, MOTIONS FOR MORE DEFINITE STATEMENT AND/OR MOTIONS FOR SEVERANCE** and have served the Plaintiffs' counsel and all Defense counsel a copy of the same by notification through the ECF filing notification system.

THIS, the 29th day of April, 2008.

                                                    */s/ Randi Peresich Mueller*
RANDI PERESICH MUELLER
PAGE, MANNINO, PERESICH &
MCDERMOTT, P.L.L.C.
POST OFFICE BOX 16450
JACKSON, MS 39236
TELEPHONE: (601) 896-0114
FACSIMILE: (601) 896-0145

8