## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | MDL NO. 875 |
| LIABILITY LITIGATION (NO. VI) | ) | |

THIS DOCUMENT RELATES TO CTO-307 AS IT PERTAINS TO THE
FOLLOWING ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED
FROM THE FEDERAL DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA:
(TRANSFERROR JUDGE WILLIAM KEITH WATKINS)

| | | |
|---|---|---|
| OTHRE E. BURNETT, et al., | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | Middle District of Alabama |
| v. | ) | CIVIL ACTION NO. 2:08-cv-150 |
| | ) | |
| ASBESTOS DEFENDANTS: ALBANY | ) | |
| INTERNATIONAL, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### BRIEF IN SUPPORT OF MOTION TO VACATE
### THE CONDITIONAL TRANSFER ORDER (CTO-307)

COMES NOW the Defendant, Trane US, Inc. f/k/a American Standard, Inc.

("Trane"), by and through counsel, and hereby respectfully submit this Brief in Support

of Defendants' Motion to Vacate the Conditional Transfer Order (CTO-307) dated April

25, 2008. Defendants oppose transfer to the Panel because it is clear and unequivocal on

the face of the Complaint that the federal courts do not have subject matter jurisdiction of this action.

## STATEMENT OF FACTS

1.     On March 4, 2008, nine (9) plaintiffs filed a Complaint alleging personal injuries and/or wrongful deaths as a result of exposure to asbestos-containing products manufactured, produced, distributed, sold, installed, specified, and/or marketed by seventy-two (72) defendants. Complaint [Doc #1].

2.     Plaintiffs' action is based upon the following theories:    (I) Alabama Extended Manufacturer's Liability Doctrine, (II) Negligence and Intentional Tort, (III) Negligence    in    the    Course    of    Employment,    (IV)    Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy, and (V) Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy. Complaint [Doc #1].

3.     Plaintiffs only allege residency and not their states of citizenship. Complaint, pp. 6-12 [Doc #1].

4.     Plaintiffs, in asserting diversity as the basis of subject matter jurisdiction, generally state in the Complaint, "[t]he amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the Court." Complaint, p. 6 [Doc #1].

5.     There are no allegations in the Complaint that the individual plaintiff's claims meet the amount in controversy requirement. Complaint [Doc #1]. The plaintiffs' claims arise out of their separate exposures to asbestos at different locations over

2

different time periods; yet, the plaintiffs do not allege that each individual plaintiff's claims meet the amount in controversy requirement. Id.

6.    Numerous defendants, including defendant Trane, filed a Motion to Dismiss based upon the lack of subject matter jurisdiction, as well as other bases and/or defenses. See e.g., ; Motion to Dismiss by Trane US, Inc. [Doc # 112].

7.    Notices of Tag-Along Action were filed by several defendants. See e.g., [Doc # 122, 163].

8.    A Motion to Stay by all Plaintiffs was filed in the United States District Court for the Middle District of Alabama [Docs # 190].  An Objection to Plaintiffs' Motion to Stay was filed by defendant Trane US, Inc. [Doc # 197] on April 16, 2008.

9.    On May 12, 2008, Defendant Trane US, Inc. filed a Notice of Opposition with the MDL opposing the Panel's Conditional Transfer Order (CTO-307) dated April 25, 2008.

10.    Pursuant to Rule 7.2(a)(ii)(A) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, attached hereto is a Schedule. See Exhibit A.

<strong><u>ARGUMENT</u></strong>

**THE PANEL SHOULD VACATE THE CONDITIONAL TRANSFER ORDER BECAUSE THE FEDERAL COURTS DO NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' ACTION.**

Plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction.

In Morrison v. Allstate Indemnity Co., the Eleventh Circuit Court of Appeals stated:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.  While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been

a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000)(citations omitted). **"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."** Fed. R. Civ. P. 12 (h)(3); see also Morrison, 228 F.3d at 1261(emphasis added). Moreover, **"[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."** Johansen v. Combustion Engineering, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999)(emphasis added).

A plaintiff which is the party asserting diversity jurisdiction has the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). As demonstrated herein, the plaintiffs do not allege facts which demonstrate the existence of subject matter jurisdiction in this case; therefore, the case should be dismissed. The U.S. Court of Civil Appeals for the Eleventh Circuit recently affirmed the dismissal of an asbestos complaint for lack of subject matter jurisdiction. See Beavers vs. A.O. Smith Electrical, Nos. 06-15401 and 07-11401 (11th Cir. February 13, 2008); attached hereto as Exhibit B. The Beavers Complaint was filed by the same plaintiffs' counsel as in the present case and that Complaint is nearly identical to the Complaint in this case.

The Eleventh Circuit affirmed the dismissal of the Beavers Complaint on two grounds:

(1) the plaintiffs alleged only the residency, not the citizenship of the plaintiffs; and (2) plaintiffs failed to allege that each individual plaintiff's claims met the amount in controversy required. Id.

As explained in the Eleventh Circuit's opinion, "[C]itizenship, not residency, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Beavers, slip op. at 13. (quoting Taylor v. Appleton, 30 F. 3d 1365, 1367 (11th Cir. 1994)). Additionally, "where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement." Beavers, slip op. at 13.

In the present case, plaintiffs only allege residency and not their states of citizenship. Complaint, pp. 6 – 12 [Doc #1]. Without the citizenship of each plaintiff, this Court lacks subject matter jurisdiction. Also, plaintiffs, in asserting diversity as the basis of subject matter jurisdiction, generally state in the Complaint, "The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of the court." Complaint, p. 6 [Doc #1]. There are no allegations that the individual plaintiff's claims meet the amount in controversy requirement. "The plaintiffs' claims arise out of their separate exposure to asbestos at different locations over different time periods; therefore, the plaintiffs were required to allege that each individual plaintiff's claims met the amount in controversy requirement." Beavers, slip op. at 14.

In Beavers, the Eleventh Circuit affirmed dismissal of a Complaint for lack of subject matter jurisdiction when the only possible jurisdictional basis was diversity and the complaint failed to allege the citizenship of each plaintiff and failed to assert that the amount in controversy

5

requirement was met for each plaintiff's claims.  Similarly, in this case, plaintiffs' Complaint is due to be dismissed for lack of subject matter jurisdiction for the reasons enumerated above.

Furthermore, defendant Trane US, Inc. respectfully submits that there is certainly no reason for this case to remain pending before the MDL when it is evident that the federal courts lack subject matter jurisdiction.  This case would only serve to clutter the court system and require both the Courts and all parties to waste valuable time and resources.

## CONCLUSION

For these reasons, Defendant Trane US, Inc. respectfully requests that the Multidistrict Panel vacate the Conditional Transfer Order (CTO-307) and if the Panel determines it appropriate, dismiss this case based upon the lack of subject matter jurisdiction and transfer the case to the United States District Court for the Middle District of Alabama for further proceedings consistent therewith.

Respectfully submitted this **23** day of May, 2008.

Timothy W. Knight (ASB5824170T)
Lucy W. Jordan (ASB4426U69J)

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
Telephone (205) 968-9900
Facsimile (205) 968-9909
Email: tk@keeselby.com
Email: lj@keeselby.com

Attorneys for Defendant Trane US, Inc. f/k/a American Standard, Inc.

6

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of the foregoing pleading upon counsel of record identified on the Proof of Service (which is being simultaneously filed with the Judicial Panel on Multi-District Litigation) via U.S. Mail.

I further certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.

Dated this 23 day of May, 2008.

_____
Timothy W. Knight

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
Telephone (205) 968-9900
Facsimile (205) 968-9909
Email: tk@keeselby.com
Email: lj@keeselby.com

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY                    MDL NO. 875
LITIGATION (NO. VI)(TRANSFEREE JUDGE JAMES T. GILES)

THIS DOCUMENT RELATES TO CTO-307 AS IT PERTAINS TO THE FOLLOWING
ACTION WHICH HAS BEEN CONDITIONALLY TRANSFERRED FROM THE FEDERAL
DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA: (TRANSFERRED JUDGE
WILLIAM KEITH WATKINS)

OTHRE E. BURNETT, et al.,               )              PLAINTIFFS,
                                        )
                                        )
                                        )
vs.                                     )       CIVIL ACTION NO.  2:08-cv-150
                                        )
ASBESTOS DEFENDANTS: ALBANY             )              DEFENDANTS.
INTERNATIONAL, et al.,                  )

## SCHEDULE

**NAMES OF PLAINTIFFS:**

OTHRE E. BURNETT

EMMA JEAN BARTON

JOEL GRAY

DONNA HAYES

JEFF. F. MARONA

RAYFORD ALLEN MCKINLEY

RUSSELL MASHBURN

ROY REMBERT, JR.

ALAN D. VINCENT

**NAMES OF DEFENDANTS:**

ALBANY INTERNATIONAL

ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST

AMERICAN OPTICAL CORPORATION

ANCHOR PACKING COMPANY

EXHIBIT "*A*"

ARVINMERITOR, INC.

ASTEN JOHNSON, INC., individually and as successor-in-interest to ASTEN, INC., successor-in-interest by way of name change to ASTEN GROUP, INC., formerly trading as ASTEN-HILLS MANUFACTURING CO

BAYER CROPSCIENCE, INC., individual and as successor to AVENTIS CROPSCIENCE USA, INC., f/k/a RHONE-POULENE AG CO., f/k/a AMCHEM PRODUCTS, INC., BENJAMIN FOSTER CO.

BECHTEL CONSTRUCTION COMPANY

BELL & GOSSETT, a subsidiary of ITT INDUSTRIES

BONDEX INTERNATIONAL, INC.

BP AMERICA, as successor in interest to AMOCO CHEMICAL COMPANY, AMOCO CHEMICALS COMPANY, PLASKON ELECTRONIC MINERALS, AVISUNCORP., CARBORUNDUM, ATLANTIC RICHFIELD COMPANY/ ARCO METALS, as successor in interest to ANACONDA AMERICAN BRASS COMPANY, AMERICAN BRASS COMPANY, and ANACONDA CO.

BP AMOCO CHEMICAL COMPANY

BUFFALO PUMPS, INC.,

CBS CORPORATION, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC COROPORATION

CERTAINTEED CORPORATION

CLARK-RELIANCE CORPORATION

CLEAVER BROOKS, a division of AQUA-CHEM, INC.

CONWED CORPORATION

COOPER INDUSTRIES, LLC, f/n/a COOPER INDUSTRIES, INC., individually and as successor-in interest to CROUSE-HINDS

CRANE CO., individually and as successor in interest to DEMING PUMP, CYCLOTHERM, HYDROAIRE, LEAR ROMEC, RESISTOFLEX, SWARTWOUT CO., STOCKHAM VALVE COMPANY, WEINMAN PUMP COMPANY, CHEMPUMP, AND BURKS PUMPS

CRANE PUMPS SYSTEMS, individually and as successor to all pump companies acquired by CRANE

CROWN, CORK & SEAL COMPANY, INC.

CROWN HOLDINGS, INC., successor-in-interest to MUNDET CORK CORP.

CUTLER HAMMER, currently referred to as EATON ELECTRICAL, INC.

D. B. RILEY, INCORPORATE

EATON CORPORATION

EMERSON ELECTRIC CO.

FMC CORPORATION, individually and on behalf of its former CONSTRUCTION EQUIPMENT GROUP, and former PEERLESS PUMP DIVISION, COFFIN TURBO PUMPS, and CHICAGO PUMP, business

FOSECO, INC.

FOSTER-WHEELER CORPORATION

GARLOCK SEALING TECHNOLOGIES, LLC

GEORGIA-PACIFIC CORPORATION

GENERAL ELECTRIC COMPANY

THE GOODYEAR TIRE AND RUBBER CO.

GOULDS PUMPS INC.

GUARD-LINE, INC.

HOBART BROTHERS COMPANY

HONEYWELL, INC., specifically excluding liability for NARCO, individually and as successor to ALLIED SIGNAL, BENEDIX, WHEELABRATOR, RUST ENGINEERING, AND ALLIED CHEMICAL

IMO INDUSTRIES, INC., formerly IMO DE LAVAL, formerly TRANSAMERICA DE LAVAL TURBINE

INDUSTRIAL HOLDINGS CORPORATION, f/k/a THE CARBORUNDUM COMPANY

INGERSOLL-RAND COMPANY

ITT INDUSTRIES INC.

JOHN CRANE, INC., f/k/a JOHN CRANE PACKING COMPANY

KAISER-GYPSUM COMPANY, INC.

KELLY-MOORE PAINT COMPANY, INC.

THE LINCOLN ELECTRIC COMPANY

KOPPERS INDUSTRIES

MAREMOUNT CORPORATION

METROPOLITAN LIFE INSURANCE COMPANY

NATIONAL SERVICE INDUSTRIES, INC., f/k/a NORTH BROTHERS, INC.

OGLEBAY NORTON COMPANY

OWENS-ILLINOIS, INC.

P&H CRANES

PNEUMO ABEX LLC, successor in interest to ABEX CORPORATION

RAPID AMERICAN CORPORATION

RILEY INC., f/k/a/ BABCOCK BORSIG POWER INC., a/k/a RILEY STOKER CORP.

ROCKBESTOS-SURPRENANT CABLE CORPORATION, f/k/a THE ROCKBESTOS CO.

ROCKWELL AUTOMATION, successor by merger to ALLEN-BRADLEY CO., LLC

SCHNEIDER ELECTRIC INDUSTRIES, S.A.S., NORTH AMERICAN DIVISION

SEPCO CORPORATION

SQUARE D COMPANY

SUNBEAM PRODUCTS INCORPORATION, f/k/a SUNBEAM CORPORATION

SURFACE COMBUSTION

T H AGRICULTURE & NUTRITION, LLC

THIEM CORPORATION, successor by merger to UNIVERSAL REFRACTORIES CORP.

TRANE US, INC., formerly known as AMERICAN STANDARD, INC.

USX CORPORATION as successor in interest to UNITED STATES STEEL, LLC.,
    formerly known as TENNESSEE COAL AND IRON

UNION CARBIDE CORPORATION

UNIROYAL FIBER AND TEXTILE DIVISION OF UNIROYAL, INC.

UNITED STATES STEEL CORPORATION

WARREN PUMPS, INC.

ZURN INDUSTRIES, INC