IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION                             MDL DOCKET NO. 875

Regarding:
THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| OTHRE E. BURNETT, et al., | )<br>) |
| Plaintiffs, | ) Civil Action No.: |
| vs. | )<br>) 2:08-CV-150-WKW |
| ALBANY INTERNATIONAL, et al., | )<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANT, SUNBEAM'S,
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTIONS FOR MORE DEFINITE STATEMENT**

COMES NOW the Plaintiffs, by and through her attorney of record, and files this Response in opposition to Defendant, Sunbeam's, Motion to Dismiss, or, in the Alternative, Motions for More Definite Statement and any and all Joinders thereto and states before this Honorable Court as follows:

All Plaintiffs of the above sited case adopt hereto the arguments set forth before this court in the previously filed PLAINTIFFS' MASTER RESPONSE TO DEFEDANTS MOTIONS TO DISMISS, filed on the 18th day of April, 2008 as document number 213. In addition Plaintiffs state the following:

**I.     Claims brought by Plaintiffs were timely Filed Within the Applicable Statute of Limitations.**

In 1980, the Alabama Legislature enacted a discovery rule for asbestos cases. A plaintiff's claim does not accrue until the plaintiff discovers his injury. The statute provides:

> (a) all civil actions must be commended after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this code
>
> (b) a civil action for any injury to the person or rights of another *resulting from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action.* This subsection shall not apply to or affect in any way, actions referred to in Section 6-5-482.

Ala. Code § 6-2-30 (1975). At that time, the one-year statute of limitations was then in effect. *See* Ala. Code § 6-2-39 (1975). This provision was repealed in 1984. Personal injury claims are now governed by the two-year statute of limitations. *See* Ala. Code § 6-2-38(1).

Pursuant to this rule, Emma Jean Barton would have no reason to believe her injury resulted from asbestos until the time of which exposure to asbestos was linked to the disease. Attached hereto as Exhibit A, is the diagnosis linking asbestos exposure to Emma Jean Barton's disease. The letter is dated December 1, 2006. *See* Exhibit A. The present case was filed on March 4, 2008. Therefore, the Claim of Ms. Emma Jean Barton is well within the applicable statute of limitations allotted to her pursuant Alabama Code.

The Alabama legislature passed legislation providing for a discovery rule for the stated purpose of assuring:

> that the statue of limitations for injuries or deaths caused by exposure to asbestos, including asbestos-containing products, does not run on any Alabama citizen before that

> citizen has at least the opportunity to discover that cause of action.
>
> It is the intent of the Legislature that all Alabama citizens suffering the effects of any long-term disease process covered by this Bill should not be prevented by any statute of limitations from recovering the full measure of damages proximately caused by a third party tortfeasor which are allowable under any civil theory of liability, provided action is brought within the statutory period of limitation from the date of accrual.

1980 Ala. Acts 566, Vol. II, 876, § 1. After the statute's accrual date was challenged, the Alabama Supreme Court ruled that the statutory discovery rule enacted in asbestos cases was only constitutional as applied prospectively to cases accruing after May 19, 1980. *Tyson v. Johns- Manville Sales Corp.*, 399 So.2d 263, 268-70 (Ala. 1981). In other words, § 6-2-30 cannot be applied retroactively to actions ***already barred by limitations*** at the time of its enactment. *Id*. Thus, Alabama's discovery rule for asbestos exposure cases generally applies only if the plaintiff was exposed after 1979. *Owens Corning v. Carter*, 997 S.W.2d 560, 575, n.9 (Tex. 1999).

It has recently come to light that Plaintiff John Marona has alleged exposure to asbestos products manufactured by Defendants both before and after 1979; in other words, continuing exposure through his work at International Minerals and Chemicals from 1967 until 1986 (after 1979). As a result of this exposure to asbestos-containing products after 1979, there is no prohibited retroactive application of § 6-2-30 because Plaintiffs' claims were not ***already barred by limitations*** at the time the statute was enacted. *Johnson v. Garlock, Inc*., 682 So.2d at 28. Therefore, Plaintiffs' claims against Defendants are not time-barred.

However, even if the additional information concerning John Marona's work history is rejected, the Alabama Supreme Court in its ruling in <u>Griffin v. Unocal Corporation</u>, No. 1061214 (Ala. 2008) essentially redefined the term "accrued" within the meaning of Alabama statute § 6-2-30(a).  In so doing, the Court adopted Justice Harwood's dissenting opinion in <u>Cline</u>, wherein he stated:

> The proper construction of the term "accrued" in exposure cases should honor the rule that a cause of action accrues only when there has occurred a manifest, present injury.  I understand "manifest" in this context to mean **an injury manifested by observable signs or symptoms or the existence of which is medically identifiable.**

<u>Griffin</u> at pp. 50-51 (citing Harwood, J. dissent in <u>Cline v. Ashland, Inc.</u>, ([Ms. 1041076 Jnaurayr 5, 2007] __ So.2d __ (Ala. 2007)).

Based upon the Alabama Supreme Court's holding in <u>Griffin</u>, the term "accrued" as applied to Alabama Statute § 6-2-38(l), means that **any** action for personal injury no longer has to be filed within two-years from the date of last exposure as held in <u>Garrett v. Raytheon Co.</u>, 368 So.2d 516 (Ala. 1979), nor is the Plaintiff required to prove exposure past 1979 as seen in <u>Tyson</u>; but instead may be filed within two-years from the date an injury manifested itself by observable signs or symptoms or the existence of which is medically identifiable.

John Marona's asbestos-related injury manifested itself and became medically identifiable on or about September 18, 2007.  *See* Pathology Report, attached hereto as Exhibit A.  This case was filed on or about March 4, 2008.  Therefore, the claim of Mr. Marona was filed well within two-years from the date his injury manifested itself and became medically identifiable.  As such, Plaintiff's claims are not barred and should not be dismissed.

**I.    Conclusion.**

For the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court deny Defendants Motions to Dismiss Plaintiffs' Complaint or, in the Alternative, Motions for More Definite Statement as the Complaint properly states a sufficient claim.

This the 29th day of May, 2008.

Respectfully Submitted,

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:       205-871-0707
FACSIMILE:  205-871-0801
EMAIL:         alasbestos@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification to the attorneys of record.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:       205-871-0707
FACSIMILE:  205-871-0801
EMAIL:         alasbestos@mesohelp.com



# MUSC
## MEDICAL UNIVERSITY of SOUTH CAROLINA

*Ivering. Understanding. Healing.*

DIVISION OF PULMONARY
AND CRITICAL CARE
MEDICINE, ALLERGY AND
CLINICAL IMMUNOLOGY
NATHAN LUCAS ST • STE 812 CSB
PO BOX 250630
CHARLESTON • SC 29425

(843) 792-3161
FAX (843) 792-0732
APPOINTMENTS
(843) 792-9200

December 1, 2006

Law Offices of G. Patterson Keahey
One Independence Plaza, Suite 612
Birmingham, AL 35209

       RE:    **Emma Jean Barton**
                  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

Dear Mr. Keahey:

I reviewed the information that you sent me concerning Ms. Barton. This includes an asbestos exposure history and a Pathology Report dated 06/14/04 revealing squamous cell carcinoma, well differentiated, invasive of the lung. From the above information, I have learned that Ms. Barton had a long-term exposure to airborne asbestos dust while employed as a machinist for Burlington Coat Factor from 1950 to 1951 and as a heavy equipment operator for Great Lakes National from 1973 to 1986. Having reviewed the occupational history and the Pathology Report, it is my opinion, to a reasonable degree of medical certainty that his occupational exposure to asbestos contributed to the development of Mr. Barton's lung cancer as revealed in the Pathology Report of 06/14/04. I also find there is an appropriate latency interval between Mr. Barton's first date of exposure versus his first date of diagnosis.

Sincerely yours,

Alice Boylan, M.D.
/ag

*opportunity employer, workplace diversity.*

**AmeriPath Shoals**  
Muscle Shoals, AL 35662  
Phone 256-383-1160  
Shoals Hospital

Ralph R. E. _und, Jr., F.A.C.P.  
J. Alan Barksdale, M.D., F.A.C.P.  
A. Palakshappa, M.D., F.A.C.P.

## Final Pathology Report

Patient Name: **MARONA, JOHN FRANKLIN**  
Age/Sex: **72/M**  DOB: **04/22/1935**  
Physician: **Bowling, Donald MD**  
Specimen # **X07:599**

Location: **D.AMB**  
Unit#: **D001001142**  
Acct#: **D00000198373**  
Received: **09/18/07**

**CLINICAL DIAGNOSIS**  
LUNG CA

**SPECIMEN**  
LEFT LOWER LUNG MASS FINE NEEDLE ASPIRATION FOR CYTOLOGY; 30 CC BLOODY FLUID

**CLINICAL DATA**  
SEE ABOVE

**COPIES TO**

Bowling, Donald MD  
Ridgeway, A Lynn MD

**MICROSCOPIC DESCRIPTION**  
The ThinPrep as well as direct smears prepared from the fine needle aspiration of left lower lung mass demonstrates several scattered small non-cohesive groups and single fairly large malignant cells containing large nuclei and moderate amount of cytoplasm. Several of these nuclei also contain micro-nucleoli. In some areas, these cells are arranged in small gland-like arrangement. There is moderate amount of cellular debris, histiocytes admixed with acute and chronic inflammatory cells in the background.

**IMPRESSION**  
FINE NEEDLE ASPIRATION OF LEFT LOWER LUNG MASS:

CYTOMORPHOLOGICAL APPEARANCES ARE INDICATIVE OF NON-SMALL CELL CARCINOMA, MOST CONSISTENT WITH ADENOCARCINOMA

AP/slm  
9/19/07

cpt code: 88173

Place of Service: Shoals Pathology Associates, 1800 Beverly Ave., Muscle Shoals, AL

**Signed:** <signature on file>                              Agasanakatte Palakshappa   09/19/07

1