IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **OTHRE E. BURNETT, et al.** § | |
| § | |
| **Plaintiffs** § | |
| § | |
| VS. § | CIVIL ACTION NO.  2:08-CV-150-WKW |
| § | |
| **ALBANY INTERNATIONAL, et al.** § | |
| § | |
| **Defendants** § | |

**MOTION TO DISMISS THE CLAIMS OF PLAINTIFF
RAYFORD ALLEN MCKINLEY AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, Sunbeam Products Incorporated ("Sunbeam Products") pursuant to the Federal Rules of Civil Procedure and requests that the Court enter an order dismissing the claims of Plaintiff Rayford Allen McKinley (Ruth McKinley) as untimely for failure to comply with Alabama's Wrongful Death statute. As such, his claims are time-barred. In support, Sunbeam Products states as follows:

**I.   Two Year Statute of Limitations Period for Wrongful Death Claims**

The Alabama wrongful death statute codified at Ala. Code § 6-5-410 (1975) requires that such actions be commenced within two (2) years of the death. It also provides that only a "personal representative" may commence an action for wrongful death. As interpreted by the courts, a cause of action under the wrongful death statute is vested in the personal representative alone, who acts as an agent of legislative appointment for the purpose of effectuating public policy. *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465, 466 (Ala. 1979), *cert. den*. 445 U.S. 930 (1980). "Personal representative" when used in the Alabama wrongful death statute means the executor or

administrator of the testator or intestate. *See id.*; *Hatas v. Partin*, 175 So. 2d 759, 761 (1965); *Smith v. Tribble*, 485 So. 2d 1083, 1085 (Ala. 1986).

Except in cases involving the death of a minor, an individual cannot bring a wrongful death action unless the individual has been appointed as the personal representative of the estate of the decedent whose death is the basis of the wrongful death claim. *Buck v. City of Rainsville*, 572 So. 2d 419 (Ala. 1990). Where suit is filed, for example, in the name of the spouse or the child of the adult deceased, instead of in the name of the executor or administrator of the estate of the deceased and no proceedings have been filed in Probate Court for the appointment of an executor or administrator, summary judgment dismissing the action is proper. *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1982).

> [I]f the two-year period prescribed by the [wrongful death] statute has expired before the representative is 'duly appointed,' the heirs of the decedent are barred from recovery. The theory behind this rationale is that the acts of a nonappointed personal representative are void, and if the two years has expired, an amendment pursuant to Rule 17(a), A.R.Civ. P., will not 'relate back,' there being no valid act to which the amendment can relate back.

*Holyfield v. Moates*, 565 So. 2d 186, 188-89 (Ala. 1990). One who files a wrongful death suit without having been appointed as the executor or administrator does not qualify as a personal representative, and the suit is a nullity. *Waters*, 600 So. 2d at 982.

Rayford Allen McKinley's claims in this case are due to be dismissed because the decedent died on June 18, 2006, requiring that an appointed personal representative file suit for wrongful death on or before June 18, 2008. Suit was filed by Ruth McKinley, purporting to be the personal representative of Rayford Allen McKinley, on March 4, 2008. As of June 19, 2008, no estate had

been established for Mr. McKinley. *See* Exhibit "A" (Affidavit of Melissa Poe). Because Mrs. McKinley was not an appointed personal representative of the decedent, the filing of this suit by her is a nullity.

Plaintiffs may seek to avoid application of this rule by reliance on the wrongful death provision of the Alabama Worker's Compensation Statute, Ala. Code § 25-5-11. This Section provides that a *dependent* of the decedent may bring a wrongful death claim against the employer and against third parties. Dependents under the Worker's Compensation Statute include the wife, minor children under the age of 18, and certain other designated individuals who were *supported by the deceased workman at the time of his death*. Ala. Code § 25-5-1(3), § 25-5-61 and § 25-5-62.

Plaintiff McKinley in this case does not allege that this action is brought pursuant to the terms of the Alabama Worker's Compensation Statute, does not allege that the named Plaintiff is a dependent of the decedent within the definition of the Alabama Worker's Compensation Statute, and does not allege that the Plaintiff was supported by the decedent at the time of his death. In short, there are no allegations within the Complaint that bring it within the purview of wrongful death provisions of the Alabama Worker's Compensation Statute.

**II.   Conclusion**

WHEREFORE, PREMISES CONSIDERED, **SUNBEAM PRODUCTS INCORPORATED** prays that this Honorable Court will enter an order dismissing the claims of Plaintiff Rayford Allen McKinley because his claims are time-barred.

Sunbeam Products specifically reserves and does not waive all other available defenses it may have in this cause, and prays for such other relief as this Court may deem appropriate.

**Respectfully submitted,**

**SUNBEAM PRODUCTS INCORPORATED**

**BY:**     */s/ Randi Peresich Mueller*
**RANDI PERESICH MUELLER, ASB# 7546-R71M**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**460 BRIARWOOD DRIVE, SUITE 415**
**POST OFFICE BOX 16450**
**JACKSON, MS  39236**
**(601) 896-0114/FAX (601) 896-0145**

**CERTIFICATE OF SERVICE**

I, **RANDI PERESICH MUELLER**, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., have this day filed by the ECF filing system, a true and correct copy of the above and foregoing **MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SEVER AND FOR MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW** and have served the Plaintiffs' counsel and all Defense counsel a copy of the same by notification through the ECF filing notification system.

THIS, the 20th day of June, 2008.

        */s/ Randi Peresich Mueller*
**RANDI PERESICH MUELLER**
**PAGE, MANNINO, PERESICH &**
**MCDERMOTT, P.L.L.C.**
**POST OFFICE BOX 16450**
**JACKSON, MS 39236**
**TELEPHONE: (601) 896-0114**
**FACSIMILE: (601) 896-0145**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| OTHRE E. BURNETT, et al. | § § § |
| Plaintiffs | § § |
| VS. | § § § | CIVIL ACTION NO. 2:08-CV-150-WKW
| ALBANY INTERNATIONAL, et al. | § § |
| Defendants | § |

### AFFIDAVIT OF

I, Melissa Poe, who after first being duly sworn on oath, state as follows:

1. I, Melissa Poe, am over 21 years of age and of sound mind. I have personal knowledge of all maters set forth in this Affidavit.

2. On June 19, 2008, I placed a telephone call to the Probate Office in Clarke County, Alabama, requesting information on any estate that may have been established for Rayford Allen McKinley. I was informed by Renee Lucker, clerk for the Probate Office of Clarke County, that no estate had been established for Rayford Allen McKinley in the Probate Court of Clarke County, Alabama.

STATE OF MISSISSIPPI

COUNTY OF HINDS

PERSONALLY appeared before me the undersigned, Melissa Poe, who after being first duly sworn, stated on her oath that the matters and things contained in her Affidavit are true and correct as therein stated.

SWORN to before me this, the 19th day of June, 2008.

NOTARY PUBLIC

My Commission Expires:

2/21/12